1  JOHN C. FISH, Jr., Bar No. 160620
   jfish@littler.com
2  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
3  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street
5  20th Floor
   San Francisco, California  94108.2693
6  Telephone:   415.433.1940
   Facsimile:   415.399.8490
7
   Attorneys for Defendants
8  UBER TECHNOLOGIES, INC. AND RASIER,
   LLC
9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12  ABDUL KADIR MOHAMED,                    Case No. 3:14-cv-05200-EMC
    individually and on behalf of all others
    similarly-situated,                     **DEFENDANTS' NOTICE OF MOTION
13                                           AND MOTION TO COMPEL
                      Plaintiff,             ARBITRATION; MEMORANDUM OF
14                                           POINTS AND AUTHORITIES IN
       v.                                    SUPPORT THEREOF**
15
    UBER TECHNOLOGIES, INC., RASIER,         Date: April 9, 2015
16  LLC, HIREASE, LLC and DOES 1-50,         Time: 1:30 p.m.
                                             Ctrm.: 5, 17th Floor
17                    Defendants.
                                             Complaint Filed:  November 24, 2014
18
                                             Trial Date:  None set.
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# **TABLE OF CONTENTS**

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.   INTRODUCTION ................................................................................................ 2

II.  RELEVANT FACTS ........................................................................................... 2

    A.   Defendants Uber Technologies, Inc. and Rasier, LLC ............................... 2

    B.   Plaintiff Agreed To Be Bound By Arbitration Agreements Covering The
       Instant Dispute .......................................................................................... 3

    C.   Plaintiff Has Refused To Arbitrate His Claims .......................................... 6

III. THE COURT SHOULD ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON
    AN INDIVIDUAL BASIS AND DISMISS THE INSTANT SUIT ....................... 7

    A.   The Federal Arbitration Act Applies To The Arbitration Provisions ......... 7

    B.   The Arbitration Provision Is Valid And Must Be Enforced ....................... 9

        1.   The Arbitration Provision Delegates The Gateway Issues To The
           Arbitrator ....................................................................................... 9

        2.   A Valid Agreement To Arbitrate Exists ...................................... 10

        3.   Plaintiff's Claims Are Covered By The Arbitration Agreement .................. 15

    C.   Plaintiff's Class Claims Cannot Proceed ................................................. 16

IV. CONCLUSION .................................................................................................. 17

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

i.

CASE NO. 3:14-CV-05200 EMC

# TABLE OF AUTHORITIES

Page(s)

CASES

*Armendariz v. Foundation Health Psychare Servs.*,
    24 Cal. 4th 83 (2000) ................................................................................ passim

*AT&T Mobility, LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ("*Concepcion*") .................................................. 7, 8, 13, 16

*Bencharsky v. Cottman Transmission Sys., LLC*,
    625 F. Supp. 2d 872 (N.D. Cal. 2008) ................................................................ 16

*Buckeye Check Cashing, Inc. v. Cardegna*,
    546 U.S. 440 (2006) .............................................................................. 7, 8, 13

*Circuit City Stores, Inc. v. Ahmed*,
    283 F. 3d 1198 (9th Cir. 2002) ("*Ahmed*") ..................................................... 11

*Circuit City Stores, Inc. v. Najd*,
    294 F. 3d 1104 (9th Cir. 2002) ...................................................................... 11

*Citizens Bank v. Alafabco, Inc.*,
    539 U.S. 52 (2003) ...................................................................................... 8

*Cronin v. Citifinancial Servs.*,
    352 Fed. Appx. 630 (3rd Cir. 2009) ................................................................. 15

*Cronus Investments, Inc. v. Concierge Services*,
    35 Cal. 4th 376 (2005) .................................................................................. 8

*Dittenhafer v. Citigroup*,
    2010 U.S. Dist. LEXIS 77673 (N.D. Cal. 2010) .................................................. 8

*EEOC. v. Waffle House, Inc.*,
    534 U.S. 279 (2002) ..................................................................................... 15

*First Options of Chicago v. Kaplan*,
    514 U.S. 938 (1995) ..................................................................................... 10

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991) ........................................................................................ 7

*Hall St. Assoc., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008) ...................................................................................... 7

*Hoffman v. Citibank, N.A.*,
    546 F. 3d 1078 (9th Cir. 2008) ..................................................................... 10

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79 (2002)................................................................................9

*Iskanian v. CLS Transportation Los Angeles, LLC*,
   59 Cal. 4th 348 (2014) .........................................................................16

*Johnmohammadi v. Bloomingdale's, Inc.*,
   755 F. 3d 1072 (9th Cir. 2014) .......................................................11, 16

*Kairy v. Supershuttle, Int'l*,
   2012 U.S. Dist. LEXIS 134945 (N.D. Cal. 2012) ...............................16

*Marmet Health Care Ctr., Inc. v. Brown*,
   132 S. Ct. 1201 (2012) ........................................................................13

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
   514 U.S. 52 (1995) ...............................................................................8

*McManus v. CIBC World Markets Corp.*,
   109 Cal. App. 4th 76 (2003) ...............................................................11

*Mortensen v. Bresnan Comm., LLC*,
   722 F. 3d 1151 (9th Cir. 2013) .............................................................8

*Morvant v. P.F. Chang's China Bistro, Inc.*,
   870 F. Supp. 2d 831 (N.D. Cal. 2012) ................................................16

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ............................................................................7, 15

*Murphy v. DirectTV, Inc.*,
   724 F. 3d 1218 (9th Cir. 2013) ...........................................................16

*Nelsen v. Legacy Partners Residential, Inc.*,
   207 Cal. App. 4th 1115 (2012) ...........................................................13

*O'Connor v. Uber Technologies, Inc.*,
   Case No. C-13-3826 EMC ("O'Connor") ......................................6, 12

*Pacificare Health Sys., Inc. v. Book*,
   538 U.S. 401 (2003).............................................................................9

*Perry v. Thomas*,
   482 U.S. 483 (1987).............................................................................7

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*,
   55 Cal. 4th 223 (2012) ("*Pinnacle Museum*") ..............................10, 12

*Rent-A-Center, W., Inc. v. Jackson*,
   561 U.S. 63 (2010)...........................................................................9, 13

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

iii.

