Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:     (510) 763-9800
Fax:    (510) 835-1417

Oren Sellstrom (SBN 161074)
osellstrom@lccr.com
Meredith Desautels (SBN 259725)
mdesautels@lccr.com
LAWYERS' COMMITTEE FOR CIVIL
  RIGHTS OF THE SAN FRANCISCO
  BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA  94105
Tel:     (415) 543-9444
Fax:    (415) 543-0296

Attorneys for Plaintiff Gillette and the Putative Class

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, CA  90069
Tel:     (310) 474-9111
Fax:    (310) 474-8585

Counsel for Plaintiff Abdul Kadir Mohamed and the Putative Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually, and on behalf of all others similarly-situated,<br><br>       Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>       Defendants. | Case No.:  3:14-cv-05200-EMC<br>Case No.:  3:14-cv-05241-EMC<br><br>**DECLARATION OF RONALD GILLETTE IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL ARBITRATION** |
| RONALD GILLETTE, individually, and on behalf of all others similarly-situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a California corporation, and DOES 1-20, inclusive<br><br>       Defendants. | Hon. Edward M. Chen<br><br>Date: April 14, 2015<br>Time: 10:30 a.m.<br>Courtroom: 5, 17th Floor |

I, Ronald Gillette, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. I am the Plaintiff in the matter of *Gillette v. Uber Technologies, Inc.*, Case No. 14-cv-05241-EMC. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration.

3. In February 2013, I began driving for Abbey Lane Limousine ("Abbey"), which provides limousine and car services within the San Francisco Bay Area. Shortly after starting with Abbey, Greg Balante, the owner of Abbey, opened an Uber account on my behalf through Uber's website. Following the submission of my online application, I met with an Uber representative at one of Uber's San Francisco office locations. There I passed a short test given on a tablet device, and had my picture taken. I began driving for Uber immediately thereafter.

4. Abbey provided an SUV, typically a Cadillac Escalade, Chevy Tahoe, or Lincoln Navigator, for me to drive while working for Uber. In order to access the Uber application, I used a smartphone provided by Uber. The Uber phone was not specifically loaned to me, but rather stayed in the SUV so that whoever was driving the SUV could use the Uber phone. I began each shift by picking up the Abbey SUV at Abbey's Daly City, California location. I would log into the Uber application on the Uber phone as soon as I picked up the SUV.

5. At the time Mr. Balante opened my Uber account and throughout the time I drove for Uber, I did not have a personal email account or an Abbey-provided email account. I am unaware of the email address that was associated with my Uber account, if any. I have never received any emails from Uber. I did not receive the July 23, 2013 email providing links to the 2013 Software License and Online Services Agreement and Driver Addendum.

6. I successfully drove for Uber until April 2014 when Uber deactivated my account and terminated my employment without notice or explanation.

7. I do not recall accepting the 2013 Software License and Online Services Agreement and Driver Addendum on July 29, 2013.

8. Uber has never physically presented me with an arbitration agreement, or any rules for arbitration. During the Uber application process and the time I worked for Uber as a driver, no one from Uber told me that our relationship was subject to arbitration.

9. I was not provided an opportunity to negotiate the terms of my employment with Uber, nor was I provided an opportunity to negotiate any arbitration agreement.

10. I now understand that Uber's arbitration provision could require me to pay a significant portion of any arbitration costs, including the administration costs of conducting the arbitration and the arbitrator's hourly compensation.

11. Paying arbitration fees and costs would impose a significant financial burden on me. Since Uber terminated my employment, I have not been able to find work. My sole source of income at this time is my Social Security retirement benefit of $775 per month.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 5 day of March, 2015, in San Francisco, California.

*Ronald Gillette*

Ronald Gillette