TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
THEODORE W. MAYA, SBN 223242
tmaya@ahdootwolfson.com
BRADLEY K. KING, SBN 274399
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
1016 Palm Ave.
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiff
ABDUL KADIR MOHAMED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>Defendants | Case No. 14-5200-EMC<br><br>**PLAINTIFF MOHAMED'S RESPONSE TO HIREASE'S JOINDER IN MOTION TO COMPEL ARBITRATION**<br><br>Hon. Edward M. Chen<br><br>Date: April 14, 2015<br>Time: 10:30 a.m.<br>Courtroom: 5, 17th Floor |

Plaintiff Abdul Kadir Mohamed responds to the Defendant Hirease, LLC's ("Hirease's") Notice of Joinder in Motion of Defendants Uber and Rasier to Compel Arbitration of Plaintiff's Complaint and Memorandum of Points and Authorities in Support Thereof ("Joinder") as follows:

As explained in Plaintiff's separate, concurrently filed Opposition to Defendants Uber's and Rasier's Motion to Compel Arbitration (the "Motion"), that Motion should be denied. No agreement to arbitrate was formed with Uber or Rasier, and Defendants' unilateral updates are permeated with procedural and substantive unconscionability rendering the arbitration agreements and delegation clauses in them unenforceable. Hirease's Joinder should be denied along with the underlying Motion.

However, there are additional reasons that Hirease's Joinder should be denied, separate and apart from the merits of the underlying Motion. Hirease does not contend that Plaintiff entered into any contract with Hirease concerning arbitration (or anything else, for that matter). Rather, Hirease contends that it is entitled to the benefit of the arbitration provisions foisted upon Plaintiff through the other Defendants' unilateral updates to agreements sent to Plaintiff's phone via the Uber app.

Plaintiff alleges that, independently of any contract with or obligation owed by Defendants Uber or Rasier, the Massachusetts Consumer Credit Reporting Act ("MCRA") M.G.L. c. 93 §§ 50 et seq., "requires that companies such as Hirease provide a copy of any consumer report procured by Uber or Raiser to Plaintiff and to other similarly situated applicants or employee at the time it provides any such report to Uber or Rasier. M.G.L. c. 93 § 60." (Compl. ¶ 19.) Accordingly, Plaintiff asserts a claim against Hirease for violation of the MCRA. (*Id.* ¶¶ 80-85.) Plaintiff does not seek to hold Hirease liable under the other causes of action he asserts against Uber and Rasier, as their agent or otherwise.

Hirease ignores on-point authority demonstrating that it cannot rely on Uber's or Rasier's arbitration provisions to compel arbitration of Plaintiff's claim against Hirease for its independent violation of the MCRA. In *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1223-24 (9th Cir. 2013), plaintiffs sued DirecTV and Best Buy for deceptive marketing of DirecTV's service. The Ninth Circuit held that Best Buy could was not entitled to compel arbitration of plaintiffs' claims against it under the terms of an arbitration clause included in DirecTV's customer agreement, and rejected Best Buy's arguments based on theories of "(1) equitable estoppel; (2) agency; and (3) third-party

beneficiary." *Id.* at 1229. These are the same theories urged by Hirease (*see* Joinder at 7), and under *Murphy* they should be rejected.

With respect to the equitable estoppel theory, the Ninth Circuit explained that:

> Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement.

*Id.* at 1229 (citation omitted). Here, Plaintiff's claim against Hirease under the MCRA is based on Hirease's independent violation of that statute. Plaintiff need not and does not rely on any agreement with Uber or Rasier to assert this claim against Hirease, and Hirease's violation of the MCRA is independent of any violation of that statute by the other Defendants. Even if Defendants Uber and Rasier had complied with the MCRA (which they did not), Hirease would be liable for its own failure "to deliver a copy of the Report to Plaintiff and other members of the MCRA Class as required by M.G.L. c. 93 § 60." (Compl. ¶ 83.)

