**P.K. SCHRIEFFER LLP**
Paul K. Schrieffer, Esq. (CSB#151358)
E-Mail: pks@pksllp.com
Mitchell J. Freedman, Esq. (CSB#105757)
E-Mail: mjf@pksllp.com
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444/Facsimile: (626) 974-8403

**SEYFARTH SHAW LLP**
Pamela Q. Devata, Esq. (pro hac pending)
Email: pdevata@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000/Facsimile: (312) 460-7000

**SEYFARTH SHAW LLP**
Sarah K. Hamilton, Esq. (CSB 238819)
Email: shamilton@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823/Facsimile: (415) 397-8549

Attorneys for Defendant, Hirease, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly-situated<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, HIREASE, LLC. and DOES 1 TO 50, INCLUSIVE,<br><br>Defendants. | Case No.: 3:14-cv-05200-EMC<br><br>**DEFENDANT HIREASE, LLC'S _JOINDER_ IN UBER AND RASIER'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND _REPLY_ TO PLAINTIFF'S OPPOSITION RE: DEFENDANT HIREASE'S JOINDER IN MOTION OF DEFENDANTS UBER AND RASIER TO COMPEL ARBITRATION; POINTS & AUTHORITIES IN SUPPORT OF JOINDER IN MOTION**<br><br>Date: April 14, 2015<br>Time: 10:30 p.m.<br>Ctrm: 5, 17th Floor<br>Complaint Filed: November 24, 2014<br>Trial Date: None set at this time |

1

DEFENDANT HIREASE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION RE: HIREASE'S JOINDER IN MOTION OF UBER/RASIER TO COMPEL ARBITRATION OF PLAINTIFF'S COMPLAINT / CASE NO. 3:14-cv-05200-EMC

19290809v.1

Defendant Hirease, LLC ("Hirease") files this **JOINDER** to Defendants Uber and Rasier's Reply in Support of their Motion to Compel Arbitration of Plaintiff Abdul Kadir Mohamed's ("Plaintiff") Complaint and **REPLY** to Plaintiff's Opposition to Hirease's **JOINDER** to Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") Motion to Compel Arbitration. Hirease seeks an Order that Hirease, as a non-signatory to various Uber Software License and Online Services Agreements, other named Agreements and Addenda ("Uber Agreements"), and a non-signatory to the Rasier Software Sublicense & Online Services Agreement ("Rasier Agreement"), shall arbitrate the Plaintiff's Complaint, pursuant to section 14 *et seq.* of each of the Uber Agreements and pages 11-16 of the Rasier Agreement.

The Joinder in Defendants Uber and Raiser's Reply is made on the grounds that, as shown in Uber and Raiser's papers, enforceable agreements to arbitrate the claims in this lawsuit (including claims naming Hirease as a Defendant) exists between Plaintiff and the Defendants. Further, because Plaintiff's claims against Hirease are "intimately founded in and intertwined with" the underlying contract obligations and Plaintiff alleges an agency relationship between Hirease and the other Defendants, Plaintiff may be compelled to arbitrate his claims on an individual basis against Hirease. *See* Boucher v. Alliance Title Co., Inc., 127 Cal. App. 4th 262, 271-73 (2005).

Through Plaintiff's Opposition to Hirease's Joinder, Plaintiff fails to establish that Hirease should not join the arbitration as a non-signatory. In a last ditch effort, Plaintiff seeks to assert that the claims against Hirease are independent from those against the other Defendants and can be litigated in a vacuum. Nonetheless, this is not supported by the allegations in the Complaint. Rather, the Complaint contains numerous overlapping facts as between Hirease and the other Defendants in support of, and incorporated into, the claim against Hirease. While Plaintiff would like to now parse out such facts to avoid arbitration, Plaintiff has alleged not only that Hirease acted as an agent of the other Defendants, but a host of other intertwined factual allegations to support the claim against Hirease (*see* Hirease's Motion for Joinder, and the Complaint). This necessarily requires that Hirease claims be litigated alongside the other Defendants and through arbitration.

