1  JOHN C. FISH, Jr., Bar No. 160620
   jfish@littler.com
2  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
3  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
5  San Francisco, California  94108.2693
   Telephone:    415.433.1940
6  Facsimile:    415.399.8490

7  Attorneys for Defendants
   UBER TECHNOLOGIES, INC. AND RASIER,
8  LLC

9
   [ADDITIONAL COUNSEL ON FOLLOWING
10 PAGE]

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13 ABDUL KADIR MOHAMED,                    Case No. 3:14-cv-05200-EMC
   individually and on behalf of all others
14 similarly-situated,                     **DEFENDANTS' ADMINISTRATIVE
                                           MOTION TO CHANGE TIME OF CASE
15              Plaintiff,                  MANAGEMENT CONFERENCE AND
                                           RELATED DEADLINES**
16       v.

17 UBER TECHNOLOGIES, INC., RASIER,        Complaint Filed:  November 24, 2014
   LLC, HIREASE, LLC and DOES 1-50,
18                                         Trial Date:  None set.
                Defendants.
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE
CMC/RELATED DEADLINES                                    CASE NO. 3:14-CV-05200 EMC

1  PAUL K. SCHRIEFFER, Bar No. 151358
   pks@pksllp.com
2  MITCHELL J. FREEDMAN, Bar No. 105757
   mjf@pksllp.com
3  P.K. SCHRIEFFER LLP
   100 N. Barranca Avenue, Suite 1100
4  West Covina, California 91791
   Telephone:  (626) 373-2444
5  Facsimile:  (626) 974-8403

6  Attorneys for Defendant
   HIREASE, LLC
7

8  SARAH K. HAMILTON, Bar No. 238819
   shamilton@seyfarth.com
9  SEYFARTH SHAW LLP
   560 Mission Street, Suite 3100
10 San Francisco, California 94105
   Telephone: (415) 397-2823
11 Facsimile: (415) 397-8549

12 Attorneys for Defendant
   HIREASE, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE                    CASE NO. 3:14-CV-05200 EMC
CMC/RELATED DEADLINES

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rules 6-1(b) and 6-3, Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier") and Hirease, LLC ("Hirease") (collectively, "Defendants"), request that the Court continue the April 14, 2015 case management conference as well as all related case management deadlines pending the outcome of the motions to compel arbitration filed by Defendants Uber, Rasier and Hirease.[1]   The Court's ruling on Defendants' motions to compel could result in a variety of outcomes, which will substantially impact which Defendants remain before this Court, Defendants' proposed discovery plan, as well as the scope and content of Defendants' initial disclosures.  Therefore, Defendants request that the Court vacate the case management conference currently set for April 14, 2015, as well as the case management and discovery deadlines based on said date.  Defendants request that the Court reset the case management conference to a date after the Court's issuance of a ruling on the motions to compel arbitration that is convenient for the Court, with the associated case management and discovery deadlines to be based on the new case management conference date.

Plaintiff declined to stipulate to the requested continuance sought by this Motion.

## II.   ARGUMENT

### A.   Defendants' Request Is Supported By Good Cause.

As noted above, the outcome of the motions to compel arbitration could substantially impact the issues that are to be litigated in this Court, if any.   However, a FRCP 26(f) Report/Case Management Statement is currently due April 7, 2015, one week prior to the hearing on the motions to compel and case management conference.  Among other things, the parties are required to address the following in the joint report: the legal issues in the case, a proposed discovery plan, a proposal for how and when the class will be certified, the prospects for settlement and a proposed case schedule including suggested dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

---

[1] By way of a stipulated request for an order changing time, also filed March 31, 2015, Defendants and Plaintiff Mohamed also request that the Court continue the hearing date for the motions to compel arbitration from April 14, 2015 to May 7, 2015 due to unavailability of Uber's client representative.  If the Court denies the instant motion, all parties are in agreement that the case management conference should be continued to May 7, 2015 and that all associated deadlines be continued accordingly.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE
CMC/RELATED DEADLINES                      1.                        CASE NO. 3:14-CV-05200 EMC

On March 24, 2015, counsel for the parties conducted a telephone conference to discuss discovery Plaintiff had served, prior to the time permitted by FRCP 26(d), related to arbitration issues. Plaintiff's counsel took the position that the Rule 26(f) conference should also proceed at that time based on the deadlines then in place. Counsel for Defendants expressed their position that it was premature to conduct a Rule 26(f) conference based on the pending motions to compel arbitration. Counsel for Defendants inquired whether Plaintiff's counsel would be willing to stipulate to reset the case management conference, and related deadlines, to a date following the Court's order on the motions to compel arbitration. Plaintiff's counsel declined to stipulate and proceeded to present Plaintiff's position on the topics outlined in Rule 26(f). During this call, the parties were not able to come to agreement on any substantial case management issues, or whether a Rule 26(f) conference was even appropriate, because of their divergent views on whether the case will proceed in Court or in arbitration. (Spurchise Decl., ¶ 2.)

