Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:   (510) 835-1417

Oren Sellstrom (SBN 161074)
osellstrom@lccr.com
Meredith Desautels (SBN 259725)
mdesautels@lccr.com
LAWYERS' COMMITTEE FOR CIVIL
  RIGHTS OF THE SAN FRANCISCO
  BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA  94105
Tel:    (415) 543-9444
Fax:   (415) 543-0296

Attorneys for Plaintiff Gillette and the Putative Class

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, CA  90069
Tel:    (310) 474-9111
Fax:   (310) 474-8585

Counsel for Plaintiff Abdul Kadir Mohamed and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>Defendants.<br><br>RONALD GILLETTE, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a California corporation, and DOES 1-20, inclusive<br><br>Defendants. | Case No.: 3:14-cv-05200-EMC<br>Case No.: 3:14-cv-05241-EMC<br><br><br><br>**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CHANGE TIME OF CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |

## I. INTRODUCTION

Plaintiffs Abdul Kadir Mohamed and Ronald Gillette jointly submit this Opposition to Defendants' Administrative Motions to Change Time of Case Management Conference and Related Deadlines (Mohamed ECF No. 41 & Gillette ECF No. 28, hereinafter the "Administrative Motion"). As discussed below, most case management issues are unaffected by Defendants' Motion to Compel Arbitration and Defendants' concerns regarding their disclosure obligations are unwarranted. Accordingly, Defendants' request to vacate the case management conference lacks good cause.

## II. RELEVANT BACKGROUND

On March 24, 2015, the Parties participated in a call during which Plaintiffs' counsel was prepared to discuss, and walked through one-by-one, the issues set forth in Rule 26(f), Rule 16(c), the Standing Order for All Judges of the Northern District, the Northern District's ESI Guidelines and ESI Checklist, and the Northern District's ADR selection processes. (Maya Decl. ¶ 2.) Defendants did not engage Plaintiffs despite the fact that March 24, 2015 was the last day to timely hold the 26(f) conference, and no request to continue this deadline had been submitted to the Court. (*Id.*) At the conclusion of the conference, Plaintiffs' counsel stated their intent to send Defendants' counsel a draft case management statement. (*Id.*)

On March 26, 2015, Defendants' Counsel requested that Plaintiffs' agree to continue the hearing on Defendants' Motion to Compel Arbitration in order to accommodate the schedule of Defendants' client representative. (Maya Decl. ¶ 3.) Plaintiffs' agreed with the understanding that the hearing and case management conference would be rescheduled for the same date. (*Id.*)

On March 31, 2015, Defendants presented Plaintiffs with a stipulation to reschedule the hearing and an administrative motion to continue indefinitely the case management conference and related deadlines. (Maya Decl. ¶ 4.) Plaintiffs agreed to the stipulation but were not amenable to the relief sought through the Administrative Motion. (*Id.*) Plaintiffs requested that the Parties continue to confer regarding the issues raised in Defendants' Administrative Motion. (*Id.*) Rather than engage Plaintiffs on these issues, however, Defendants chose to file their Administrative Motion that same day. (*Id.*)

### A. Defendants' Request to Vacate the Case Management Conference Lacks Good Cause

#### 1. The Majority of Case Management Issues Are Unaffected by Defendants' Motion to Compel Arbitration

Defendants contend that the Parties cannot accurately and comprehensively address the required case management topics due to Defendants' Motion to Compel Arbitration. (Defs.' Admin. Mot. 2.) To the contrary, the majority of the Rule 26(f) and case management issues can be fully addressed notwithstanding Defendant's Motion, including the following: 1) jurisdiction and service; 2) a brief chronology of the facts; 3) the nature and basis of the claims and defenses; 4) a brief statement of the legal issues; 5) the status of prior and pending motions, and any anticipated motions; 6) evidence preservation; 7) appropriate disclosures; 8) related cases; 9) the relief requested by Plaintiffs; 10) settlement and ADR; 11) proceeding before a magistrate judge; and 12) references to binding arbitration, special masters, or the Judicial Panel on Multidistrict Litigation. *See* Fed. R. Civ. P. 26(f); Standing Order for All Judges of the Northern District, Contents of Joint Case Management Statement.

Moreover, the ramifications of Defendants' Motion to Compel Arbitration should be addressed within the context of the joint case management statement. If Defendants are unable to state their position with respect to a discovery plan and a pre-trial schedule, that information should be included in the Parties' joint case management statement along with Plaintiffs' view of those issues. Additionally, the joint case management statement requirements specifically contemplate the possibility of pending motions and binding arbitration. *See* Standing Order for All Judges of the Northern District, Contents of Joint Case Management Statement Nos. 4 and 14. These requirements strongly suggest that the Parties' case management obligations should not be suspended during the pendency of a motion to compel arbitration.

#### 2. Defendants' Concern Regarding Their Disclosure Obligations Is Unwarranted

Defendants contend that their initial disclosure obligations place them in an untenable situation: disclose information that would not be required if their Motion to Compel Arbitration is granted, or risk prejudice by failing to disclose documents and witnesses on which they may rely in future proceedings. (Defs.' Admin. Mot. 3.) If Defendants had participated in the 26(f) conference or

conferred with Plaintiffs prior to filing their Administrative Motion, as Plaintiffs requested on multiple occasions, Defendants would have learned that Plaintiffs' position on the disclosure issue is reasonable: Plaintiffs propose that Defendants, at this time, disclose only those documents and witnesses relevant to Plaintiffs' individual claims.  Disclosure of such basic information is necessary irrespective of whether Plaintiffs' claims proceed in arbitration or by way of court adjudication.  If Defendants' Motion is denied, Plaintiffs will seek supplemental disclosures appropriate for class and representative proceedings, as required by Rule 26(e).  Defendants' concern regarding their disclosure requirements is unfounded.

