Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN,
    DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Oren Sellstrom (SBN 161074)
osellstrom@lccr.com
Meredith Desautels (SBN 259725)
mdesautels@lccr.com
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
    OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444
Fax: (415) 543-0296

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Attorneys for Plaintiff Gillette
and the Putative Class

Counsel for Plaintiff Abdul Kadir Mohamed
and the Putative Class

Additional counsel listed on following page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>Defendants. | Case No.: 3:14-cv-05200-EMC<br>Case No.: 3:14-cv-05241-EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 14, 2015<br>Time: 10:30 a.m.<br>Ctrm: 5, 17th Floor<br>Before: Hon. Edward M. Chen |
| RONALD GILLETTE, individually, and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br>vs.<br><br>UBER TECHNOLOGIES, INC., a California corporation, and DOES 1-20, inclusive<br><br>Defendants. | |

JOHN C. FISH, Jr., Bar No. 160620
jfish@littler.com
ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Tel: 415.433.1940
Fax: 415.399.8490

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND RASIER, LLC

PAUL K. SCHRIEFFER, Bar No. 151358
pks@pksllp.com
MITCHELL J. FREEDMAN, Bar No. 105757
mjf@pksllp.com
P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, CA 91791
Tel: (626) 373-2444
Fax: (626) 974-8403

Attorneys for Defendant HIREASE, LLC

SARAH K. HAMILTON, Bar No. 238819
shamilton@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Tel: (415) 397-2823
Fax: (415) 397-8549

Attorneys for Defendant HIREASE, LLC

## I. INTRODUCTION

Plaintiffs Abdul Kadir Mohamed and Ronald Gillette (collectively "Plaintiffs") and Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and Hirease, LLC ("Hirease")[1] (collectively, "Defendants") respectfully submit this Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California.

The parties are pleased to report to the Court that, in addition to conferring by phone, they held an in-person meeting in San Francisco on April 20, 2015 to confer regarding the issues in this Statement.[2] The purpose of conferring in person was specifically to help continue to foster a respectful tone and cooperative approach to the litigation, without in any way compromising any party's zealous advocacy, and to exchange views on reasonable means to maximize efficiency for the benefit of all concerned parties and this Court.

## II. JURISDICTION AND SERVICE

Plaintiffs assert that this Court has jurisdiction over Plaintiffs' and putative class members' Fair Credit Reporting Act ("FCRA") claims pursuant to 28 U.S.C. § 1331. Plaintiffs further assert that this Court has supplemental jurisdiction over Plaintiff Gillette's and Plaintiff Mohamed's California and Massachusetts state law claims pursuant to 28 U.S.C. § 1367. Finally, Plaintiffs assert that the Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). All Defendants have been served with the operative complaints in both the *Mohamed* and *Gillette* actions.

Defendants have asserted and continue to assert that, respectfully, this Court lacks jurisdiction because Plaintiffs agreed to arbitration. *See Mohamed* Docket Nos. 28, 32; *Gillette* Docket No. 16. To the extent the Court denies Defendants' motions in whole or in part, Defendants intend to contest subject matter jurisdiction on alternative grounds, including the lack of the requisite injury-in-fact for Article III standing and the absence of a private right of action under the Massachusetts statutes that Plaintiff Mohamed invokes.

---

[1] Hirease and Rasier are named as Defendants in the *Mohamed* action only, and not in *Gillette*.
[2] Certain attorneys residing outside of the Bay Area actively participated by telephone.

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## III. FACTS

**A. Plaintiffs' Statement:**

**1. Plaintiff Gillette**

Plaintiff Gillette worked as an Uber driver from approximately March 2013 to April 2014. Using an SUV provided by Abbey Lane Limousine, Plaintiff provided "SUV" car services in the San Francisco metropolitan area. Plaintiff worked between 36-48 hours per week. On average he picked up and dropped off between 4 to 7 customers per day. Throughout his employment with Uber, Plaintiff maintained a rating of between 4.7 and 4.8 out of 5 stars.

