Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:     (510) 763-9800
Fax:    (510) 835-1417

Oren Sellstrom (SBN 161074)
osellstrom@lccr.com
Meredith Desautels (SBN 259725)
mdesautels@lccr.com
LAWYERS' COMMITTEE FOR CIVIL
  RIGHTS OF THE SAN FRANCISCO
    BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA  94105
Tel:    (415) 543-9444
Fax:    (415) 543-0296

Attorneys for Plaintiff Gillette and the
Putative Class

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, CA  90069
Tel:     (310) 474-9111
Fax:    (310) 474-8585

Attorneys for Plaintiff Abdul Kadir Mohamed
and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually, and on behalf of all others similarly-situated,<br><br>    Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>    Defendants. | Case No.:  3:14-cv-05200-EMC<br>Case No.:  3:14-cv-05241-EMC<br><br><br>**CONSOLIDATED SUPPLEMENTAL BRIEF RE DELEGATION ARGUMENT IN FURTHER OPPOSITION TO MOTION TO COMPEL ARBITRATION** |
| RONALD GILLETTE, individually, and on behalf of all others similarly-situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a California corporation, and DOES 1-20, inclusive<br><br>    Defendants. | Hon. Edward M. Chen<br><br>Date:  May 14, 2015<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor |

CONSOLIDATED SUPPL. BRIEF RE DELEGATION ARGUMENT IN FURTHER OPPOSITION TO MTN TO COMPEL ARBITRATION
CASE NO. 3:14-CV-05241-EMC

578727.11

**A.      The Delegation Clause, Itself, Is Unconscionable.**

As set forth in Plaintiffs' Opposition, the delegation clause, even were it "clear and unmistakable," is unenforceable because it is procedurally and substantively unconscionable.  The clause is part of non-negotiated adhesive contracts delivered as phone updates under circumstances requiring drivers to accept the agreements and unilateral modifications to them while driving in order to accept their next passenger; the agreements appear on drivers' iPhones in a link not even visible on the screen, and are difficult or impossible to review later.  *See* Opp'n 14, 19-20; Maya Decl. ¶¶ 8-9 & Ex. E, *Gillette* ECF No. 22; Supp. Maya Decl. ¶¶ 2-5 & Ex. A, *Gillette* ECF No. 54.  If enforced, Plaintiffs would have to incur thousands of dollars of arbitration fees and costs just to challenge the enforceability of the arbitration clause, which would be decided by an arbitrator whose incentive would be to enforce arbitration and reject claims of unconscionability, so that the arbitrator can receive fees for handling the case.  Opp'n 14, 19-20; Maya Decl. ¶¶ 2-3 & Exhs. A-B, *Gillette* ECF No. 22-2.  The delegation clause is thus unenforceable because the terms of the arbitration agreement "as applied to the delegation provision render[s] that provision unconscionable." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 74 (2010) (emphasis in original).

**B.      The Delegation Clause Fails the "Clear and Unmistakable" Requirement.**

The agreement is ambiguous as to who decides arbitrability.  Section 14.1 of the agreement states that "any disputes, actions, claims or causes of action arising out of or in connection with this Agreement . . . shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco, California." *See* 2013 Licensing Agr. § 14.1; 2014 Licensing Agr. § 14.1; Rasier Licensing Agr. § 17.  This statement, alone, precludes a finding of clear and unmistakable delegation.  The agreement also states:  "The Private Attorney General Waiver shall *not be severable from this Arbitration Provision* in any case in which a *civil court of competent jurisdiction* finds the Private Attorney General Waiver is unenforceable." *See* Licensing Agr. § 14.3.v(c) (emphasis added).  Thus, Uber's contract, by its express terms, requires a court to strike down the entire arbitration clause if the court invalidates the PAGA waiver.  Other courts have deemed such statements to preclude satisfaction of the "clear and unmistakable" standard. *See Parada v. Super. Ct.*, 176 Cal. App. 4th 1554 (2009) (agreement stated "all disputes" subject to final and binding

---

1  arbitration but also stated court of competent jurisdiction could find some provisions unenforceable);

2  *Baker v. Osborne Dev. Corp.*, 159 Cal. App. 4th 884, 893 (2008) ("[A]lthough one provision of the

3  arbitration agreement stated that issues of enforceability or voidability were to be decided by the

4  arbitrator, another provision indicated that the court might find a provision unenforceable"); *Hartley v.*

5  *Super. Ct.*, 196 Cal. App. 4th 1249 (2011) (agreement stated all disputes subject to arbitration but no

6  waiver of right to obtain provisional, injunctive, or other equitable relief from court).

7        Uber cannot meet the "clear and unmistakable" delegation standard, so this Court should decide

8  the enforceability of Uber's arbitration agreement.

9  **C.    Uber's Proffered Authority Is Inapplicable.**

10        At oral argument, Uber cited *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495

11  (2005), but that case did not involve delegation.  In *Boghos*, there was no question that the court, not the

12  arbitrator, would decide issues such as unconscionability.  *See, e.g., id.* at 508 (leaving the question of

13  unconscionability to be decided by the court on remand).  The *Boghos* court was deciding threshold issues,

14  not determining whether such issues should be decided by an arbitrator.  As a result, the court had no

15  occasion to apply the heightened "clear and unmistakable" standard.

