THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
MARCELLUS MCRAE, SBN 140308
    mmcrae@gibsondunn.com
DEBRA WONG YANG, SBN 123289
    dwongyang@gibsondunn.com
THEANE EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
    dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
    jlipshutz@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
    kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

LITTLER MENDELSON, P.C.
JOHN C. FISH, JR., SBN 160620
    jfish@littler.com
ROD M. FLIEGEL, SBN 168289
    rfliegel@littler.com
ANDREW M. SPURCHISE, SBN 245998
    aspurchise@littler.com
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for  Defendants UBER
TECHNOLOGIES, INC. and RASIER, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>Defendants. | Case No. 3:14-cv-05200 EMC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE THE BRIEFING AND HEARING SCHEDULE FOR DEFENDANTS' MOTION TO STAY**<br><br>[L.R. 7-11] |

Gibson, Dunn &
Crutcher LLP

1    Pursuant to Standing Order No. 4 and Civil Local Rule 7-11, Defendants Uber Technologies,

2  Inc. ("Uber") and Rasier, LLC (together, "Defendants"), by and through their undersigned counsel,

3  respectfully move to expedite the briefing and hearing schedule for Defendants' motion to stay

4  proceedings in this Court, pending appeal of the Court's order denying Defendants' motion to compel

5  arbitration, filed concurrently herewith.[1]   *See* Dkt. No. 71.   Specifically, Defendants seek the

6  following briefing deadlines and hearing schedule:

| Plaintiff's Opposition to the Motion | June 26, 2015 |
|---|---|
| Defendants' Reply Brief | Waived by Defendants |
| Hearing on the Motion | July 2, 2015 |

11    1.    Prior briefing sets forth the relevant facts in detail.  *See, e.g.*, Defs.' Notice of Mot. &

12  Mot. to Compel Arb. at 2-7  (Dkt. No. 28) ("Def.'s Mot. to Compel"); Decl. of Michael Colman ISO

13  Mot. to Compel (Dkt. No. 28-2) ("Colman Decl.").  In short, Plaintiff Abdul Mohamed began using

14  the Uber app on or around November 2, 2012.  Colman Decl. ¶ 8.  Plaintiff agreed to the terms of the

15  July 2013 Uber Software License and Online Services Agreement ("2013 Agreement"), the revised

16  Uber June 2014 Software License and Online Services Agreement, and the 2014 Rasier Software

17  Sublicense and Online Services Agreement (together, "2014 Agreements") (collectively, the

18  "Agreements"), each of which contained an arbitration agreement requiring individual arbitration of

19  "any dispute arising out of or related to this Agreement."  *See* Colman Decl. Exs. D, E, F.

20    2.    On February 6, 2015, Defendants moved to compel arbitration based on Plaintiff's

21  acceptance of the Agreements.  *See generally* Def.'s Mot. to Compel, Dkt. No. 28.  Upon stipulation

22  of the parties, the Court consolidated briefing with Uber's motion to compel arbitration in *Gillette v.*

23  *Uber Technologies, Inc.*, Case No. 3:14-cv-5241 EMC ("*Gillette*").  *See* Dkt. No. 29.  The Court held

24  a joint hearing on the motions and ordered supplemental briefing on the enforceability of the

25  Agreement's delegation provision.  *See* Dkt. Nos. 68 & 69.  On June 9, 2015 the Court issued an

---

[1]  Uber has not requested any changes to the schedule in this action prior to this Motion.  Uber
requested that Plaintiffs' counsel stipulate to expedite the briefing on its motion to stay these
proceedings; however, Plaintiffs' counsel declined Uber's request.  *See* Declaration of Kevin J.
Ring-Dowell, ¶¶ 3-4, Ex. A.

Gibson, Dunn &
Crutcher LLP

1   order denying Defendants' motions in both this action and *Gillette*. *See* Order at 69-70.  On June 11,

2   2015, Uber filed a Notice of Appeal of the Court's order.  *See* Notice of Appeal, Dkt. No. 71; Ninth

3   Cir. Case No. 15-16178.   Defendants are filing, concurrently with this motion for administrative

4   relief, motions to stay both this action and *Gillette*, pending Defendants' appeal of the order denying

5   its motion to compel arbitration.

6        3.     Expedited briefing of Uber's motion to stay would benefit all parties in this action, as

7   well as the Court itself, because the Ninth Circuit's resolution of Defendants' appeal could potentially

8   obviate the need for the parties to engage in *any* further litigation in this Court.   However, if the

9   parties are required to proceed under a standard noticed motion schedule, rather than the expedited

10  schedule proposed in this motion for administrative relief, the parties will not complete their briefing

11  on Defendants' motion to stay until July 13, 2015, at the very earliest, and the Court will not be able

12  to hold a hearing on Uber's motion to stay until at least July 30, 2015.   Thus, the parties will be

13  required to engage in well over a month of potentially needless litigation (should Defendants be

14  successful at obtaining a stay and ultimately overturning this Court's order denying arbitration).

15       4.     This month-long delay is likely to result in substantial cost to the parties, including

16  (but not limited to) significant additional discovery costs and potential motion practice (*e.g.*, the

17  briefing of substantive motions).  *See* Joint Case Management Conference Statement at 11, Dkt. No.

18  56 ("If the Court denies Defendants' Motion to Compel Arbitration, Plaintiffs will commence

19  discovery germane to class certification."); *Zaborowski v. MHN Gov't Servs.*, No. C 12-05109 SI,

20  2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) ("If a party must undergo the expense of a trial

21  before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of

22  arbitration—speed and economy—are lost.").

23       5.     The expedited briefing and hearing schedule Defendants propose would not prejudice

24  Plaintiff in any material way.  The *only* difference between a standard noticed briefing schedule and

25  Uber's proposed briefing schedule is that Plaintiff would have seven days to file an opposition to

26  Defendants' motion to stay the trial court proceedings.

27

28

Gibson, Dunn &
Crutcher LLP

6.      For the foregoing reasons, Defendants respectfully requests that the Court issue an order setting the following deadlines for briefing and a hearing on Uber's motion to stay:

| | |
|---|---|
| Plaintiffs' Opposition to the Motion | June 26, 2015 |
| Defendants' Reply Brief | Waived by Defendants |
| Hearing on the Motion | July 2, 2015 |

Dated: June 19, 2015

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Theodore J. Boutrous Jr.
                    Theodore J. Boutrous Jr.

Attorneys for Defendant UBER TECHNOLOGIES, INC.

I, Kevin J. Ring-Dowell, hereby attest that concurrence in the filing of this document has been obtained from Theodore J. Boutrous, Jr.

DATED:  June 19, 2015          By:      /s/ Kevin Ring-Dowell
                                         Kevin Ring-Dowell

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE – CASE NO. 3:14-CV-05200 EMC