Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

Meredith Desautels (SBN 259725)
mdesautels@lccr.com
Dana Isaac Quinn (SBN278848)
disaac@lccr.com
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
    OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA  94105
Tel:  (415) 543-9444
Fax: (415) 543-0296

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Avenue
West Hollywood, CA  90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Attorneys for Plaintiffs and the Putative Class

Additional counsel listed on following page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually, and on behalf of all others similarly-situated,<br><br>          Plaintiffs,<br>vs.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>          Defendants. | Case No.:  3:14-cv-05200-EMC<br>Case No.:  3:14-cv-05241-EMC<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     August 6, 2015<br>Time:    1:30 p.m.<br>Ctrm:    5, 17th Floor<br>Before:  Hon. Edward M. Chen |
| RONALD GILLETTE, individually, and on behalf of all others similarly-situated,<br><br>          Plaintiffs,<br>vs.<br><br>UBER TECHNOLOGIES, INC., a California corporation, and DOES 1-20, inclusive<br><br>          Defendants. | |

| | |
|---|---|
| 1 | JOHN C. FISH, Jr., Bar No. 160620 |
|  | jfish@littler.com |
| 2 | ROD M. FLIEGEL, Bar No. 168289 |
|  | rfliegel@littler.com |
| 3 | ANDREW M. SPURCHISE, Bar No. 245998 |
|  | aspurchise@littler.com |
| 4 | LITTLER MENDELSON, P.C. |
|  | 650 California Street, 20th Floor |
| 5 | San Francisco, CA 94108.2693 |
|  | Tel:  415.433.1940 |
| 6 | Fax: 415.399.8490 |
| 7 | THEODORE J. BOUTROUS, Jr., Bar No. 132099 |
|  | tboutrous@gibsondunn.com |
| 8 | DEBRA WONG YANG, Bar No. 123289 |
|  | dwongyang@gibsondunn.com |
| 9 | MARCELLUS A. MCRAE, Bar No. 140308 |
|  | mmcrae@gibsondunn.com |
| 10 | THEANE D. EVANGELIS, Bar No. 243570 |
|  | tevangelis@gibsondunn.com |
| 11 | DHANANJAY S. MANTHRIPRAGADA, Bar No. 254433 |
|  | dmanthripragada@gibsondunn.com |
| 12 | GIBSON, DUNN & CRUTCHER LLP |
|  | 333 South Grand Avenue |
| 13 | Los Angeles, CA 90071-3197 |
|  | Tel:  213.229.7000 |
| 14 | Fax: 213.229.7520 |
| 15 | JOSHUA S. LIPSHUTZ, Bar No. 242557 |
|  | jlipshutz@gibsondunn.com |
| 16 | KEVIN RING-DOWELL, Bar No. 278289 |
|  | kringdowell@gibsondunn.com |
| 17 | GIBSON, DUNN & CRUTCHER LLP |
|  | 555 Mission Street, Suite 3000 |
| 18 | San Francisco, CA 94105-0921 |
|  | Tel:  415.393.8200 |
| 19 | Fax: 415.393.8306 |
| 20 |  |
|  | Attorneys for Defendants |
| 21 | UBER TECHNOLOGIES, INC. AND RASIER, LLC |
| 22 |  |
| 23 | PAUL K. SCHRIEFFER, Bar No. 151358 |
|  | pks@pksllp.com |
| 24 | MITCHELL J. FREEDMAN, Bar No. 105757 |
|  | mjf@pksllp.com |
| 25 | P.K. SCHRIEFFER LLP |
|  | 100 N. Barranca Avenue, Suite 1100 |
| 26 | West Covina, CA  91791 |
|  | Tel:  (626) 373-2444 |
| 27 | Fax: (626) 974-8403 |
|  | Attorneys for Defendant HIREASE, LLC |
| 28 |  |

SARAH K. HAMILTON, Bar No. 238819
shamilton@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA  94105
Tel:  (415) 397-2823
Fax: (415) 397-8549

Attorneys for Defendant HIREASE, LLC

SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT

571042.10

## I.  INTRODUCTION

Plaintiffs Abdul Kadir Mohamed and Ronald Gillette (collectively "Plaintiffs") and Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier") and Hirease, LLC ("Hirease")[1] (collectively, "Defendants") respectfully submit this Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California.

