JOHN C. FISH, Jr., Bar No. 160620
jfish@littler.com
ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND RASIER, LLC

*Additional Counsel of Record on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ABDUL KADIR MOHAMED, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; HIREASE, LLC; and DOES 1-50,<br><br>Defendant. | Case No. 3:14-cv-5200-EMC<br>Case No. 3:14-cv-05241-EMC<br><br>**STIPULATED PROTECTIVE ORDER AND FRE 502(d) AND (e) CLAWBACK ORDER; [~~PROPOSED~~] ORDER** AS MODIFIED IN SECTION 6(c)<br><br>Complaint Filed: November 24, 2014<br><br>Trial Date: None set. |
| RONALD GILLETTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

THEODORE J. BOUTROUS JR. Bar No. 132099
tboutrous@gibsondunn.com
MARCELLUS MCRAE, Bar no. 140308
mmcrae@gibsondunn.com
DEBRA WONG YANG, Bar No. 123289
dwongyang@gibsondunn.com
THEANE EVANGELIS, Bar No. 243570
tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, Bar No. 254433
dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JOSHUA S. LIPSHUTZ, Bar No. 242557
jlipshutz@gibsondunn.com
KEVIN RING-DOWELL, Bar No. 27828[illegible]
kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND RASIER, LLC

LAURA L. HO (SBN 173179)
lho@gbdhlegal.com
ANDREW P. LEE (SBN 245903)
alee@gbdhlegal.com
WILLIAM C. JHAVERI-WEEKS (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

MEREDITH DESAUTELS (SBN 259725)
mdesautels@lccr.com
DANA ISAAC QUINN (SBN278848)
disaac@lccr.com
LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444
Fax: (415) 543-0296

Attorneys for Plaintiffs

Case No. 3:14-cv-5200-EMC
Case No. 3:14-cv-5241-EMC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER & FRE 502 CLAWBACK ORDER

593243.2

TINA WOLFSON, Bar No. 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, Bar No. 172098
rahdoot@ahdootwolfson.com
THEODORE W. MAYA, Bar No. 223242
tmaya@ahdootwolfson.com
BRADLEY K. KING, Bar No. 274399
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
16 Palm Ave.
West Hollywood, CA 90069
Telephone: 310.474.9111

Attorneys for Plaintiffs

SEYFARTH SHAW LLP
PAMELA DEVATA (pro hac pending)
pdevata@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Tel: 312.460.5000
Fax: 312.460.7000

SEYFARTH SHAW LLP
TIMOTHY L. HIX (CSB 184372)
thix@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, CA 90071
Tel: 213.270.9600
Fax: 213.270.9601

SEYFARTH SHAW LLP
NICHOLAS R. CLEMENTS, ESQ. (CSB 267314)
rclements@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Tel: 415.397.2823
Fax: 415.397.8549

Attorneys for Defendant HIREASE, LLC

Case No. 3:14-cv-5200-EMC
Case No. 3:14-cv-5241-EMC

STIPULATED PROTECTIVE ORDER & FRE 502 CLAWBACK ORDER

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

593243.2

**STIPULATION FOR PROTECTIVE ORDER**

**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS AND FRE 502(d) AND (e) CLAWBACK AGREEMENT/ORDER**

Abdul Kadir Mohamed (Plaintiff in the *Mohamed* action), Ronald Gillette, Shannon Wise, Brandon Farmer, Meghan Christenson (plaintiffs in the *Gillette* action) (collectively "Plaintiffs") and Defendants Uber Technologies, Inc., Rasier, LLC (collectively "Uber") and Hirease, LLC (collectively "Defendants"), by and through their respective counsel of record, hereby stipulate and request the Court issue the following Protective Order Regarding the Disclosure and Use of Discovery Materials and FRE 502(d) and (e) Clawback Order ("Order" or "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

1. The Protective Order shall govern all materials deemed to be "Confidential Information." A Party or a Non-Party may designate as "Confidential Information" any documents or information produced in response to informal or formal discovery requests, subpoenas and/or other exchanges of documents/information which, in good faith, such Party deems confidential, including without limitation:

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

a. Any documents or information referring or related to confidential and proprietary human resources, business or pricing information and/or financial records and information of Defendants;

b. Any documents or information referring or related to any current, former or prospective business partner or third-party vendor of Defendants;

c. Any documents or information referring or related to any other confidential or trade secret information of Defendants;

d. Any portions of depositions (including audio or video) where Confidential Information is disclosed or used as exhibits;

e. Any documents or information referring or related to the content of background reports or consumer reports concerning Defendants' employees or independent contractors; and

f. Any confidential personnel or financial information of current or former employees of Defendants.

Nothing in this Protective Order shall be deemed to require the production of information that Party or a Non-Party believes to be objectionable on other grounds, nor shall anything in this Protective Order be deemed to allow for non-production of confidential information that is otherwise discoverable.

