1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Andrew P. Lee (SBN 245903)
   alee@gbdhlegal.com
3  William C. Jhaveri-Weeks (SBN 289984)
   wjhaveriweeks@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
5  Oakland, CA  94612
   Tel:    (510) 763-9800
6  Fax:    (510) 835-1417

7  Meredith Desautels (SBN 259725)
   mdesautels@lccr.com
8  Dana Isaac Quinn (SBN 278848)
   disaac@lccr.com
9  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
       OF THE SAN FRANCISCO BAY AREA
10 131 Steuart Street, Suite 400
   San Francisco, CA  94105
11 Tel:   (415) 543-9444
   Fax:  (415) 543-0296

12
   Attorneys for Plaintiffs and the Putative Class
13 (*Additional counsel listed on next page*)

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17
   RONALD GILLETTE, SHANNON WISE,            Case No.: 3:14-cv-05241-EMC
18 BRANDON FARMER, and MEGHAN
   CHRISTENSON, individually, and on behalf of all   **[PROPOSED] ORDER GRANTING
19 others similarly-situated,                 MOTION TO CONSOLIDATE AND
                                              APPOINT INTERIM LEAD COUNSEL**
20         Plaintiffs,

21 vs.                                        Hon. Edward M. Chen

22 UBER TECHNOLOGIES, INC., a California      Date:  September 24, 2015
   corporation; RASIER, LLC, a Delaware limited   Time: 1:30 p.m.
23 liability company,                         Courtroom: 5, 17th Floor

24         Defendants.

25

26

27

28

─────────────────────────────────────────────
        ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
                       CASE NO. 3:14-CV-05241-EMC
595057.4

1     Tina Wolfson (SBN 174806)
     twolfson@ahdootwolfson.com
2     Robert Ahdoot (SBN 172098)
     rahdoot@ahdootwolfson.com
3     Theodore W. Maya (SBN 223242)
     tmaya@ahdootwolfson.com
4     Bradley K. King (SBN 274399)
     bking@ahdootwolfson.com
5     AHDOOT & WOLFSON, P.C.
     1016 Palm Avenue
6     West Hollywood, CA  90069
     Tel:  (310) 474-9111
7     Fax:  (310) 474-8585

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1    On October 1, 2015, Plaintiffs' Motion to Consolidate and Appoint Interim Lead Counsel

2  (ECF No. 84) came before the Court for Hearing.

3    As set forth in a Minute Order entered following the Hearing (ECF No. 100), the Court granted

4  Plaintiffs' motion to consolidate, ordered the Plaintiffs to file a consolidated complaint within two

5  weeks, and instructed Plaintiffs to submit a new proposed order granting their motion to appoint

6  interim co-lead counsel to include a cost-control methodology.  Plaintiffs have filed a new proposed

7  order.

8    The Court hereby determines that appointment of interim co-lead counsel will promote fairness

9  and judicial efficiency and avoid unnecessary cost and delay.  After giving due consideration to the

10  competing factors, the Court exercises its discretion and **GRANTS** Plaintiffs' Motion to Consolidate

11  and Appoint Interim Lead Counsel.

12    **IT IS HEREBY ORDERED** as follows:

13    **CONSOLIDATION AND MASTER CONSOLIDATED COMPLAINT**

14    As indicated in the Court's Minute Order, the following three related class actions currently

15  pending before this Court (the "Actions") have been CONSOLIDATED for all purposes (the

16  "Consolidated Action"):

17    (a)    *Mohamed v. Uber Techs., Inc., et al.*, No. 14-cv-05200-EMC (filed November 24,

18        2014),

19    (b)    *Gillette v. Uber Techs., Inc.*, No. 14-cv-05241-EMC (filed November 26, 2014), and

20    (c)    *Nokchan v. Uber Technologies, Inc., et al.*, No. 15-cv-03009-EMC (filed June 29,

21  2015).

22    The master consolidated complaint to be filed by Interim Co-Lead Class Counsel, as

23  appointed below, shall be captioned *In Re Uber FCRA Litigation*, Case No. 14-cv-05200-EMC,

24  which will serve as the operative complaint for the consolidated action.  The Consolidated Action

25  shall bear the lowest case number of the three Actions.  The partial stay entered in the *Mohamed*

26  action shall not apply to the Consolidated Action, but rather shall apply to Plaintiff Mohamed

27  individually, including any motion practice and discovery particular to his individual claims or

28

1

595057.4

1   Defendants' defenses to his claims.  (Case No. 3:14-cv-05200-EMC (ECF No. 93).)

2   **OTHER RELATED ACTIONS**

3   Any other actions asserting claims that are the same as or similar to the claims at issue in this

4   Consolidated Action that are now pending, subsequently filed in, or transferred to, this District

5   pursuant to the Court's Local Rules and General Orders shall be consolidated with this Consolidated

