UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al., <br>     Plaintiffs, <br>   v. <br> UBER TECHNOLOGIES, INC., et al., <br>     Defendants. | Case No. 13-cv-03826-EMC <br> Case No. 14-cv-5200-EMC <br> Case No. 15-cv-0262-EMC |
| IN RE UBER FCRA LITIGATION | **ORDER RE REVISED ARBITRATION PROVISION AND CORRECTIVE COVER LETTER** |
| HAKAN YUCESOY, et al., <br>     Plaintiffs, <br>   v. <br> UBER TECHNOLOGIES, INC., et al., <br>     Defendants | |

On January 13, 2016, the parties submitted a "Joint Statement Regarding a Further Revised Arbitration Provision and Corrective Cover Letter." *O'Connor*, Docket No. 462; *In re Uber FCRA Litigation*, Docket No. 154; *Yucesoy*, Docket No. 180 (Joint Statement). The Court has reviewed the revised arbitration provision and corrective cover letter, and resolves the issues raised by the parties as follows.

First, Plaintiffs propose characterizing the *O'Connor* action as a nationwide class action.

1  The Court has previously found that the California laws upon which the *O'Connor* Plaintiffs rely
2  do not apply extra-territorially, and thus limited the case to drivers who worked in California. *See*
3  *O'Connor*, Docket No. 136 at 16-21. The Court rejects Plaintiffs' proposal, as shown by the
4  attached **Exhibit A**.

5  Second, Uber reiterates its view that it may enforce the new arbitration agreement against
6  the *O'Connor* class as to certified claims. Joint Statement at 5 n.3. The Court again rejects this
7  contention, which is inconsistent with Uber's prior position represented to the Court and the
8  public. *See O'Connor*, Docket No. 408, Exh. C; Docket No. 410 at 4; Docket No. 428 at 38:24-
9  39:7. The new arbitration agreement is unenforceable against the *O'Connor* class as to certified
10 claims. *See O'Connor*, Docket No. 454 at 4 n.1.

11 Third, Uber requests reconsideration of the Court's finding that the corrective cover letter
12 must be distributed to prospective drivers. Joint Statement at 9. The Court denies this request; as
13 a practical matter, once an individual signs up as a driver, he or she becomes a putative class
14 member, *i.e.*, in the nation-wide *In re Uber FCRA Litigation* case (as well as the other class
15 actions that have been filed throughout the country).

16 Fourth, a redlined version of the corrective cover letter is attached as **Exhibit B**. With
17 respect to the opt-out function, despite the Court expressing its concerns about the adequacy of
18 Uber's prior suggestion, Uber again proposes to have a link to the arbitration agreement's opt-out
19 provision. *See O'Connor*, Docket No. 454 at 6; Joint Statement at 7. The Court finds this
20 proposal inadequate, and will require a pre-addressed e-mail accessible via hyperlink. The content
21 of this e-mail (which the parties were also unable to agree on) will be: "My name is ___. I opt
22 out of the Arbitration Provision in the driver-partner agreement."

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Finally, the Court finds that when sent to the drivers, the subject heading of the corrective cover letter will be: "Notice re Updated Driver-Partner Agreement and Opt-Out from Arbitration Agreement."

**IT IS SO ORDERED**.

Dated: January 19, 2016

_____
EDWARD M. CHEN
United States District Judge