UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER FCRA LITIGATION | Case No. 3:14-cv-05200-EMC   (DMR)<br><br>**NOTICE OF AMENDED DISCOVERY PROCEDURES** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to Magistrate Judge Donna M. Ryu for resolution of discovery matters. Judge Ryu's amended discovery procedures are set forth below, and should be followed in all joint discovery letters or discovery motions filed after the date of this notice. The new five-page limit for joint discovery letters has been adopted to conform with district-wide practice.

**RESOLUTION OF DISCOVERY DISPUTES**

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must be **in person or by telephone,** and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph listing relevant case**

1  **management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day
2  to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines
3  and hearing dates; and (4) pretrial conference and trial dates.  Going issue-by-issue, the joint letter
4  shall describe each unresolved issue, summarize each party's position with appropriate legal
5  authority, and provide each party's final proposed compromise before moving to the next issue.
6  The joint letter shall not exceed **five pages** (12-point font or greater; margins no less than one
7  inch) without leave of court.  **Parties are expected to plan for and cooperate in preparing the**
8  **joint letter so that each side has adequate time to address the arguments.**  In the rare instance
9  that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which
10 shall include an explanation of why a joint letter was not possible.  The parties shall submit one
11 exhibit that sets forth each disputed discovery request in full, followed immediately by the
12 objections and/or responses thereto.  No other information shall be included in the exhibit.  No
13 other exhibits shall be submitted without prior court approval.  The court will review the
14 submission(s) and determine whether formal briefing or proceedings are necessary.  **Discovery**
15 **letter briefs must be e-filed under the Civil Events category of Motions and Related Filings >**
16 **Motions - General > "Discovery Letter Brief."**
17       All exhibits to discovery disputes should be separately filed on ECF (for example, if the
18 motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would
19 be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  **All exhibits shall**
20 **also be filed in a searchable OCR format where possible.**
21       The court has found that it is often efficient and beneficial for counsel to appear in person
22 at discovery hearings.  This provides the opportunity to engage counsel, where appropriate, in
23 resolving aspects of the discovery dispute while remaining available to rule on disputes that
24 counsel are not able to resolve themselves.  **For this reason, the court expects counsel to appear**
25 **in person.**  Permission to attend by telephone may be granted upon written request made at least
26 one week in advance of the hearing if the court determines that good cause exists to excuse
27 personal attendance, and that personal attendance is not needed in order to have an effective
28 discovery hearing.  The facts establishing good cause must be set forth in the request.

1  In emergencies during discovery events (such as depositions), any party may, after exhausting
2  good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-
3  1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the
4  discovery event shall proceed with objections noted for the record.

## MOTIONS TO FILE UNDER SEAL

Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings.  Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting). Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

## PROTECTIVE ORDERS

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why

3

use of one of the model orders is not practicable.

## CHAMBERS COPIES AND PROPOSED ORDERS

Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "Chambers." All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

## PRIVILEGE LOGS

If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a privilege log as quickly as possible, but **no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the court sets another date. Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to promptly furnish a privilege log may be deemed a waiver of the privilege or protection.

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____
DONNA M. RYU
United States Magistrate Judge