Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA  90069
Tel:    (310) 474-9111
Fax:    (310) 474-8585

[Additional Counsel Listed on Following Page]

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC<br><br>**PLAINTIFFS' OBJECTION TO O'CONNOR/YUCESOY PARTIES' JOINT STIPULATION AND [PROPOSED] ORDER VACATING RULE 23(D) ORDERS**<br><br>Before:  Hon. Edward M. Chen |

618347.6

1

Additional Counsel:

2

Meredith Desautels (SBN 259725)
mdesautels@lccr.com

3

Dana Isaac Quinn (SBN 278848)
disaac@lccr.com

4

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
    OF THE SAN FRANCISCO BAY AREA

5

131 Steuart Street, Suite 400
San Francisco, CA 94105

6

Tel: (415) 543-9444
Fax: (415) 543-0296

7

Monique Olivier (SBN 190385)
monique@dplolaw.com

8

DUCKWORTH, PETERS,
LEBOWITZ OLIVIER LLP

9

100 Bush St. Suite 1800
San Francisco, CA 94104

10

Tel: (415) 433-0333
Fax: (415) 449-6556

11

*Attorneys for Plaintiffs and the Putative Classes*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

618347.6

Interim Lead Counsel in *In Re Uber FCRA Litigation*, Case Nos. 14-cv-05200-EMC, 14-cv-05241-EMC, on behalf of Plaintiffs Ronald Gillette, Abdul Kadir Mohamed, Brandon Farmer, Shannon Wise, Meghan Christianson, and hundreds of thousands (if not millions) of putative class members (collectively, "*In Re Uber FCRA* Plaintiffs"), strenuously object to the Joint Stipulation and [Proposed] Order Vacating Rule 23(d) Orders filed in *O'Connor v. Uber Technologies Inc.*, Case No. 13-cv-03826-EMC and *Yucesoy v. Uber Technologies Inc.*, Case No. 15-cv-00262-EMC, which purport to vacate an order entered in and applying to this action, as well as *O'Connor* and *Yucesoy*. *O'Connor* ECF No. 522; *Yucesoy* ECF No. 210.  *In Re Uber FCRA* Plaintiffs, who are members of the proposed Settlement Class as well as the putative class in this case, object to this stipulation not only as it purports to apply to this action, but as it applies to *O'Connor* and *Yucesoy*.

*First*, the parties in *O'Connor* and *Yucesoy* have no standing to agree to vacate this Court's Order Re Plaintiffs' Motions to Enjoin Uber's Communications with Class and Putative Class Members and Enforcement of December 11, 2015 Arbitration Agreement issued in this *In Re Uber FCRA Litigation*.  *In Re Uber FCRA* ECF No. 127.  *In Re Uber FCRA* Plaintiffs do not stipulate, and in fact oppose, vacating the Court's Order as it pertains to *In Re Uber FCRA Litigation*.  The *O'Connor* and *Yucesoy* plaintiffs have no authority to make such a stipulation on behalf the *In Re Uber FCRA* Plaintiffs and the hundreds of thousands of putative class members who would be adversely impacted by this stipulation and whose interests Interim Lead Counsel represents.  None of the parties to the stipulation even consulted Interim Lead Counsel on it.  The stipulation must be denied on this basis alone.

*Second*, this Court has not yet approved the *O'Connor* settlement, and may not do so for quite some time, if ever, or may do so only after requiring modification of the settlement.  The proposed stipulation threatens to harm members of the *O'Connor* and *Yucesoy* classes (which overlap with the *In Re Uber FCRA* class) by subjecting them to the December 2015 arbitration agreement and further versions of Uber's arbitration agreement now, despite the Court's ruling that the December 2015 agreement is misleading and threatens to interfere with these class members' rights.  Until judgment is entered, the Court and Plaintiffs' counsel have fiduciary duties to the certified and putative classes in all of these cases, regardless of what the settling parties in two of the cases now want.  All the

1    justifications for protecting class members on which the Court based its 23(d) orders still stand.

2       *Third*, Uber's CEO issued a press release regarding the proposed settlement in which Uber

3    already is making misrepresentations that directly impact this case and members of the putative class

4    here, as well as members of the classes in *O'Connor* and *Yucesoy*.  See *Growing and Growing Up*,

5    available at https://newsroom.uber.com/growing-and-growing-up/ (last visited April 22, 2016).  For

6    instance, Uber indicates that "Drivers will remain independent contractors, not employees," and that

7    "this settlement recognizes that drivers should remain as independent contractors, not employees,"

8    including quotes from drivers to the effect that independent contractor status is superior to employee

9    status, despite the lack of benefits accorded to independent contractors.  *Id.*  Such statements

10   misrepresent drivers' current status, which is undetermined; misrepresent the proposed settlement,

11   which does not and cannot recognize that independent contractor status is superior to employee status;

12   and misrepresents issues that, according to Uber itself, are central to *In Re Uber FCRA* Plaintiffs'

13   claims in this action.  *See, e.g.*, *In Re Uber FCRA Litigation* Jt. Case. Mgmt. Statement at 5, May 7,

14   2015, ECF No. 56 ("Defendants disagree the FCRA governed these practices with regard to Plaintiffs

15   as independent contractors.").  Through such statements, which appear designed to deter class

16   members from closely examining or objecting to the proposed settlement, Uber threatens to mislead

17   class members about issues important to their claims in this case, as well as about the proposed

18   settlement itself.

