| | |
|---|---|
| LICHTEN & LISS-RIORDAN, P.C.<br>SHANNON LISS-RIORDAN, SBN 310719<br>　sliss@llrlaw.com<br>ADELAIDE PAGANO, *pro hac vice*<br>　apagano@llrlaw.com<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone:　　(617) 994-5800<br>Facsimile:　　(617) 994-5801<br><br>LICHTEN & LISS-RIORDAN, P.C.<br>MATTHEW CARLSON, SBN 273242<br>　mcarlson@llrlaw.com<br>466 Geary St., Suite 201<br>San Francisco, CA 94102<br>Telephone:　　(617) 994-5800<br>Facsimile:　　(617) 994-5801<br><br>Attorneys for *O'Connor* and *Yucesoy* Plaintiffs | GIBSON, DUNN & CRUTCHER LLP<br>THEODORE J. BOUTROUS, JR., SBN 132099<br>　tboutrous@gibsondunn.com<br>THEANE D. EVANGELIS, SBN 243570<br>　tevangelis@gibsondunn.com<br>DHANANJAY S. MANTHRIPRAGADA, SBN 254433<br>　dmanthripragada@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:　213.229.7000<br>Facsimile:　213.229.7520<br><br>JOSHUA S. LIPSHUTZ, SBN 242557<br>　jlipshutz@gibsondunn.com<br>KEVIN J. RING-DOWELL, SBN 278289<br>　kringdowell@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:　415.393.8200<br>Facsimile:　415.393.8306<br><br>Attorneys for *O'Connor*, *Yucesoy*, and *FCRA* Defendants<br>*[Additional Counsel Listed on Following Page]* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br>　　　　Plaintiffs,<br>　v.<br>UBER TECHNOLOGIES, INC.,<br>　　　　Defendant.<br><br>HAKAN YUCESOY, et al.,<br>　　　　Plaintiffs,<br>　v.<br>UBER TECHNOLOGIES, INC., et al.<br>　　　　Defendants.<br><br>IN RE UBER FCRA LITIGATION<br><br>RICARDO DEL RIO, et al.,<br>　　　　Plaintiffs,<br>　v.<br>UBER TECHNOLOGIES, INC., et al.<br>　　　　Defendants. | CASE NO. 13-cv-03826-EMC<br>CASE NO. 15-cv-00262-EMC<br>CASE NO. 14-cv-05200-EMC<br>CASE NO. 15-cv-03667-EMC<br><br>**LETTER REGARDING TENTATIVE SETTLEMENT IN *PRICE* CASE**<br><br>Judge: Hon. Edward M. Chen |

| | |
|---|---|
| GOLDSTEIN, BORGEN, DARDARIAN & HO<br>Laura L. Ho (SBN 173179)<br>  lho@gbdhlegal.com<br>Andrew P. Lee (SBN 245903)<br>  alee@gbdhlegal.com<br>William C. Jhaveri-Weeks (SBN 289984)<br>    wjhaveriweeks@gbdhlegal.com<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA  94612<br>Tel:     (510) 763-9800<br>Fax:    (510) 835-1417 | LITTLER MENDELSON, P.C.<br>ANDREW M. SPURCHISE, Bar No. 245998<br>  aspurchise@littler.com<br>333 Bush Street, 34th Floor<br>San Francisco, CA 94104<br>Tel:     415.433.1940<br>Fax:    415.399.8490<br><br>Attorneys for Uber Technologies, Inc. and Rasier, LLC |
| AHDOOT & WOLFSON, PC<br>Tina Wolfson (SBN 174806)<br>  twolfson@ahdootwolfson.com<br>Robert Ahdoot (SBN 172098)<br>  rahdoot@ahdootwolfson.com<br>Theodore W. Maya (SBN 223242)<br>  tmaya@ahdootwolfson.com<br>1016 Palm Avenue<br>West Hollywood, CA  90069<br>Tel:     (310) 474-9111<br>Fax:    (310) 474-8585 | HAMNER LAW OFFICES, APC<br>CHRISTOPHER J. HAMNER (SBN 197117)<br>  chamner@hamnerlaw.com<br>AMY T. WOOTTON (SBN 188856)<br>  awootton@hamnerlaw.com<br>555 W. 5th Street, 31st Floor<br>Los Angeles, California 90013<br>Telephone: 213.533-4160<br>Facsimile: 213.533-4167 |
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA<br>Meredith Desautels (SBN 259725)<br>  mdesautels@lccr.com<br>Dana Isaac Quinn (SBN 278848)<br>  disaac@lccr.com<br>131 Steuart Street, Suite 400<br>San Francisco, CA 94105<br>Tel: (415) 543-9444<br>Fax: (415) 543-0296<br><br>Attorneys for *FCRA* Plaintiffs | GERAGOS & GERAGOS, APC<br>MARK J. GERAGOS, SBN 108325<br>  mark@geragos.com<br>BENJAMIN MEISELAS, SBN 227412<br>  meiselas@geragos.com<br>644 South Figueroa Street<br>Los Angeles, California 90017<br>Telephone: (213) 625-3900<br>Facsimile: (213) 232-3255<br><br>KABATECK BROWN KELLNER LLP<br>BRIAN KABATECK, SBN 152054<br>  bsk@kbklawyers.com<br>SHANT A. KARNIKIAN, SBN 285048<br>  sk@kbklawyers.com<br>644 South Figueroa Street<br>Los Angeles, California 90017<br>Telephone: (213) 217-5000<br>Facsimile: (213) 217-5010<br><br>Attorneys for *Del Rio* Plaintiffs and Douglas O'Connor individually |

