GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

KEVIN J. RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:   949.451.3800
Facsimile:   949.475.4220

Attorneys for *O'Connor*, *FCRA*, and *Del Rio*
Defendant UBER TECHNOLOGIES

LITTLER MENDELSON, P.C.
KEITH JACOBY, Bar No. 150233
  kjacoby@littler.com
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Telephone:   310.553.0308
Facsimile:   310.553.5583

ANDREW M. SPURCHISE, Bar No. 245998
  aspurchise@littler.com
900 Third Avenue
New York, NY 10022
Telephone:   212.583.9600
Facsimile:   212.832.2719

Attorneys for *Price* Defendants UBER TECHNOLOGIES, INC. and RASIER, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant.<br><br>IN RE UBER FCRA LITIGATION<br><br>RICARDO DEL RIO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.<br><br>    Defendants. | CASE NO. 13-cv-03826-EMC<br>CASE NO. 14-cv-05200-EMC<br>CASE NO. 15-cv-03667-EMC<br><br>**UBER TECHNOLOGIES, INC.'S BRIEF REGARDING THE NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON THE TENTATIVE SETTLEMENT IN *PRICE***<br><br>Judge: Hon. Edward M. Chen |

Gibson, Dunn & Crutcher LLP

UBER'S BRIEF REGARDING NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON *PRICE*
CASE NOS. 13-CV-03826-EMC; 14-CV-05200; 15-CV-03667

**UBER TECHNOLOGIES, INC.'S BRIEF REGARDING THE NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON THE TENTATIVE SETTLEMENT IN *PRICE***

On December 1, 2016, this Court issued an order directing the parties to "file briefs … indicating whether the Plaintiffs in *O'Connor* and related cases expect they will be afforded an opportunity to comment on the proposed PAGA settlement in *Price* prior to any final approval by the Superior Court therein." *O'Connor*, Dkt. 772 at 2.

In response, Defendant Uber Technologies, Inc. ("Uber") hereby states that California law does not provide a statutory mechanism that would require a Superior Court to provide allegedly "aggrieved employees," including Plaintiffs in *O'Connor* and related cases, an opportunity to comment on a proposed settlement intended to resolve claims arising under California's Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code § 2699, *et seq*. Under PAGA, (1) the Superior Court must review and approve any settlement of a civil action filed pursuant to PAGA, (2) any proposed PAGA settlement must be transmitted to the Labor and Workforce Development Agency ("LWDA"), and (3) for certain PAGA claims related to alleged violations of California's health and safety laws, the proposed settlement must be submitted to the Division of Occupational Safety and Health ("Cal/OSHA") and Cal/OSHA must be provided an opportunity "to comment on [the] settlement provisions …." Cal. Labor Code §§ 2699(l)(2); 2699.3(b)(4). PAGA does not, however, expressly afford allegedly "aggrieved employees" or the general public this same opportunity "to comment" on any PAGA settlement. Nor has the California Legislature established a settlement approval process analogous to the class action settlement approval process prescribed by Federal Rule of Civil Procedure 23, whereby absent class members have an express statutory right to object to a proposed class settlement requiring court approval. *See* Fed. R. Civ. P. 23(e)(5).

Despite the absence of such statutory authority, Uber—in order to further the interests of transparency and because Uber is confident that the long-form settlement agreement the *Price* parties are preparing will warrant approval under Labor Code Section 2699(l)(2)—states that it will not oppose any attempt by the Plaintiffs in *O'Connor* and related cases to lodge comments in *Price* regarding the proposed *Price* PAGA settlement, so long as those comments are lodged in *Price* in a

Gibson, Dunn & Crutcher LLP

1
UBER'S BRIEF REGARDING NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON *PRICE*
CASE NOS. 13-CV-03826-EMC; 14-CV-05200; 15-CV-03667

timely manner.[1]  Uber, however, expressly reserves the right to respond to any such comments that the Plaintiffs in *O'Connor* and related cases might lodge in *Price*.

Dated:  December 6, 2016                Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP


                                         */s/ Theodore J. Boutrous, Jr.*
                                        Theodore J. Boutrous, Jr.
                                        Attorneys for *O'Connor*, *FCRA*, and *Del Rio* Defendant Uber Technologies, Inc.

Dated:  December 6, 2016                Respectfully submitted,

                                        LITTLER MENDELSON, P.C.


                                         */s/ Andrew M. Spurchise*
                                        Andrew M. Spurchise
                                        Attorneys for *Price* Defendants Uber Technologies, Inc. and Rasier, LLC

---

[1] Any comment lodged in an untimely manner would impair the *Price* parties' ability to file a response before the January 23, 2017 settlement approval hearing in *Price*.

Gibson, Dunn & Crutcher LLP

2
UBER'S BRIEF REGARDING NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON *PRICE*
CASE NOS. 13-CV-03826-EMC; 14-CV-05200; 15-CV-03667

## **ATTESTATION**

I, Kevin Ring-Dowell, hereby attest that concurrence in the filing of this document has been obtained from Mr. Boutrous and Mr. Spurchise.

Dated:  December 6, 2016          By:     /s/ *Kevin Ring-Dowell.*
                                               Kevin Ring-Dowell

Gibson, Dunn &
Crutcher LLP

3
UBER'S BRIEF REGARDING NON-*PRICE* PLAINTIFFS' ABILITY TO COMMENT ON *PRICE*
CASE NOS. 13-CV-03826-EMC; 14-CV-05200; 15-CV-03667