1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9

| | |
|---|---|
| In Re Uber FCRA Litigation | Case No.: 3:14-cv-05200-EMC |
| | Consolidated with: 14-cv-05241-EMC<br>15-cv-03009-EMC |
| | **STIPULATION OF SETTLEMENT** |
| | Hon. Edward M. Chen, Presiding |

10

11

12

13

14

15

16

17

18

19

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      RECITALS ........................................................................................................1

II.     DEFINITIONS...................................................................................................7

III.    SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND
        APPROVAL ....................................................................................................16

IV.     THE SETTLEMENT CONSIDERATION.......................................................20

V.      DISTRIBUTION OF THE SETTLEMENT FUND ........................................22

VI.     NOTICE OF THE SETTLEMENT ................................................................25

VII.    ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE
        SERVICE AWARDS .......................................................................................30

VIII.   RELEASES AND DISMISSAL OF ACTION.................................................32

IX.     ADMINISTRATION OF THE SETTLEMENT .............................................35

X.      OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS ...........................40

XI.     SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS
        SOLELY FOR PURPOSES OF SETTLEMENT..............................................42

XII.    MODIFICATION OR TERMINATION OF THE SETTLEMENT ..................43

XIII.   SETTLEMENT NOT EVIDENCE AGAINST PARTIES................................46

XIV.    BEST EFFORTS...............................................................................................47

XV.     MISCELLANEOUS PROVISIONS.................................................................48

1

## EXHIBIT LIST

2

**Exhibit A**:          [Proposed] Final Order

3

**Exhibit B**:          [Proposed] Final Judgment

4

**Exhibit C**:          Claim Form

5

**Exhibit D**:          [Proposed] Preliminary Approval Order

6

**Exhibit E**:          Long Form Notice

7

**Exhibit F**:          Settlement Administration Protocol

8

**Exhibit G**:          Summary Notice

9

**Exhibit H:**          Declaration of the Settlement Administrator

10

**Exhibit I:**          Plaintiffs' General Release Form

11

**Exhibit J:**          Joint Stipulation and Consent Order

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs Ronald Gillette, Abdul Kadir Mohamed, Shannon Wise, Brandon Farmer, and Meghan Christenson, and Defendants Rasier, LLC ("Rasier") and Uber Technologies, Inc., by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

**I.      RECITALS**

WHEREAS, Plaintiff Mohamed filed a putative class action complaint against Uber Technologies, Inc., Raiser, and Hirease, LLC ("Hirease") on November 24, 2014, asserting claims based on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 et seq., the Massachusetts Consumer Credit Reporting Act ("MCRA") M.G.L. c. 93 §§ 50 et seq., and Massachusetts Criminal Offender Record Information ("CORI") Requirements, M.G.L. c. 6 §§ 171A et seq.  (*Mohamed v. Uber Techs., Inc.*, No. 3:14-cv-05200-EMC (N.D. Cal.) ("*Mohamed*"), Dkt. 1, Compl. ¶¶ 66-91.)

WHEREAS, Plaintiff Gillette filed a putative class action complaint against Uber Technologies, Inc. on November 26, 2014, and an amended complaint on December 15, 2014, asserting class claims based on alleged violations of the FCRA and individual claims based on alleged violations of the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786 et seq.  (*Gillette v. Uber Techs., Inc.*, No. 3:14-cv-05241-EMC (N. D. Cal.) ("*Gillette*"), Dkt. 1, 7, Am. Compl. ¶ 1.)  In his complaints, Plaintiff Gillette also sought civil penalties pursuant to California's Private Attorneys General Act, California Labor Code § 2698 *et seq.*, based on alleged violations of the California Labor Code.

WHEREAS, in January and February 2015, Uber Technologies, Inc. and Rasier filed motions to compel arbitration, asserting that Gillette was bound by the arbitration provisions contained within the 2013 Software License & Online Services Agreement and that Mohamed was bound by the arbitration provisions contained within the 2014 Software License & Online Services

1   Agreement.  (*Mohamed*, Dkt. 28; *Gillette*, Dkt. 16.)  Hirease joined in the motion to compel

2   arbitration filed in *Mohamed*, Plaintiffs Gillette and Mohamed filed a consolidated opposition brief,

3   and Uber Technologies, Inc. and Rasier filed a consolidated reply. (*Mohamed*, Dkt. 37, 40; *Gillette*,

4   Dkt. 22, 23.)

5       WHEREAS, on June 9, 2015, the District Court entered an order denying the motions to

6   compel arbitration, along with Hirease's joinder.  (*Mohamed*, Dkt. 70; *Gillette*, Dkt. 48.)

7       WHEREAS, Uber Technologies, Inc. and Rasier appealed the District Court's decision

8   denying the motions to compel arbitration.  (U.S. Court of Appeals for the Ninth Circuit ("Ninth

9   Circuit") Case Nos. 15-16178, 15-16181; *Mohamed*, Dkt. 77; *Gillette*, Dkt. 49.)  Hirease also

10   appealed the District Court's decision denying its joinder in the motion to compel arbitration in

11   *Mohamed*.  (Ninth Circuit Case No. 15-16250.)

12       WHEREAS, on June 19, 2015, Uber Technologies, Inc. and Rasier filed motions in the

13   District Court to stay the *Mohamed* and *Gillette* matters pending resolution of the Enforceability

14   Appeals.  (*Mohamed*, Dkt. 76; *Gillette*, Dkt. 54.)  The District Court denied the motion to stay

15   *Gillette*, and granted in part and denied in part the motion to stay *Mohamed*.  (*Mohamed*, Dkt. 93;

16   *Gillette*, Dkt. 66.)

17       WHEREAS, on June 29, 2015, Plaintiff Nokchan filed a third putative class action

18   captioned *Nokchan v. Uber Techs., Inc.*, N.D. Cal. Case No. 15-cv-03009-EMC ("*Nokchan*"),

19   asserting claims under the FCRA, CCRAA, and ICRAA.

20       WHEREAS, on August 18, 2015, the District Court granted Plaintiff Gillette's motion to file

21   a Second Amended Complaint adding three named plaintiffs, Meghan Christenson, Brandon

22   Farmer, and Shannon Wise.  (*Gillette*, Dkt. 82.)

23       WHEREAS, on September 17 and October 14, 2015, the Ninth Circuit consolidated the

24   Enforceability Appeals.  (Ninth Circuit Case No. 15-16178, Dkts. 21, 26.)

25       WHEREAS, on October 1, 2015, the District Court issued a minute order consolidating

26   *Mohamed*, *Gillette*, and *Nokchan* into a single district court action entitled *In re Uber FCRA*

27   *Litigation*, Case No. 3:14-cv-05200-EMC ("*In re Uber FCRA Litig.*").

28

1    WHEREAS, on October 22, 2015, the District Court appointed the law firms of Ahdoot &

2    Wolfson, P.C. and Goldstein, Borgen, Dardarian & Ho as Interim Co-Lead Class Counsel (*In re*

3    *Uber FCRA Litig.*, Dkt. 111.)  Plaintiffs filed a Master Consolidated Complaint on October 15,

4    2015.  (*In re Uber FCRA  Litig.*, Dkt. 109.)

5    WHEREAS, on December 10, 2015, Uber Technologies, Inc. and Rasier promulgated

6    revised versions of the Licensing Agreement and the Rasier Agreement (the "December 2015

7    Arbitration Agreement") to individuals whom such agreements refer to as "independent

8    transportation providers" who use the Uber application (hereafter "Drivers").[1]

9    WHEREAS, on December 15, 2015, Plaintiffs filed a Motion To Enjoin Uber's

10   Communications with Putative Class Members and Enforcement of Uber's December 2015

11   Arbitration Agreement (the "Rule 23(d) Motion").  (*In re Uber FCRA Litig.*, Dkts. 127-28.)

12   WHEREAS, on December 23, 2015 and January 19, 2016, the Court entered orders granting

13   in part and denying in part Plaintiffs' Rule 23(d) Motion.  (*In re FCRA Litig.*, Dkts. 137, 156

14   (collectively, the "Rule 23(d) Rulings").)

15   WHEREAS, on December 28, 2015, January 8, 2016, and January 20, 2016, the Parties filed

16   notices of cross-appeal regarding the Rule 23(d) Rulings.  (*In re Uber FCRA Litig.*, Dkts. 139, 151,

17   157; Ninth Circuit Case Nos. 15-17533, 16-15035.)

18   WHEREAS, on January 27, 2016, the Ninth Circuit consolidated the Parties' cross-appeals

19   arising out of the Rule 23(d) Rulings (the "Rule 23(d) Appeal").  (Ninth Circuit Case No. 15-16178,

20   Dkt. 59; No. 15-17533, Dkt. 15.)

21   WHEREAS, on April 13, 2016, Plaintiffs filed an Amended Master Consolidated

22   Complaint.  (*In re Uber FCRA  Litig.*, Dkt. 171.)

23

24   ───────────────

25   [1]    The term "Drivers" is used by the Parties herein for convenience.  Uber contends, however,
that because Uber imposes no prohibition against a transportation provider engaging another worker
26   to drive on his or her behalf, it is not necessarily accurate to refer to the transportation provider as a
"Driver" because he or she may not do any driving.  Uber also contends that these independent
27   transportation providers are independent contractors.  Plaintiffs do not agree with and dispute
Uber's contentions but agree that the term "Drivers" is used for convenience herein.

28

3

WHEREAS, the Parties completed their merits briefing in the Rule 23(d) Appeal on April 14, 2016.  (Ninth Circuit Case No. 15-17533, Dkt. 16, 21, 41, 47.)

WHEREAS, on June 1, 2016, the Parties filed the Rule 23(d) Stipulation and Proposed Order, which notified the District Court of this Settlement and, if granted by the District Court, would have vacated the Rule 23(d) Rulings.  (*In re Uber FCRA  Litig.*, Dkt. 175.)

WHEREAS, the Parties completed their merits briefing in the Enforceability Appeals on April 1, 2016 and, on June 16, 2016, the Ninth Circuit heard oral argument on the Enforceability Appeals.  (Ninth Circuit No. 15-16178, Dkt. 27, 45, 61, 76, 82, 110.)

WHEREAS, on June 10, 2016, the District Court entered an order denying the Parties' Joint Stipulation to Vacate Rule 23(d) Orders, stating that the Court was not then "inclined to vacate the Rule 23(d) orders until final approval of the settlement in the instant case or the *O'Connor/Yucesoy* cases have been issued."  (*In re Uber FCRA Litig.,* Dkt. 177.)