CASE NO. 3:14-CV-05200 EMC

*Rodriguez v. American Technologies, Inc.*,
   136 Cal. App. 4th 1110 (2006) ...........................................................................8

*Rosas v. Macy's Inc.*,
   2012 WL 3656274 (C.D. Cal. 2012)....................................................................11

*Simula, Inc. v. Autoliv, Inc.*,
   175 F. 3d 716 (9th Cir. 1999) ..............................................................................9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010)............................................................................................16

*Yaqub v. Experian Info. Solutions, Inc.*,
   2011 U.S. Dist. LEXIS 156427 (C.D. Cal. 2011)................................................15

STATUTES

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ........................................................ *passim*

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on April 9, 2015, in Courtroom 5, 17th Floor of the U.S. District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, at 1:30 p.m., or as soon thereafter as counsel may be heard, Defendants UBER TECHNOLOGIES, INC. ("Uber") and Rasier, LLC ("Rasier") (collectively "Defendants") will and hereby do move the Court for an order compelling to arbitration on an individual basis the claims of Plaintiff Abdul Kadir Mohamed ("Plaintiff") pursuant to his agreement to arbitrate with Defendants, and dismissing all class claims alleged in Plaintiff's Complaint ("Complaint"). This motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. This motion is brought on the grounds that all of Plaintiff's claims against Defendants are subject to a valid and enforceable arbitration agreement that requires Plaintiff to arbitrate his claims on an individual basis only, and not in a court of law.

The motion will be based upon this notice of motion and motion and upon Uber's memorandum of points and authorities, the declarations of Michael Colman and Rod M. Fliegel filed herewith, the pleadings and papers filed herein, and any other matters considered by the Court.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

1.

CASE NO. 3:14-CV-05200 EMC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

As early as July 2013, and most recently in July 2014 Plaintiff Abdul Kadir Mohamed ("Plaintiff") entered into an arbitration agreement with Uber.  On October 3, 2014, Plaintiff entered into a separate arbitration agreement with Rasier, Uber's wholly owned subsidiary.  All of the arbitration agreements provide that: "this Arbitration Provision [ ] applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to Your relationship with" Uber and Rasier, "including termination of the relationship."  The agreements further provide that all disputes between Plaintiff and Defendants will be brought "in arbitration on an individual basis only," and not on a "class . . . action basis."

Despite being bound by valid arbitration agreements with Defendants covering any claims arising out of his relationship with them, and in which he specifically agreed not to bring class action claims, Plaintiff proceeded to file the instant lawsuit, alleging violations of the Fair Credit Reporting Act ("FCRA") on a nationwide class basis, the California Consumer Reporting Agencies Act ("CCRAA") on a nationwide class basis, and the Massachusetts Credit Reporting Act ("MCRA") and Massachusetts Criminal Offender Record Information Act ("CORI Statute") on a Massachusetts class basis.

Defendants bring this motion to compel Plaintiff's compliance with his agreement to arbitrate and requests that the Court dismiss Plaintiff's class claims and order him to submit his individual claims to arbitration, or in the alternative stay Plaintiff's claims pending arbitration.

### II.    RELEVANT FACTS

#### A.     Defendants Uber Technologies, Inc. and Rasier, LLC

Uber is a technology company that offers lead generation services for transportation requests to independent transportation providers looking for riders.  (Declaration of Michael Colman ("Colman Decl.") ¶ 3.)  Uber offers the app as a tool to facilitate transportation services, and it licenses the use of the app to independent transportation providers.  (*Id.*, at ¶ 3.)  Rasier, LLC is a wholly-owned subsidiary of Uber engaged in the business of providing lead generation to independent transportation providers through Uber's mobile app.  (*Id.*, at ¶ 2-3.)  Any independent

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

2.

CASE NO. 3:14-CV-05200 EMC

transportation provider who wishes to access Uber's software platform to book passengers must first enter into a Software License & Online Services Agreement ("Licensing Agreement") with Uber. (*Id.,* at ¶ 6.) Independent transportation providers are free to engage drivers to provide transportation services booked using the Uber app. (*Id.*) Any such drivers are required to accept both the Licensing Agreement and Driver Addendum Related to Uber Services ("Driver Addendum") before receiving access to the app. (*Id.*) On occasion, Uber implements updated Licensing Agreements and Driver Addendums and transportation providers and drivers must agree to those updated documents in order to access the app. (*Id.*)

### B.   Plaintiff Agreed To Be Bound By Arbitration Agreements Covering The Instant Dispute.

Plaintiff first signed up to use the Uber app as a lead generation resource on or about November 2, 2012. (Colman Decl., ¶ 8.) At the time, Plaintiff was engaged by Gedi Limo to provide transportation services. Plaintiff signed up to use the app as a lead generation tool under Ahmed Gehdi's account. (*Id.*) On or about July 22, 2013, Plaintiff was given notice and an opportunity to review the new Licensing Agreement and Driver Addendum that Uber intended to implement. (Colman Decl., ¶¶ 9-10, Exs. A, B, C.) On July 31, 2013, Plaintiff accepted, through the app, Uber's new Licensing Agreement and Driver Addendum ("July 2013 Licensing Agreement and Driver Addendum"). (*Id.,* ¶¶ 10-11, 13 Exs. D, E.) On July 31, 2014, as Plaintiff was presented and accepted, through the app, Uber's revised Licensing Agreement and Driver Addendum ("June 21, 2014 Licensing Agreement and Driver Addendum"). (*Id.,* ¶¶ 12-13, Exs. F, G.)