To support its agency argument, Hirease relies on a general allegation in Plaintiff's Complaint that, "[o]n information and belief, at all times mentioned herein, each named Defendant and DOES 1-50 were the employees, agents, or representatives of each other . . . ." (Compl. ¶ 13 (cited in Joinder at 7).) However, "[a]gency requires that the principal maintain control over the agent's actions" and, just as "Best Buy . . . presented no evidence . . . that DirecTV controlled its behavior in ways relevant to Plaintiffs' allegations" in the *Murphy* case, Hirease presents no evidence that Defendants Uber or Rasier somehow controlled its behavior in failing to provide Plaintiff with the copy of Hirease's report that he was entitled to receive from Hirease under Massachusetts law. *Murphy*, 724 F.3d at 1232.

With respect to Hirease's argument that it is entitled to invoke the arbitration provisions as a third-party beneficiary, "'[t]he mere fact that a contract results in benefits to a third party does not render that party a "third party beneficiary"'; rather, the parties to the contract must have expressly

intended that the third party would benefit." *Murphy*, 724 F.3d at 1234.  The arbitration agreements invoked by the other Defendants do not reference Hirease, and it is not a third-party beneficiary.

Additional recent Ninth Circuit authority similarly suggests that Hirease cannot rely on the arbitration provisions invoked by its co-Defendants.  In *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559 (9th Cir. 2014), plaintiff sued defendant Sirius XM Radio for violations of the Telephone Consumer Protection Act after Sirius made unsolicited calls to plaintiff concerning extension of a trial subscription to its radio service, which plaintiff received with the purchase of his Toyota vehicle.  The Ninth Circuit reasoned that:

> When Knutson purchased his vehicle from Toyota, he did not receive any documents from Sirius XM, and he did not know that he was entering into a contractual relationship with Sirius XM by using the service. . . . A reasonable person in Knutson's position could not be expected to understand that purchasing a vehicle from Toyota would simultaneously bind him or her to any contract with Sirius XM, let alone one that contained an arbitration provision without any notice of such terms.

*Id.* at 566.  Accordingly, the court held that no agreement to arbitrate with Sirius was formed and that Sirius could not compel arbitration of plaintiff's claims under the terms of a contract it sent to plaintiff after his vehicle purchase.  *Id.*  Similarly, nothing in the Licensing Agreements or Driver Addenda on which the other Defendants rely would have put a reasonable person in Plaintiff's position on notice that he or she was agreeing to arbitrate statutory claims against Hirease based on its independent violations of law, on an individual basis, without the right to a jury.

Hirease's own authority supports Plaintiff's position.  Hirease cites *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 213-14 (2009) (cited in Joinder at 7 & 9), but in that case the Court of Appeal affirmed denial of a motion to compel arbitration by defendants alleged to have orchestrated a fraudulent tax shelter scheme damaging plaintiffs, which relied on LLCs that included arbitration clauses in their operating agreements.  Contrary to Hirease's argument, Plaintiff's allegations against it under the MCRA are not "'intimately founded in and intertwined' with" any "underlying contract obligations" asserted by Plaintiff.  (Joinder at 9 (quoting *Goldman*, 173 Cal. App. 4th at 216).)  Rather, as summarized above, Plaintiff alleges that Hirease is independently liable for its own failure to deliver a copy of its report concerning Plaintiff to him, as required under the MCRA.

For all these reasons, as well as those set forth in the concurrently filed Consolidated Opposition to the Motion to Compel Arbitration, Plaintiff respectfully requests that the Court deny both the Motion and Hirease's Joinder in that Motion.

Dated: March 5, 2015

Respectfully submitted,
**AHDOOT & WOLFSON, PC**

Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Bradley K. King
16 Palm Ave.,
West Hollywood, California 90069
Tel: 310-474-9111
Facsimile: 310-474-8585

Counsel for Plaintiff
ABDUL KADIR MOHAMED