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

## ARGUMENT

### 1. DEFENDANTS UBER AND RASIER ARE PARTIES TO ENFORCEABLE ARBITRATION AGREEMENTS WHICH ARE APPLICABLE TO HIREASE'S CLAIMS

First, Defendants Uber and Rasier have established through their Motion to Compel that they are parties to enforceable arbitration agreements with Plaintiff which encompass the claims in this litigation. In the interests of judicial economy and efficiency, Hirease hereby further adopts the requests and the points and authorities contained in Defendants Uber and Rasier's Reply to their Motion to Compel Arbitration, and refers to and incorporates by reference Defendants Uber and Rasier's Reply and all supporting papers, filed and served upon Plaintiff on March 20, 2015, as if fully set forth herein.

### 2. UNDER ESTABLISHED LAW, HIREASE SHOULD JOIN THE ARBITRATION AS A NON-SIGNATORY

The crux of Plaintiff's argument with respect to Hirease's request to join in the arbitration, is that Hirease (1) cannot compel arbitration against Plaintiff because it is not a signatory to the agreement, and (2) has not adequately set forth the criteria required to do so. But Plaintiff fails to sufficiently challenge the arguments Hirease put forward in its Joinder, which establish that joinder in the arbitration is proper.

Under the Federal Arbitration Act, state contract law applies in order to analyze whether to enforce an arbitration provision and on whose behalf. *See*: Volt Info. Sciences v. Leland Stanford, Jr. University, 489 U.S. 468, 479, 109 S. Ct. 1248, 103 L.Ed.2d 488 (1989). And California contract law is settled that an arbitration clause within a contract may be binding on a party *even where the party never actually read the clause or the entire contract*. See Pinnacle Museum Tower Assn. v. Pinnacle Marketing Development, 55 Cal. 4th 223, 236 (2012). The fact that Hirease did not sign the Arbitration Agreements is of no import. Rather, as shown in Hirease's Joinder papers and below, Hirease should properly join in arbitration as a non-signatory to the agreements based on the facts and claims pled by Plaintiff.

If Hirease is forced to defend this case alone, there is a direct and real threat of inconsistent judicial or juror factual determinations. As established by controlling case law, under the substantiated theories of equitable estoppel, agency, and as a third party beneficiary, Hirease should join in the arbitration.

A. **PLAINTIFF IS EQUITABLY ESTOPPED FROM ARGUING AGAINST HIREASE JOINING THE ARBITRATION AS A NON-SIGNATORY GIVEN THE NATURE OF THE INTERTWINED ALLEGATIONS AMONG THE DEFENDANTS**

Plaintiff's argument that equitable estoppel is inapplicable ignores the very allegations he pled in the Complaint. As Plaintiff provides, the doctrine of equitable estoppel applies to an arbitration agreement where "…the nonsignatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." *See* Opp at 2:4-8 (*citing* Murphy v. DirecTv, 724 F.3d 1218 (9th Cir. 2013)). Throughout the Complaint, as provided in Hirease's initial Joinder papers, Plaintiff alleged that (1) Hirease's services form a material basis of Plaintiff's lawsuit against Uber and Rasier, and (2) Plaintiff's own relationship with Uber/Rasier is intertwined with the investigation services Hirease performed for Plaintiff.

Significantly, Plaintiff's Complaint alleges that the Defendants' conduct, together, harmed Plaintiff. For example:

- in paragraphs 41-48, Plaintiff alleges Defendants (including Hirease) **together** "act[ed] willfully" against Plaintiff in reference to Plaintiff's termination from Uber.