Given the uncertainty regarding what claims, if any, will remain before this Court based on the Court's ruling, it is Defendants' position that the parties cannot accurately or comprehensively address the topics outlined in Rule 26(f) at this time. As an example, if the Court grants Defendants' motions in full, no class claims will exist in these cases, and there will be no need to submit a discovery plan to the Court at all because the case will proceed in arbitration. If, on the other hand, the Court grants a motion compelling only Plaintiff's claims against Uber and Rasier, but denies the motion as to Hirease, the parties will undoubtedly need to confer about what impact that has on the course of the litigation. If the Court denies the motions, Defendants will have the right to appeal and any appeal could result in a stay of the entire litigation pending resolution of this threshold issue. In other words, there is no outcome on Defendants' motions that will not substantially impact the proceedings.

Similarly, pursuant to FRCP 26(a)(1), the parties are required no later than two weeks after the Rule 26(f) conference (a) to provide information regarding each individual known to have discoverable information and (b) to provide a copy or description of all documents, electronically stored information and tangible things supportive of the claims or defenses at issue. Here, it is not yet decided whether Plaintiff is even entitled to bring claims on a class basis. Defendants are faced

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

with a stark choice: provide to Plaintiff substantially more information than he might be entitled to if the claims were brought on an individual basis; or, if the motions are denied, risk prejudice by not identifying all documents or witnesses which might be relied upon if there was no dispute the case could be brought as a class action.

In sum, continuing the case management conference and associated deadlines will allow the parties to assess, without speculating, the scope of the case that will proceed before the Court, if any.

**B.      Continuing The Case Management Conference And Related Deadlines Is Appropriate And Will Not Unduly Delay Proceedings.**

**1.      Defendants' Attempt To Obtain A Stipulation**

Defendants have attempted to obtain a stipulation from Plaintiff to continue the initial case management conference date and related deadlines.   Plaintiff's counsel declined to stipulate. (Spurchise Decl. at ¶ 2.)

**2.      Previous Time Modifications**

The parties have previously stipulated to several time modifications.  On December 18, 2014 and January 30, 2015, Plaintiff and Defendants Uber and Rasier stipulated to extend the time to file a responsive pleading for Defendants Uber and Rasier.  On January 26, 2015, Plaintiff and Defendant Hirease stipulated to extend the time for Hirease to file a responsive pleading.

On February 5, 2015, in conjunction with the parties in the related action *Gillette v. Uber Technologies, Inc.*, Case No. 14-05241("*Gillette*"), Plaintiff and Defendants Uber and Rasier stipulated to a consolidated briefing schedule regarding the motions to compel arbitration in *Gillette* and the instant action and requested that the Court continue the March 12, 2015 case management conference and associated case management deadlines in order to accommodate the consolidated briefing schedule.  The parties to the February 5, 2015 stipulation sought the consolidated briefing, hearing and initial case management schedules in order to promote efficiency and avoid undue repetition of facts, evidence and legal argument common to both actions.  On February 9, 2015, the Court issued an order granting the stipulated request for an order changing time and consolidating the motion to compel arbitration briefing.  The Court set the initial case management conference for April 9, 2015.  Subsequently, the Court continued the case management conference to April 14,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE          3.          CASE NO. 3:14-CV-05200 EMC
CMC/RELATED DEADLINES

2015.

### 3.   Effect On Schedule

Continuing the initial case management conference and related deadlines to a date after the Court issues an order on the motions to compel arbitration will allow the parties to exchange initial disclosures and prepare a FRCP 26(f) Report/Case Management Statement and discovery plan with the benefit of the Court's ruling regarding what, if any, claims remain before the Court. The requested relief will create only a slight delay with respect to the initial case management related deadlines. There is no trial date currently set, so there will be no effect on the trial date.

## III.   CONCLUSION

Defendants respectfully request that the Court grant the motion to change time and continue the initial case management conference to a date after the Court issues an order on the motion to compel arbitration. Defendants also request that the Court continue all associated deadlines in accordance with the new case management conference date.

Dated: March 31 , 2015

*/s/Andrew M. Spurchise*
John C. Fish
Rod M. Fliegel
Andrew M. Spurchise
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND
RASIER, LLC

Dated: March 31, 2015

*/s/ Mitchell J. Freedman*
Paul K. Schrieffer
Mitchell J. Freedman
P.K. SCHRIEFFER LLP
Attorneys for Defendant Hirease, LLC

Dated: March 31, 2015

*/s/ Sarah K. Hamilton*
Sarah K. Hamilton
SEYFARTH SHAW LLP
Attorneys for Defendant Hirease, LLC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE
CMC/RELATED DEADLINES

4.

CASE NO. 3:14-CV-05200 EMC

1

**SIGNATURE ATTESTATION**

2     In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3 document has been obtained from the signatories on this e-filed document.

4

5 Dated: March 31, 2015                                    /s/ *Andrew M. Spurchise*

6                                                          ANDREW M. SPURCHISE

7

8

9

10

11

12

13

14   Firmwide:132613236.3 073208.1046

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEFS' ADMIN MOTION TO CHANGE
CMC/RELATED DEADLINES                    5.              CASE NO. 3:14-CV-05200 EMC