### 3. Continuing Indefinitely the Parties Rule 26(f) Obligations Would Result in Unnecessary Delay

The *Mohamed* Action and the *Gillette* Action were filed on November 24 and November 26, 2014, respectively.  If the Court grants Defendants' request to vacate the case management conference, the Parties will not engage in even basic case management planning until more than six months after the filing of Plaintiffs' Complaints.  There is no justification for such delay given the uncertain outcome of Defendants' Motion to Compel Arbitration and the minimal effort required to comply with Rule 26(f) and case management obligations.

### 4. Plaintiffs Have No Intention of Propounding Class Certification Discovery Prior to the Court's Ruling on Defendants' Motion to Compel Arbitration

Plaintiffs have no intention of propounding class certification-related discovery prior to the Court's decision on the pending Motion to Compel Arbitration and, indeed, Defendants Uber and Rasier already have responded in writing to a limited First Set of Requests for Production that is tailored to the issues raised in Defendants' Motion to Compel Arbitration, and agreed to produce documents in response to those Requests.  (Maya Decl. ¶ 5.)  No such Requests were propounded on Defendant Hirease.  (*Id*.)

## B. The CMC Should Be Held on the Same Day as the Hearing on Defendant's Motion to Compel Arbitration

The Parties previously filed a stipulation, which the Court granted, setting the hearing for the Motion to Compel Arbitration on the same day as the case management conference.  (Mohamed ECF No. 29. & Gillette ECF No. 19)  At that time, the "Parties believe[d] that consolidated . . . hearing[]

3

and initial case management schedules [would] promote efficiency" (*id.*) and, accordingly, requested the Court continue the CMC from the then-scheduled date of March 12, 2015, to the same date the parties requested that the Court hear Defendants' Motion to Compel Arbitration (*id.*). Plaintiffs continue to believe that scheduling the hearing on Defendant's Motion and the case management conference for the same day makes eminently good sense, but Defendants now believe that the case management conference should be continued indefinitely to some date after that hearing. There is no need to waste the Court's and the Parties' resources on two hearings when Defendants' Motion and case management issues can be addressed together in a single proceeding.

## III.  CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' administrative motion, set the initial case management conference for May 14, 2015, and order the Parties to confer regarding an appropriate joint case management statement.

Dated: April 3, 2015         Respectfully submitted,

                             GOLDSTEIN, BORGEN, DARDARIAN & HO


                             */s/* Andrew P. Lee
                             Laura L. Ho
                             Andrew P. Lee

                             Attorneys for Plaintiff Gillette

Dated: April 3, 2015         AHDOOT & WOLFSON, P.C.


                             */s/* Theodore W. Maya
                             Tina Wolfson
                             Robert Ahdoot
                             Theodore W. Maya
                             Bradley K. King

                             Attorneys for Abdul Kadir Mohamed

**SIGNATURE ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories on this e-filed document.

Dated:  April 3, 2015
/s/ Theodore Maya
Theodore Maya

# DECLARATION OF THEODORE W. MAYA

1. I am Plaintiff's counsel in the matter of *Mohamed* v. Uber Technologies, Inc. et. al., Case No. 14-cv-05200-EMC. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. On March 24, 2015, I participated in a call with counsel for all Defendants and counsel for Plaintiff Gillette. During this call, Plaintiffs' counsel was prepared to discuss, and walked through one-by-one, the issues set forth in Rule 26(f), Rule 16(c), the Standing Order for All Judges of the Northern District, the Northern District's ESI Guidelines and ESI Checklist, and the Northern District's ADR selection processes. Defendants did not engage Plaintiffs despite the fact that March 24, 2015 was the last day to timely hold the 26(f) conference, and no request to continue this deadline had been submitted to the Court. At the conclusion of the conference, Plaintiffs' counsel stated their intent to send Defendants' counsel a draft case management statement.

3. On March 26, 2015, Defendants' Counsel requested that Plaintiffs' agree to continue the hearing on Defendants' Motion to Compel Arbitration in order to accommodate the schedule of Defendants' client representative. Plaintiffs' counsel agreed with the understanding that the hearing and case management conference would be rescheduled for the same date.

4. On March 31, 2015, Defendants presented Plaintiffs with a stipulation to reschedule the hearing and an administrative motion to continue indefinitely the case management conference and related deadlines. Plaintiffs agreed to the stipulation but were not amenable to the relief sought through the Administrative Motion. Plaintiffs' counsel requested that the Parties continue to confer regarding the issues raised in Defendants' Administrative Motion. Rather than engage Plaintiffs on these issues, however, Defendants chose to file their Administrative Motion that same day.

5. Defendants Uber and Rasier have responded in writing to a limited First Set of Requests for Production that is tailored to the issues raised in Defendants' Motion to Compel Arbitration, and agreed to produce documents in response to those Requests. No such Requests were propounded on Defendant Hirease.

//

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this Declaration was executed this 3 day of April, 2015, in Los Angeles, California.

>	/s/ Theodore W. Maya
>	Theodore W. Maya