Uber classified Plaintiff Gillette as an independent contractor rather than as an employee. As a result, Uber failed to provide Plaintiff with itemized wage statements, minimum and overtime wages, lawful meal or rest periods, and reimbursement for necessary expenses. Uber also failed to keep accurate payroll records showing Plaintiff Gillette's hours worked and wages paid. Moreover, Uber retained all gratuities despite representing to its customers and to Plaintiff Gillette that gratuity was included in the total cost of the car service. Gratuities of 15-20% are customary in the car service industry.

In April 2014, Plaintiff Gillette's Uber account was abruptly deactivated. Both Plaintiff and Abbey Lane Limousine immediately contacted Uber to determine the reason for the deactivation. In response, an Uber representative informed Plaintiff that "something had come up" on his consumer background report and that he could no longer work for Uber. Prior to his termination, Uber failed to provide Plaintiff with a copy of his consumer background report or a summary of his rights under the FCRA or other applicable laws.

Plaintiff Gillette, through Abbey Lane Limousine, requested further information regarding Plaintiffs' consumer background report. Following several requests for information, Uber informed Plaintiff that his consumer background report had been generated by a company called Hirease, Inc., an employment background screening company located in North Carolina. Pursuant to Plaintiff's request, Hirease provided Plaintiff with a copy of his consumer background report on May 2, 2014.

571042.5
571042.8

### 2. Plaintiff Mohamed

Plaintiff Mohamed first began working as an "Uber Black" driver in or around 2012. In or around October 2014, Plaintiff Mohamed began working as an Uber X driver using his own car, which he purchased specifically for this task at Defendants' urging. (*Mohamed* Compl. ¶¶ 29-31.) Like Plaintiff Gillette, Uber classified Plaintiff Mohamed as an independent contractor rather than as an employee.

On or about October 28, 2014, Plaintiff Mohamed received an email from "uberreports@hirease.com" stating that Defendants Uber and Rasier were declining his "proposal to enter an independent contractor relationship" due to "information" in a background report obtained through Defendant Hirease. (*Id.* ¶ 32.) Plaintiff Mohamed's Uber account was deactivated at approximately the same time. (*Id.* ¶ 33.) Prior to this termination, Defendants failed to provide Plaintiff Mohamed with a copy of his consumer background report or a summary of his rights under the FCRA or other applicable laws including the Massachusetts Consumer Credit Reporting Act ("MCRA") M.G.L. c. 93 §§ 50 *et seq.*, and Massachusetts Criminal Offender Record Information ("CORI") Requirements, M.G.L. c. 6 §§ 171A *et seq*. (*Mohamed* Compl. ¶¶ 34-40.)

### B. Defendants Uber and Rasier's Statement:

This Court is already familiar with the business model and general business practices of Defendants Uber and Rasier through the litigation of *O'Connor v. Uber Technologies, Inc.*, Civil Action No. 3-3826 ("*O'Connor*"). Defendants deny Plaintiffs were employees of Uber and/or Rasier or "misclassified" as independent contractors, but, for efficiency, Defendants do not re-assert facts relating to their position here.

Aside from Plaintiff Gillette's wage claim, unlike *O'Connor*, Plaintiffs' Complaints challenge Defendants' background check practices. Defendants disagree the FCRA governed these practices with regard to Plaintiffs as independent contractors. Defendants alternatively assert that they had, and have, background check practices that comply with FCRA. Uber has an established process to present FCRA disclosures, obtain FCRA authorization for background checks and to provide FCRA pre-

adverse action notices and adverse action notices where transportation providers' proposals are rejected due to their criminal histories.

C. **Defendant Hirease's Statement:**

Defendant Hirease is only a party to Plaintiff Mohamed's Complaint, and in particular the Third Cause of Action for alleged violation of the Massachusetts Consumer Credit Reporting Act ("MCRA"). Defendant Hirease disagrees that the MCRA governed Hirease practices with regard to Plaintiff as an independent contractor. Defendant alternatively asserts that it provided background checks and other services in compliance with its legal obligations under the MCRA.