16        Uber also cited *Hill v. Anheuser-Busch InBev Worldwide, Inc.*, No. 2:2014-cv-06289, 2014 U.S.

17  Dist. LEXIS 168947 (C.D. Cal. Nov. 26, 2014).  There, the plaintiffs argued that (a) they had never seen or

18  agreed to the arbitration agreement, and (b) the agreement did not apply, either because the defendant was

19  not a party to it, or because the plaintiffs themselves and the type of claims they were raising were not

20  covered.  *Id.* at *7.  The court decided the first issue, ruling that the Plaintiffs were deemed to have received

21  the contract under the "mailbox rule."  *Id.* at *8-10.  The court then concluded that the remaining issues

22  were all questions of the "applicability" of the arbitration clause, which the agreement clearly and

23  unmistakably delegated to the arbitrator.  *Id.* at *10-13.  Although the contract also stated that "a court

24  [may] determine[] that *any provision* of the [contract] *is invalid or unenforceable*," the court observed that

25  this did not create ambiguity in the unique circumstances of that case, where the parties' dispute concerned

26  only the *applicability* of the agreement, not the validity or enforceability of any particular provision.  *Id.*

27  The court agreed "that when an arbitration agreement contains contradictory provisions regarding the

28  delegation of certain arbitrable issues to an arbitrator, a court cannot find a clear and unmistakable

578727.11

1   agreement to delegate such issues to an arbitrator." *Id.* at \*11.  Here, the unconscionability arguments that

2   Plaintiffs raise are "disputes," and the Uber contract provides that "disputes" shall be heard in court, which

3   precludes a finding of clear and unmistakable delegation of arbitrability to an arbitrator.

4   **D.    Caselaw Addressing the Sophistication of the Parties Is Inapplicable.**

5            At oral argument, Defendant argued that the "sophistication of the parties" plays no part in

6   deciding whether delegation is clear and unmistakable, citing *Oracle America, Inc. v. Myriad Group*

7   *A.G.*, 724 F.3d 1069, 1073-75 (9th Cir.2013) and *Zenalaj v. Handybook Inc.*, --- F. Supp. 3d --- , No.

8   14–cv–05449–THE, 2015 WL 971320, at \*3 (N.D. Cal. Mar. 3, 2015).  This Court need not address

9   Defendant's contention in determining who decides arbitrability in the instant case, however.

10  Plaintiffs' arguments against delegation do not rest on their level of sophistication.  As set forth above,

11  Defendant's delegation clause is unenforceable because it is not clear and unmistakable, and even if it

12  were, it is procedurally and substantively unconscionable.

13           Moreover, the *Oracle* Court expressly limited its holding to agreements "between sophisticated

14  parties to commercial contracts" that incorporate rules with a delegation provision.  724 F.3d at 1075

15  & n.2. ("We express no view as to the effect of incorporating arbitration rules into consumer

16  contracts.").[1]  Following *Oracle*, courts have split on the relevance of the sophistication of parties in

17  the incorporation context.  *See Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at \*11 (N.D. Cal. June

18  25, 2014) ("There is good reason not to extend this doctrine from commercial contracts between

19  sophisticated parties to online click-through agreements crafted for consumers."); *Zenalaj*, 2015 WL

20  971320, at \*4 (*Oracle* "does not foreclose the possibility that unsophisticated parties can clearly and

21  unmistakably delegate arbitrability to an arbitrator through the incorporation [of rules]….").[2]  The Supreme

22  Court has described the delegation issue as "rather arcane," implying that unsophisticated parties should not

23  be presumed to agree to such legalese.  *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 945 (1995).

24           The argument is beside the point on the "who decides" question when, as here, the agreement does

25  not incorporate rules by reference.

26

27  [1] Uber's counsel argued at the hearing on the motion to compel arbitration that the agreements incorporate
only the JAMS procedure for selection of an arbitrator; they do not incorporate any delegation provision.
*See* Decl. of Laura Ho, Esq., submitted herewith, Ex. A at 59:12-17.

28  [2] In *Zenalaj*, the Court noted that, with respect to the sophistication of the parties, the defendant contended
that the "Plaintiffs are experienced businesswomen, in addition to professional cleaners."  *Id.* at \*5.

578727.11

1  Dated:  May 21, 2015                    Respectfully submitted,

2                                          GOLDSTEIN, BORGEN, DARDARIAN & HO

3

4                                            s/ Laura Ho
                                           Laura L. Ho

5                                          Attorneys for Plaintiff Gillette and the Putative Class

6

7  Dated:  May 21, 2015                    Respectfully submitted,

8                                          AHDOOT & WOLFSON, P.C.

9

10                                           s/ Theodore Maya
                                           Theodore W. Maya

11

12                                         Attorneys for Plaintiff Abdul Kadir Mohamed and the
                                           Putative Class

13

14                       **ATTESTATION OF FILER**

15          I, Theodore Maya, attest that concurrence in the filing of this document has been obtained from

16  each of the other Signatories, which shall serve in lieu of their signatures on the document

17  Dated:  May 21, 2015                      s/ Theodore Maya
                                           Theodore Maya

18

19

20

21

22

23

24

25

26

27

28

CONSOLIDATED SUPPL. BRIEF RE DELEGATION ARGUMENT IN FURTHER OPPOSITION TO MTN TO COMPEL ARBITRATION
CASE NO. 3:14-CV-05241-EMC

578727.11