The parties filed their initial joint case management conference statement on May 7, 2015.  ECF No. 24.  No scheduling order issued at that time.

The parties intend this joint statement to supplement their prior filing in order to account for developments since May 7, 2015.  Any overlap with the initial statement is to help provide context for the statements below.

## II.  JURISDICTION

Plaintiffs assert that this Court has jurisdiction over Plaintiffs' and putative class members' Fair Credit Reporting Act ("FCRA") claims pursuant to 28 U.S.C. § 1331.  Plaintiffs further assert that this Court has supplemental jurisdiction over Plaintiff Gillette's and Plaintiff Mohamed's California and Massachusetts state law claims pursuant to 28 U.S.C. § 1367.  Finally, Plaintiffs assert that the Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  All Defendants have been served with the operative complaints in both the *Mohamed* and *Gillette* actions.

Defendants have asserted and continue to assert that, respectfully, this Court lacks jurisdiction because Plaintiffs agreed to arbitration.  Since May 7, 2015, the Court denied Defendants' Motion to Compel Arbitration.  Defendants have appealed.  The Ninth Circuit has consolidated the appeals and set the following briefing schedule: opening brief due September 21, 2015; answering brief due October 21, 2015; reply brief due on or before November 4, 2015.

---

[1] Hirease and Rasier are named as Defendants in the *Mohamed* action only, and not in *Gillette*, although the proposed Second Amended Complaint in *Gillette* seeks to add Rasier as a defendant.

The Court also denied Defendants' Motion to Stay Pending Appeal in *Gillette*, and granted in part and denied in part the same motion in *Mohamed*, allowing for reasonable discovery but staying the adjudication of all non-discovery related issues. Defendants intend to file with the Ninth Circuit a Petition to Stay Pending Appeal.

Plaintiff Gillette has sought leave to file a second amended complaint to, among other things, add additional plaintiffs who contend they do not have any arbitration agreements with Uber, which is currently scheduled for hearing on August 27, 2015. Regardless of the outcome of that motion, Plaintiff Gillette will continue to prosecute his individual, representative and class claims, including his claim that Defendants must comply with the FCRA irrespective of employment or independent contractor status.

Separate from the question of arbitration, Defendants maintain that subject matter jurisdiction is lacking on the alternative grounds of want of any injury-in-fact for Article III standing and the absence of a private right of action under the Massachusetts statutes that Plaintiff Mohamed invokes.

### A. Defendants' Statement Regarding Potentially Applicable Cases

Defendants contend that the Supreme Court's recent grant of *certiorari* in *Spokeo, Inc. v. Robins* will resolve the issue of whether a plaintiff who suffers no concrete harm, but instead alleges only a statutory violation of the FCRA, has standing to bring a claim on his or her own behalf or a class. Defendants also contend that the Supreme Court's grant of *certiorari* in *Tyson Foods v. Bouaphakeo*, will resolve the issue of whether a plaintiff may certify a class that includes both those with and without any legal right to recovery. The parties disagree as to whether either of these cases should be stayed pending the outcome at the Supreme Court and, thus, Defendants reserve all rights and arguments in this regard.