2. In the case of documents and the information contained therein, designation of Confidential Information produced pursuant to this Order shall be made by placing the following legend on the face of the document or collection of documents: "CONFIDENTIAL –PRODUCED PURSUANT TO PROTECTIVE ORDER." Upon such designation, all Parties shall treat the identified information as confidential under this agreement until and unless it is otherwise agreed by all Parties or ordered by the Court. In the event a Party or a Non-Party neglects to identify any disclosed information as confidential, it may do so after disclosure by sending notice to all Parties that clearly delineates the confidential information and describes the reason for the initial failure to designate.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall be disclosed only to qualified recipients for purposes that are specifically and directly related to the reasonable conduct of this litigation.

4. Qualified recipients shall include only the following:

    a. In-house counsel and law firms for each Party and the secretarial, clerical and paralegal staff of each, if/as needed to perform their job duties;

    b. Deposition notaries;

    c. Persons other than legal counsel who have been retained or specially employed by a Party as an expert witness or consultant for purposes of this lawsuit or to perform investigative work or fact research;

    d. Deponents during the course of their depositions or potential witnesses of this case;

    e. A mediator selected by mutual agreement of the Parties; and

    f. The Parties as defined above through their employees who are engaged directly in this litigation on a need to know basis. The "Parties" shall specifically not include individuals who are putative class members before a class action is certified and who are not named as plaintiffs in one of the captioned actions at the time when they are to be provided the Confidential Information unless they separately qualify under another subsection of this paragraph 4(a)-(e).

5. Persons to whom Confidential Information is shown shall be informed of the terms of this Order, advised that its breach may be punished or sanctioned as contempt of the Court and, in the case of persons falling within paragraph 4(c), (d), or (f), required to sign the Acknowledgement and Agreement to Be Bound by Protective Order in the form attached this Order as Exhibit A. Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information. Portions of deposition testimony deemed confidential by any Party may be so designated at the deposition, and any such testimony shall be segregated in the deposition transcript and identified as "confidential" by the stenographer assigned to the deposition.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6. Challenging Confidentiality Designations

a. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's or Non-Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. Meet and Confer. The Party challenging a confidentiality designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties and the Non-Party who designated the information as confidential shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party and the Non-Party who designated the information as confidential an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

c. Judicial Intervention.

i. Party Designations. If the Parties who designated the information as confidential cannot resolve a challenge without court intervention, the parties shall submit the dispute for resolution pursuant to the procedures in Magistrate Judge Ryu's Standing Order. ~~the designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties who designated the information as confidential agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion~~

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

~~including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions.~~ ~~Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above,~~ all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

ii. Non-Party Designations. In the event of designations by nonparties, if the Parties and the Non-Party who designated the information as confidential cannot resolve a challenge without court intervention, the parties shall submit the dispute for resolution pursuant to the procedures in Magistrate Judge Ryu's Standing Order. ~~the Party challenging the designation shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties and the Non-Party who designated the information as confidential agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall waive the right to challenge the confidentiality designation for each~~

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

~~challenged designation, except upon an independent showing of good cause for the failure to make the motion within 21 days (or 14 days, if applicable). In addition, the challenging Party may file a motion challenging the confidentiality designation of a deposition transcript or any portions thereof at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions. Unless the designating Non-Party has affirmatively waived the confidentiality designation,~~ all Parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Non-Party's designation until the court rules on the challenge.

7. No copies of Confidential Information shall be made except as required for the conduct of this litigation and by or on behalf of attorneys of record in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Order. Copies of confidential documents that are attached to pleadings or motions filed with the court may be retained in counsel's file. Any other copies of confidential documents shall be destroyed when no longer required for purposes of this litigation.

8. All information and/or documents produced in this action that are Confidential shall be used only for purposes of this litigation and not for any other purpose.

9. In the event that a Party or Non-Party wishes to use any Confidential Information in any papers filed in Court in this litigation, the Party or Non-Party shall file a motion requesting that the Court maintain the documents containing Confidential Information under seal pursuant to Civil Local Rule 79-5. In the event the Party or Non-Party does not believe the documents should be filed

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

under seal, it shall meet and confer with regard to which documents, if any, should be filed under seal. Should the Parties and designating Non-Party not agree upon which documents should be placed under seal, the Party or Non-Party seeking the maintenance of such documents under seal shall file a motion requesting that the Court maintain the documents under seal. The Parties acknowledge that whether Confidential Information submitted to the Court is maintained under seal is subject to the Court's ultimate decision on any motion to place and/or accept confidential documents under seal. The Parties and Non-Parties shall follow the procedure set forth in Civil Local Rule 79-5 regarding filing documents under seal in civil cases.

10. The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties and designating Non-Parties may request the return or destruction of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to comply with such request within thirty (30) days, with the exception of copies of Confidential Information that were filed with the Court as part of this action, which the Parties' counsel shall be permitted to retain, and any documents counsel are required to retain for purposes of their malpractice insurance policies. Any Confidential Information that is not requested shall be destroyed, subject to the provisions of paragraph 8 herein.

12. Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13. Any person in possession of another Party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person or Party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

14. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. Nothing in the Protective Order shall be deemed to preclude any Party or Non- Party from moving to modify or dissolve this Order.

16. This Protective Order, until it is entered by the Court, and even if it is never *entered by the Court*, shall be deemed to be an enforceable agreement between the Parties, except that either Party may apply to the Court to challenge a confidentiality designation.

**FRE 502 (d) AND (e) CLAWBACK AGREEMENT**

17. Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and work product protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a. The inadvertent disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document; and

b. The inadvertent disclosure or production of any Document in the Actions shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

18. If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or work product protection ("Protected Document"):

a. the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by bates number range or hash value, and, (iv) within fourteen (14) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

b. If the Producing Party intends to assert a claim of privilege or work product protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

19. If, during the course of this litigation, a Party determines it has produced a Protected Document:

a. the Producing Party may notify the Receiving Party of such production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

b. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

20. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in the proceeding

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

paragraphs, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it.

21. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

a. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

b. the disclosure of the Protected Documents was not inadvertent;

c. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

d. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

22. Either Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

23. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

24. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

segregation of privileged and/or protected information before such information is produced to another Party.

25. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

**FINAL DISPOSITION**

26. Not later than ninety (90) days after the Final Disposition of the Actions, and subject to, paragraphs 27 to 30 below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing Party. In the alternative, not later than ninety (90) days after the Final Disposition of the Actions, counsel for each Party shall certify to counsel for the opposing Party, in writing, that any and all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing Party, has been destroyed.

27. If Confidential Information is furnished to outside experts or consultants, the attorney for the Party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing Party or destroyed, and so certifying in writing as provided above.

28. If Confidential Information has been loaded into any litigation review database, the attorney for the Party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

29. The Parties, Outside Counsel, and experts or consultants for a Party shall not be required to return or to destroy any Confidential Information to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

30. Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) that contain Confidential Information for archival purposes; provided that to the extent any Confidential Information not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Dated: October 5, 2015

*/s/ Rod M. Fliegel*
Rod M. Fliegel
LITTLER MENDELSON, P.C.
Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC

Dated: October 5, 2015

*/s/ Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada
GIBSON, DUNN & CRUTCHER LLP
Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC

Dated: October 5, 2015

*/s/ Theodore Maya*
Theodore Maya
AHDOOT & WOLFSON, PC
Attorneys for Plaintiffs

Dated: October 5, 2015

*/s/ Laura L. Ho*
Laura L. Ho
GOLDSTEIN, BORGEN, DARDARIAN & HO
Attorneys for Plaintiffs

Dated: October 5, 2015

*/s/ Dana Isaac*
Dana Isaac
LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Attorneys for Plaintiffs

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Dated: October 5, 2015

*/s/ Timothy Hix*
Timothy Hix
SEYFARTH SHAW LLP
Attorneys for Defendant Hirease, LLC

**SIGNATURE ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories on this e-filed document.

Dated: October 5, 2015

/s/ Rod M. Fliegel
ROD M. FLIEGEL

15.

Case No. 3:14-cv-5200-EMC
Case No. 3:14-cv-5241-EMC

STIPULATED PROTECTIVE ORDER & FRE 502 CLAWBACK ORDER

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

593243.2

**ATTACHEMENT A**

**Protective Order Acknowledgment and Confidential Non-Disclosure Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the Protective Order in *Mohamed v. Uber Technologies, Inc., et al.* (Case No. 3:14-cv-5200-EMC) and *Gillette v. Uber Technologies, Inc.* (Case No. 3:14-cv-05241-EMC), currently pending in the United States District Court for the Northern District of California. I certify that I am an appropriate person for receipt of "Confidential" information under the Protective Order. I understand and agree to be bound by the terms of the Protective Order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the Protective Order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of the Actions in accordance with the provisions of the Protective Order.

I also agree that upon being informed of the termination or settlement of the Actions, I will within the time period set forth in paragraph 49 of the Protective Order, surrender and/or destroy (and in the case of destruction, so certify the destruction) all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the Party that it belongs to in accordance with the terms of the Protective Order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the Protective Order to do so. By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Northern District of California for purposes of enforcing the terms of this agreement.

Dated: ________________ ______________________________

[Signature]

______________________________

[Print Name]

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

**ORDER**

Upon review of the Parties' Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials and FRE 502(d) and (e) Clawback Order, and upon a finding of good cause, it is hereby ordered that the foregoing Stipulated Protective Order is approved and the Parties are ordered to act in compliance therewith.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 7, 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Donna M. Ryu

~~EDWARD M. CHEN~~
~~United States District Court Judge~~
DONNA M. RYU
United States Magistrate Judge

Firmwide:136234356.1 073208.1047

17.

Case No. 3:14-cv-5200-EMC
Case No. 3:14-cv-5241-EMC

STIPULATED PROTECTIVE ORDER & FRE 502 CLAWBACK ORDER

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

593243.2