6   Action for all purposes.

7   Whenever a case that should potentially be consolidated into this action is filed in, or

8   transferred to, this District, the Defendants are directed to file an Administrative Motion to Consider

9   Whether Cases Should be Related in accordance with Local Civil Rule 3-12 in the Consolidated

10   Action, as well as in the docket of the new, potentially related case.

11   **APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

12   The Court hereby appoints the law firms of Ahdoot & Wolfson, P.C. ("AW") and Goldstein,

13   Borgen, Dardarian & Ho ("GBDH") as Interim Co-Lead Class Counsel, in accordance with Federal

14   Rule of Civil Procedure 23(g)(3).

15   This Order shall apply to each case subsequently filed in this Court or transferred to this Court,

16   unless a party objecting to the consolidation of such case or to any other provision of this Order files,

17   within ten days after their action is transferred to or filed in this Court, an application for relief from

18   this Order or any provision herein and this Court deems it appropriate to grant such application.

19   **A.      Guidelines to Limit Costs and Expenses, Including Attorneys' Fees.**

20   Interim Co-Lead Class Counsel shall adhere to the following guidelines:

21   1.      Staffing Practices

22   Interim Co-Lead Counsel will delegate work and authorize expenditures to other firms as

23   needed, but will limit such delegation to tasks that are reasonable and necessary to the prosecution of

24   this case.  Only time and costs incurred pursuant to assignments authorized by Interim Co-Lead

25   Counsel will be considered for compensation

26   a.      Depositions

27   Unless otherwise authorized by Interim Co-Lead Counsel, Plaintiffs' counsel shall send no

28

2

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1    more than two (2) attorneys and one (1) paraprofessional to any deposition.  When possible, counsel

2    shall limit attendance to no more than one (1) attorney and one (1) paraprofessional.  For example,

3    with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one

4    attorney selected by Interim Co-Lead Counsel and, if necessary, one attorney from the firm

5    representing that particular plaintiff.

6              b.      Court Hearings

7         Absent unusual circumstances, Plaintiffs' counsel shall limit attendance at non-dispositive

8    hearings to two attorneys.  Counsel attending a hearing without making an appearance, or counsel who

9    are not involved in briefing or arguing at the hearing shall be advised that their time will not be

10   reimbursed at the time of any fee petition.  With respect to hearings related to (1) class certification;

11   (2) motions for summary judgment; (3) motions to compel arbitration; and (4) other significant pretrial

12   motions, Interim Co-Lead Counsel will handle the arguments and delegate work on these important

13   motions to other Plaintiffs' firms – to the extent they deem necessary – based on their knowledge of

14   particular areas of the case.  In this manner, Interim Co-Lead Counsel will endeavor to have certain

15   firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it

16   comes to handling such motions.  Any such delegation of work will be done in a manner that avoids

17   duplication of effort.  Interim Co-Lead Counsel will limit the number of conference calls and group

18   meetings that include multiple counsel, and will limit participation to indispensable attendees.  Such

19   conference calls and meetings will be limited to situations of strategic importance for the overall case,

20   or where information (*e.g.* settlement) needs to be disclosed and discussed.  To the extent possible,

21   teleconferencing and video conferencing or other means will be used to limit travel expenses.

22              2.      Travel Expenses

23        Plaintiffs' Counsel shall only seek reimbursement for economy or coach-class airfare for

24   travel.  Plaintiffs' Counsel are welcome to travel by any means they choose, but may only seek

25   reimbursement for economy or coach-class airfare or similarly priced travel arrangements.  Plaintiffs'

26   Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only

27   for reasonable accommodations, not to exceed $300 per night, plus tax.  The per diem meal expenses

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1    will not exceed $100 per person.  Interim Co-Lead Counsel will seek to minimize travel expenses by

2    utilizing the services of local counsel when possible.

3              3.        Administrative Expenses

4              Plaintiffs' Counsel may bill for all expenses reasonably incurred in prosecuting this case.

5    Interim Co-Lead Counsel shall maintain records of all expenses incurred, as well as any funds

6    maintained by Plaintiffs' Counsel for the purpose of paying such expenses.  Interim Co-Lead

7    Counsel's explicit authorization shall be required for any expenditure exceeding $1,000.  Expenditures

8    under $1,000, such as copying costs, will be left to the discretion of counsel working on authorized

9    assignments, and will be reviewed by Interim Co-Lead Counsel in monthly reports.