19      *Fourth*, the *O'Connor* and *Yucesoy* parties incorrectly assert that "the Court based its Rule

20   23(d) Orders almost exclusively on the supposed confusion and complexity pertaining to the *O'Connor*

21   action, not any developments that have taken place in the *In re FCRA* case."  *O'Connor* Jt. Stip. at 7,

22   ECF No. 522; *Yucesoy* Jt. Stip. at 7, ECF No. 210.  This contention is plainly false.  As set forth in

23   Plaintiffs' briefing to this Court and the Ninth Circuit, Uber's December 2015 arbitration agreement is

24   highly coercive, and amounts to an improper attempt to extract waivers from hundreds of thousands of

25   drivers during the pendency of class litigation.  *See In Re Uber FCRA Litigation* Mot. to Enjoin Def.

26   Comm'ns, Dec. 15, 2015, ECF No. 127.  Furthermore, the December 2015 arbitration agreement

27   contains significant misrepresentations about *In Re Uber FCRA Litigation* that are highly misleading,

28   including the following:

- The December 2015 arbitration agreement identifies *In Re Uber FCRA* by name but fails to explain the actual nature of this action.  This alone renders the arbitration agreement confusing and misleading.  *See, e.g.*, *Williams v. Securitas Sec. Servs. USA, Inc.*, No. CIV.A. 10-7181, 2011 WL 2713741, at *3 (E.D. Pa. July 13, 2011) (concluding that arbitration agreement amounted to a confusing and misleading communication where the agreement identified the lawsuit by name, but failed to explain the nature of the action);

- The December 2015 arbitration agreement described *In Re* Uber *FCRA* as a lawsuit alleging "claims for tips, reimbursement of expenses, and employment status." *O'Connor* Liss-Riordan Decl at Ex. A, § 15.3, Dec. 11, 2016, ECF No. 406.  While *In Re Uber FCRA* includes a PAGA cause of action that seeks civil penalties for Uber's alleged violation of California drivers' rights to tips and reimbursement of expenses, the PAGA claims go beyond those allegations (*i.e.* including allegations that Uber failed to pay minimum wage and overtime).  Even more crucially, this case includes numerous factual and legal claims related to the violation of the federal Fair Credit Reporting Act, the California Investigative Consumer Reporting Agencies Act, the California Credit Reporting Agencies Act, the California Business and Professions Code, the Massachusetts Credit Reporting Act, and the Massachusetts Criminal Offender Record Information Requirements.  *See In Re Uber FCRA* Am. Compl., Oct. 15, 2015, ECF No. 109.

- The December 2015 arbitration agreement describes *In Re Uber FCRA* as a "non-PAGA" lawsuit when in fact the case includes the very PAGA claims based on both wage and hour and background check violations.  *See O'Connor* Liss-Riordan Decl at Ex. A, § 15.  And to confuse matters even further, PAGA claims are specifically exempted from the arbitration agreement.  *Id.*

- The December 2015 arbitration agreement confusingly states that counsel for the *O'Connor* plaintiffs represents the Plaintiffs in *In Re Uber FCRA*.  *See id.*

//

1    As a result of these misrepresentations, this Court ordered Uber to "revise the notice provision

2    within the [December 2015] arbitration agreement "to identify <u>all the class actions</u> that have been filed

3    in this Court on behalf of the putative class members (*i.e.*, *O'Connor*, *Yucesoy*, <u>*In Re Uber FCRA*</u>

4    <u>*Litigation*</u>, and *Del Rio*)." *In Re Uber FCRA* Order at 6, Dec. 23, 2014, ECF No. 137 (emphasis

5    added).  The Court further ordered that "[c]ounsel for each of the other related cases shall be identified

6    along with their current address."  *Id*.  The Court's Order is now the subject of a pending cross-appeal

7    before the Ninth Circuit that has been fully briefed by the parties in *In Re Uber FCRA Litigation*.

8    Finally, Interim Lead Counsel is in the process of reviewing the proposed *O'Connor* settlement

9    for other terms that adversely impact Plaintiffs and the putative class *In Re Uber FCRA*, including a

10   purported release that covers the instant case, and will raise further objections following completion of

11   their review and well before the preliminary approval hearing in *O'Connor* and *Yucesoy*.  Clearly, the

12   settlement may affect members of the putative class in this case, and cause possible confusion

13   regarding their FCRA background check claims as well the claims at issue in *O'Connor* and *Yucesoy*.

14   *See, e.g.*, *Driver Deactivation Policy*, available at https://www.uber.com/legal/other/driver-

15   deactivation-us-english/ (last visited April 22, 2016) (describing, as part of the "deactivation policy"

16   instituted under the proposed settlement, how background checks and application of Uber's driver

17   criteria may lead to deactivation).

18

19

20   Dated:  April 22, 2016                     Respectfully submitted,

21                                              GOLDSTEIN, BORGEN, DARDARIAN & HO

22

23                                              */s/ Laura L. Ho*
                                                Laura L. Ho
24                                              Andrew P. Lee
                                                William Jhaveri-Weeks
25
                                                Attorneys for Plaintiffs and the Putative Class
26

27

28

Dated:  April 22, 2016                     Respectfully submitted,

                                           AHDOOT & WOLFSON, P.C.


                                           */s/ Tina Wolfson*
                                           Tina Wolfson
                                           Robert Ahdoot
                                           Theodore W. Maya
                                           Bradley K. King

                                           Attorneys for Plaintiffs and the Putative Class



## ATTESTATION OF FILER

I, Laura L. Ho, attest that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.  Signed this 22nd day of April, 2016.


                                           */s/ Laura L. Ho*

618347.6