**LETTER REGARDING TENTATIVE SETTLEMENT IN *PRICE***

On November 18, 2016, this Court held a case management conference in the following cases: (1) *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC; (2) *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC; (3) *In re Uber FCRA Litig.*, No. 14-cv-05200-EMC; and (4) *Del Rio v. Uber Techs., Inc.*, No. 15-cv-03667-EMC. During those case management conferences, reference was made to a potential settlement of *Price v. Uber Techs., Inc.*, Los Angeles Superior Court Case No. BC554512. Therefore, on November 21, 2016, this Court ordered the parties to "meet and confer and submit, under seal if appropriate, any information regarding the pendency of possible settlement in *Steven Price v. Uber Technologies, Inc.*, Los Angeles Superior Court Case No. BC554512, as may affect the cases before this Court, by November 28, 2016." *O'Connor*, Dkt. No. 769. Accordingly, the parties attest that Uber's counsel and Plaintiffs' counsel in each of the four above-referenced cases, together with Uber's counsel in *Price*, met-and-conferred on November 23, 2016, and, based on information provided by Uber, submit the information requested by this Court in its November 21, 2016 order.

Uber Technologies, Inc. ("Uber") has informed Plaintiffs that on October 11, 2016, Uber participated in mediation with the *Price* Plaintiffs, conducted through JAMS by the Honorable William J. Cahill (Ret.), in an effort to resolve the Private Attorneys General Act ("PAGA") claims asserted in *Price* and certain other PAGA claims predicated on alleged employment misclassification, in light of the fact that *Price* was the first action filed against Uber alleging a violation of the PAGA statute and because the applicable statute of limitations for PAGA was larger in *Price* than in any other action. According to Uber, the parties reached a tentative settlement that, if memorialized by the parties into a long-form settlement agreement and approved by the Court pursuant to the procedures set forth in the California Labor Code, would resolve the following PAGA claims of drivers who used the Uber smartphone application at any time from July 8, 2013 to the date of Court approval: PAGA claims involving the alleged misclassification of drivers as independent contractors, and any derivative claims therefrom, including, but not limited to:

> California Labor Code, sections 1-9061 inclusive, and/or any derivative claims arising therefrom, including, but not limited to, alleged violations of Cal. Labor Code sections 200, et seq., 201-203, 204, 210, 212, 221-224, 222.5, 225.5, 226, 226.3, 226.7, 226.8, 231, 245-249,

256, 351, 353, 354, 432.5, 450, 500, et seq., 510, 512, 550, 551, 552, 558, 1024.5, 1174, 1174.5, 1182, 1182.11-1182.13, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, 2753, 3700, 3700.5, 3712, 3715; and to the fullest extent permissible under governing law, Business and Professions Code 17200, the California Code of Regulations and/or Industrial Welfare Commission Wage Orders, including, but not limited to Wage Order 9-2001, and any and all other statutes, laws or regulations on which a claim for penalties under PAGA may be based.

Uber states that the parties are in the process of memorializing a long-form settlement agreement.

Uber further states that the *Price* Plaintiffs—in accordance with California Labor Code section 2699.3(a)(1)(A)—sent written notice to the Labor and Workforce Development Agency ("LWDA") on October 15, 2016 regarding the alleged Labor Code violations that will ultimately be the subject of the parties' long-form settlement agreement. According to Uber, the *Price* parties are currently waiting for the requisite sixty-five calendar day period to expire before taking further action, as required by California Labor Code section 2699.3(a)(2)(A). After that, Uber states that Uber and the *Price* Plaintiffs intend to submit their settlement agreement—if and when a long-form agreement is ultimately reached—to the Superior Court for review and approval, on or before January 6, 2017, in accordance with the standard PAGA settlement approval process set forth in California Labor Code section 2699(l)(2).[1] A hearing pertaining to the parties' anticipated settlement is scheduled for the January 23, 2017. Further details will be disclosed to the Superior Court and made public if and when the parties reach a final settlement agreement.