WHEREAS, on September 7, 2016, the Ninth Circuit issued its opinion in the Enforceability Appeals and reversed, in relevant part, the District Court's orders denying the motions to compel arbitration.  (Ninth Circuit No. 15-16178, Dkt. 127-1.)

WHEREAS, on September 21, 2016, Plaintiffs filed a Petition for Rehearing *En Banc* with the Ninth Circuit with respect to the Enforceability Appeals, and on November 3, 2016, Uber filed its Response to the Petition for Rehearing En Banc.  (Ninth Circuit No. 15-16178, Dkt. 128, 134.)

WHEREAS, on December 21, 2016, the Ninth Circuit denied Plaintiffs' Petition for Rehearing En Banc;

WHEREAS, on December 29, 2016, the Ninth Circuit issued its mandate with respect to the Enforceability Appeals (Ninth Circuit No. 15-16178, Dkt. 138);

WHEREAS, before entering into this Stipulation of Settlement, Plaintiffs, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto.

WHEREAS, Plaintiffs, by and through their respective counsel, conducted an extensive investigation into the facts and law relating to the matters alleged in their respective Complaints, including (i) the size and composition of the putative class; (ii) the paper-based and electronic recordkeeping systems of Uber Technologies, Inc.; and (iii) how and where the disclosure forms at issue were used.  This investigation included obtaining and reviewing documents and written responses from Uber Technologies, Inc., numerous interviews of witnesses, Drivers, and putative class members, the evaluation of documents and information related to other litigation against Uber Technologies, Inc. and Raiser, as well as extensive factual and legal research as to arbitration issues relating to this Action, and the sufficiency of the claims and appropriateness of class certification.

WHEREAS, this Stipulation of Settlement was reached as a result of extensive arms'-length negotiations between the Parties and their counsel, occurring over the course of a number of months and two separate, in-person mediation sessions with a respected mediator, Mark S. Rudy, Esq. of Rudy, Exelrod, Zieff & Lowe, LLP.  Following each of the mediations, the Parties continued to engage in months-long extensive settlement discussions through the mediator, and amongst each other, until a settlement-in-principle was reached.  Before and during these settlement discussions and mediation sessions, Uber Technologies, Inc. and Raiser provided documents and information to the Plaintiffs.  This arms'-length exchange provided Plaintiffs and their counsel with sufficient information to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

WHEREAS, Plaintiffs, as putative class representatives, believe that the claims settled herein have merit, but they and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions. Plaintiffs, and their counsel, have also taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delay inherent in such litigation, and they believe that the settlement set forth in this Stipulation of Settlement confers substantial benefits upon the Class Members.  Plaintiffs, and their counsel, are also mindful of the inherent challenges of proof and the strength of the defenses to the alleged claims.  Based upon their evaluation, they have determined

that the settlement set forth in this Stipulation of Settlement provides a just, fair, and favorable recovery for the Settlement Class, and is in the best interest of the Class.

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs, and Class Counsel, on behalf of Plaintiffs and the other members of the proposed Class, have agreed to settle the Action pursuant to the provisions of this Stipulation of Settlement, after considering, among other things: (i) the substantial benefits to the Class Members under the terms of this Stipulation of Settlement; (ii) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Stipulation of Settlement promptly in order to provide effective relief to the Settlement Class Members.

WHEREAS, Uber Technologies, Inc. has vigorously denied and continues to dispute all of the claims and contentions alleged in the Actions and the Complaints, and denies any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the putative class. Uber Technologies, Inc. further denies that the arbitration provisions within its Licensing Agreements are unenforceable. Uber Technologies, Inc.  further denies that it acted improperly or wrongfully in any way, and believes that these actions have no merit.  Uber Technologies, Inc. further denies that Plaintiffs' claims would be suitable for class action treatment outside of a class settlement context, if this litigation were to proceed and Plaintiffs were to move for class certification.  Uber Technologies, Inc. desires to settle the Action upon the terms and conditions set forth in this Stipulation of Settlement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation.

WHEREAS, Uber Technologies, Inc. has agreed to class action treatment of the claims alleged in this Action solely for the purpose of compromising and settling those claims on a class basis as set forth herein and for no other purpose.  The Parties understand that, in the event the District Court does not finally approve the proposed Settlement, this Paragraph and any motions filed by either Party to certify a class shall be void *ab initio*.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after the hearings as provided for in this Stipulation of Settlement; and (b) upon such approval by the Court, a Final Order and Final Judgment, substantially in the form attached hereto as Exhibits "A" and "B," respectively, be entered dismissing the Action with prejudice upon the following terms and conditions.

## II.   DEFINITIONS

As used in this Stipulation of Settlement and the attached exhibits, the following terms have the following meanings, unless this Stipulation of Settlement specifically provides otherwise:

1.      "Actions" or "Action" means *In re Uber FCRA  Litig.*, N.D. Cal. Case No. 3:14-cv-05200-EMC (formerly entitled *Mohamed v. Uber Techs., Inc.*), and all actions consolidated therein, including *Gillette v. Uber Techs., Inc.*, N.D. Cal. Case No. 3:14-cv-05241-EMC, and *Nokchan v. Uber Techs., Inc.*, N.D. Cal. Case No. 3:15-cv-03009-EMC.

2.      "Appeals" means and includes both the Enforceability Appeals and Rule 23(d) Appeal.

3.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action and the Settlement.

4.      "Claim Deadline" means the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Settlement Class Member to be entitled to any of the settlement consideration contemplated in this Stipulation of Settlement.

5.      "Claim Form" means the proof of claim and release form(s) substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirement of the Settlement Administrator, pursuant to which Settlement Class Members can recover the benefits available pursuant to this Stipulation of Settlement.

6.      "Claim Period" means the time period from the Notice Date through the Claim Deadline, which is the time period that Settlement Class Members will have to claim the benefits

contemplated by this Stipulation of Settlement by submitting a Claim Form pursuant to the terms and condition herein.  The Claim Period shall run for a period of time ordered by the Court, and last at least one-hundred and twenty (120) days from the date of the Notice Date.

7.   "Class Counsel" means Tina Wolfson, Robert Ahdoot and Theodore W. Maya of Ahdoot & Wolfson, PC and Laura Ho, Andrew P. Lee, and William Jhaveri-Weeks  of Goldstein, Borgen Dardarian & Ho, LLP.

8.   "Class Notice" shall mean the Long Form Notice and Summary Notice provided to the Settlement Class as provided herein and directed by the Court.

9.   "Complaints" shall mean, collectively, (i) the initial Complaint filed by Plaintiff Mohamed on November 24, 2014 (N.D. Cal. Case No. 3:14-cv-05200-EMC, Dkt. No. 1); (ii) the initial, First Amended, and Second Amended Complaints filed by Plaintiff Gillette on November 26, 2014, December 15, 2014, and August 25, 2015, respectively (N.D. Cal. Case No. 3:14-cv-05241-EMC, Dkt. Nos. 1, 14, 86); (iii) the Complaint filed in *Nokchan v. Uber Techs., Inc.*, N.D. Cal. Case No. 3:15-cv-03009-EMC; and (iv) the Master Consolidated Complaint and First Amended Complaint filed by Plaintiffs in *In re Uber FCRA Litigation* on October 10, 2015, and April 13, 2016, respectively (N.D. Cal. Case No. 3:14-cv-05200-EMC, Dkt. Nos. 109, 171).

10.   "Court" means the United States District Court for the Northern District of California and the Judge assigned to the Action (the Honorable Edward M. Chen).

11.   "Defendants" shall mean and include Uber Technologies, Inc., a Delaware Corporation, and Rasier, LLC, a Delaware Limited Liability Company, collectively. Notwithstanding any provision of this Agreement, "Defendants" does not mean or include Hirease, LLC, Hirease, Inc., and Accurate Background, LLC.

12.   "Defense Counsel" means the law firms of Littler Mendelson, P.C. and Gibson, Dunn & Crutcher, LLP.

13.   "Effective Date" means the date on which the Final Order and Final Judgment in the Action become "Final."  As used in this Stipulation of Settlement, "Final" means one (1) business day after all of the following conditions have been satisfied:

(a)     the Final Order and Final Judgment have been entered; and

(b)(i)   if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any and all motions for reconsideration, appeals, petitions, and/or writs; or

(b)(ii)  if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (A) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (B) the date on which any and all motions for reconsideration, appeals, petitions, or writs are dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

14.     "Enforceability Appeals" means the consolidated appeals docketed in the United States Court of Appeals for the Ninth Circuit as Case No. 15-16178 (consolidating Case Nos. 15-16181 and 15-16250 into Case No. 15-16178), pertaining to the enforceability of the parties' arbitration agreements.

15.     "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for Service Awards by the Plaintiffs; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Service Awards.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

16.     "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibits "A" and "B."

17.     "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as Exhibit "E."

18.     "LWDA" means the California Labor and Workforce Development Agency.

19.     "Notice Date" means the first date upon which the Class Notice is disseminated.  The Notice Date will commence no later than eighteen (18) days after the entry of the Preliminary Approval Order.

20.     "PAGA Payment" means the portion of the Settlement Fund, in the amount of seven thousand five hundred dollars ($7,500.00), allocated for the settlement and full release of any and all claims for civil penalties that Settlement Class Members are releasing under the California Private Attorney General Act, Cal. Labor Code § 2698, *et seq*. ("PAGA").  From the PAGA Payment, seventy-five percent (75%), or five thousand six hundred and twenty five dollars ($5,625.00), will be paid to the LWDA as civil penalties, and twenty-five percent (25%), or one thousand eight hundred and seventy five dollars ($1,875.00), will be distributed to Settlement Class Members.

21.     "Parties" means Plaintiffs and Defendants, collectively, as each of those terms is defined in this Stipulation of Settlement.

22.     "Plaintiffs" means Ronald Gillette, Abdul Kadir Mohamed, Shannon Wise, Brandon Farmer, and Meghan Christenson.