Plaintiff then signed up to use Uber's "uberX" platform to book passengers and on October 3, 2014, Plaintiff accepted a separate agreement with Rasier ("Rasier Agreement"), which also contained a dispute resolution provision. (*Id.,* ¶¶ 15-16 ; Ex. H.)

The June 21, 2014 Licensing Agreement contains an arbitration agreement (the "Arbitration Provision")[1] which broadly requires Plaintiff to individually arbitrate **all** disputes arising out of the June 21, 2014 Licensing Agreement and/or his relationship with Uber, including termination of that

---

[1] Defendants will discuss the provisions in the July 2014 Licensing Agreement and Driver Addendum and Rasier Agreement as those are the operative agreements.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF          3.          CASE NO. 3:14-CV-05200 EMC

relationship.   Plaintiff also expressly agreed to arbitrate any challenges to the validity or enforceability of the Arbitration Provision.   The Arbitration Provision reads in relevant part as follows:

> This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce.   This Arbitration Provision applies to any dispute arising out of or related to this Agreement or termination of the Agreement and survives after the Agreement terminates…
>
> **Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration.   This Arbitration Provision requires all such disputes be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial.**
>
> Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision.   All such matters shall be decided by an Arbitrator and not by a court or judge.
>
> Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to Your relationship with Uber, including termination of the relationship.

(Colman Decl., Ex. F at Section 14.3.i.)   The Driver Addendum, to which Plaintiff also agreed to be bound, states Plaintiff "may be required to submit to a criminal background check."   (*Id.*, Ex. G at Section 1.4.)   The Driver Addendum also contains an acknowledgement that Plaintiff agreed to arbitrate any disputes related to the Driver Addendum consistent with the terms of the dispute resolution provision contained in the Licensing Agreement:

> **DISPUTE RESOLUTION**: Subcontractor agrees that any dispute, claim or controversy and arising out of relating to this Addendum, or the breach, termination, enforcement, interpretation or validity thereof, or performance of transportation services pursuant to the Software License and Online Services Agreement, including, but not limited to the use of the Service or Software, including claims against Uber, will be settled by binding arbitration in accordance with the terms set forth in Section 14.3 of the Software License and Online Services Agreement.

(*Id.*, Ex. G at Section 7.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF                4.                CASE NO. 3:14-CV-05200 EMC

The Arbitration Provision in the Licensing Agreement further provides that Plaintiff must pursue any claims in arbitration solely on an ***individual basis***, and not on a class action basis.  (*Id.*, Ex. F at Section 14.3.v ["You and Uber agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis."]). Agreeing to arbitration, however, was not mandatory.  Plaintiff was provided 30 days to opt-out of the dispute resolution provision of the July 2014 Licensing Agreement, and was also notified of his right to consult with an attorney regarding the dispute resolution provision:

> Your Right To Opt Out Of Arbitration.
> Arbitration is not a mandatory condition of your contractual relationship with Uber. If You do not want to be subject to this Arbitration Provision, You may opt out of this Arbitration Provision by notifying Uber in writing of Your desire to opt out of this Arbitration Provision, either by (1) sending, within 30 days of the date of this Agreement is executed by You, electronic mail to optout@uber.com, stating Your name and intent to opt out of this Arbitration Provision or (2) by sending a letter by U.S. Mail, or by any nationally recognized delivery service (e.g., UPS, Federal Express, etc.), or by hand-delivery . . .
> Should You not opt out of this Arbitration Provision within the 30-day period, You and Uber shall be bound by the terms of this Arbitration Provision.  You have the right to consult with counsel of Your choice concerning this Arbitration Provision. You understand that You will not be subject to retaliation if You exercise Your right to assert claims or opt-out of coverage under this Arbitration Provision.

(*Id.*, Ex. G at Section 14.3.viii.)  Plaintiff did not opt out of the Arbitration Provision and accordingly, he is contractually bound to individually arbitrate his claims against Uber.  (*Id.*, ¶ 14.)

The Rasier Agreement Plaintiff executed contains equally broad arbitration and class action waiver provisions.  (*See* Colman Decl., Ex. H at pp. 11-15 ("Rasier Arbitration Provision").)  It provides that the FAA governs the agreement.  (*Id.*, p. 14.)  It similarly advises that "this Arbitration Provision also applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship."  (*Id.*, p. 14.)  It further provides that "This Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action."  (*Id.*)  It likewise provides for opt-out within 30 days by U.S. Mail, nationally recognized delivery service, or electronic mail.  (*Id.*, p. 15.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL ARB; MPA IN SUPPORT THEREOF      5.      CASE NO. 3:14-CV-05200 EMC

Both the June 21, 2014 Licensing Agreement and the Rasier Agreement contained, on the first page, extensive cautionary notices to Plaintiff that advised him of the consequences of continuing his prior agreement to arbitration and continuing to choose not to opt-out, as well as of the pending litigation against Uber, including the *O'Connor* litigation:

> **PLEASE REVIEW THE ARBITRATION AGREEMENT CAREFULLY, AS IT WILL REQUIRE YOU TO RESOLVE DISPUTES WITH UBER ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION UNLESS YOU CHOOSE TO OPT OUT OF THE ARBITRATION PROVISION**

(Coleman Decl., Ex. F, pp. 1; *see also id.* Ex. H, pp. 1 (similar notice, referencing "the Company.")