- in paragraph 15 of the Complaint, Plaintiff alleges that Hirease performs the background checks for Uber/Rasier which Uber/Rasier allegedly rely upon in making their hiring decisions. The paragraph clearly and succinctly states:

  15. **Hirease contracts with Uber and Rasier to provide background screening services, and Uber and Rasier make use of such information in hiring decisions.** (Emphasis added)

- the Complaint also alleges that Hirease relies on Uber/Raiser to certify to Hirease that they will timely and properly provide notices to independent contractors or employees of Uber/Rasier, such as Plaintiff Mohamed, which fulfills Hirease's independent state and federal law requirements. As noted in the initial Joinder motion, at paragraph 45 of Plaintiff's Complaint, Plaintiff alleges:

4
DEFENDANT HIREASE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION RE: HIREASE'S JOINDER IN MOTION OF UBER/RASIER TO COMPEL ARBITRATION OF PLAINTIFF'S COMPLAINT / CASE NO. 3:14-cv-05200-EMC

19290809v.1

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

> During the relevant period, Hirease provided and continues to provide consumer reports to Uber and Rasier under a service agreement. On information and belief, under the service agreement, **Uber and Rasier certified to Hirease that they would…provide pre-adverse action and adverse action notices to its job applicants and employees.** (Emphasis added)

- in the **specific claim against Hirease**, Paragraphs 80-84, Plaintiff further alleges:

> 80. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.
>
> 81. ***Defendants*** used a "consumer report"… to take adverse employment action against Plaintiff and other members of the putative class
>
> 82. ***Defendants*** violated the FCRA by failing to advise Plaintiff and the Members of the MCRA Class of the statutory rights in M.G.L. c. 93 §62 in their adverse notice, including the right to assistance interpreting consumer reports. (Emphasis added)

Throughout the Complaint (and more specifically within the cause of action alleged against Hirease), Plaintiff has alleged intertwined actions between Hirease and Defendants Uber and Rasier.

While Plaintiff relies on Goldman v. KPMG LLP, 173 Cal. App. 4th 209, 221 (2009) in support of his Opposition to argue that Hirease should not join the arbitration, the analysis is misplaced.[1] In Goldman, there was nothing in the signatories' contracts that was related to the basis of allegations against the non-signatory. Here, on the other hand, Plaintiff cannot establish liability against Hirease without proving, *as a first step*, that Hirease performed the background check that Plaintiff Mohamed agreed to in his contracts with Uber/Rasier, or that Hirease somehow had no right to rely on Uber/Rasier's certification that they would timely send the information to the Plaintiff. Thus, in this case, the claim against Hirease falls squarely within the purview of the Defendants' arbitration agreements as explained in Defendant Uber and Raiser's Motion and Reply.

///

///

---

[1] Hirease cited Goldman v. KPMG LLP, 173 Cal. App. 4th 209, 221 (2009) for the legal analysis applicable in this case, the facts (which Hirease did not address) are distinguishable as discussed above.

Plaintiff's reliance on Knutson v. Sirius XM Radio, Inc., 771 F.3d 559 (9th Cir. 2014) is similarly misplaced. Knutson concerned an arbitration provision that was not provided to a plaintiff until *after* the service was already being provided. The Ninth Circuit held there was no valid consent to the provision because of that circumstance. Here, the Plaintiff was on notice of the arbitration provisions in the contracts between Rasier and Plaintiff and Uber and Plaintiff from the start of the relationship, and expressly consented to them. Plaintiff also knew from the start of the relationship, that he had to undergo a background check which contemplates services to be provided by an outside company such as Hirease. Both Murphy and Knutson are unavailing for Plaintiff.

Nor does the fact that Hirease is only sued under a Massachusetts statute have bearing on whether it can join as a non-signatory. See Jones v. Jacobson, 195 Cal. App. 4th 1, 18, including fn. 9 (2011) (holding a non-signatory must be joined in an arbitration proceeding where there is an "identity of interests" factually among the parties). Rather, as shown, Plaintiff not only incorporates the allegations of agency (*See* Complaint Paragraph 13) and other interwined actions among the Defendants into the cause of action against Hirease (*See* Complaint Paragraph 80), but Paragraphs 80-84 further highlight that the cause of action against Hirease alleges the collective action by the parties. Because the Defendants' actions are alleged to be intertwined with one another, Hirease's claim similarly must be arbitrated.