## IV. LEGAL ISSUES

A. **Plaintiffs' Statement:**

Plaintiff Gillette asserts claims pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* on a class basis, the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.* on a representative basis, and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786 *et seq.* on an individual basis. Plaintiff Mohamed asserts claims for violation of the FCRA, the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.*, the MCRA, and Massachusetts CORI Requirements. (*Mohamed* Compl. ¶¶ 66-91.)

As a threshold matter, the Court will have to decide whether Plaintiffs' claims are subject to arbitration. Defendant Uber filed a motion to compel arbitration, which is currently pending. Plaintiffs opposed the motion, contending that the arbitration provision is invalid based on its express terms and is substantively and procedurally unconscionable.

With respect to Plaintiffs' FCRA and related state law claims, the primary legal issues will be whether the requirements of these statutes apply to Plaintiffs and the putative classes of Uber drivers they seek to represent. Generally, the FCRA, California, and Massachusetts law require Defendants to comply with the following requirements: 1) provide a clear and conspicuous written notice that consists solely of the disclosure that Defendants would procure consumer background reports and other required information; 2) obtain written authorization prior to obtaining consumer background

571042.5
571042.8

reports; 3) provide a summary of Plaintiffs' rights under the FCRA and state law prior to taking adverse employment actions, including termination of their employment and suspension and/or deactivation of their user accounts; 4) provide Plaintiffs the opportunity to request the consumer background reports when obtaining written authorization; and 5) provide Plaintiffs with a copy of the consumer background reports prior to taking any adverse employment actions. Plaintiffs contend that Defendants must comply with these laws irrespective of Plaintiffs' status as employees or independent contractors.

*Goldberg v. Uber Technologies, Inc et al.*, Civil Action No. 1:14-cv-14264 (D. Mass.), which Defendants reference below, is factually distinguishable from the present actions. There, the plaintiff alleged violations of the FCRA stemming from his July 2014 driver application. The *Goldberg* plaintiff admitted that he received a FCRA notice and authorized Defendant to run a background check. Plaintiffs Gillette and Mohamed, by contrast, contend that they did not receive a FCRA notice or consent to a background check. Moreover, the *Goldberg* plaintiff applied to become an Uber driver well after Plaintiff Gillette and Mohamed were hired, and may have gone through a different application process. Indeed, the background reports which lead to Plaintiff Gillette's and Mohamed's terminations were obtained after Defendants hired them as drivers, unlike the *Goldberg* plaintiff who was never hired to drive for Uber.

With respect to Plaintiff Gillette's PAGA claims, the legal issues in dispute are whether Plaintiff Gillette and Uber drivers are employees or independent contractors, and the extent to which Uber has complied with the California Labor Code. As this Court is aware, the issue of whether Uber drivers are employees under California law will likely be decided in *O'Connor v. Uber Technologies, Inc.*, Case No. 13-03826-EMC.

Plaintiff Gillette is aware that the Court is currently considering the *O'Connor* plaintiffs' motion for leave to amend to add PAGA claims. Plaintiff Gillette's PAGA claims partially overlap with the proposed PAGA claims in *O'Connor*: the *O'Connor* plaintiffs seek PAGA penalties limited to violations of Labor Code §§ 351 and 2802, whereas Plaintiff Gillette seeks PAGA penalties for multiple violations of the Labor Code, including the ones sought to be amended into *O'Connor*, and

which extend back about six months further than in *O'Connor*. Plaintiff Gillette has no objection, however, to the proposed PAGA amendment in the *O'Connor* action.