Defendant Uber notes that several other appeals – all unrelated to the question of arbitration – are pending that may directly impact these cases, as follows:

- *Goldberg v. Uber Technologies, Inc.*, Case No. 15-1556 (First Circuit) (appeal from the district court's order dismissing as a matter of law the plaintiff's nationwide class action claims under the FCRA and Massachusetts law against Uber, Rasier and Hirease, Case No. 14-14264, 2015 U.S. Dist. LEXIS 44675 (D. Mass. Apr. 6, 2015));

1    - *Sarmad Syed, et al. v. M-I, LLC, et al.*, Case No. 14-17186 (Ninth Circuit) (appeal from the district court's order dismissing as a matter of law the plaintiff's nationwide class action claims under the FCRA based on the defendant's alleged deficient background check disclosure, Case No. 1:14-742 WBS, 2014 WL 5426862 (E.D. Cal. Oct. 23, 2014));

  - *Gabriel Felix Moran v. The Screening Pros, LLC*, Case No. 12-57246 (Ninth Circuit) (appeal from the district court's order dismissing as a matter of law the plaintiff's claims under the California Investigative Consumer Reporting Agencies Act ("ICRAA") based on its determination, pursuant to *Ortiz v. Lyon Management Group, Inc.*, 157 Cal. App. 4th 604 (2007), the ICRAA is unconstitutionally vague and unenforceable, Case No. 2:12-cv-05808 , 2012 WL 10655745 (C.D. Cal. Nov 20, 2012)); and

  - *Eileen Connor v. First Student Inc. et al.*, Case No. B256075 (California Court of Appeal, Second Appellate District, Div. 4) (appeal from the trial court's order dismissing as a matter of law the bellwether plaintiff's ICRAA claims based on its determination, pursuant to *Ortiz v. Lyon Management Group, Inc.*, 157 Cal. App. 4th 604 (2007), the ICRAA is unconstitutionally vague and unenforceable).

In connection with the *Mohamed* action, Hirease contemplates a motion to transfer venue to Massachusetts based on the convenience of the parties, witnesses, and the interests of justice pursuant to 28 U.S.C. § 1404(a).

**B.    Plaintiffs' Response**

Plaintiffs disagree that either case should be stayed pending *Spokeo* or *Tyson*. The outcome of *Spokeo* does not affect either Gillette's or Mohamed's claims as Uber terminated both of them due to allegedly illegal background checks. There is no question they suffered "concrete harm." *Tyson* is a wage and hour case for off the clock work; it has nothing to do with the background check claims asserted by Gillette and Mohamed.

The four cases above do not affect case management in the instant cases at all as they deal with different issues. The *Goldberg* plaintiff was an applicant so the court found he could not show he was

harmed by the alleged illegal background check, whereas Uber terminated Plaintiffs Gillette and Mohamed as Uber drivers after conducting illegal background checks on them.  Moreover, regardless of how and when the First Circuit might rule on Goldberg's FCRA claim, that decision is not binding on this Court, and cannot prevent Plaintiffs from moving forward with all of their claims, including their non-FCRA claims which are not implicated by *Goldberg*.

In *Syed*, the issue on appeal is whether the inclusion of a release and indemnity provision in the defendant's FCRA disclosure amounted to a willful violation of the FCRA.  Plaintiffs' allegations in this matter do not include such a claim.[2]

The *Moran* matter addresses the obligations of credit reporting agencies under the ICRAA and FCRA, not the obligations of users of that information.  Specifically, the issues on appeal are whether the ICRAA is unconstitutionally vague as applied to tenant screening reports issued by credit reporting agencies and whether the FCRA permits the disclosure of misdemeanor charges that predated the consumer report by more than seven years and did not lead to a conviction.  Here, by contrast, the Plaintiffs' claims focus on the obligations of users of consumer background reports.  Although Hirease is a defendant in the *Mohamed* matter, it is not party to any FCRA or ICRAA claims.

Neither the order dismissing the plaintiff's ICRAA claims nor the appellate briefing in *Eileen Connor v. First Student Inc. et al.*, Case No. B256075 are available to Plaintiffs.  Accordingly, Plaintiffs have not had an opportunity to assess the applicability of *Connor* to the issues herein.