10             Plaintiffs' Counsel shall not seek reimbursement for expenses or costs incurred as part of

11   normal overhead costs for running a law firm.

12             4.        Time Records

13                       a.        Recording Requirements

14             All billing Plaintiffs' Counsel shall record and maintain daily, contemporaneous time records

15   for all work performed, including work by attorneys, paraprofessionals, and assistants.  Plaintiffs'

16   Counsel shall bill in increments no larger than one tenth of an hour, and shall maintain records in such

17   a way that each billed activity is recorded separately.  Plaintiffs' Counsel shall not combine

18   unconnected billable activities into block-billing records.  Plaintiffs' Counsel will not be reimbursed

19   for any item of time or cost not described in sufficient detail to determine the nature and purpose of the

20   service or cost.

21                       b.        Hourly Rates

22             Plaintiffs' Counsel shall record their then-present hourly rates for all attorneys and staff.

23   Although Plaintiffs' Counsel may seek an award of fees based on their hourly rates at the time a

24   settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be

25

26

27   [1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1    prepared and recorded at the then-present rates.  Plaintiffs' Counsel shall not bill a rate other than their

2    standard rates at the time the work is performed.

3                    c.        Document Review

4           Document review can be the most challenging area of a case to keep control over time and

5    expenses.  A document review system will be used that avoids unnecessary travel expenses, and

6    procedures will be put in place to monitor how much time is spent reviewing documents and to

7    monitor the efficiency and quality of review by other Plaintiffs' law firms.  Interim Co-Lead Counsel

8    will use paraprofessionals as necessary, attorneys for higher level review, and senior attorneys for top-

9    tier review and quality control.  Interim Co-Lead Counsel will impose an hourly rate limitation on

10   paraprofessionals and non-senior attorneys who review documents.  That rate limitation cannot be set

11   until the volume of documents and number of reviewers is determined.  If the services of an

12   ESI/hosting vendor are required, Interim Co-Lead Counsel will seek to engage a reasonably priced

13   vendor.

14                   d.        Interim Co-Lead Counsel Review of Time Records and Expenses

15          All Plaintiffs' Counsel shall submit a copy of all billing and expenses to a senior attorney at

16   Interim Co-Lead Counsel for review no later than the fifteenth day following the last day of each

17   month.  Interim Co-Lead Counsel will collect all billing records and expenses monthly and conduct a

18   monthly review of time records and expenses to ensure that costs and expenses are reasonable.

19   Interim Co-Lead Counsel shall take particular care to ensure that duplicative work is not being

20   performed.  Interim Co-Lead Counsel shall have the power to discount or eliminate non-compliant or

21   unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek

22   reimbursement for unnecessary expenses.

23          Interim Co-Lead Counsel will maintain records in such a manner as to be prepared to submit

24   for review a summary of their time and expenses to the Court for its interim review if the Court so

25   desires.  Interim Co-Lead Counsel understands that the Court may review time records in the event of

26   a settlement in order to perform a lodestar cross-check or otherwise ensure that Plaintiffs' Counsel

27   have not billed unnecessarily.  Interim Co-Lead Counsel will make necessary efforts to pre-screen

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1    billing records to eliminate unnecessary and duplicative work before submitting such records to the

2    Court.

3                                                                    *   *   *

4         Costs or expenses that do not fall within the limitations outlined herein will be presumptively

5    unreasonable and not compensable in any fee award.  That being said, the Court advises Interim Co-

6    Lead Counsel that costs or expenses that do fall within the limitations herein shall not be deemed

7    presumptively reasonable.  For instance, the Court will not approve compensation attendance for two

8    lawyers and a paralegal at a deposition unless shown to be reasonably necessary.  The Court retains its

9    authority to evaluate any costs or expenses submitted by counsel for reasonableness.

10   **B.      Authority and Role of Interim Co-Lead Counsel.**

11        Plaintiffs' Interim Co-Lead Counsel are expected to maintain communications and promote

12   harmonious dealings among all Plaintiffs' counsel for their respective actions.  Plaintiffs' Interim Co-

13   Lead Counsel also shall coordinate with each other during the course of proceedings.  Plaintiffs'

14   Interim Co-Lead Counsel shall be responsible for and have plenary authority to provide general

15   supervision of the activities of plaintiffs' counsel in the Consolidated Action.