The *O'Connor* and *Yucesoy* Plaintiffs do not currently have PAGA claims in their case. However, in January 2015, the *O'Connor* Plaintiffs sent a letter to the LWDA stating their intent to bring PAGA claims and in March 2015, they moved this Court for leave to amend their complaint to assert PAGA claims, predicated on alleged violations of Labor Code sections 351 and 2802. *O'Connor*, Dkt. No. 253; *see also O'Connor* Dkt. Nos. 355, 432, 501. Uber opposed the *O'Connor* Plaintiffs' motions for leave to amend the complaint on various different grounds. *O'Connor*, Dkt. Nos. 259, 362; *see also O'Connor*, Dkt. 427. The Court has never ruled on Plaintiffs' motions for leave to amend, which remain pending. Accordingly, Uber states that the *Price* settlement would have no claim preclusive effect in those cases at this time. The *Price* settlement would have a claim

---

[1] California Labor Code 2699(l)(2) states as follows: "The superior court shall review and approve any settlement of any civil action filed pursuant to this part."

preclusive effect on those claims for the covered time period, if the Court were to grant Plaintiffs' motion for leave to amend, the *Price* settlement were to be finalized, and the *Price* Court were to approve the settlement agreement.

In August 2015, the *Del Rio* Plaintiffs filed their complaint, which included PAGA claims predicated on alleged violations of California Labor Code sections 203, 212, 226.7, 510, and 1194. *See O'Connor*, Dkt. No. 427 at 8; *Del Rio*, Dkt. No. 427 at 8. Accordingly, Uber states the *Price* settlement would have a claim preclusive effect on those claims for the covered time period, if the *Price* settlement were to be finalized and the *Price* Court were to approve the settlement agreement.

Finally, the *FCRA* Plaintiffs have pleaded PAGA claims predicated on alleged violations of California Labor Code sections 201, 202, 203, 204, 207, 210, 226(a), 226.7, 226.8, 351, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1197, 1198, and 2802. *See O'Connor*, Dkt. No. 427 at 8; *FCRA*, Dkt. No. 135 at 8. Accordingly, Uber states the *Price* settlement would have a claim preclusive effect on those claims for the covered time period, if the *Price* settlement were to be finalized and the *Price* Court were to approve the settlement agreement.

The tentative *Price* settlement does not resolve any class claims, nor any individual claims other than for the named plaintiffs in that case. Thus, the *Price* settlement, as currently framed, would not have claim preclusive effect on any class claims asserted in *O'Connor*, *Yucesoy*, *Del Rio*, or *FCRA*.

A.   **Uber's Supplemental Statement**

Uber and the *Price* Plaintiffs are still finalizing their long-form settlement agreement. Therefore, Uber's position is that they should have an opportunity to do so without external interference, whether from plaintiffs' counsel in other cases or anyone else. Uber states that California's mediation privilege applies here and prohibits the disclosure of any confidential oral statements or writings "made for the purpose of, in the course of, or pursuant to, a mediation," including the amount of the potential settlement and any additional details pertaining to the parties' potential settlement. *See* Cal. Evid. Code § 1119(a), (b).

Uber further states that the potential *Price* settlement has been the product of an arms-length negotiation overseen by a third-party neutral and conducted in accordance with the California Labor

Code. As set forth above, the *Price* parties engaged in a full-day mediation with the Hon. William Cahill (Ret.), who was briefed regarding each of the relevant actions pending before this Court. Since then, Uber states that the *Price* parties have faithfully adhered to the PAGA settlement approval procedures enumerated in the California Labor Code—(1) first, the *Price* Plaintiffs notified the LWDA about the alleged Labor Code violations at issue, *see* Cal. Labor Code section 2699.3(a)(1)(A); (2) second, the parties are currently refraining from taking further action for sixty-five calendar days, *see* Cal. Labor Code section 2699.3(a)(2)(A); and (3) third, the parties will provide the settlement—if and when a long-form settlement agreement is reached—concurrently to the LWDA and the presiding court for settlement approval, *see* Cal. Labor Code section 2699(l)(2).[2]

Finally, Uber states that the only issue relevant to the *O'Connor*, *Yucesoy*, *FCRA*, and *Del Rio* cases is the scope of the release, not the amount paid in exchange for that release; therefore, Uber has not yet provided Plaintiffs' counsel with the value of the tentative settlement agreement in *Price* (other than the *O'Connor* Plaintiffs' counsel as part of separate confidential settlement communications). Such information will likely be contained in the January 6, 2017 filing in the *Price* case and will then be a matter of public record.