23.     "Plaintiffs' General Released Claims" means any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements against the Released Parties (as defined below), including unknown claims covered by California Civil Code section 1542, as quoted below in Paragraph 80, by the Plaintiffs arising during the period from the beginning of the Plaintiffs' first interaction with Uber or the Uber  application to the date on which the Court enters the Preliminary Approval Order, for any type of relief that can be released as a

matter of law, including, without limitation, claims for wages, damages, unpaid costs, penalties (including civil and waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  The Plaintiffs will generally release all known and unknown claims against Uber conditioned upon Court approval of a Service Award for them and waive the application of section 1542 of the California Civil Code by executing the Plaintiffs' General Release Form, which is attached hereto as Exhibit "I," within seven (7) days of the date on which the Court enters the Final Order.  The claims released pursuant to this paragraph and described in the Plaintiffs' General Release Form include but are not limited to the Settlement Class Members' Released Claims, as well as any other claims under any provision of the FLSA, the California Labor Code (including sections 132a, 4553 *et seq.*) or any applicable California Industrial Welfare Commission Wage Orders, Massachusetts General Laws, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code section 12940 *et seq.*; the Unruh Civil Rights Act, California Civil Code section 51 *et seq.*; the California Constitution; the Massachusetts Constitution; the Massachusetts Civil Rights Act; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act of 1967, as amended; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and release of the right to recover any penalties for or on behalf of themselves, any other Potential Settlement Class Members, or the State of California individually or on a representative basis under the California Private Attorney General Act, Cal. Labor Code § 2698, *et seq.*; and all of their implementing regulations and interpretive guidelines.

24.     "Potential Settlement Class Members" means and includes all persons who fall within the definition of the Settlement Class.

25.     "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "D."

26.     "Release" means the release and waiver set forth in Paragraphs 79 to 86 of this

Stipulation of Settlement and in the Final Order and Final Judgment.

27.    "Released Claims" include "Plaintiffs' General Released Claims" and "Settlement Class Members' Released Claims."

28.    "Released Parties"

(a)    "Released Parties" shall include and mean:

(i)    Uber Technologies, Inc. and Rasier, LLC, and each of their past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber Technologies, Inc. (but not including Drivers who use the Uber application); and

(ii)    All of Uber Technologies. Inc.'s and Raiser, LLC's past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, vendors, agents, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns.

(b)    Notwithstanding any provision of this Stipulation of Settlement, "Released Parties" does not include Hirease, Inc., Hirease, LLC, Accurate Background, LLC, nor any of their past, present, and future parents, subsidiaries, affiliated, division, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned and controlled by Hirease, Inc., Hirease, LLC, and / or Accurate Background, LLC (collectively, "Hirease Related Parties"), and the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, vendors, agents, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of Hirease, Inc. and the Hirease Related Parties.

(c)    Notwithstanding any provision of this Stipulation of Settlement, "Released Parties" does not include any credit reporting agency or entity from whom Defendants procured a consumer report or back ground check relating to a Settlement Class Member.

29.    "Releasing Parties" means Plaintiffs and all Settlement Class Members, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners,

successors, and assigns, as well as any other person or entity purporting to claim on their behalf.

30.     "Rule 23(d) Appeal" means, collectively, consolidated Ninth Circuit Case Nos. 15-17533 and 16-15035.

31.     "Rule 23(d) Stipulation" means that stipulation executed by the Parties and entitled "Joint Stipulation and [Proposed] Order Vacating Rule 23(d) Orders Pursuant to Rule 54(b)" filed on June 1, 2016 in *In re Uber FCRA Litigation*. N.D. Cal. Case No. 3:14-cv-05200-EMC, Dkt. 175.

32.     "Service Award" means a sum of money, to be paid exclusively out of the Settlement Fund to each Plaintiff, upon application and subject to the Court's approval, intended to compensate the Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class, and as consideration for a full, general, and comprehensive release of the Plaintiffs' General Released Claims.  The payment of any Service Award to a Plaintiff is contingent upon the Plaintiff's execution of the General Release Form in accordance with Paragraphs 74.

33.     "Settlement" means the settlement embodied in this Stipulation of Settlement, including all attached Exhibits (which are an integral part of this Stipulation of Settlement and are incorporated in their entirety by reference).

34.     "Settlement Administration Expenses" means any and all sums charged, invoiced, or incurred by the Settlement Administrator with respect to this Settlement, including but not limited to (i) the administration of this Settlement; (ii) the costs and expenses that are associated with disseminating the notice to the Settlement Class, including, but not limited to, the Class Notice; and (iii) the costs and expenses that are associated with the administration and processing the Claim Form, the claims of the Settlement Class Claimants, and the claim process set forth in this Agreement.

35.     "Settlement Administration Protocol" means the protocol attached hereto as Exhibit "F."

36.     "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Class Notice.  The Parties agree to

recommend that the Court appoint Angeion Group, LLC as Settlement Administrator to: (a) design, consult on, and implement the Class Notice and related requirements of this Stipulation of Settlement; and (b) implement the Class Notice, the settlement website (www.UberFCRASettlement.com), the submission and review of Claim Forms, and related requirements of this Stipulation of Settlement, subject to the Court's approval.

37.    "Settlement Class" means, collectively, all persons who were subject to a background check and/or consumer report requested by Uber before January 3, 2015.  Excluded from the Settlement Class are (i) all persons who are directors, officers, and agents of Uber or its subsidiaries and affiliated companies or are designated by Uber as employees of Uber or its subsidiaries and affiliated companies; (ii) persons who timely and properly exclude themselves from the Settlement Class as provided in this Settlement Agreement; and (iii) the Court and Court staff.

38.    "Settlement Class Claimants" means and includes Settlement Class Members who submit a valid and timely Claim Form on or before the Claims Deadline pursuant to the terms and conditions of this Stipulation of Settlement.

39.    "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to terms and conditions for exclusion set out in this Stipulation of Settlement, Paragraphs 104 to 112 and the Class Notice.

40.    "Settlement Class Member Information" means and includes all of the following: (i) the first and last name and last-known e-mail address(es) of all Potential Settlement Class Members; (ii) the corresponding physical mailing address for all Potential Settlement Class Members; and (iii) information sufficient to determine whether each Potential Settlement Class Member accepted and did not opt out of an arbitration provision that was the subject of the Enforceability Appeal.[2]

---

[2]    Any opt out submitted by a Potential Settlement Class Member to one or more of the arbitration agreements at issue in the Enforceability Appeal will be considered timely and valid for administrability purposes and for this Definition only.  For all other purposes, including any determinations regarding whether Potential Settlement Class Members are subject to arbitration agreements with Uber requiring the resolution of claims in arbitration, Uber reserves its right to contest any Potential Settlement Class Member's opt out as untimely, invalid, or both.

Defendants shall compile the Settlement Class Member Information based on a good faith inquiry of its records.

41.     "Settlement Class Members' Released Claims" means and includes all manner of action, causes of action, claims, demands, rights, suits, obligations, restitution, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which Plaintiffs and Settlement Class Members have or may have arising out of or relating to any allegations made in the Action, any legal theories that could have been raised based on the allegations in the Action, and all claims of any kind relating in any way to, or arising out of, background checks and/or consumer reports of any kind presented in the Action based on the facts alleged in the Complaint, including but not limited to claims under the Fair Credit Reporting Act ("FCRA"), California Consumer Reporting Agencies Act, California Investigative Consumer Reporting Agencies Act, California Private Attorney General Act claims pursuant to Cal. Labor Code § 2699, based on alleged violations of California Labor Code §1024.5, California Business and Professions Code section 17200, and Massachusetts CORI related claims.  "Settlement Class Members' Released Claims" includes claims for actual, statutory, liquidated, punitive or any other form of damages, as well as for attorneys' fees and costs.  "Settlement Class Members' Released Claims" shall be construed as broadly as possible to affect complete finality over this Action. Settlement Class Members' Released Claims do not include, and Settlement Class Members are not releasing, any PAGA claims that are not based on background checks and/or consumer reports.

42.     "Settlement Fund" means Seven Million Five Hundred Thousand Dollars and No Cents ($7,500,000.00) that Defendants will pay, pursuant to the terms and conditions of this Stipulation of Settlement, as part of the consideration for the release of all claims as provided in this Stipulation of Settlement.

43.     "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) the Service Awards, (b) the Attorneys' Fees and Expenses; and (c) the PAGA Payment.

44.    "Settlement Share" means the amount of each Settlement Class Member's share of the Settlement Fund Balance pursuant to the terms and condition of this Stipulation of Settlement.

45.    "Stipulation of Settlement" means this Stipulation of Settlement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

46.    "Summary Notice" means the summary notice of this proposed class action Settlement, substantially in the form attached hereto as Exhibit "G."

47.    "Uber" means collectively (i) Uber Technologies, Inc. and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber (but not including Drivers who use the Uber application), (ii) Rasier, LLC, a Delaware Limited Liability Company, and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Uber (but not including Drivers who use the Uber application), and (iii) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities in Part (i) and Part (ii) of this definition.

## III.    SUBMISSION OF THE SETTLEMENT TO THE COURT
## FOR REVIEW AND APPROVAL

48.    As soon as is practicable following the signing of this Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "D"), for the purpose of, among other things:

(a)    Approving the Class Notice, substantially in the form set forth at Exhibits "E" and "G";

(b)    Finding that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiffs as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class, and preliminarily approving the Settlement as

being within the range of reasonableness such that the Class Notice should be provided pursuant to this Stipulation of Settlement;

(c)     Scheduling the Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Final Judgment should be entered dismissing the Action with prejudice;

(d)     Determining that the notice of the Settlement and of the Fairness Hearing, as set forth in this Stipulation of Settlement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

(e)     Preliminarily approving the form of the Final Order and Final Judgment;

(f)     Appointing the Settlement Administrator;

(g)     Directing that Class Notice shall be given to the Settlement Class as provided in Paragraphs 66 to 73 of this Stipulation of Settlement;

(h)     Providing that Settlement Class Members will have until the Claim Deadline to submit Claim Forms;

(i)     Providing that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Stipulation of Settlement, Class Counsel's application for attorneys' fees and expenses and/or Service Awards, and/or the entry of the Final Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector submits to the Court a written objection, and otherwise complies with the requirements of this Stipulation of Settlement;

(j)     Establishing dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and in response to any valid and timely objections;

(k)     Providing that all Settlement Class Members will be bound by the Final Order and Final Judgment dismissing the Action with prejudice, unless such Class Members timely file valid written requests for exclusion or opt out in accordance with this Stipulation of Settlement and the Class Notice;

(l)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

(m)     Providing a procedure for Settlement Class Members to request exclusion or opt out from the Settlement;

(n)     Directing the Parties, pursuant to the terms and conditions of this Stipulation of Settlement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement; and

(o)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation of Settlement and the Preliminary Approval Order.

49.     Following the entry of the Preliminary Approval Order, Class Notice shall be disseminated in the manner directed and approved by the Court.