> *Cases have been filed against Uber and may be filed in the future involving claims by users of Uber Services and Software, including by drivers. You should assume that there are now, and may be in the future, lawsuits against Uber alleging, class, collective, and/or representative claims on your behalf. . . Such claims, if successful, could result in some monetary recovery to you. (THESE CASES NOW INCLUDE, FOR EXAMPLE, . . . O'CONNOR V. UBER TECHNOLOGIES, INC., ET AL., CASE NO. CV 13-03826-EM (NORTHERN DISTRICT OF CALIFORNIA).*

(*Id.*, Ex. F at Section 14.3 ("Important Note Regarding this Section 14.3."; *see also id.* Ex. H, pp. 11 (adding references to "the Company").) Despite being given the opportunity to opt-out of the arbitration agreement on at least three occasions, Plaintiff never did so.

## C. Plaintiff Has Refused To Arbitrate His Claims.

On November 24, 2014, Plaintiff filed a class action complaint against Defendants in the United States District Court, Northern District of California ("Complaint"). Plaintiff's First Cause of Action asserts a violation of the FCRA on a nationwide class basis for allegedly failing to provide so-called "pre-adverse action" notices before taking adverse action against the putative class. (Complaint ¶ 72) Plaintiff's Second Cause of Action asserts a violation of the CCRAA for alleged failures to provide a compliant written notice before obtaining consumer credit reports on the putative class members. (*Id.* ¶ 77.) Plaintiff's Third Cause of Action asserts a violation of the MCRA by allegedly failing to provide certain documents in its so-called "adverse action notices" to the putative class. (*Id.* ¶¶ 82-83.) Plaintiff's Fourth Cause of Action asserts violations of the CORI Statute for allegedly failing to provide a CORI policy, information concerning the process for

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

6.

CASE NO. 3:14-CV-05200 EMC

1   correcting a criminal record, and copies of Massachusetts criminal records relied upon in taking

2   adverse actions against the putative class. (*Id.* ¶¶ 87-90.)

3       Each of the foregoing claims is encompassed by the broad terms of the arbitration provisions

4   in the agreements that Plaintiff executed with Defendants.  Plaintiff refused to abide by their terms

5   by filing the instant action.  He subsequently declined to stipulate to arbitration prior to the filing of

6   this motion. (*See* Declaration of Rod M. Fliegel ("Fliegel Decl.") ¶¶ 2, 3.)

7   **III.   THE COURT SHOULD ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON
           AN INDIVIDUAL BASIS AND DISMISS THE INSTANT SUIT**

8
9       **A.   The Federal Arbitration Act Applies To The Arbitration Provisions.**

       As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 131

10  S. Ct. 1740, 1745 (2011) ("*Concepcion*"), the Federal Arbitration Act ("FAA") declares a liberal

11  policy favoring the enforcement of arbitration policies, stating: "A written provision in any maritime

12  transaction or a contract evidencing a transaction involving commerce to settle by arbitration a

13  controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and

14  enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

15  9 U.S.C. § 2.  In enacting the FAA, Congress sought to overcome widespread judicial hostility to the

16  enforcement of arbitration agreements.  *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581

17  (2008); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining

18  that FAA was enacted "[t]o overcome judicial resistance to arbitration").  The Court explained that

19  the FAA permits private parties to "trade[] the procedures . . . of the courtroom for the simplicity,

20  informality, and expedition of arbitration."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20,

21  31 (1991) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628

22  (1985)).

23      The FAA is designed "to move the parties to an arbitrable dispute out of court and into

24  arbitration as quickly and easily as possible."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

25  *Corp.*, 460 U.S. 1, 22 (1983).  To this end, the FAA not only placed arbitration agreements on equal

26  footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy

27  favoring arbitration agreements."  *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (quoting *Moses H.*

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

*Cone*, 460 U.S. at 24). As the Ninth Circuit has declared: "In our view, *Concepcion* crystalized the directive that **the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions**." *Mortensen v. Bresnan Comm., LLC*, 722 F. 3d 1151, 1160 (9th Cir. 2013) (emphasis supplied). In this regard, the FAA "eliminates district court discretion and requires the court to compel arbitration of issues covered by the arbitration agreement." *Dittenhafer v. Citigroup*, 2010 U.S. Dist. LEXIS 77673 *5 (N.D. Cal. 2010) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (upheld on appeal).

The Arbitration Provision and the Rasier Arbitration Provision at issue here are indisputably governed by the FAA. First, both arbitration provisions so state, which is sufficient to bring them within the purview of the FAA. *See Buckeye Check Cashing*, 546 U.S. at 442-443 (Where arbitration agreement expressly provided that FAA was to govern, the FAA preempted application of state law and thus under the FAA, the question of the contract's validity was left to the arbitrator); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63-64 (1995) (For state law to apply exclusively to an arbitration agreement, the agreement must opt out of the FAA and express that state law applies); *Cronus Investments, Inc. v. Concierge Services*, 35 Cal. 4th 376, 394 (2005) (recognizing parties to an arbitration agreement may expressly designate that the FAA's procedural provisions apply); *Rodriguez v. American Technologies, Inc.*, 136 Cal. App. 4th 1110, 1115 (2006) (reversing lower court's order denying defendant's motion to compel arbitration because the parties expressly agreed that any arbitration proceeding would move forward under the FAA's procedural provisions and the trial court therefore lacked discretion under state arbitration law to deny the motion).