**B. PLAINTIFF'S COMPLAINT PLAINLY ALLEGES THAT HIREASE ACTED AS AN AGENT OF DEFENDANTS UBER AND RAISER, WHICH HE CANNOT NOW DISAVOW TO AVOID ARBITRATION.**

Plaintiff plainly alleges that Hirease acted as an agent of Uber and Rasier in his Complaint. *See* paragraph 13, Complaint. While he now seeks to disavow this allegation to avoid arbitrating Hirease's claims, the Complaint on its face demonstrates that it is essential that Hirease join in the arbitration for this reason as well.

Plaintiff, in his Opposition, heavily relies on the case of Murphy v. DirecTv, 724 F.3d 1218 (9th Cir. 2013), claiming that Hirease's claim is independent of the allegations alleged against the other Defendants. However, Murphy is materially and factually distinguishable. The Ninth Circuit expressly stated and held: "However, the district court in this case did not

find that Best Buy was acting as DirecTv's agent when it sold the equipment, and the record does not reflect that an agency relationship in fact existed." Id. at 1232. This distinction served as the lynchpin for the Court of Appeal to affirm the District Court's *discretion* in denying enforcement of the arbitration provision. Here, Plaintiff has specifically alleged that **Hirease acted as an agent of the other Defendants**, and this allegation is incorporated into his claim against Hirease. As a result, the Hirease's claim must necessarily be adjudicated with the claims against the other Defendants and arbitration must be compelled.

As the California Court of Appeal held in Westra v. Marcus & Millchap Real Estate Investment Brokerage Co., 129 Cal. App. 4th 759, 766, 767 (2007), agency "allegations in the (plaintiff's) pleading constitute judicial admissions that (the non-signatory defendant) was acting as the agent of the signatory parties" (parentheses added). Further, in Thomas v. Westlake, 204 Cal.App.4th 605, 614-615 (2012), the Court of Appeal held that if a plaintiff alleges an agency relationship in a complaint, that is sufficient to support ordering the non-signatory into the arbitration proceeding regardless of whether the non-signatory wants to join the arbitration or the non-signatory itself requests being included in the arbitration proceeding. The Court of Appeal, in Thomas, held "when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement, the defendant may enforce the agreement even though the defendant is not a party thereto." Id. On this basis, alone, Hirease claims should be arbitrable with the other Defendants' claims.

3. **HIREASE IS A THIRD PARTY BENEFICIARY OF THE ARBITRATION AGREEMENTS**

Moreover, Hirease claims should be arbitrated because it is a third party beneficiary of the Agreements. As the appellate court held in Murphy, if there is evidence of "an intent" to provide a benefit for a third party to the contract, a third party beneficiary situation exists. *See* 724 F.3d at 1134; *see also* Ronay Family Ltd. P'ship v. Tweed, 216 Cal. App. 4th 830, 838-39 (2013) ("A third party may enforce [an arbitration agreement] where he shows that he is a member of a class of persons for whose benefit it was made."). While the District Court in Murphy found no third party beneficiary intent, the facts as Plaintiff himself has pled are clear

7
DEFENDANT HIREASE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION RE: HIREASE'S JOINDER IN MOTION OF UBER/RASIER TO COMPEL ARBITRATION OF PLAINTIFF'S COMPLAINT / CASE NO. 3:14-cv-05200-EMC

19290809v.1

there was an intent on the part of Uber/Rasier to take actions benefiting Hirease, which were subject to the arbitration agreement, (including but not limited to certifying they would provide notices of results of background investigations to job applicants and employees such as Plaintiff).