Plaintiff Gillette contends that his claims, including his PAGA claim, cannot be compelled to individual arbitration. Should the Court agree as to the PAGA claim, Plaintiff contends that the Court can efficiently manage the *Gillette* and *O'Connor* PAGA claims either through partial consolidation, or by allowing the claims to proceed separately in the two actions. Pursuant to Federal Rule of Civil Procedure 42(a), the Court has broad discretion to consolidate actions involving "common issues of law or fact." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir.1989). The Court may consolidate for trial all *Gillette* PAGA claims that overlap with the *O'Connor* claims or flow directly from the adjudication of the employee-status issue, including PAGA claims based on violations of Labor Code §§ 2802 (failure to reimburse), 351 (failure to provide gratuities), 226(a) (failure to provide itemized wage statements), 1174 and 1174.5 (failure to keep required payroll records), and 226.8 (willful misclassification of employees). Plaintiff Gillette contends that this would promote judicial economy and conserve the resources of the parties.

The PAGA claims that will require additional proof may be tried separately in the *Gillette* matter. These include PAGA claims based on violations of Labor Code §§ 201-203 (failure to provide prompt payment of wages upon termination or resignation), 226.7, 512, and 558 (failure to provide meal and rest periods), 510, 558, 1194, and 1198 (failure to provide overtime wages), and 1182.12, 1194, and 1197 (failure to pay minimum wage). Should the Plaintiffs prevail on the employment-status issue in the consolidated trial, these remaining claims would be tried in a separate trial that would not duplicate the issues tried in the *O'Connor* action. This trial could also resolve Plaintiff Gillette's and Plaintiff Mohamed's background check claims.

**B.   Defendants Uber and Rasier's Statement:**

Plaintiffs' cases involve an array of legal issues, some of which overlap with other proceedings, some of which do not, and some of which are threshold issues reasonably considered and resolved before the parties expend unnecessary efforts on other issues. For instance:

- A threshold issue is the arbitration of Plaintiffs' claims. The Court's ruling on Defendants' motions will shape the timeline and scope of the remaining issues, if any, in the case, including which, if any, Defendants remain in which case.

- Another threshold issue is Plaintiffs' alleged misclassification as independent contractors. Mohamed does not expressly raise a claim of misclassification. Gillette asserts a PAGA claim specifically attacking his classification, which potentially overlaps with *O'Connor* as well as *Steven Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC554512, a previously-filed case that also asserts a PAGA claim alleging that transportation providers utilizing the Uber app are Uber employees. Uber is opposed to the amendment of the PAGA claim in *O'Connor*, so discussion of consolidation with *O'Connor*'s PAGA claim is inappropriate, or at least premature. *Price* is the first-filed PAGA claim, and further progressed than *Gillette*. Therefore any outcome must take that into account. Aside from Gillette's PAGA claim, the independent contractor issue may inform Plaintiffs' background-check related claims. Published court authority holds that the FCRA (the basis for Gillette and Mohamed's nationwide class claims) does not apply to independent contractors. Defendants will argue that the other associated state law causes of action in Plaintiffs' Complaints also do not apply to independent contractors. Unlike in *O'Connor* and *Price*, however, for Mohamed and Gillette's nationwide FCRA claim, the issue may be whether the putative class members were properly classified as independent contractors in each of the states in which they did business, not just California. As to Mohamed's Massachusetts-based causes of action, the issue will be Mohamed's proper status under Massachusetts, not California, law. This is an issue in *Yucesoy v. Uber Technologies, Inc.*, No. 3:15-cv-00262-EMC (N.D. Cal.).

- Mohamed raises Massachusetts law claims that do not overlap with Gillette's claims. But they also are the same claims recently rejected in a first-filed, substantially similar case, *Goldberg v. Uber Technologies, Inc et al.*, Civil Action No. 1:14-cv-14264 (D. Mass.). In an April 6, 2015 opinion, Judge Stearns granted Uber and Rasier's motion for judgment on the pleadings, finding the facts that Goldberg alleged, as well as attachments to his Complaint (such as his background report, and notices he received about it) established that he could not state a viable claim under those laws as a matter of law.

- Mohamed and Gillette also have overlapping FCRA nationwide class claims. But these identical FCRA claims were also rejected in the *Goldberg* opinion. Indeed, the nationwide FCRA classes alleged by Mohamed and Gillette were subsumed within those originally alleged in the first-filed *Goldberg* case.