### III.   FACTS

Plaintiffs Gillette and Mohamed allege that they are former Uber drivers who were terminated from their employment based on information contained in consumer background reports obtained by Defendants Uber and Rasier and issued by Defendant Hirease.  Plaintiffs contend that Defendants (1) failed to provide clear and conspicuous notice in a written document that consists solely of the disclosure that they intended to procure consumer background reports for employment purposes, (2)

---

[2] Plaintiffs note that their allegations are based on information currently available and that no substantive discovery has taken place.

4

failed to obtain written authorization prior to obtaining consumer background reports, (3) failed to provide a summary of rights under applicable background check laws prior to taking adverse actions against Plaintiffs, and (4) failed to provide a copy of consumer background reports prior to taking adverse actions against Plaintiffs.  Plaintiff Gillette separately contends that Defendant Uber misclassified him as an independent contractor, and therefore failed to comply with several Labor Code provisions in violation of the Private Attorney General Act of 2004 ("PAGA").

Defendants Uber and Rasier deny Plaintiffs were employees of Uber and/or Rasier or "misclassified" as independent contractors, but, for efficiency, Defendants do not re-assert facts relating to their position here.  Defendants disagree the FCRA governed Defendants' background check practices with regard to Plaintiffs as independent contractors.  Defendants alternatively assert that they had, and have, background check practices that comply with FCRA.  Defendants have an established process to present FCRA disclosures, obtain FCRA authorization for background checks and to provide FCRA pre-adverse action notices and adverse action notices where transportation providers' proposals are rejected due to their criminal histories.

Defendant Hirease is only a party to Plaintiff Mohamed's Complaint, and in particular the Third Cause of Action for alleged violation of the Massachusetts Consumer Credit Reporting Act ("MCRA").  Defendant Hirease disagrees that the MCRA governed Hirease practices with regard to Plaintiff as an independent contractor.  Defendant Hirease alternatively asserts that it provided background checks and other services in compliance with its legal obligations under the MCRA.

### IV.   LEGAL ISSUES

Plaintiff Gillette asserts claims pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* on a class basis, the PAGA, California Labor Code § 2698 *et seq.* on a representative basis, and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786 *et seq.* on an individual basis.  Plaintiff Mohamed asserts claims for violation of the FCRA, the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code §§ 1785.1 *et seq.*, the MCRA, and Massachusetts CORI Requirements.  (*Mohamed* Compl. ¶¶ 66-91).

### A. Defendants' Statement

Defendants believe the parties framed their respective views on certain of the key legal issues in their initial joint case management conference statement. Defendants view is that, respectfully, Plaintiffs' statement below is gratuitous and reflects an incorrect reading of the law, but warrants no response in the context of this filing. Defendants reserve all arguments.

### B. Plaintiffs' Statement

There are two main disputed issues of law that must be adjudicated.

First, the parties dispute whether Defendants must comply with the requirements of the FCRA, ICRAA, CCRAA, MCRA and CORI in performing background checks on Plaintiffs and putative class members. Plaintiffs contend that Defendants must comply with these laws regardless of whether Plaintiffs are found to be employees. The Federal Trade Commission, which implements, enforces, and interprets the FCRA, has repeatedly stated in advisory opinions that the term "employment purposes," as used in the FCRA, must be interpreted broadly to include independent contractors in order to effectuate the broad remedial purpose of the FCRA. The ICRAA permits the procurement of consumer background reports for specific, enumerated purposes only. Cal. Civ. Code §§ 1786.12(d). Obtaining consumer background reports for "employment purposes" is the only permissible purpose applicable to Plaintiffs under the ICRAA – in other words, if Uber contends that it was permissible to obtain background reports on Plaintiffs and putative class members it must have done so for "employment purposes" and must abide by the requirements of ICRAA. The CCRAA imposes obligations on Defendants regardless of employment status, including the requirement that Defendant provide pre-adverse action notice and a summary of rights under the CCRAA. *See* Cal. Civ. Code §§ 1786.12(c), 1785.20(a). Likewise, the MCRA requires written authorization prior to the procurement of consumer background reports regardless of the reports intended purpose. Mass. Gen. Laws Ann. ch. 93, § 53(a)(2).