16        Specifically, Interim Co-Lead Counsel shall have the sole authority to:

17   (a)      Make all work assignments on behalf of the plaintiffs in the Consolidated Action

18            (hereinafter, the "Plaintiffs") in such a manner as to promote the orderly and efficient

19            conduct of this litigation and to avoid unnecessary duplication and expense;

20   (b)      Supervise and monitor the activities of Plaintiffs' counsel and to implement additional

21            procedures to ensure that unnecessary expenditures of time and funds by counsel are

22            avoided;

23   (c)      Determine and present in pleadings, motions, briefs, oral argument, or such other

24            fashion as may be appropriate to the Court and opposing parties, the position of the

25            Plaintiffs as to all matters arising during all pretrial and trial proceedings;

26   (d)      Conduct or coordinate discovery on behalf of Plaintiffs consistent with the

27            requirements of the Federal Rules of Civil Procedure;

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1     (e)      Enter into stipulations with opposing counsel for the conduct of the litigation;

2     (f)      Sign all papers filed or submitted on behalf of Plaintiffs;

3     (g)      Conduct all pre-trial, trial, and post-trial proceedings on behalf of Plaintiffs;

4     (h)      Employ and consult with experts;

5     (i)      Call and chair regular meetings of Plaintiffs' counsel;

6     (j)      Conduct settlement negotiations with Defendants on behalf of Plaintiffs and to add such

7      additional counsel as Plaintiffs' Interim Co-Lead Class Counsel may select;

8     (k)      Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties

9      as the Plaintiffs' Interim Co-Lead Class Counsel deem necessary or as authorized by

10      further order of the Court;

11     (l)      Recommend apportionment and allocation of fees and expenses subject to Court

12      approval; and

13     (m)      Have authority over all other matters concerning the prosecution or resolution of any

14      cases joined in the Consolidated Action.

15      Plaintiffs' Interim Co-Lead Class Counsel shall be the contact for all Plaintiffs' counsel in

16 communications with Defendant's counsel, and shall be the spokesperson for Plaintiffs.  Interim Co-

17 Lead Class Counsel shall direct and coordinate the activities of Plaintiffs' counsel and be responsible

18 for communicating with the Court.  Interim Co-Lead Class Counsel are designated as the contact

19 persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing

20 throughout the course of this litigation.  Plaintiffs' Interim Co-Lead Class Counsel shall be responsible

21 for receiving and, as appropriate, distributing to other counsel Orders from the Court and documents

22 from opposing counsel, and otherwise facilitating and expediting communications to the Court.

23 Service by the Defendant on Plaintiffs of any papers shall be deemed complete when a copy is served

24 on Interim Co-Lead Class Counsel.  Plaintiffs' Interim Co-Lead Counsel shall maintain lists of all

25 Plaintiffs' counsel and their respective addresses.

26      No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel in the

27 Consolidated Action without the advance approval of Plaintiffs' Interim Co-Lead Counsel.  No

28

ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
CASE NO. 3:14-CV-05241-EMC

595057.4

1   discovery shall be conducted by the Plaintiffs without the advance approval of Plaintiffs' Interim Co-

2   Lead Counsel.  This is intended to prevent duplication of pleadings, discovery, or tasks by Plaintiffs'

3   counsel.  Unless filing an application for relief from the Court's Order Relating, Reassigning and

4   Consolidating Cases, all pleadings or other papers filed with the Court on behalf of any plaintiff shall

5   be filed through Plaintiffs' Interim Co-Lead Counsel.

6          The Court recognizes that cooperation by and among counsel is essential for the orderly and

7   expeditious resolution of this litigation.  Accordingly, the mere communication of otherwise privileged

8   information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client

9   privilege or the attorney work product immunity.

10         Counsel for all parties are directed to cooperate with one another, wherever possible, to

11  promote the expeditious handling of pre-trial proceedings in the Consolidated Action.

12

13  **IT IS SO ORDERED.**   All future filings shall be filed under the lead consolidated case
                            No. C14-5200 EMC and shall be captioned "In Re Uber FCRA Litigation."

14

15  Dated: _____10/22/15_____              _____



16                                           The Hon. Edward M. Chen
                                             UNITED STATES DISTRICT JUDGE

17

18

19

20  Approved as to form:

21

    /s/ Rod M. Fliegel
22  _____
    Rod M. Fliegel
    Littler Mendelson, P.C.
23  Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC

24

    /s/ Timothy Hix
25  _____
    Timothy Hix
26  SEYFARTH SHAW LLP
    Attorneys for Defendant Hirease, LLC

27

28

                                        8
        ORDER GRANTING MOT. TO CONSOLIDATE & APPOINT INTERIM LEAD COUNSEL –
                           CASE NO. 3:14-CV-05241-EMC

595057.4

1

## **SIGNATURE ATTESTATION**

2

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3 document has been obtained from the signatories on this e-filed document.

4

5

Dated: October 15, 2015

6

/s/ Andrew P. Lee
Andrew P. Lee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

595057.4