**B.      The *O'Connor* Plaintiffs' Supplemental Statement**

By contrast, the *O'Connor* Plaintiffs state that they believe that it is important for the Court know the value of the tentative *Price* settlement because they believe that settlement amount will affect the Court's decision as to whether to grant the *O'Connor* Plaintiffs' motions for leave to add PAGA claims to their case and set this case for trial on the PAGA claims. Plaintiffs believe it is likely that, were this Court to set the *O'Connor* case for trial imminently on the PAGA claims, the state court will not authorize the PAGA settlement to proceed in the *Price* case. However, if the Court does not obtain this information until January 6, 2017, Plaintiffs state that there would be very

---

[2] The *Del Rio* Plaintiffs note that the *Price* Plaintiffs and Uber have "not yet advised the State of California of the amount of the proposed settlement." *See infra* at p. 4. However, the California Labor Code states that the parties to a PAGA settlement should submit the settlement agreement to the LWDA when they present such information to the presiding court for approval—not before, and not after. *See* Cal. Labor Code § 2699(l)(2) ("The proposed settlement shall be submitted to the agency at the same time that it is submitted to the court.").

little time for the Court to make this decision and have that decision communicated to the state court. Thus, the *O'Connor* Plaintiffs request that the Court either order Uber to provide this information to the other Plaintiffs' counsel or simply allow for it to be discussed by the *O'Connor* Plaintiffs' and Uber's counsel at an in-chambers conference (or phone conference).

C.   **The *Del Rio* Plaintiffs' Supplemental Statement**

Additionally, the *Del Rio* putative class, by and through its counsel, concur with most of the *O'Connor* Plaintiffs' position stated above. *Del Rio* counsel contends that the *Del Rio* action includes PAGA claims not asserted in *Price*. Considering that one of the primary grounds for rejecting preliminary approval of the *O'Connor* settlement was predicated on inadequate PAGA funding, *Del Rio* counsel disagrees with Uber's position that the amount of the PAGA settlement is not relevant. Counsel for *Del Rio* contacted the Department of Industrial Relations and learned that counsel for *Price* has not yet advised the State of California of the amount of the proposed settlement and less than a month ago, counsel for *Price* submitted an amended PAGA letter. *Del Rio* counsel believes that any proposed settlement should be immediately disclosed so that the adequacy of the proposed settlement can be properly evaluated. If the settlement is inadequate, *Del Rio* counsel will ask this court to lift the stay and litigate the asserted PAGA claims.

D.   **The *In Re Uber* Plaintiffs' Supplemental Statement**

The *In Re Uber* Plaintiffs request that the Court order Uber to provide the terms of the *Price* settlement, including the amount, to the Plaintiffs' counsel who have PAGA claims before this Court. *In Re Uber* Plaintiffs continue to oppose an in-chambers conference (or phone conference) discussing the *Price* settlement terms with this Court without including counsel for Plaintiffs who actually have PAGA claims before this Court.

| | |
|---|---|
| Dated:  November 28, 2016 | Respectfully submitted,<br><br>LICHTEN & LISS-RIORDAN, P.C.<br><br> /s/ *Shannon Liss-Riordan* <br>Shannon Liss-Riordan<br>Attorneys for *O'Connor* and *Yucesoy* Plaintiffs |
| Dated:  November 28, 2016 | Respectfully submitted,<br><br>GIBSON, DUNN & CRUTCHER LLP<br><br> /s/ *Theodore J. Boutrous, Jr.* <br>Theodore J. Boutrous, Jr.<br>Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC |
| Dated:  November 28, 2016 | Respectfully submitted,<br><br>LITTLER MENDELSON, P.C.<br><br> /s/ *Andrew M. Spurchise* <br>Andrew M. Spurchise<br>Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC |
| Dated:  November 28, 2016 | Respectfully submitted,<br><br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br><br> /s/ *Laura L. Ho* <br>Tina Wolfson<br>Attorneys for *FCRA* Plaintiffs |
| Dated:  November 28, 2016 | Respectfully submitted,<br><br>GERAGOS & GERAGOS, APC<br><br> /s/ *Mark J. Geragos* <br>Mark J. Geragos<br>Attorneys for *Del Rio* Plaintiffs and Douglas O'Connor |

I, Kevin Ring-Dowell, hereby attest that concurrence in the filing of this document has been obtained from counsel for all parties.

Dated:  November 28, 2016            By:    /s/ *Kevin Ring-Dowell.*
                                                                  Kevin Ring-Dowell