50.     At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the form substantially similar to Exhibits "A" and "B," respectively.  The Final Order and Final Judgment shall, among other things:

(a)     Find that the Court has personal jurisdiction over all Settlement Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b)     Finally approve this Stipulation of Settlement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c)     Certify the Settlement Class for purposes of settlement only;

(d)     Find that the notice to the Settlement Class complied with all laws, including,

but not limited to, Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution;

(e)     Incorporate the Release set forth in this Stipulation of Settlement and make the Release effective as of the date of the Final Order and Final Judgment;

(f)     Incorporate the release set forth in each Plaintiff's Plaintiffs' General Release Form, attached here to as Exhibit "I," and make the release(s) contained therein, as to each respective Plaintiff, effective as of the date of the Final Order and Final Judgment provided that each such Plaintiff is awarded a Service Award in an amount equal to or greater than one (1) cent;

(g)     Issue the injunctive relief described in Paragraphs 54 to 55 of this Stipulation of Settlement;

(h)     Subject to the terms and conditions of this Stipulation of Settlement, enter the Joint Stipulation and Consent Order attached hereto as Exhibit "J";

(i)     Authorize the Parties to implement the terms of the Settlement;

(j)     Dismiss the Action with prejudice, including with respect to any PAGA claims asserted in the Action but nonetheless excluded from the definition of Settlement Class Members' Released Claims; and

(k)     Retain jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Stipulation of Settlement, the Final Order, Final Judgment, any final order approving Attorneys' Fees and Expenses and Service Awards, and for any other necessary purpose.

51.     Based upon the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," the Parties agree that the notice plan contemplated by this Stipulation of Settlement is valid and effective, that if effectuated, it would provide reasonable notice to the Settlement Class, and that it represents the best practicable notice under the circumstances.

1

## IV.   THE SETTLEMENT CONSIDERATION

2

### A.   Monetary Consideration

3        52.      In consideration for the Release contained in this Stipulation of Settlement, and

4   without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing

5   the costs inherent in any litigation, Defendants, jointly and severally, will pay the total sum of the

6   (i) Settlement Fund (*i.e.*, Seven Million Five Hundred Thousand Dollars and No Cents

7   ($7,500,000.00)), and (ii) Settlement Administration Expenses subject to Paragraph 64, for the

8   benefit of the Settlement Class and, with respect to the PAGA Payment, for the benefit of the State

9   of California, pursuant to the terms of this Stipulation of Settlement.  The Parties agree that the

10   Settlement Fund, and Defendants' payment of the Settlement Fund and the Settlement

11   Administration Expenses, is the full extent of Defendants' cash payment obligation under this

12   Stipulation of Settlement.

13        53.      Defendants' joint and several payment obligation of the Settlement Fund and

14   Settlement Administration Expenses shall be subject to a Preliminary Approval order and the Final

15   Order and Final Judgment in the Action becoming "Final,"  and proceed as follows:

16              (a)      Settlement Administration Expenses:  Subject to Paragraph 64 herein,

17   Defendants shall pay the Settlement Administration Expenses directly to the Settlement

18   Administrator as such costs and expenses are invoiced.  The Settlement Administrator shall provide

19   a copy of all invoices and charges to Class Counsel when transmitting same to Defendants.

20              (b)      Settlement Fund:  No later than seven (7) days after the Effective Date,

21   Defendants shall pay an amount equal to the Settlement Fund into an escrow bank account (the

22   "Escrow Account"), to be created and administered by the Settlement Administrator pursuant to the

23   terms of this Stipulation of Settlement.  The Escrow Account shall be held in a Qualified Settlement

24   Fund (defined below) in interest bearing bank account deposits with commercial banks with excess

25   capital exceeding One Hundred Million Dollars ($100,000,000.00), with a rating of "A" or higher

26   by S&P and insured by the FDIC.  All funds in the Escrow Account shall be deemed to be in the

27   custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the

28

1   funds shall be distributed or returned to the persons paying the same pursuant to this Settlement

2   and/or further order of the Court.  Interest earned on money in the Escrow Account, less any taxes

3   owed thereon (if any), will be added to the Settlement Fund for the benefit of the Class.

4           (c)     The Parties hereto agree that the Settlement Fund is intended to be a

5   "qualified settlement fund" ("Qualified Settlement Fund") within the meaning of Treasury

6   Regulation § 1.468B-1 and that the Settlement Administrator, within the meaning of Treasury

7   Regulation § 1.468B-2(k)(3), shall be responsible for filing any required tax returns for and paying

8   from the Settlement Fund any taxes owed with respect to the Settlement Fund.  The Parties hereto

9   agree that the Settlement Fund shall be treated as a "qualified settlement fund" from the earliest date

10  possible, and agree to any relation-back election required to treat the Settlement Fund as a

11  "qualified settlement fund" from the earliest date possible.  Defense Counsel agree to provide

12  promptly to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-

13  3(e).  Any and all taxes shall be paid out of the Settlement Fund, shall be paid out of the interest

14  earned on the Settlement Fund, be considered to be a cost of administration of the Settlement, and

15  be timely paid by the Settlement Administrator without prior order of the Court, and under no

16  circumstance shall Uber have any liability related thereto.

17  **B.**    **Injunctive Relief**

18      54.    In consideration for the Release contained in this Stipulation of Settlement, and

19  without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing

20  the costs inherent in any litigation, within thirty (30) days after execution of this Stipulation of

21  Settlement, Uber will implement the following changes and the Parties agree to the following

22  stipulated injunctive relief:  Uber agrees not to deliberately return to the form of background check

23  disclosure that had been provided to the Plaintiffs in or before 2014.

24      55.    In recognition of the fact that the business and regulatory landscape may

25  significantly change over time, the Parties agree that this term shall expire upon the earliest of the

26  following two dates: (a) one (1) year after entry of a non-appealable order granting final approval of

27  the settlement in this Action; or (b) the date upon which there are changes to any applicable statute,

28

regulation, or other law that Uber reasonably believes would require a modification to this term to

comply with the applicable statute, regulation, or law.  Before any person or entity may initiate any

court proceeding alleging that Uber has breached the injunctive relief set forth above, that person or

entity must serve written notice on Defense Counsel (with copy to Class Counsel) stating with

specificity the basis for this allegation.  Uber will then have thirty (30) days from receipt of notice

to cure any alleged breach.  No person or entity may initiate any court proceeding alleging that Uber

has breached the injunctive relief set forth above until this thirty (30) day period has expired.  If

Uber cures the alleged breach within thirty (30) days, then Uber shall not be deemed to have

breached the injunctive relief set forth above.

**C.      Joint Stipulation and Consent Order**

56.     In their motion requesting preliminary settlement approval of this Settlement,

Plaintiffs shall request that the Court enter the Joint Stipulation and Consent Order attached hereto

as "Exhibit J."  Plaintiffs have agreed to entry of this Joint Stipulation and Consent Order based on

confirmatory discovery that Defendants provided to Plaintiffs concerning Defendants':

(i) disclosures to prospective and existing Drivers regarding the fact that Defendants conduct

background checks on prospective and existing Drivers, and (ii) "pre-adverse action"  policies and

procedures.

## V.      DISTRIBUTION OF THE SETTLEMENT FUND

57.     Subject to the terms and conditions of this Stipulation of Settlement, the Settlement

Fund shall be used for the payment of: (a) the Settlement Share to Class Members; (b) the

distribution of the Residual Funds (the term "Residual Funds" is defined below), if any, pursuant to

this Stipulation of Settlement; (c) the Service Award to the Plaintiffs as approved by the Court; (d)

the Attorneys' Fees and Expenses to Class Counsel as approved by the Court; and (e) 75% of the

PAGA Payment to the LWDA.  Payment of the Settlement Share to Class Members under

subsection (a) of this paragraph shall be in accordance with the terms of this Settlement (*e.g.*

Paragraphs 57 to 65) and the Settlement Administration Protocol attached hereto as Exhibit "F."

58.     All Settlement Class Members are eligible for relief from the Settlement Fund.  The Settlement Fund Balance shall be allocated as Settlement Shares to each Settlement Class Member in accordance with Paragraphs 59 to 65 herein.

59.     Within fifteen (15) days after the Effective Date, the Settlement Administrator shall calculate the Settlement Fund Balance by deducting the following from the Settlement Fund: (i) the Service Award to Plaintiffs as awarded by the Court; (ii) the Attorneys' Fees and Expenses approved by the Court; and (3) the portion of the PAGA Payment allocated to the LWDA.

60.     The Settlement Administrator shall calculate the total number of Class Members, by subtracting the number of persons who submitted a timely, valid opt-out request pursuant to Paragraphs 107 to 110 herein, from the total number of Potential Settlement Class Members.

61.     The Settlement Administrator shall calculate the total Settlement Administration Expenses as the sum of the following: (i) the Settlement Administration Expenses incurred by the Settlement Administrator as of the Effective Date; and (ii) the future Settlement Administration Expenses estimated to be incurred by the Settlement Administrator related to this Settlement.

**A.     Distribution of the Settlement Fund to Class Members**

62.     Settlement Class Members shall be eligible for relief by receiving a Settlement Share paid out of the Settlement Fund Balance pursuant to the terms and conditions and in the amounts set forth in Appendix "A" attached hereto and incorporated herein by this reference, provided that Settlement Class Members complete and timely submit the Claim Form, which shall be included with the Long Form Notice and also available on the Internet website described in this Stipulation of Settlement (wwUberFCRASettlement.com), to the Settlement Administrator, prior to the Claims Deadline, subject to the terms and conditions of this Stipulation of Settlement and the Settlement Administration Protocol attached hereto as Exhibit "F."  The Settlement Administrator shall pay the Settlement Share to Settlement Class Claimants, out of the Escrow Account, within forty-five (45) days following the Effective Date or the expiration of the Claim Period, whichever is later.  The Settlement Administrator shall mail the Settlement Claimants a check, in the amount of the Settlement Share, to the mailing address provided in their respective Claim Form or, if a complete

mailing address is not provided in their Claim Form, to the mailing address included in the

Settlement Class Member Information as updated.  However, Settlement Class Claimants shall be

given the option— on the Claim Form — to receive their payment by: (i) mailed check; (ii) PayPal

or (ii) digital deposit.  The default, if no option is selected, will be that the Settlement Class

Claimants will receive their payment by mailed check, and the failure to make a selection as to the

form of receiving the cash payment shall not invalidate a Claim Form.

(a)    For Settlement Class Claimants who elect to receive their payment by mailed

check or who make no election regarding the form of the payment of the their Settlement Share,

within forty-five (45) days following the Effective Date or the end of the Claim Period (whichever

is later), the Settlement Administrator shall mail them a check, in the amount of the Settlement

Share, from the Settlement Fund, and drawn from the Escrow Account, to the mailing address

provided in their Claim Form or, if a complete mailing address is not provided in their Claim Form,

to the mailing address included for them in the Settlement Class Member Information as updated.