Second, the July 2014 Licensing Agreement and Rasier Agreement within which the Arbitration Provisions are contained affect commerce. The FAA's term "involving commerce" is interpreted broadly. *See, e.g., Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (finding the requisite commerce for FAA coverage even when the individual transaction did not have a substantial effect on commerce). Uber's app is available to riders and transportation providers in over 100 cities across the country. (Colman Decl., ¶ 4.) As a user of Uber's app, Plaintiff utilized its interstate reach and popularity as a tool to book passengers in exchange for payment by the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL          8.          CASE NO. 3:14-CV-05200 EMC
ARB; MPA IN SUPPORT THEREOF

passenger. Plaintiff's use of Uber's software application therefore involved commerce sufficient for the FAA to apply. The FAA controls here.

### B.     The Arbitration Provision Is Valid And Must Be Enforced.

The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement, consistent with the principle that arbitration is a matter of contract. 9 U.S.C. § 4. In determining whether to compel arbitration under the FAA, only two "gateway" issues need to be evaluated: (1) whether there exists a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Pacificare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002);

"Any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F. 3d 716, 719 (9th Cir. 1999) (citing *Moses H. Cone*, 460 U.S. at 24-25). "[T]he district court *must* order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue." *Id.* at 719-720. (Emphasis added.)

#### 1.     The Arbitration Provision Delegates The Gateway Issues To The Arbitrator.

Before reaching this gateway issues, however, the Court must examine the underlying contract to determine whether the parties have agreed to commit the threshold question of arbitrability to the arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does any other."). Here, the Arbitration Provision and Rasier Arbitration Provision clearly and unmistakably provide that the following matters must be decided by the arbitrator: "disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision." (Colman Decl., Ex. F at Section 14.3.i; Ex. H at pp. 14.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF                    9.                    CASE NO. 3:14-CV-05200 EMC

1   Therefore, any question as to the validity of the Arbitration Provision and whether it applies

2   to this dispute has been delegated to, and must be decided by, the arbitrator. Regardless, the two

3   gateway issues are plainly satisfied in this case.

4            **2.    A Valid Agreement To Arbitrate Exists.**

5        General contract law principles apply to the interpretation and enforcement of arbitration

6   agreements. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995). Arbitration can be

7   denied only where a party proves a defense to enforcement of the agreement, such as

8   unconscionability. *Hoffman v. Citibank, N.A.*, 546 F. 3d 1078, 1082 (9th Cir. 2008) ("party resisting

9   arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration");

10  *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 235

11  (2012) ("*Pinnacle Museum*").

12       To establish a defense to enforcement of the parties' arbitration agreement based on

13  unconscionability, Plaintiff bears the burden of proving that the agreement is ***both*** procedurally and

14  substantively unconscionable. *Pinnacle Museum*, 55 Cal. 4th at 236, 247; *Armendariz v. Foundation*

15  *Health Psychare Servs.*, 24 Cal. 4th 83, 89 (2000) ("No matter how heavily one side of the scale tips,

16  both procedural and substantive unconscionabilty are required for a court to hold an arbitration

17  agreement unenforceable."). Procedural unconscionability "addresses the circumstances of contract

18  negotiation and formation, focusing on oppression or surprise." *Pinnacle Museum*, 55 Cal. 4th at

19  246. Substantive unconscionability relates to "the fairness of the agreement's actual terms and to

20  assessments of whether they are overly harsh or one-sided." *Id.*

21            **a.    The Arbitration Provision is not procedurally unconscionable.**

22       In order to book passengers using the Uber app and to contract with Rasier for lead

23  generation, Plaintiff had to affirmatively accept, by electronic acknowledgment, the June 21, 2014

24  Licensing Agreement, Driver Addendum, and Rasier Agreement. Defendants provided ample notice

25  and opportunity to review the documents – and thus the arbitration provision– before Plaintiff

26  accepted. Plaintiff was also expressly advised of his right to consult an attorney regarding the terms

27  of the Arbitration Provision and Rasier Arbitration Provision. (Colman Decl., Ex. F at Section

28  14.3.viii; Ex. H at p. 17.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    Plaintiff was even provided the opportunity to opt out of the Arbitration Provision set forth in

2    the 2014 Licensing Agreement and Rasier Agreement.   (*Id.*)   Plaintiff's right to opt out of the

3    Arbitration Provision and Rasier Arbitration Provision is described in a standalone section of both

4    documents with the bolded and underlined title "Your Right To Opt Out Of Arbitration."   (*Id.*)

5    Neither the arbitration provisions themselves nor the sections describing Plaintiff's right to opt out

6    were ambiguous, confusing or disguised.   *See McManus v. CIBC World Markets Corp.*, 109 Cal.