## CONCLUSION

As stated in Hirease's moving papers, the United States Supreme Court has held that where relevant state contract law allows a non-signatory to invoke other parties' arbitration provisions when there are issues of agency, third-party beneficiary theories, waiver and estoppel. *See*: Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630-631, 129 S. Ct. 1896, 173 L.Ed. 2d 832 (2009). Hirease should be ordered to participate in the arbitration because: (1) equitable estoppel applies against Plaintiff if Plaintiff attempts to deny the right of Hirease to participate in the arbitration; (2) the Plaintiff is alleging an identity of interests among Uber, Rasier and Hirease with respect to preparing and using the report (paragraphs 10, 13, 15, 28-38, 41-48); (3) the Complaint allegations showing an intertwining of the facts among Uber, Rasier and Hirease (paragraphs 10, 15, 28-38, 41-48 and allegations throughout Complaint grouping all Defendants together in their willful and otherwise non-intentional conduct); (4) the Plaintiff is alleging an agency relationship among Uber, Rasier and Hirease (paragraph 13, Complaint); (5) Hirease being a third party beneficiary of the Uber Agreements and Rasier Agreement as Plaintiff alleges Hirease was performing services for Uber and Rasier that would affect the Plaintiff's right to continued status as a Uber driver (Complaint, paragraphs 41-48). As the Plaintiff's lawsuit, as alleged, arises out of his relationships and contracts with Uber and Rasier, and Hirease was clearly performing services relevant to Plaintiff and his relationships with Uber and Rasier (Paragraphs 10, 13, 15, 28-38, 41-48, Hirease joinder in the arbitration as a non-signatory is proper.

///

///

///

///

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

    The District Court is therefore requested to grant the joinder of Hirease to participate in the arbitration proceeding as Uber/Rasier have requested in their motion to compel arbitration.

Dated: March 20, 2015                **P. K. SCHRIEFFER LLP**

By: _____
      Paul K. Schrieffer, Esq.
      Mitchell J. Freedman, Esq.
      Attorneys for Defendant, Hirease, LLC

# CERTIFICATE OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 100 N. Barranca Avenue, Suite 1100, West Covina, California 91791.

On **March 20, 2015**, I served the foregoing document(s) described as **DEFENDANT HIREASE, LLC'S *JOINDER* IN UBER AND RASIER'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND *REPLY* TO PLAINTIFF'S OPPOSITION RE: DEFENDANT HIREASE'S JOINDER IN MOTION OF DEFENDANTS UBER AND RASIER TO COMPEL ARBITRATION; POINTS & AUTHORITIES IN SUPPORT OF JOINDER IN MOTION,** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

## PLEASE SEE SERVICE LIST

(XX) **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at West Covina, California in the ordinary course of business.

(XX) **BY CM/ECF ELECTRONIC SERVICE:** I caused such documents to be served via the electronic filing system on all registered parties.

( ) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the address(es) noted above.

( ) BY FACSIMILE: by use of facsimile machine, I served a copy of the document(s) on the interested party(ies) by transmitting by facsimile machine (626) 974-8403 to the party(ies) on the proof of service. The facsimile machine I used complied with California Rules of Court, Rule 2.301, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2.306(h), I caused the machine to print a transmission report to reflect it was properly issued by the sending facsimile machine and is attached hereto.

(XX) **FEDERAL:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 20, 2015**, at West Covina, California.

_____
DESIREE MARQUEZ

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

## SERVICE LIST

Tina Wolfson, Esq.
Ahdoot & Wolfson, P.C.
1016 Palm Avenue
West Hollywood, CA 90069
Tele: 310-474-9111
Fax: 310-474-8585

Attorney for Plaintiff

John C. Fish, Jr., Esq.
Rod M. Fliegel, Esq.
Andrew M. Spurchise, Esq.
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108
Tele: 415-433-1940
Fax: 415-399-8490

Attorneys for Defendants, Uber Technologies, Inc. and Rasier, LLC

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403

DEFENDANT HIREASE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION RE: HIREASE'S JOINDER IN MOTION OF UBER/RASIER TO COMPEL ARBITRATION OF PLAINTIFF'S COMPLAINT / CASE NO. 3:14-cv-05200-EMC

19290809v.1