- Mohamed and Gillette both raise California background-check-related claims, Gillette's California claims, however, are pled solely on an individual basis. Mohamed asserts a nationwide class on his California claim, brought under Cal. Civ. Code § 1785.20.5, but that same statute confirms that it does not apply to individuals like Mohamed who reside outside of California. *See* Cal. Civ. Code § 1785.6 ("The notices and disclosures to consumers provided for in this title shall be required to be made only to those consumers who have a mailing address in California").

Thus, Defendants believe the parties will need to continue to work cooperatively to address these issues flexibly, in a common-sense way, based on a variety of outcomes that cannot be predicted yet at the scheduling phase.

571042.5
571042.8

C.  **Defendant Hirease's Statement**

The first three legal issues raised by Defendants Uber and Rasier above are also applicable to Plaintiffs' claim against Hirease. Hirease is only party to a single Massachusetts state claim under MCRA M.G.L. c. 90 §§ 50 *et seq.* A core legal issue will be the applicability of this statute to any report Hirease provided for Mohamed.

Further, depending on the outcome of the pending arbitration motions, Hirease will evaluate and may seek additional case management strategies through the Court in order to litigate the only claim against Hirease (a MA cause of action) in an efficient manner in light of the number of related cases and parties.

## V.  MOTIONS

Two motions have been filed in the *Gillette* and *Mohamed* Matters: (1) Defendants' Motion to Compel Arbitration filed on January 23, 2015; and (2) Defendants' Administrative Motion to Change Time of Case Management Conference and Related Deadlines filed on March 31, 2015.

Plaintiffs anticipate filing a consolidated motion to certify the putative Classes, and have proposed a schedule below. Plaintiffs will seek certification of the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and/or (b)(2), and will seek to be appointed Class Representatives and to have their counsel appointed Co-Class Counsel.

If arbitration is denied, Defendants anticipate filing Rule 12 motions and motions for summary judgment as to Plaintiffs' individual claims. If Gillette's representative PAGA claim is allowed to proceed in court, Defendants will likely file a motion to sever, sever and remand, stay, or dismiss in whole or in part. Defendants intend to oppose any motion for class certification and/or file a motion not to certify a class pursuant to Federal Rule of Civil Procedure 23.

## VI.  AMENDMENT OF PLEADINGS

If the Court denies Defendants' Motion to Compel arbitration, Plaintiffs may seek to amend their respective complaints and/or file a consolidated complaint. Plaintiffs reserve their right to add or substitute class representatives. The parties agree that Plaintiffs will have 30 days after a decision on

Defendants' arbitration motions or the time provided by Fed. R. Civ. P. 15, whichever is later, as a deadline to seek to amend their pleadings or add parties.

## VII. EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and Checklist. The parties have begun the process of meeting and conferring pursuant to Fed. R. Civ. P. 26(f) regarding the appropriate steps necessary to preserve evidence relevant to the issues in this action. Given the unresolved issues that are likely to shape the scope of this litigation, such as Defendants' arbitration motions and potential Rule 12 motions, the parties plan to work cooperatively to continue their dialogue regarding reasonable preservation as the case continues.

## VIII. DISCLOSURES

Defendant Hirease has provided initial disclosures on April 7, 2015, and the remaining parties exchanged initial disclosures on May 5, 2015.

## IX. DISCOVERY

**A.  Discovery Taken To Date**

Plaintiffs propounded arbitration-related document requests to Defendants Uber and Rasier. Uber and Rasier produced written objections, responses and documents.[3] Defendants believe that further discovery must be deferred until the Court rules on their arbitration motions. The parties discussed a cooperative and flexible approach to other potential discovery, such as discovery tailored to the individual named Plaintiffs' claims, and a potential stipulation that Defendants are not waiving any arbitration-related arguments by participating in such discovery, at their in-person meet-and-confer meeting on April 20th. Neither party intends to engage in extensive discovery on any matter before the May 14, 2015 hearing on Defendants' arbitration motions.