Second, the parties dispute whether Plaintiff Gillette and similarly situated Uber drivers were employees of Defendants such that the protections of the California Labor Code would apply to drivers, and if so whether or not Uber violated any Labor Code provisions. The determination of

whether drivers are employees is likely to be made in *O'Connor* first and is not necessary, or determinative, to a determination of whether Uber violated the background check laws.

## V. MOTIONS

Since May 7, 2015, the motions filed in these matters include: (1) Defendants' Motion for Administrative Relief to Expedite the Briefing and Hearing Schedule for Defendants' Motion to Stay filed on June 19, 2015; (2) Defendants' Motion to Stay Pending Appeal filed on June 19, 2015; and (3) Plaintiffs' Motion for Leave to File Second Amended Complaint filed on July 22, 2015.

Plaintiffs anticipate filing a motion to certify the putative classes. Plaintiffs will seek class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) and/or (b)(2), and will seek to be appointed Class Representatives and to have their counsel appointed Co-Class Counsel.

Defendants are continuing to assess all options, but at this time anticipate likely filing Rule 12 motions and motions for summary judgment as to Plaintiffs' individual claims. Defendants will likely file a motion to strike, sever, sever and remand, stay, or dismiss in whole or in part with respect to Plaintiff Gillette's PAGA claims (and, if added, the PAGA claim brought by Meghan Christenson). Defendants intend to oppose any motion for class certification and/or file a motion not to certify a class pursuant to Federal Rule of Civil Procedure 23.

## VI. AMENDMENT OF PLEADINGS

### A. Plaintiffs' Statement

On July 22, 2015, Plaintiff Gillette filed an amended motion for leave to file a second amended complaint that would add named plaintiffs and proposed class representatives Shannon Wise, Brandon Farmer, and Meghan Christenson. ECF No. 69. Shannon Wise and Brandon Farmer applied to be Uber drivers in September 2013 and 2014, respectively, but were rejected by Defendants based on information contained in consumer background reports. They assert class claims pursuant to the FCRA and individual claims pursuant to the ICRAA for failure to disclose, failure to obtain authorization, and failure to provide a copy of their consumer background report and summary of rights prior to taking adverse action.

Meghan Christenson applied to work for Uber as an entry level, administrative Office Manager in 2012. She alleges that she very recently discovered that Defendant Uber had retrieved her credit

report during the application process in 2012, and that Uber's decision not to hire her was based on negative information contained in her credit report, which she would have been able to explain if given the opportunity. Like proposed plaintiffs Wise and Farmer, she asserts claims pursuant to the FCRA and ICRAA. She also asserts individual and class claims pursuant to the CCRAA for failure to provide written notice, failing to inform her of the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the reports, failing to inform her of the source of the credit report, and failing to include a box that they could check off to receive copies of such reports. She also alleges a claim pursuant to the PAGA for violation of Labor Code § 1024.5.

Plaintiffs Gillette and Mohamed previously contemplated filing a consolidated complaint, and stipulated that the Court extend Defendant's deadline to file a responsive pleading until 14 days after the filing of a previously-anticipated consolidated complaint. Given the partial stay in the *Mohamed* action, Plaintiffs are currently unable to file a consolidated complaint.

**B.     Defendants' Statement**

Defendants are evaluating Plaintiffs' proposed second amended complaint. Defendants' opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint is due by August 5, 2015.

## VII.     DISCLOSURES

The parties have exchanged partial initial disclosures. Consistent with the Court's Order Denying Defendant's Motion to Change Case Management Conference and Related Deadlines (*Gillette* ECF No. 32; *Mohamed* ECF No. 45), Defendants' initial disclosures were limited to the Plaintiffs' individual claims.

Plaintiffs propose that Defendant Uber supplement its initial disclosures based on Plaintiff Gillette's class claims by August 20, 2015. Defendant Uber proposes the alternate date of September 3, 2015. Defendant Uber also proposes that Plaintiff Gillette update his initial disclosures based on his class claims by September 3, 2015.