(b)    For Settlement Class Claimants who elect to receive their payment by direct

credit to a digital deposit account or to their PayPal account, within forty-five (45) days following

the Effective Date, the Settlement Administrator shall cause the digital deposit account or PayPal

account provided by the Class Member to be credited in their respective Settlement Share, paid

from the Escrow Account.  To the extent the Settlement Administrator is unable to successfully

effect a digital deposit or PayPal payment to the  account provided by the Settlement Class Member,

the Settlement Administrator shall promptly cancel the relevant crediting and mail that Settlement

Class Member a check, in the amount of the respective Settlement Share and drawn from the

Escrow Account, to the mailing address provided in their Claim Form or, if a complete mailing

address is not provided in their Claim Form, to the mailing address included for them in the

Settlement Class Member Information (if any) as updated.

63.    Mailed payment checks to Settlement Class Members, pursuant to the terms herein,

shall be valid for ninety (90) days.  To the extent any payment checks are returned with forwarding

address information, the Settlement Administrator shall re-mail a check to the new address

indicated.  To the extent any payment checks are returned undeliverable without forwarding address information, the Settlement Administrator shall make reasonable efforts to promptly identify an updated address and promptly re-mail a check to the extent an updated address is identified. Upon request by a Settlement Class Member made at least ten (10) days prior to expiration of the initial, un-negotiated check and as appropriate, the Settlement Administrator shall re-issue and re-mail un-negotiated payment checks.  The expiration date for any re-issued checks shall be later of: (a) the expiration date of the initial, un-negotiated check; or (b) thirty (30) days after issuance of the re-issued check.

**B.      Distribution of the Residual**

64.      In the event the entire amount of the Settlement Fund Balance is not paid to Settlement Class Members, including, but not limited to, any funds remaining of the Settlement Fund Balance in the Escrow Account after all payments described in this Stipulation of Settlement have been paid (the "Residual Funds"), the Settlement Administrator shall distribute the Residual Funds as follows:

(a)      First, to the Settlement Administrator in amount up to any unpaid Settlement Administration Expenses;

(b)      Second, to Defendants up to the total amount of the Settlement Administration Expenses actually paid by Defendants;

(c)      Third, any amount of the Residual Funds that is in excess of the total amount of the Settlement Administration Expenses, shall be paid to the following non-profit organization (subject to the Court's approval): Legal Services for Prisoners with Children.

65.      The Residual Funds in excess of the Settlement Administration Expenses will not be paid or returned to Defendants.

**VI.      NOTICE OF THE SETTLEMENT**

66.      Uber shall comply with 28 U.S.C. §1715 ("CAFA").  No later than ten (10) days after this Agreement is filed with the Court, Uber shall mail or cause the items specified in 28 U.S.C. §1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. §1715(a).

All notification duties imposed by 28 U.S.C. §1715, including the corresponding expenses, shall be separate and in addition to any other obligation imposed herein.  Any and all cost or expense related to, either directly or indirectly, Uber's compliance with CAFA shall be paid separately by Uber, jointly and severally, in addition to the Settlement Fund and shall not be deducted from the Settlement Fund.

67.     Simultaneously with the filing of this Settlement with the Motion for Preliminary Approval, Plaintiffs will provide a copy of the Settlement to the California Labor and Workforce Development Agency pursuant to Labor Code section 2699(l)(2).

68.     Notice of the Settlement to the Settlement Class Members shall comply with Federal Rules of Civil Procedure and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.

69.     The Parties shall jointly recommend and retain Angeion Group, LLC to be the Settlement Administrator.  Following the Court's preliminary approval of this Stipulation of Settlement and the Court's appointment of the proposed Settlement Administrator, the Settlement Administrator shall disseminate the Class Notice as provided for herein and in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," as specified in the Preliminary Approval Order and in this Stipulation of Settlement, and in order to comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

70.     <u>Dissemination of the Class Notice</u>:

(a)     *Settlement Class Member Information*: Within 14 days of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with the Settlement Class Member Information.  All Settlement Class Member Information shall be protected as confidential and will not be disclosed to anyone, except to Class Counsel, except as required by applicable tax authorities, pursuant to the express written consent of an authorized representative of Uber, or by order of the District Court.  The Settlement Class Member Information shall be used only for the purpose of administering this Settlement.

(i)     Defendants represent and warrant that the precise number of Potential Settlement Class Members is REDACTED  REDACTED  REDACTED persons.

(ii)    Defendants represent and warrant that for purposes of this Settlement and for determining subpart (iii) of the Settlement Class Member Information defined in Paragraph 40 herein, the precise number of Potential Settlement Class Members who accepted and did not opt out of an arbitration provision that was the subject of the Enforceability Appeal is REDACTED REDACTED  REDACTED  REDACTED persons (collectively, the "ADR Group").

(iii)   Defendants represent and warrant that for purposes of this Settlement and for determining subpart (iii) of the Settlement Class Member Information defined in Paragraph 40 herein, the precise number of Potential Settlement Class Members who (a) did not accept an arbitration provision that was the subject of the Enforceability Appeal; or (b) accepted and opted out of an arbitration provision that was the subject of the Enforceability Appeal REDACTED REDACTED  REDACTED persons (collectively, the "Court Group").

(iv)    Defendants represent and warrant that they are in possession of the names, last known e-mail address, and last known physical mailing address of all Potential Settlement Class Members.

(v)     Defendants represent and warrant that they predominatly communicate with Settlement Class Member eletronically, including via e-mail.  For instance, the Settlement Class Members would have communicated with Uber via e-mail, text message, website submission and/or Uber applicationactivity, and signed up for the Uber applicationusing electronic means.

(vi)    Defendants represent and warrant that they will provide the Settlement Administrator with the most current Settlement Class Member Information in their records for all Settlement Class Members.

1        (vii)     Defendants represent and warrant that they do not have the payment

2   account information of all Settlement Class Members (this is particularly the case, though not

3   exclusively, where the Settlement Class Members were never provided access to the Uber

4   application), and, for Settlement Class Members for whom Uber does have payment account

5   information, it would be impossible to know whether the information is still current or the preferred

6   method of receiving payment, particularly where the Settlement Class Members who no longer have

7   a relationship with Uber.

8        (b)     *Internet Website*:  Prior to the dissemination of the Class Notice, the

9   Settlement Administrator shall establish an Internet website, www.UberFCRASettlement.com, that

10  will inform Settlement Class Members of the terms of this Stipulation of Settlement, their rights,

11  dates and deadlines and related information.  The website shall include, in .pdf format, the

12  following: (i) the Long Form Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv)

13  this Stipulation of Settlement (including all of its Exhibits), (v) the most recent Consolidated Class

14  Action Complaint filed in the Action; and (vi) any other materials agreed upon by the Parties and/or

15  required by the Court.  The Internet website shall provide Settlement Class Members with the

16  ability to submit a Claim Form electronically.  The Internet website shall also make the Claim Form

17  available for download.

18       (c)     *Toll Free Telephone Number and Electronic mail (E-mail)*: Prior to the

19  dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone

20  number, through which Settlement Class Members may obtain information about the Action, submit

21  inquiries regarding the Settlement, and the Settlement and request a mailed copy of the Long Form

22  Notice and/or the Claim Form, pursuant to the terms and conditions of this Stipulation of

23  Settlement.  In addition, prior to the dissemination of the Class Notice, the Settlement Administrator

24  shall establish an e-mail address for Settlement Class Members to submit inquiries regarding the

25  Settlement.

26       (d)     *Direct Notice to Settlement Class Members*: Within eighteen (18) days after

27  the entry of the Preliminary Approval Order and to be substantially completed not later than forty-

28

five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Stipulation of Settlement and the Preliminary Approval Order, the Parties will coordinate with the Settlement Administrator to provide direct notice to all Settlement Class Members as described in the Declaration of the Settlement Administrator attached hereto as Exhibit "H."

71.     The Long Form Notice: The Long Form Notice shall be in a form substantially similar to the document attached to this Stipulation of Settlement as Exhibit "E" and shall comport to the following:

(a)     General Terms: The Long Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Settlement Class, the identity of Settlement Class Members, how the proposed Settlement would provide relief to Settlement Class Members, what claims are released under the proposed Settlement, and other relevant information.

(b)     Opt-Out Rights: The Long Form Notice shall inform Settlement Class Members that they have the right to opt out of the Settlement.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

(c)     Objection to Settlement: The Long Form Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and appear at the Fairness Hearing.  The Class Notice shall provide the deadlines and procedures for exercising these rights.

(d)     Fees and Expenses: The Long Form Notice shall inform Settlement Class Members that fees and expenses related to the Settlement Administrator will be deducted from the Settlement Fund, the maximum amounts to be sought by Class Counsel as Attorneys' Fees and Expenses and individual Service Awards to Plaintiffs, and shall explain that the fees and expenses awarded to Class Counsel (if any), and Service Awards to Plaintiffs (if any), in addition to amounts being made available for relief to Class Members, will be deducted from the Settlement Fund and be paid out of the Settlement Fund.

(e)     Claim Form: The Long Form Notice shall include the Claim Form, both of which shall inform the Settlement Class Member: (i) that he or she can elect to receive the

Settlement Share by submitting the Claim Form to the Settlement Administrator (either through the Settlement Website, E-mail or U.S. Mail); (ii) that in order to receive the Settlement Share, the Settlement Class Member must fully complete and timely submit the Claim Form prior to the Claim Deadline; and (iii) the information necessary to process a payment via Pay Pal or digital deposit.

72.     The Summary Notice: The Settlement Administrator shall E-mail and publish the Summary Notice pursuant to this Stipulation of Settlement, the Preliminary Approval Order, and as described in the Declaration of the Settlement Administrator, attached hereto as Exhibit "H," and in such other method and manner as shall be agreed upon by the Parties.  The form of Summary Notice agreed upon by the Parties is in the form substantially similar to the one attached hereto as Exhibit "G."

73.     Reminder Notice: In consultation with Class Counsel, and prior to the Claim Deadline, the Settlement Administrator shall transmit one or more E-mail reminders to Settlement Class Members who have not submitted a Claim Form.