7    App. 4th 76, 87 (2003) (procedural unconscionability focuses on whether there is "oppression"

8    arising from an inequality of bargaining power or "surprise" arising from buried terms in a complex

9    printed form).   The Arbitration Provision and Rasier Arbitration Provision explained that arbitration

10   was not a mandatory condition of Plaintiff's contractual relationship with Uber or Rasier and that

11   there would be no retaliation if Plaintiff elected to opt out.   (Colman Decl., Ex. F at Section 14.3.viii;

12   Ex. H at p. 17.)   After accepting the terms of the 2014 Licensing Agreement and Driver Addendum

13   and Rasier Agreements, Plaintiff had 30 days to inform Uber of his desire to opt out.   (*Id.*)   Plaintiff

14   had the opportunity to use his choice of email, U.S. Mail, or other recognized carrier to opt out if he

15   so desired.   (*Id.*)

16    Plaintiff thus had a choice – to opt out of the Arbitration Provision and Rasier Arbitration

17   Provision or not – and whatever he chose, he could continue to have access to Uber's app to book

18   passengers and to Rasier for lead generation.   He declined to do so, and having elected to arbitrate

19   his individual claims, he must now be compelled to abide by that agreement.   *See Johnmohammadi*

20   *v. Bloomingdale's, Inc.*, 755 F. 3d 1072, 1074 (9th Cir. 2014) (by not opting out within the 30-days,

21   plaintiff is bound by the terms of the arbitration agreement); *see also Circuit City Stores, Inc. v.*

22   *Ahmed*, 283 F. 3d 1198, 1199-1200 (9th Cir. 2002) ("*Ahmed*") (same); *Rosas v. Macy's Inc.*, 2012

23   WL 3656274, *6 (C.D. Cal. 2012) (same).

24    There is no procedural unconscionability where the agreement is not presented in a contract

25   of adhesion and the contracting party is provided a meaningful opportunity to opt out.   *See*

26   *Johnmohammadi*, 755 F. 3d at 1077; *Ahmed*, 283 F. 3d at 1199 (employee provided a meaningful

27   opportunity to opt out by mailing form within 30 days); *Circuit City Stores, Inc. v. Najd*, 294 F. 3d

28   1104, 1108 (9th Cir. 2002) (same).   The Arbitration Provision was not presented as a condition of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1   contracting or on a take-it-or-leave-it basis. Indeed, in stark contrast to any hint of procedural

2   unconscionability, Plaintiff is in the unique position of having over *two* opportunities to review,

3   execute, ***and choose not to opt out*** of the relevant arbitration provisions. Plaintiff was already

4   bound to the 2013 Licensing Agreement and Arbitration Provision prior to the filing of *O'Connor v.*

5   *Uber Technologies, Inc.*, Case No. C-13-3826 EMC ("O'Connor"), which is currently pending

6   before this Court. Plaintiff was never included in the *O'Connor* class because he was a

7   Massachusetts resident. (Complaint ¶ 7 (Plaintiff's residency); *O'Connor*, ECF No. 107 ¶¶ 1-2

8   (class definition, excluding Massachusetts residents). Nevertheless, in this Court's order in the

9   *O'Connor* litigation granting, in part, Plaintiffs' "Renewed Emergency Motion for Protective Order

10   to Strike Arbitration Clauses" this Court ruled that it would "not regulate communications issued

11   prior to the filing of" *O'Connor*. (*O'Connor*, ECF No. 60 at 10.) Instead, the Court ordered that for

12   only those drivers covered by *O'Connor* who executed an arbitration agreement with Uber after

13   August 16, 2013, Uber "must seek approval of the arbitration provision for these drivers anew,

14   giving them 30 days to accept or opt out from the date of the revised notice." (*Id.* at 11.) Plaintiff

15   had never opted out of the 2013 Licensing Agreement and Arbitration Provision which he had

16   executed before August 16, 2013, and thus even if he had been a putative class member in

17   *O'Connor*, Uber would not have been required to provide him yet another opportunity to opt out via

18   the June 21, 2014 Licensing Agreement. Yet Uber voluntarily gave Plaintiff this same second

19   opportunity, despite that he had executed the 2013 Licensing Agreement on July 31, 2013, before

20   *O'Connor*, and was never included in the *O'Connor* class in any event. Uber thereby ensured the

21   utmost procedural fairness to Plaintiff. And, the June 21, 2014 Licensing Agreement and Arbitration

22   Provision and Rasier Agreement that Plaintiff executed comply with all aspects of the Court's later

23   orders, including extensive notices and warnings, allowing Plaintiff to easily opt-out via electronic

24   mail or U.S. Mail, and notifying him of the pending *O'Connor* litigation, among others. (*See*

25   Colman Decl., Ex. F at Section 14.3; O'Connor, ECF No. 106, 111).

26        There is therefore no procedural unconscionability and the parties' agreement must be

27   enforced.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF    12.    CASE NO. 3:14-CV-05200 EMC

      **b.**     **The Arbitration Provision is not substantively unconscionable.**

Even if there was some modicum of procedural unconscionability (and here Plaintiff cannot even meet that threshold), Plaintiff must prove a high level of substantive unconscionability to avoid arbitration. *Pinnacle Museum*, 55 Cal. 4th at 247. He cannot do so here.

In *Armendariz*, 24 Cal. 4th at 102, the California Supreme Court found that mandatory arbitration agreements for ***employees*** must meet various requirements in order to be valid and enforceable. The question of the nature of the relationship between Plaintiff and Uber is an issue central to this case and one explicitly covered by the Arbitration Provision and Rasier Arbitration Provision as it is a dispute "related to [Plaintiff's] relationship with Uber" and/or a dispute arising out of or related to [his] relationship with [Rasier]." (Colman Decl., Ex. F at Section 14.3.i; Ex. H at p. 14.) Given that the *Armendariz* decision addressed employee arbitration agreements, the judicially imposed factors necessarily do not apply here unless and until Plaintiff can demonstrate he was an employee, rather than an independent contractor as set forth in the Licensing Agreement and Driver Addendum. Accordingly, should Plaintiff argue that the Arbitration Provision is unenforceable under *Armendariz*, that question of enforceability ***is for the arbitrator to decide***, particularly in light of the Arbitration Provision's delegation clause. (Colman Decl., Ex. D at Section 14.3.i); *see also Rent-A-Center, W., Inc.*, 561 U.S. at 70 (upholding arbitration agreement's provision delegating to the arbitrator the gateway issue of enforceability); *Buckeye Check Cashing*, 546 U.S. at 446 ("the issue of the contract's validity is considered by the arbitrator in the first instance.").