---

[3] Uber and Rasier contended that some of the document requests went beyond purely arbitration-related matters and objected accordingly.

B. **The Scope of Anticipated Discovery**

1. **Plaintiffs' Statement**

If the Court denies Defendants' Motion to Compel Arbitration, Plaintiffs will commence discovery germane to class certification. Such discovery will focus on Defendants' policies, procedures, and practices related to the procurement of consumer background reports for Uber drivers. Plaintiff Gillette will also seek discovery related to Plaintiff's PAGA claims. To the extent possible, Plaintiff Gillette proposes using discovery already conducted in the *O'Connor* action to save the time and resources of the parties.

Given the potential overlap between class certification and merits issues, Plaintiffs believe formal bifurcation between class certification and merits discovery is unwarranted. Plaintiffs further contend that a formal stay of discovery is unnecessary pending any Rule 12 motion practice. Plaintiffs will meet and confer in good faith regarding appropriate discovery in light of Defendants' anticipated motions.

2. **Defendants' Statement**

Defendants propose no further discovery should take place until the Court resolves their arbitration-related motions. If any claims are to proceed against any Defendants in Court, then Defendants propose either a stay of discovery or mutually-agreed-upon limited discovery while Rule 12 motion practice takes place. This will allow the parties to focus discovery on issues and claims that the Court deems legally sufficient to proceed. If the case then proceeds, Defendants agree that discovery should focus on class certification issues and issues related to the Plaintiffs' individual claims until motions related to class certification are resolved. The parties have a shared appreciation for how, for the sake of efficiency, they may be able to rely upon some discovery from the *O'Connor* case to limit unnecessary duplication of efforts.

Defendants thus propose a staggered approach to discovery as follows, and as further described in Section XVIII, "Scheduling," below:

- No further discovery or coordinated limited discovery pending the final outcome of Defendants' arbitration motions;

- No further discovery or coordinated limited discovery pending Rule 12 motion practice in any cases or procedural motion practice regarding Gillette's PAGA claim;
- Discovery related to class certification issues and named plaintiffs' individual claims;
- Class certification motion practice; and then
- Completion of discovery as to named plaintiff's individual claims for trial, including trial expert discovery on those claims, or, if a class is certified, discovery of the merits of the class claims, including trial expert discovery on those claims.

C. **Electronically Stored Information**

　　1. **Plaintiffs' Statement**

Plaintiffs plan to request that Defendants provide the ESI-related information referred to in Rule 26(f), the Northern District's "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information," and ESI Guideline 2.02, including the following general information: (1) a description of systems in which potentially discoverable information is stored; (2) a list of potentially relevant witnesses and ESI custodians, including each person's name, job title(s), description of job role(s), time period during which the person held the job title(s), current employer, and if not currently employed by Defendant, the person's current contact information if known; and (3) any code words, nicknames and shorthand reference for relevant issues or facts in the case reasonably needed to develop appropriate keywords or phrases for culling ESI. This information is useful and necessary to develop an appropriate plan for the production of ESI, and may enable the parties to prioritize the production of ESI given the importance of specific subsets relative to the stage of litigation and the burden of production.

　　2. **Defendants' Statement**

Defendants intend to continue to work cooperatively with Plaintiffs to address ESI-related issues and find appropriate proportionate and reasonable approaches to handling ESI in these cases. Given the early stage of these matters and uncertain scope of the litigation, it is impossible to arrive at a final comprehensive ESI plan.

571042.5
571042.8

D. **Privilege Issues**

The parties anticipate they will agree upon and submit to the Court a proposed stipulated protective order, based on the Northern District's form, which will apply to confidential information produced in discovery. The order will contain a claw-back provision under Federal Rule of Evidence 502.