## VIII.   DISCOVERY

### A.   Discovery Taken To Date

Plaintiffs propounded arbitration-related document requests to Defendants Uber and Rasier. Uber and Rasier produced written objections, responses and documents.[3]

### B.   The Scope of Anticipated Discovery

#### 1.   Plaintiffs' Statement

Plaintiff Gillette anticipates his next round of discovery will focus on Defendants' policies, procedures, and practices related to the procurement of consumer background reports for Uber drivers. Plaintiff Gillette will also seek discovery related to his PAGA claims.  To the extent possible, Plaintiff Gillette proposes using discovery already conducted in the *O'Connor* action to save the time and resources of the parties.

Given the potential overlap between class certification and merits issues, Plaintiffs believe formal bifurcation between class certification and merits discovery is unwarranted.  Plaintiffs further contend that a formal stay of discovery is unnecessary pending any Rule 12 motion practice.  Plaintiffs will meet and confer in good faith regarding appropriate discovery in light of Defendants' anticipated motions.

Plaintiff Mohamed will soon commence reasonable discovery as permitted in the Court's Order Granting in Part and Denying in Part Defendants' Motion to Stay Pending Appeal (*Mohamed* ECF No. 93).  This discovery will focus on Plaintiff Mohamed's individual background check claims.

#### 2.   Defendants' Statement

Defendants propose either a stay of discovery or mutually-agreed-upon limited discovery while Rule 12 motion practice takes place.  Defendants may also move for a stay or partial stay on a variety of other grounds, including the array of pending appellate and Supreme Court cases noted on Page 2 of this statement.  This will allow the parties to focus discovery on issues and claims that the Court deems legally sufficient to proceed.  If the case then proceeds, Defendants agree that discovery should focus

---

[3] Uber and Rasier contended that some of the document requests went beyond purely arbitration-related matters and objected accordingly.

on class certification issues and issues related to the Plaintiffs' individual claims until motions related to class certification are resolved. The parties have a shared appreciation for how, for the sake of efficiency, they may be able to rely upon some discovery from the *O'Connor* case to limit unnecessary duplication of efforts.

Defendants thus propose a staggered approach to discovery as follows, and as further described in "Scheduling," below:

- No further discovery or coordinated limited discovery pending Rule 12 motion practice and/or procedural motion practice regarding Plaintiff Gillette's PAGA claim and proposed Plaintiff Meghan Christenson's PAGA claim;
- Discovery related to class certification issues and named plaintiffs' individual claims;
- Class certification motion practice; and then
- Completion of discovery as to named plaintiffs' individual claims for trial, including trial expert discovery on those claims, or, if a class is certified, discovery of the merits of the class claims, including trial expert discovery on those claims.

### IX.    RELATED CASES

The parties are aware of the following related cases in the Northern District of California: (1) *O'Connor v. Uber Technologies, Inc.*, Case No. 3:13-cv-03826-EMC; (2) *Ehret v. Uber Technologies, Inc.*, Case No. 14-cv-00113; and (3) *Yucesoy v. Uber Technologies, Inc.*, Case No. 3:15-cv-00262-EMC; (4) *Nokchan v. Uber Technologies, Inc.*, Case No. 4:15-cv-03009-EMC.

The parties are aware of the following related cases in other jurisdictions:  (1) *Goldberg v. Uber Technologies, Inc.*, Case No. 14-cv-14264-RGS (D. Mass.); (2) *Lavitman v. Uber Technologies, Inc.*, No. 13-cv-10172-DJC (D. Mass.); (3) *Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC554512.  *See Gillette* Docket No. 18.  Defendant Uber also notes the following potentially related cases: *Ghazi v. Uber Technologies, Inc.*, San Francisco Superior Court Case No. CGC-15-545532; *Kellet v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC585704; *Uber Technologies v. Berwick*, San Francisco Superior Court Case No. CGC-15-546378; and *Richardson v. Uber Technologies, Inc.*, Alameda Superior Court Case No. RG-15775562.