## VII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS

74.     In recognition of the time and effort the Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as class representatives, the benefits conferred on all Settlement Class Members by the Settlement, and the execution of the Plaintiffs General Release Form attached here to as Exhibit "I," Class Counsel may ask the Court for the payment of a Service Award  from the Settlement Fund to each of the Plaintiffs.  The Service Award payments as awarded by the Court (if any) shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account within ten (10) days after the Effective Date or within three (3) business days after the Court has entered an order awarding any Service Award to the Plaintiffs, whichever is later.  Plaintiffs acknowledge and understand that they may receive no Service Awards, and their agreement to the Settlement is not conditioned on the possibility of receiving Service Awards.  However, the validity of each the Plaintiffs' General Release set forth in the General Release Form (attached hereto as Exhibit "I") is conditioned upon the Court's approval

of a Service Award to that Plaintiff in an amount equal to or greater than one (1) cent.  If the Court does not grant a Service Award to a Plaintiff, and that Plaintiff is entitled only to the amounts they claim as Settlement Class Members, then that Plaintiff will not be bound by the Plaintiffs' General Release Form, and the General Release Form, as to that Plaintiff, shall be without force and effect, and none of its terms shall be effective or enforceable.

75.     Class Counsel will make an application to the Court for an award of reasonable Attorneys' Fees and Expenses in the Action incurred up to the submission of the application to the Court prior to the Fairness Hearing.  The amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Uber be obligated to pay any amount in excess of the Settlement Fund.  Uber agrees to pay the amount of attorneys' fees and costs (if any) determined by the Court.

76.     Any Attorneys' Fees and Expenses awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account.  Such payment will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover from Uber.  This amount shall be inclusive of all fees and costs of Class Counsel to be paid by Uber and/or the Settlement Fund in the Action.  Plaintiffs and Class Counsel agree that Uber shall not pay, or be obligated to pay, in excess of any award of Attorneys' Fees and Expenses ordered by the Court, and that in no event shall Uber be obligated to pay any amount in excess of the Settlement Fund.

77.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date or within three (3) business days after the Court has entered an order awarding any Attorneys' Fees and Expenses, whichever is later. Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses amongst Class Counsel and any other attorneys for Plaintiffs.  Uber shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded, and, in the event that any dispute arises relating to the allocation of the Attorneys' Fee and Expenses in this Action, Class Counsel agree to indemnify and hold Uber harmless from any and all such liabilities,

costs, and expenses of such dispute.

78.    The procedure for and the allowance or disallowance by the Court of any application for reasonable attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Stipulation of Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Stipulation of Settlement.  Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for reasonable attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Stipulation of Settlement or otherwise affect or delay the finality of the Final Order and Final Judgment or the Settlement.

## VIII.   RELEASES AND DISMISSAL OF ACTION

79.    ***Release from Plaintiffs and Settlement Class Members to Uber***.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

80.    Settlement Class Members (with respect to the Released Claims) and Plaintiffs (with respect to the Plaintiffs' General Released Claims) expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule under Massachusetts law or the laws of any other state.  Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

81.    Plaintiffs fully understand that the facts in existence at the time this Stipulation of Settlement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Plaintiffs to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Stipulation of Settlement remains effective despite any

difference in facts.  In connection with such waiver and relinquishment, Plaintiffs hereby

acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts

in addition to or different from those that they now know or believe exist with respect to the

Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release

all of the Released Claims known or unknown, suspected or unsuspected, that they have against the

Released Parties.  In furtherance of such intention, the Release herein given by Plaintiffs and the

Settlement Class Members to the Released Parties shall be and remain in effect as a full and

complete general release notwithstanding the discovery or existence of any such additional different

claims or facts.  Plaintiffs expressly acknowledge that they have been advised by Class Counsel of

the contents and effect of Section 1542, and with knowledge, each of them hereby expressly waive

whatever benefits they may have had pursuant to such section.  Further, Plaintiffs and the

Settlement Class Members agree that this waiver is an essential and material term of this release and

the Stipulation of Settlement that underlies it and that without such waiver Uber would not have

accepted or agreed to the Stipulation of Settlement.  Notwithstanding any provision of this

paragraph, Plaintiffs and Settlement Class Members are not releasing any (i) PAGA claims other

than those specifically described herein; or (ii) any action, causes of action, claims, demands, rights,

suits, obligations, restitution, debts, contracts, agreements, promises, liabilities, damages, charges,

penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or

unknown, in law or equity, fixed or contingent against Hirease, Inc., Hirease, LLC, Accurate

Background, LLC, the Hirease Related Parties and the past, present, and future shareholders,

officers, directors, members, agents, employees, independent contractors, vendors, agents,

consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors,

successors, and assigns of Hirease, Inc., Hirease, LLC, Accurate Background, LLC and the Hirease

Related Parties; and (iii) any action, causes of action, claims, demands, rights, suits, obligations,

restitution, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses,

costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity,

fixed or contingent against any credit reporting agency or entity from whom Uber's procured a

consumer report or back ground check relating to a Class Member.

82.     Plaintiffs and Settlement Class Members waive any right to pursue the Released Claims on a class or mass action basis against Uber of any kind whatsoever.  Plaintiffs and Settlement Class Members reserve and do not waive any and all rights, including those to class, collective or mass actions, actions of any nature (including class, collective, or mass actions), causes of action, claims, demands, rights, suits, obligations, restitution, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent that may exist against any person or entity that is not one of the Release Parties, including Hirease, Inc., Hirease, LLC, Accurate Background, LLC, the Hirease Related Parties, and any credit reporting agency or entity from whom Uber's procured a consumer report or back ground check relating to a Class Member.

83.     Settlement Class Members who opt out of the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

84.     The Court shall enter an order retaining jurisdiction over the Parties to this Stipulation of Settlement with respect to the enforcement and future performance of the terms of this Stipulation of Settlement.  In the event that any applications for relief are made, such applications shall be made to the Court.

85.     Upon the Effective Date: (a) this Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

86.     Notwithstanding anything to the contrary in this Stipulation of Settlement, nothing in this Stipulation of Settlement shall release any claims that Uber or any of the Released Parties have against their insurers, including, without limitation, under any policy issued to, or on behalf of, or for the benefit of, Uber or any of the Released Parties.

## IX.   ADMINISTRATION OF THE SETTLEMENT

87.   Because the names of Settlement Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing opt out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Uber and Class Counsel and will ensure that any information provided to it by Settlement Class Members will be secure and used solely for the purpose of effecting this Settlement.

88.   In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Settlement Class, including implementing the notice program set forth in the Declaration of the Settlement Administrator attached as Exhibit "H."  In particular, the Settlement Administrator shall be responsible for:  (a) arranging for the dissemination of the Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement; (b) designing and implementing notice to the Settlement Class by various means as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and pursuant to the requirements of this Stipulation of Settlement.

89.   The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "H" and implementing the terms of the claim process and related administrative activities that include communications with Settlement Class Members concerning the Settlement, the claim process, and their options thereunder.  In particular, the Settlement Administrator shall be responsible for:  (a) printing, e-mailing, mailing or otherwise arranging for the mailing of the Class Notice in response to Settlement Class Members' requests;  (b) making any

mailings required under the terms of this Stipulation of Settlement;  (c) establishing a settlement website (www.UberFCRASettlement.com) that contains the Claim Form;  (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Settlement Class Members may refer for information about the Action and the Settlement; (e) receiving and maintaining any Settlement Class Member correspondence regarding requests for exclusion to the Settlement;  (f) forwarding inquiries from Settlement Class Members to Class Counsel for a response, if warranted;  (g) establishing an e-mail address and  post office box for the receipt of Claim Forms, exclusion requests, and any correspondence;  (h) reviewing Claim Forms according to the review protocols agreed to by the Parties and set forth in this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F"; and (i) otherwise implementing and/or assisting with the Claim Form review process and the payment of Settlement Shares to Settlement Class Members.

90.    The Settlement Administrator shall administer the Settlement in accordance with the terms of this Stipulation of Settlement (including, but not limited to, the Settlement Administration Protocol attached as Exhibit "F") and, without limiting the foregoing, shall:

(a)    Treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Stipulation of Settlement or by court order;

(b)    Receive requests for exclusion or opt out requests from Settlement Class Members and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If the Settlement Administrator receives any requests for exclusion or opt out request after the deadline for the submission of such requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

(c)    Receive and maintain all correspondence from any Settlement Class Member regarding the Settlement.

91.     Each Settlement Class Member may submit a Claim Form.  Settlement Class Members must follow and abide by the instructions set forth in the Claim Form.  When requested in the Claim Form, the Claim shall include an attestation, substantially in the following form: "I declare under penalty of perjury of the laws of the United States that the information provided above is true and accurate."  Claim Forms will be: (a) included on the settlement website (www.UberFCRASettlement.com) to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

92.     Claim Forms that do not meet the requirements set forth in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons (including those set forth in the Settlement Administration Protocol, attached hereto as Exhibit "F"), the following:

(a)     Failure to fully complete and/or sign the Claim Form;

(b)     Illegible Claim Form;

(c)     The person submitting the Claim Form is not a Settlement Class Member;

(d)     The Claim Form is fraudulent;

(e)     The Claim Form is duplicative of another Claim Form;

(f)     The person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted;

(g)     Failure to submit a Claim Form by the Claim Deadline; and/or

(h)     The Claim Form otherwise does not meet the requirements of this Stipulation of Settlement.

93.     The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Stipulation of Settlement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine (in accordance with this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F") the extent, if any, to which the claim shall be allowed.

94.      Claim Forms that do not meet the terms and conditions of this Stipulation of Settlement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall have ten (10) days from the Claim Deadline to exercise the right of rejection. The Settlement Administrator shall notify the Settlement Class Member using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Settlement Class Members.  If any Settlement Class Member whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the Settlement Class Member must, within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the  grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the Claim Form.  If Class Counsel and Defense Counsel cannot agree on a resolution of the Settlement Class Member's notice contesting the rejection, the disputed Claim Form shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

95.      No person shall have any claim against Uber, Defense Counsel, Plaintiffs, Class Counsel, the Settlement Class, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Stipulation of Settlement. This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Stipulation of Settlement.

96.      A Claim Form may be submitted via U.S. Mail or E-mail to the Settlement Administrator or electronically at the settlement website (www.UberFCRASettlement.com) to be designed and administered by the Settlement Administrator.  The Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator, or by the USPS post mark date, whichever is earlier.

97.      Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon

reasonable notice.

98.     Any Settlement Class Member who, in accordance with the terms and conditions of this Stipulation of Settlement, does not seek exclusion from the Settlement Class will be bound together with all Settlement Class Members by all of the terms of this Stipulation of Settlement, including the terms of the Final Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the Released Claims.

99.     Not later than fourteen (14) days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a document: (a) containing a list of those persons who have opted out or excluded themselves from the Settlement; (b) stating the total number of Settlement Class Members, and (c) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator to date.