Regardless, it is questionable whether *Armendariz* survived the United States Supreme Court's decision in *Concepcion*, which limits a state's ability to impose conditions on the enforceability of arbitration agreements that effectively discourage arbitration, such as applying more stringent unconscionability standards than those applicable to contracts in general.[2]

---

[2] The Court in *Concepcion* explained that even rules applying general principles of unconscionability undermine the FAA if they "have a disproportionate impact on arbitration agreements." *Concepcion*, 131 S. Ct. at 1747. In this regard, as noted by the California Court of Appeal in *Nelsen v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th 1115, 1136 (2012), "*Concepcion* adopts a sweeping rule of FAA preemption. Under *Concepcion*, the FAA preempts any rule or policy rooted in state law that subjects agreements to arbitrate particular kinds of claims to more stringent standards of enforceability than contracts generally." The restrictions established by *Armendariz* fall within this category of restrictions precluded by the FAA. In this same vein, recently the United States Supreme Court confirmed that a state

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

***Even if*** *Armendariz* applies here, which Defendants maintain that it does not, the Arbitration Provision complies with *Armendariz* and Plaintiff cannot demonstrate substantive unconscionability. *Armendariz* holds that an agreement to arbitrate non-waivable statutory claims is enforceable if both parties are equally bound by all terms of the agreement and if it: (1) provides for a neutral arbitrator; (2) provides for adequate discovery; (3) provides for all types of relief otherwise available in court; (4) provides for a written arbitration award; and (5) provides that Plaintiff would not be required to pay either unreasonable costs of any arbitrator's fees or expenses as a condition of access to the arbitration forum.   24 Cal. 4th at 102, 117.   The Arbitration Provision and Rasier Arbitration Provision meet all of the *Armendariz* factors:

- They provide for a neutral arbitrator: "The Arbitrator shall be selected by mutual agreement of Uber and You.  Unless You and Uber mutually agree otherwise, the Arbitrator will be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted." (Colman Decl., Ex. F at Section 14.3.iii; *see also id.* Ex. H at p. 15.)

- They provide for adequate discovery: "In arbitration, the Parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses." (*Id.*, Ex. F at Section 14.3.v; *see also id.* Ex. H at p. 16.)

- They provide for a written decision: "The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusion of law." (*Id.*, Ex. F at Section 14.3.vii; *see also id.* Ex. H at 17.)

- They do not limit statutorily available remedies: "The Arbitrator may award any party any remedy to which that party is entitled under applicable law…no remedies

---

may not frustrate the FAA on public policy grounds. *See Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012) (state public policy cannot defeat the FAA's pro-arbitration policy or its preemptive effect).  *Armendariz*'s fairness factors were born from public policy concerns – namely whether arbitration could properly vindicate nonwaivable statutory rights.  In this regard, the California Supreme Court in *Armendariz* established minimum criteria to be forced on the parties in determining the validity of an arbitration agreement related to non-waivable statutory claims in the employment context.  However, *Concepcion* and *Marmet* make clear, that such imposed limitations run afoul of the FAA.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1   that otherwise would be available to an individual in a court of law will be forfeited

2   by virtue of this Arbitration Provision." (*Id.*, Ex. F at Section 14.3.vii; *see also id.*

3   Ex. H at 16.)

4   • They require Defendants to pay for arbitration: "[I]n all cases where required by law,

5   Uber will pay the Arbitrator's and arbitration fees." (*Id.*, Ex. F at Section 14.3.vi; *see*

6   *also id.* Ex. H at 16.)

7   *Armendariz* also states that arbitration agreements must have a "modicum of bilaterality" to

8   avoid a finding of substantive unconscionability. *Armendariz*, 24 Cal. 4th at 116-117. Here, the

9   Arbitration Provision is fully bilateral and a mutual waiver of rights. Under the circumstances,

10  Plaintiff cannot show the requisite substantive unconscionability needed to avoid his contractual

11  obligation.

12          **3.      Plaintiff's Claims Are Covered By The Arbitration Agreement.**

13          The second gateway issue is whether the arbitration agreement covers the dispute between

14  the parties. *EEOC. v. Waffle House, Inc.*, 534 U.S. 279, 280 (2002); *Moses H. Cone*, 460 U.S. at 24-

15  25 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of

16  arbitration"). Here, Plaintiff unequivocally agreed to arbitrate each of his claims against Uber and

17  Rasier.

18          All of Plaintiff's Four Causes of Action relate to Plaintiff's claims that Defendants failed to

19  provide certain documents and notices to him in connection with their criminal background check on

20  him in alleged violation of the FCRA, CCRAA, MCRA and the CORI Statute. Plaintiff agreed to

21  arbitrate these claims because the Arbitration Provision and Rasier Arbitration Provision broadly

22  covers ***any dispute*** arising out of or related to the Licensing Agreement as well as ***any dispute***

23  arising out of or related to Plaintiff's relationship with Uber or Rasier, including termination of the

24  relationship. (Colman Decl., Ex. F at Section 14.3.i; Ex. H p. 14.)