Defendants propose the following with regard to privilege logging:

- Initial privilege logs sent by the responding party to the requesting party within 60 days after issuing written responses to underlying requests will be considered timely;
- Privilege logs may be updated and amended with additional information at any time in good faith based on continued reasonable investigation;
- Privilege logs submitted to the requesting party after 60 days may still be timely based on the individualized circumstances related to the underlying documents;
- The parties presumptively need not log any communications between themselves and their counsel in this litigation;
- Defendants presumptively need not log any communications solely between in-house lawyers or those working for or at their direction, such as paralegals or clerks;
- The parties presumptively need not log any communications between themselves and other attorneys for the parties regarding this litigation made after the litigation commenced; and
- The parties presumptively need not log any communications between themselves and their trial counsel in other cases.

Plaintiffs contend that privilege logs should be provided in conjunction with the written responses to underlying requests. They are, however, willing to meet and confer in good faith regarding the contents of privilege logs and any reasonable requests for additional time needed for their compilation.

Once the scope of the issues in this action are more clearly defined, and if further discovery proceeds on a class-wide basis, the parties will in the interest of efficiency cooperatively discuss the

potential for categorical logging of electronic communications, including emails. If the parties reach a good faith impasse, Defendants may seek an appropriate protective order from this Court, including an order disallowing disproportionate discovery or shifting ESI-related expenses.

**E.     Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure**

Without prejudice to their ability to seek leave from applicable rules, and to seek relief from any duplicative discovery, at this stage the parties do not request changes to the limitations on discovery imposed under the federal or local rules.

## X.     CLASS ACTIONS

The parties propose that a schedule for class certification should be set following resolution of Defendants' motions to compel arbitration, and propose a schedule below.

## XI.     RELATED CASES

The parties are aware of the following related cases in the Northern District of California: (1) *O'Connor v. Uber Technologies, Inc.*, Case No. 3:13-cv-03826-EMC; (2) *Ehret v. Uber Technologies, Inc.*, Case No. 14-cv-00113; and (3) *Yucesoy v. Uber Technologies, Inc.*, Case No. 3:15-cv-00262-EMC. The parties are aware of the following related cases in other jurisdictions: (1) *Goldberg v. Uber Technologies, Inc.*, Case No. 14-cv-14264-RGS (D. Mass.); (2) *Lavitman v. Uber Technologies, Inc.*, No. 13-cv-10172-DJC (D. Mass.); (3) *Steven Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC554512. *See Gillette* Docket No. 18.

## XII.     RELIEF

Plaintiffs seek the following relief through the complaint: (a) an order certifying this case as a class action and appointing Plaintiffs and their counsel as class representatives; (b) actual, statutory, and punitive damages; (c) an order requiring Defendants to immediately cease their wrongful conduct and to remedy that conduct; (d) reasonable attorneys' fees and the costs of this action; (e) statutory pre-judgment interest; and (f) such other relief as this Court may deem just and proper. The computation of any restitution or damages owed cannot be determined until the information is obtained from Defendants and possibly third parties and/or expert consultants and/or witnesses.

## XIII. SETTLEMENT AND ADR

The parties have filed a Notice for Need for ADR Phone Conference in both actions. The parties in *Gillette* participated in an ADR phone conference on April 10, 2015. The parties in *Mohamed* participated in an ADR phone conference on April 23, 2015.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Both cases have been assigned to the Hon. Edward Chen, and the parties do not believe assignment to a Magistrate at this time is warranted.

## XV. OTHER REFERENCES

Defendants' Motions to Compel Arbitration are currently pending. No other references are requested or appropriate at this time.

## XVI. NARROWING OF ISSUES

After adequate discovery has been conducted, including concerning issues related to class certification, the parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or by other motion.

## XVII. EXPEDITED TRIAL PROCEDURE

The parties do not believe an expedited trial procedure is appropriate for this case.