### X. SETTLEMENT AND ADR

The parties have filed a Notice for Need for ADR Phone Conference in both actions. The parties in *Gillette* participated in an ADR phone conference on April 10, 2015 and July 7, 2015. The parties in *Mohamed* participated in an ADR phone conference on April 23, 2015 and July 7, 2015. A further ADR phone conference in both *Gillette* and *Mohamed* is set for October 8, 2015.

### XI. OTHER REFERENCES

Defendants' Motions to Compel Arbitration were denied. No other references are requested or appropriate at this time.

### XII. NARROWING OF ISSUES

After adequate discovery has been conducted, including concerning issues related to class certification, the parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or by other motion.

### XIII. SCHEDULING

The parties propose the following schedule. The parties reserve the right to seek modification of any schedule governing the below deadlines if there are significant discovery delays, including substantial expert discovery.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline for exchange of complete initial disclosures in *Gillette* | Plaintiffs: August 20, 2015<br>Defendant Uber: September 7, 2015 |
| Deadline to file a responsive pleading in *Gillette*[4] | 14 days after the Court's ruling on Plaintiffs' Motion for Leave to File Second Amended Complaint |
| Deadline to file opposition to Rule 12(b) Motions | 30 days after filing of Rule 12(b) motion |
| Deadline to file reply to Rule 12(b) Motions | 14 days after filing of Rule 12(b) opposition to motion |
| Deadline to file motions under Rule 23 related to class certification | 225 days after Court's ruling Plaintiffs' Motion for Leave to File Second Amended Complaint |

---

[4] The parties agree that Defendants do not need to file a responsive pleading in *Mohamed* at this juncture.

11
SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT

571042.10

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline to file opposition to motions under Rule 23 related to class certification | 60 days after filing of motion |
| Deadline to file reply in further support of motions under Rule 23 related to class certification | 30 days after filing of opposition to motion |
| Class certification hearing | Next hearing date that is at least 14 days after filing of reply to motion |
| Fact discovery cutoff for class merits discovery | To be determined after decision on Plaintiffs' motion for class certification ("TBD") |
| Initial expert disclosures for class merits discovery | TBD |
| Rebuttal expert disclosures for class merits discovery | TBD |
| Expert Discovery cutoff for class merits discovery | TBD |
| Final Dispositive motion deadline | TBD |
| Final pretrial conference | TBD |
| Trial Date | TBD |

Dated: July 31, 2015

Respectfully submitted,

AHDOOT & WOLFSON, PC

*/s/ Theodore W. Maya*
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Attorneys for Plaintiff Abdul Kadir Mohamed

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Andrew P. Lee
Laura L. Ho
Andrew P. Lee
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiff Gillette and the Putative Class

LITTLER MENDELSON, P.C.

/s/ Rod M. Fliegel
John C. Fish, Jr.
Rod M. Fliegel
Andrew M. Spurchise
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Tel:  415.433.1940
Fax: 415.399.8490

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND RASIER, LLC

P.K. SCHRIEFFER LLP

/s/ Mitchell J. Freedman
Paul K. Schrieffer
Mitchell J. Freedman
100 N. Barranca Avenue, Suite 1100
West Covina, CA  91791
Tel:  (626) 373-2444
Fax: (626) 974-8403

Attorneys for Defendant HIREASE, LLC

SEYFARTH SHAW LLP

/s/ Sarah K. Hamilton
Sarah K. Hamilton
560 Mission Street, Suite 3100
San Francisco, CA  94105
Tel:  (415) 397-2823
Fax: (415) 397-8549

Attorneys for Defendant HIREASE, LLC

**ATTESTATION OF FILER**

I, Rod M. Fliegel, attest that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document. Signed this 31st day of July, 2015.

                                                 */s/ Rod M. Fliegel*
                                                 Rod M. Fliegel

Firmwide:135053241.1 073208.1047