100.    The Settlement Administrator may retain one or more persons to assist in the completion of its responsibilities.

101.    If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Stipulation of Settlement, except for the costs and expenses of the Settlement Administrator, which shall be paid out of the Escrow Account, and for which Plaintiffs and/or Class Counsel are not responsible.  In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Uber, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  No party shall unreasonably withhold consent to remove the Settlement Administrator. The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

102.     The Settlement Administrator shall coordinate with Defense Counsel to provide notice as required by 28 U.S.C. § 1715, and all costs associated thereto shall be paid by Uber as part of the Settlement Administration Expenses, in addition to Uber's obligation to pay the Settlement Fund.

103.     Uber and the Released Parties are not obligated to (and will not be obligated to) compute, estimate, or pay any taxes on behalf of any Plaintiff, any Class Member, Class Counsel, Class Counsel, and/or the Settlement Administrator.

## X.     OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS

104.     Any written objection to the Settlement must (i) clearly identify the case name and number; (ii) be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files ("CM/ECF") system, by mailing the written objection to the Class Action Clerk for United States District Court for the Northern District, or by filing the written objection in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked on or before the objection deadline provided in the Court's Preliminary Approval Order.  Only Settlement Class Members who do not Opt-Out may file objections.  To the extent a timely objection is withdrawn before final approval, such an objection shall be treated as though no objection has been made.

105.     In their motion requesting preliminary settlement approval of this Settlement, Plaintiffs shall request that the Court allow any interested party to file a reply to any objection, no later than seven (7) days before the Fairness Hearing, or as the Court may otherwise direct.

106.     Settlement Class Members may elect to opt out of the Settlement, relinquishing their rights to benefits hereunder.  Members of the Settlement Class who opt out of the Settlement will not release their claims pursuant to this Stipulation of Settlement, with the exception that the settlement of any PAGA claim(s) encompassed within Class Members' Released Claims will have *res judicata* effect on all Settlement Class Members, irrespective of whether they opt out of the Settlement.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009).

107.    Settlement Class Members wishing to opt out of the Settlement must comply with one of the following: either (i) send a signed letter (by U.S. Mail – address to be provided in the Class Notice) (address to be provided in the Class Notice) to the Settlement Administrator including (a) their full name; and (b) an email address and/or telephone number; (c) a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; and (d)  the case name and case number (*In re Uber FCRA Litigation*, 3:14-cv-05200-EMC); or (ii) complete and electronically submit the opt-out form available on the settlement website (www.UberFCRASettlement.com).  Any request for exclusion or opt out must be postmarked or submitted on or before the exclusion or opt out deadline provided in the Court's Preliminary Approval Order.  If transmitted by U.S. Mail, the date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Stipulation of Settlement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement.

108.    Settlement Class Members must opt out of the Settlement Class individually.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where no personal statement has been signed by each and every individual Settlement Class Member, are not allowed.

109.    Settlement Class Members who submit a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation of Settlement.

110.    Settlement Class Members who submit a valid and timely Claim Form, but also submit an otherwise valid and timely request for exclusion or opt out, will be deemed to remain Settlement Class Members and their request for exclusion or opt out will be void and invalid.

STIPULATION OF SETTLEMENT
CASE NO. 14-CV-05200-EMC

111.    The Settlement Administrator shall promptly provide copies of all requests for exclusion, objections, and/or related correspondence from Settlement Class Members to Class Counsel and Defense Counsel.  Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests. The Settlement Administrator shall have authority to resolve, in good faith, any disputes regarding the validity or timeliness of an opt out to the Settlement.

112.    On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement. A motion in support of final approval of the Settlement, for Service Awards to the Plaintiffs, and for an award of Attorneys' Fees and Expenses to Class Counsel shall be filed no later than fourteen (14) days before the deadline to object or opt-out of the Settlement.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Final Judgment, substantially in the form attached to this Stipulation of Settlement as Exhibits "A" and "B," and a final order approving the Attorneys' Fees and Expenses and the Service Awards, to the Court for approval and entry.

## XI.    SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

113.    For purposes of settlement only, the Parties agree to seek provisional certification of the Settlement Class. The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Final Judgment, and appointing the representative Plaintiffs as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

114.    Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. Uber's agreement to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs

or any of the putative class members.

115.    If this Stipulation of Settlement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Stipulation of Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph.  Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Stipulation of Settlement is not consummated and the case is later litigated and contested by Uber.

## XII.    MODIFICATION OR TERMINATION OF THE SETTLEMENT

116.    If the Court does not approve the Settlement as set forth in this Settlement Agreement, or does not enter the Final Order and Final Judgment that will be agreed upon by the Parties, or if the Court enters the Judgment and appellate review is sought, and on such review, the entry of Judgment is vacated, modified in any way, or reversed, or if the Final Order does not otherwise become Final, then this Settlement Agreement shall be cancelled and terminated and the Parties are released from their obligations under the Agreement, unless all Parties, in their sole discretion within thirty (30) days from the date of such ruling, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as it may be modified by the Court or any appellate court.

117.    The terms and provisions of this Stipulation of Settlement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Stipulation of Settlement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final

Order and Final Judgment and do not materially alter, reduce or limit the rights of Settlement Class Members under this Stipulation of Settlement.

118.    In the event that: (i) the Settlement is not approved, is overturned, or is "materially modified" by the Court or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement Agreement is terminated, cancelled, or fails to become effective for any reason, then: (a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable, with the exception of this Paragraph and Paragraphs 119 and 122 herein, which shall remain effective and enforceable; (b) the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of June 1, 2016; (c) all orders entered in connection with the Settlement, including the certification of the Settlement Class shall be vacated without prejudice to any Party's position on the issue of class certification or any other issue, in this Action or any other action, and the Parties shall be restored to their litigation positions existing on the date of execution of this Agreement; and (d) the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement.  The Settlement Agreement, the Settlement, and orders sought or entered as a result of an obligation herein, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, or construed as evidence of a presumption, concession, or an admission of liability, of the certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made, or otherwise used by any Person for any purpose whatsoever, in any trial of this Action or any other action or proceedings.  For the purposes of this paragraph, "material modifications" to the Settlement include but are not limited to any modifications to the definitions of the Settlement Class, Settlement Class Members, or Released Claims, changes to the notice plan described in Paragraphs 66 to 73 or any Exhibit hereto, any

modifications to the Settlement that relieve or alter the rights, duties, and/or obligations of the Plaintiffs as set forth in Plaintiffs' General Release Form (including, but not limited to, any modifications that render Plaintiffs' General Release Form ineffective or non-binding pursuant to this Settlement) and/or any modifications to the terms of the settlement consideration described in Paragraphs 52 to 55.  However, any decisions by the Court regarding or related to entry of the Joint Stipulation and Consent Order attached hereto as Exhibit "J" (including the Court's refusal to enter the Consent Order attached hereto as Exhibit "J"), or the specific amount of an award of a Service Award to a Plaintiff over and above one cent, or an award of any attorneys' fees and costs including the Attorneys Fees and Expenses, shall not be considered "material modifications."

119.    Notwithstanding any provision herein, in the event this Stipulation of Settlement is not approved by the Court, or the Settlement set forth in this Stipulation of Settlement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any costs of notice and administration associated with this Settlement or this Stipulation of Settlement, except that each Party shall bear its own attorneys' fees and costs and Uber's future payment obligations pursuant to this Stipulation of Settlement shall cease.

120.    Defendants shall have the right to withdraw from the Settlement if the number of Settlement Class Members who attempt to exclude themselves from the Settlement Class equals or exceeds two thousand (2,000) Potential Settlement Class Members.  If Defendants choose, pursuant to their sole and absolute discretion, to exercise this right, Defendants must do so within ten (10) days of receipt of the Settlement Administrator's opt-out list as provided in Paragraph 111, by providing written notice to Class Counsel.

121.    Defendants also shall have the right to withdraw from the Settlement if the Court does not vacate its orders of December 23, 2015, *In re Uber FCRA Litig.* Dkt. 137, and January 19, 2016, *In Re Uber FCRA Litig.* Dkt. 156, or if the Court does not allow Defendants to distribute and enforce the December 10, 2015 Arbitration Agreement as to Drivers nationwide.

## XIII.   SETTLEMENT NOT EVIDENCE AGAINST PARTIES

122.     The Parties expressly acknowledge and agree that this Stipulation of Settlement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, information exchanged, and correspondence relating thereto, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408, the mediation privilege, and any equivalent state law or rule.  In no event shall this Stipulation of Settlement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except that this Stipulation of Settlement is intended to be admissible and subject to disclosure for the purpose of carrying out the Settlement, in a proceeding to enforce this Stipulation of Settlement or the rights of the Parties or their counsel, and by Uber in connection with any claim or action relating to Uber's insurance coverage for the Settlement.  Without limiting the foregoing, neither this Stipulation of Settlement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Uber, the Released Parties, Plaintiffs, or the Settlement Class, or as a waiver by Uber, the Released Parties, Plaintiffs, or the Settlement Class of any applicable privileges, claims or defenses.

123.     The Parties further agree that the Stipulation of Settlement, the fact of the anticipated Settlement, any of the terms in the Agreement, and any documents filed in support of the Settlement, shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding, or evidence of:  (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Action or any other proceeding, (iv) the propriety of litigating as opposed to arbitrating the claims in these actions, (v) whether any Driver who used, uses, or will use the Uber application is or should be classified or treated as an employee for any purpose, or (vi) the propriety of certifying a litigation class in the Action or any other

proceeding, and shall not be used by any person for any purpose whatsoever in any legal or administrative or tax proceeding, including, but not limited to, arbitrations, other than a proceeding to enforce the terms of the Settlement Agreement;

124.    The provisions contained in this Stipulation of Settlement are not and shall not be deemed a presumption, concession, or admission by Uber of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except that Uber may file this Stipulation of Settlement or the Final Judgment in any action that may be brought against any Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Uber expressly denies the allegations in the Action.  Uber does not admit that it or any of the Released Parties have engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action.  Uber does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action.

## XIV.   BEST EFFORTS

125.    Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action.  The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Stipulation of Settlement and the Settlement embodied herein, carrying out the terms of this Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Final Judgment, the Parties agree to use all reasonable efforts, consistent with this

Stipulation of Settlement and subject to Paragraph 124, to cure any defect identified by the Court.

126.     Each Party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XV.     MISCELLANEOUS PROVISIONS

127.     The Parties shall have the right to continue the Rule 23(d) Appeal, to include but not limited to any en banc review or Supreme Court review of the Rule 23(d) Appeal, subject to the terms set forth in the Joint Stipulation Re: Appeals.  The Parties will not make or directly or indirectly support any argument that the Rule 23(d) Appeal is moot based on a settlement in this matter or otherwise, except that the Parties agree that the Rule 23(d) Appeal is moot if (1) the Court's December 23, 2015 and January 19, 2016 orders are vacated and (2) this Stipulation of Settlement is approved and results in a final judgment.