25          Based on the foregoing language, there is no dispute that the Arbitration Provision and Rasier

26  Arbitration Provision covers Plaintiff's FCRA, CCRAA, MCRA and CORI Statute claims. *See*

27  *Cronin v. Citifinancial Servs.*, 352 Fed. Appx. 630, 636-637 (3rd Cir. 2009) (appellate court

28  confirmed district court's granting of defendant's motion to compel individual arbitration following

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF          15.          CASE NO. 3:14-CV-05200 EMC

conclusion that arbitration agreement was valid and enforceable and applied to plaintiff's FCRA claims); *Yaqub v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 156427, *7, 16 (C.D. Cal. 2011) (Court enforced arbitration agreement and compelled individual arbitration of Plaintiff's FCRA claims).   There thus exists a valid agreement to arbitrate between Plaintiff and Uber that covers each and every claim asserted by Plaintiff in the FAC.   Where there exists a valid agreement to arbitrate and the dispute falls within the scope of the agreement, the FAA requires that the Court order the parties to arbitrate in accordance with the terms of the agreement.   *See* 9 U.S.C. § 4; *Bencharsky v. Cottman Transmission Sys., LLC*, 625 F. Supp. 2d 872, 876 (N.D. Cal. 2008).   Here, the Arbitration Provision requires that Plaintiff pursue his claims in individual arbitration only.

### C.   Plaintiff's Class Claims Cannot Proceed.

The Court must dismiss Plaintiff's class claims and order the parties to arbitrate Plaintiff's First through Fourth Causes of Action solely on an individual basis.   It is now well settled in California that class action waivers are enforceable.   *Johnmohammadi*, 755 F. 3d at 1074 ("Johnmohammadi can't argue that the class-action waiver is unenforceable under California law."); *accord Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 359-60 (2014) (enforcing class waiver and finding California law to the contrary is preempted by the FAA).

As the Supreme Court confirmed in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010), it is improper to force a party into a class proceeding to which it did not agree, because arbitration "is a matter of consent."   Parties "may specify *with whom* they choose to arbitrate their disputes." *Id.* at 683.   (Emphasis in original.)   As such, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id.* at 684.   *Accord, Murphy v. DirectTV, Inc.*, 724 F. 3d 1218, 1226 (9th Cir. 2013) ("Section 2 of the FAA, which under *Concepcion* requires the enforcement of arbitration agreements that ban class procedures, is the law of California and of every other state."); *accord Kairy v. Supershuttle, Int'l*, 2012 U.S. Dist. LEXIS 134945, *16-19 (N.D. Cal. 2012) ("…courts must compel arbitration even in the absence of the opportunity for plaintiffs to bring their claims as a class action"); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846 (N.D. Cal.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF                    16.                    CASE NO. 3:14-CV-05200 EMC

2012) (finding *Concepcion* overruled *Gentry* and no longer precludes enforcement of class action waivers in arbitration agreements).

Here, the Arbitration Provision contains a valid class action waiver: "You and Uber agree to resolve any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis." (Colman Decl., Ex. F at Section 14.3.v.) So does the Rasier Arbitration Provision: "You and the Company agree to resolve any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis." (*Id.*, Ex. H p. 16.) Indeed, both the 2014 Licensing Agreement and Rasier Agreement contain repeated, bolded and/or capitalized notices to Plaintiff that the parties were waiving any right to proceed on a class-wide basis:

- "This provision will preclude you from bringing any class, collective or representative action against Uber. It also precludes you from participating in or recovering relief under any current or future class, collective or representative action brought against Uber by someone else." (*Id.* Ex. F at Section 14.3 (larger font in original).)

- **"This Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action."** (*Id.* Ex. F at Section 14.3.i (bold in original).)

- **"PLEASE REVIEW THE DISPUTE RESOLUTION PROVISION SET FORTH BELOW IN SECTION 7 CAREFULLY, AS IT WILL REQUIRE YOU TO RESOLVE DISPUTES WITH UBER ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION UNLESS YOU CHOOSE TO OPT OUT."** (*Id.* Ex. G at p. 1 (bold and caps in original).)

- "IMPORTANT: This arbitration provision will require you to resolve any claim that you may have against the Company or Uber on an individual basis pursuant to the terms of the Agreement unless you chose to opt out of the arbitration provision." (*Id.* Ex. H at p. 13 (larger font in original).)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF MOTION TO COMPEL
ARB; MPA IN SUPPORT THEREOF

17.

CASE NO. 3:14-CV-05200 EMC

1         Accordingly, Plaintiff cannot proceed with his class claims before this Court or in arbitration.

2   **IV.    CONCLUSION**

3         Plaintiff agreed to arbitrate on an individual basis any and all claims arising from his

4  contractual relationship with Defendants pursuant to the Arbitration Provision and Rasier Arbitration

5  Provision. The arbitration provisions are valid and enforceable. Accordingly, Defendants Uber and

6  Rasier respectfully request that the Court compel Plaintiff to arbitrate his claims on an individual

7  basis and dismiss his class claims.

8

9  Dated: February 6, 2015

10

11                             */s/Andrew W. Spurchise*
                             JOHN C. FISH, Jr.

12                             ROD M. FLIEGEL
                             ANDREW M. SPURCHISE

13                             LITTLER MENDELSON, P.C.
                             Attorneys for Defendant

14                             UBER TECHNOLOGIES, INC. AND
                             RASIER, LLC

15

16

17

18  Firmwide:131586009.1 073208.1046

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940