## XVIII. SCHEDULING

The parties propose the following schedule.[4] The parties reserve the right to seek modification of any schedule governing the below deadlines if there are significant discovery delays, including substantial expert discovery.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline for exchange of initial disclosures | May 5, 2015 |
| Deadline to file Rule 12(b) Motions | 30 days after Court's ruling on Defendants' arbitration motions |
| Deadline to amend complaint or | 30 days after Court's ruling on Defendants' arbitration motions, or the deadline provided by Rule 15, whichever |

---

[4] Defendants propose the following schedule in the event that their arbitration motion is denied only, and the Court denies a complete stay pending the resolution of their arbitration motions and Rule 12 motions, if any.

| EVENT | PROPOSED DEADLINE |
|---|---|
| add, amend, or change parties | is later |
| Deadline to file opposition to Rule 12(b) Motions | 30 days after filing of Rule 12(b) motion |
| Deadline to file reply to Rule 12(b) Motions | 14 days after filing of Rule 12(b) opposition to motion |
| Deadline to file motions under Rule 23 related to class certification | 225 days after Court's ruling on Defendants' arbitration motions and Defendants' Rule 12 motions, if any |
| Deadline to file opposition to motions under Rule 23 related to class certification | 60 days after filing of motion |
| Deadline to file reply in further support of motions under Rule 23 related to class certification | 30 days after filing of opposition to motion |
| Class certification hearing | Next hearing date that is at least 14 days after filing of reply to motion |
| Fact discovery cutoff for class merits discovery | To be determined after decision on Plaintiffs' motion for class certification ("TBD") |
| Initial expert disclosures for class merits discovery | TBD |
| Rebuttal expert disclosures for class merits discovery | TBD |
| Expert Discovery cutoff for class merits discovery | TBD |
| Final Dispositive motion deadline | TBD |
| Final pretrial conference | TBD |
| Trial Date | TBD |

## XIX. TRIAL

Plaintiffs have demanded a jury trial on their claims that are triable by a jury. The parties agree to postpone specific consideration of the length or date of trial until after the Court's determination of class certification, if necessary.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff Mohamed filed a Certification of Interested Entities on November 24, 2014. Plaintiff Gillette filed a Certification of Interested Entities on March 24, 2015. Uber filed a Certification of

571042.5
571042.8

Interested Entities in *Gillette* on December 31, 2014. Defendants filed a Certification of Interested Entities in *Mohamed* on April 24, 2015.

Dated: May 7, 2015

Respectfully submitted,

AHDOOT & WOLFSON, PC

*/s/ Theodore W. Maya*
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Attorneys for Plaintiff Abdul Kadir Mohamed

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Andrew P. Lee*
Laura L. Ho
Andrew P. Lee
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiff Gillette and the Putative Class

LITTLER MENDELSON, P.C.

*/s/ Rod M. Fliegel*
John C. Fish, Jr.
Rod M. Fliegel
Andrew M. Spurchise
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Tel: 415.433.1940
Fax: 415.399.8490

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND RASIER, LLC

16
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
571042.5
571042.8

P.K. SCHRIEFFER LLP

*/s/ Mitchell J. Freedman*
Paul K. Schrieffer
Mitchell J. Freedman
100 N. Barranca Avenue, Suite 1100
West Covina, CA 91791
Tel: (626) 373-2444
Fax: (626) 974-8403

Attorneys for Defendant HIREASE, LLC

SEYFARTH SHAW LLP

*/s/ Sarah K. Hamilton*
Sarah K. Hamilton
560 Mission Street, Suite 3100
San Francisco, CA 94105
Tel: (415) 397-2823
Fax: (415) 397-8549

Attorney for Defendant HIREASE, LLC

SEYFARTH SHAW LLP

*/s/ Pamela Q. Devata*
Pamela Q. Devata, Esq. (pro hac)
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Tel: (312) 460-5000
Fax: (312) 460-7000

Attorney for Defendant HIREASE, LLC

**ATTESTATION OF FILER**

I, Rod M. Fliegel, attest that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document. Signed this 7th day of May, 2015.

*/s/ Rod M. Fliegel*
Rod M. Fliegel

571042.5
571042.8