128.     The Parties agree that the recitals are contractual in nature and form a material part of this Stipulation of Settlement.

129.     This Stipulation of Settlement and its accompanying Exhibits set forth the entire understanding of the Parties.  No change to or termination of this Stipulation of Settlement shall be effective unless in writing and signed by Class Counsel and Defense Counsel.  No extrinsic evidence or parol evidence shall be used to interpret this Stipulation of Settlement.

130.     Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Stipulation of Settlement, whether written or oral, are superseded and hereby revoked by this Stipulation of Settlement.  The Parties expressly agree that the terms and conditions of this Stipulation of Settlement will control over any other written or oral agreements.

131.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

132.    All of the Parties warrant and represent that they are agreeing to the terms of this Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Stipulation of Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

133.    The waiver by any Party of a breach of any term of this Stipulation of Settlement shall not operate or be construed as a waiver of any subsequent breach by any party.  The failure of a Party to insist upon strict adherence to any provision of this Stipulation of Settlement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

134.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

135.    This Settlement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

136.    The headings in this Stipulation of Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

137.    Any exhibits to this Stipulation of Settlement are hereby incorporated and made a part of this Stipulation of Settlement.

138.    This Stipulation of Settlement shall be governed and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of California.

139.    All agreements made and orders entered during the course of the litigation of the Actions relating to the confidentiality of information shall survive this Stipulation of Settlement.

140.    All reference to "days" in this Stipulation of Settlement shall refer to calendar days, unless otherwise specified, provided that if a deadline provided for in the Stipulation of Settlement falls on a weekend or holiday, that deadline shall be the next day that is not a weekend or holiday.

141.    This Stipulation of Settlement may be executed with facsimile signatures and in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.  The date of execution shall be the latest date on which any Party signs this Stipulation of Settlement.

142.    This Stipulation of Settlement has been negotiated among and drafted by Class Counsel and Defense Counsel.  Plaintiffs, Settlement Class Members, and Uber shall not be deemed to be the drafter of this Stipulation of Settlement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.  Accordingly, this Stipulation of Settlement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application.  All Parties agree that counsel for the Parties drafted this Stipulation of Settlement during extensive arms' length negotiations.  No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation of Settlement was made or executed.

143.    Defendants represent and warrant that the individual(s) executing this Stipulation of Settlement are authorized to enter into this Stipulation of Settlement on behalf of Uber.  The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement on behalf of themselves or their respective principals.

144.    Any disagreement and/or action to enforce this Stipulation of Settlement shall be commenced and maintained only in the Court in which this Action is pending.

145.    Whenever this Stipulation of Settlement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

> Tina Wolfson
> twolfson@ahdootwolfson.com
> Robert R. Ahdoot
> rahdoot@ahdootwolfson.com
> Theodore W. Maya
> tmaya@ahdootwolfson.com
> AHDOOT & WOLFSON, PC
> 1016 Palm Avenue
> West Hollywood, CA  90069
>
> Laura L. Ho
> lho@gbdhlegal.com
> Andrew P. Lee
> alee@gbdhlegal.com
> William Jhaveri-Weeks
> wjhaveriweeks@gbdhlegal.com
> GOLDSTEIN, BORGEN, DARDARIAN & HO
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612

Upon Defense Counsel at:

> Rod M. Fliegel
> RFliegel@littler.com
> LITTLER MENDELSON
> 333 Bush Street, 34th Floor
> San Francisco, California 94104
>
> Joshua Lipshutz
> jlipshutz@gibsondunn.com
> GIBSON, DUNN & CRUTCHER LLP
> 1050 Connecticut Ave., N.W.
> Washington, DC 20036-5306
>
> Kevin Ring-Dowell
> kringdowell@gibsondunn.com
> GIBSON, DUNN & CRUTCHER LLP
> 3161 Michelson Drive
> Irvine, CA 92612-4412

146.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation of Settlement.

147.   The Court has jurisdiction over the Parties to this Stipulation of Settlement and the Settlement Class.

148.   The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: 4/24/2017

_____
Ronald Gillette
Plaintiff

Dated: _____

_____
Abdul Kabir Mohamed
Plaintiff

Dated: _____

_____
Shannon Wise
Plaintiff

Dated: _____

_____
Brandon Farmer
Plaintiff

Dated: _____

_____
Meghan Christenson
Plaintiff

147.   The Court has jurisdiction over the Parties to this Stipulation of Settlement and the Settlement Class.

148.   The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____     _____
                           Ronald Gillette
                           Plaintiff

Dated:   4/24/17           _____
                           Abdul Kabir Mohamed
                           Plaintiff

Dated: _____     _____
                           Shannon Wise
                           Plaintiff

Dated: _____     _____
                           Brandon Farmer
                           Plaintiff

Dated: _____     _____
                           Meghan Christenson
                           Plaintiff

52

DocuSign Envelope ID: DEDD4F90-119E-4ACF-A254-08A27CAE9D8D

1      147.    The Court has jurisdiction over the Parties to this Stipulation of Settlement and the

2  Settlement Class.

3      148.    The Parties believe that this Stipulation of Settlement is a fair, adequate, and

4  reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length

5  negotiations, taking into account all relevant factors, present and potential.

6

7      IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and

   intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

8  date set forth below.

9

10                           **PLAINTIFFS**

11

12  Dated: _____        _____

13                                   Ronald Gillette

14                                   Plaintiff

15  Dated: _____        _____

16                                   Abdul Kabir Mohamed

17                                   Plaintiff

18

19  Dated: 4/25/2017 _____        <span>Shanna Wise</span>

20                                   Shannon Wise
                                     Plaintiff

21

22  Dated: _____        _____

23                                   Brandon Farmer

24                                   Plaintiff

25  Dated: _____        _____

26                                   Meghan Christenson

27                                   Plaintiff

28

147.     The Court has jurisdiction over the Parties to this Stipulation of Settlement and the Settlement Class.

148.     The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

## PLAINTIFFS

Dated: _____          _____
                                Ronald Gillette
                                Plaintiff

Dated: _____          _____
                                Abdul Kabir Mohamed
                                Plaintiff

Dated: _____          _____
                                Shannon Wise
                                Plaintiff

Dated: 4/25/17                  _____
                                Brandon Farmer
                                Plaintiff

Dated: _____          _____
                                Meghan Christenson
                                Plaintiff

147.    The Court has jurisdiction over the Parties to this Stipulation of Settlement and the Settlement Class.

148.    The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____

_____
Ronald Gillette
Plaintiff

Dated: _____

_____
Abdul Kabir Mohamed
Plaintiff

Dated: _____

_____
Shannon Wise
Plaintiff

Dated: _____

_____
Brandon Farmer
Plaintiff

Dated:  04/25/2017

*Meghan Christenson*
_____
Meghan Christenson
Plaintiff

52

**UBER**

Dated: Apr. 25, 2017

_____
Uber Technologies, Inc.
By: Salle Yoo
Its: General Counsel


Dated: Apr. 25, 2017

_____
Rasier, LLC
By: Gautam Gupta
Its: Manager


**CLASS COUNSEL**

Dated: _____

_____
By: Tina Wolfson
**AHDOOT & WOLFSON, PC**
Attorneys for Plaintiffs and the Class

Dated: _____

_____
By: Laura L. Ho
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
Attorneys for Plaintiffs and the Class

**UBER**

Dated: _____     _____
                            Uber Technologies, Inc.
                            By:
                            Its:

Dated: _____     _____
                            Rasier, LLC
                            By:
                            Its:

**CLASS COUNSEL**

Dated: 4-25-17             _____
                            By: Tina Wolfson
                            **AHDOOT & WOLFSON, PC**
                            Attorneys for Plaintiffs and the Class

Dated: _____     _____
                            By: Laura L. Ho
                            **GOLDSTEIN, BORGEN, DARDARIAN & HO**
                            Attorneys for Plaintiffs and the Class

1

## UBER

2

3

4

5   Dated: _____      _____
                                 Uber Technologies, Inc.
6                                By:
                                 Its:
7

8

9

10

11   Dated: _____      _____
                                 Rasier, LLC
12                               By:
                                 Its:
13

14

15

16   ## CLASS COUNSEL

17

18   Dated: _____      _____
                                 By:  Tina Wolfson
19                               **AHDOOT & WOLFSON, PC**
                                 Attorneys for Plaintiffs and the Class
20

21

22   Dated: 4/25/17              _____
                                 By:  Laura L. Ho
23                               **GOLDSTEIN, BORGEN, DARDARIAN & HO**
                                 Attorneys for Plaintiffs and the Class
24

25

26

27

28

1

2

3  Dated: _____

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENSE COUNSEL**

By:  Rod M. Fliegel
**LITTLER MENDELSON**
Attorneys for Defendants, Uber Technologies, Inc. and
Rasier, LLC

## APPENDIX "A"

## SETTLEMENT SHARE CALCULATION

This Appendix "A" is an attachment to and part of the Stipulation of Settlement entered into by the Plaintiffs and Uber in the class action entitled *In Re Uber FCRA Litigation*, Case No. 3:14-cv-05200-EMC pending before the Court.  Unless otherwise defined in this Appendix, all capitalized terms herein shall have the same meaning, force and effect as the Stipulation of Settlement.

The amount of the Settlement Share for each Settlement Class Claimant who is in the Court Group ("ADR Group" and "Court Group" are defined in paragraph 70(a) of the Stipulation of Settlement) and each Settlement Class Claimant who is in the ADR Group shall be determined as follows:

**"Initial Estimated Share to Settlement Class Member in the Court Group"**

> = *(Settlement Fund Balance + $1,500,000) / (Number of Settlement Class Members in the Court Group + Number of Settlement Class Members in the ADR Group)*

**"Initial Estimated Share to Settlement Class Members in the ADR Group"**

> = *(Initial Estimated Share to the Settlement Class Members in the Court Group) – ($1,500,000 / Number of Settlement Class Members in the ADR Group)*

**"Ratio of Shares"**

> = *Initial Estimated Share to Settlement Class Members in the ADR Group / Initial Estimated Share to Settlement Class Members in the Court Group*

**"Final Settlement Share to Court Group Class Claimants"**

> = *Settlement Fund Balance / (Number of Court Group Class Claimants + ((Ratio of Shares)( Number of ADR Group Class Claimants)))*

**"Final Settlement Share to ADR Group Class Claimants"**

> = *(Ratio of Shares) (Final Settlement Share to Court Group Class Claimants)*