# EXHIBIT D

**Stipulation of Settlement**
***In Re Uber FCRA Litigation*, Case No. 14-cv-05200-EMC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| In Re Uber FCRA Litigation | Case No.: 3:14-cv-05200-EMC<br><br>Consolidated with: 14-cv-05241-EMC<br>15-cv-03009-EMC<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER**<br><br>Hon. Edward M. Chen, Presiding |

PRELIMINARY APPROVAL ORDER (CASE NO. 3:14-cv-05200-EMC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, this Order addresses the settlement reached in *In re Uber FCRA Litigation*, Case No. 3:14-cv-05200-EMC, pending in the United States District Court, Northern District of California. (the "Action").

WHEREAS, the Parties have entered into a Stipulation of Settlement, which is preliminarily approved as fair, reasonable, and adequate, and in which the Parties have agreed to settle the Action pursuant to the terms and conditions of the Stipulation of Settlement;

WHEREAS, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in their respective Complaints, including (i) the size and composition of the putative class; (ii) the paper-based and electronic recordkeeping systems of Uber Technologies, Inc.; and (iii) how and where the disclosure forms at issue were used.  This investigation included obtaining and reviewing documents and written responses from Uber Technologies, Inc., numerous interviews of witnesses, drivers, and putative class members, the evaluation of documents and information related to other litigation against Uber Technologies, Inc. and Raiser, as well as extensive factual and legal research as to arbitration issues relating to this Action, and the sufficiency of the claims and appropriateness of class certification;

WHEREAS, the Parties reached a settlement as a result of extensive arms' length negotiations between the Parties and their counsel, occurring over the course of a number of months and two separate, in-person mediation sessions with a respected mediator, Mark S. Rudy, Esq. of Rudy, Exelrod, Zieff & Lowe, LLP.  Following each of the in-person mediation sessions, the Parties continued to engage in extensive settlement discussion through the mediator, and amongst each other, until a settlement in principle was reached.  Before and during these settlement discussions and mediations, Defendants provided voluminous documents and information to the Plaintiffs.  This arms' length exchange provided Plaintiffs and their counsel with sufficient information to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

WHEREAS, the settlement terms confer substantial benefits upon the Class, particularly in light of the damages that Plaintiffs and their counsel believe are potentially recoverable or provable

at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal;

WHEREAS, Defendants have vigorously denied and continue to dispute all of the claims and contentions alleged in the Action, and deny any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the putative class;

WHEREAS, the Court has carefully reviewed the Stipulation of Settlement, including the exhibits attached thereto and all files, records and prior proceedings to date in this matter, and good cause appearing based on the record,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      Defined Terms.  For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Stipulation of Settlement.

2.      Stay of the Action.  Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are hereby stayed.

3.      Provisional Class Certification for Settlement Purposes Only.  The Court provisionally finds, for settlement purposes only and conditioned upon the entry of this Order that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the Class certified herein numbers over one million people, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class.  Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

4.      Class Definition.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for settlement purposes only, a Class consisting of all persons who

were subject to a background check and/or consumer report requested by Uber before January 3, 2015.  Excluded from the Settlement Class are (i) all persons who are directors, officers, and agents of Uber or its subsidiaries and affiliated companies or are designated by Uber as employees of Uber or its subsidiaries and affiliated companies; (ii) persons who timely and properly exclude themselves from the Settlement Class as provided in this Settlement Agreement; and (iii) the Court and Court staff.

5.    Class Representatives and Class Counsel.  Plaintiffs Ronald Gillette, Abdul Kabir Mohamed, Shannon Wise, Brandon Farmer, and Meghan Christenson are designated as representatives of the provisionally certified Class.  The Court preliminarily finds that they are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representatives.  Tina Wolfson, Robert Ahdoot, and Theodore W. Maya, of Ahdoot & Wolfson, PC, and Laura Ho, Andrew Lee, and William Jhaveri-Weeks of Goldstein, Borgen, Dardarian & Ho, whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings, are hereby designated as Class Counsel.

6.    Preliminary Settlement Approval.  Upon preliminary review, the Court finds that the Stipulation of Settlement and the Settlement it incorporates, appears fair, reasonable and adequate. *See generally* Fed. R. Civ. P. 23; *Manual for Complex Litigation* (Fourth) § 21.632 (2004). Accordingly, the Stipulation of Settlement is preliminarily approved and is sufficient to warrant sending notice to the Class.

7.    Jurisdiction.  The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.    Fairness Hearing.  A Fairness Hearing shall be held before this Court on _____, 2017 at __:__ ___.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 5 – 7th Floor, to determine whether the Settlement of the Action pursuant to the terms and conditions of the Stipulation of Settlement should be approved as fair, reasonable and adequate,

and finally approved pursuant to Fed. R. Civ. P. 23(e).  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and service awards for Plaintiffs (the "Fee Application") at that time.  Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Class Members (as defined in the Stipulation of Settlement) with respect to the claims being settled.

Class Counsel shall file their motion for Service awards to the Plaintiffs and for an award of Attorneys' Fees and Expenses to Class Counsel no later than thirty-five (35) calendar days before the deadline to object or opt-out of the Settlement.

Objections to the Stipulation of Settlement or the Fee Application shall be filed with the Court, as set forth in the Stipulation of Settlement, on or before ninety (90) calendar days after the issuance of this Preliminary Approval Order ("Objection Deadline"), and papers in response to objections to the Stipulation of Settlement or the Fee Application shall be filed with the Court on or before thirty-five (35) calendar days prior to the date of the Fairness Hearing.

Class Counsel shall file their motion in support of final approval of the Settlement no later than thirty-five (35) calendar days before the deadline to object or opt-out of the Settlement

9.   Administration.  In consultation with and with the approval of Defendants, Class Counsel is hereby authorized to administer the proposed Settlement and implement the notice and payment election process, in accordance with the terms of the Stipulation of Settlement.

10.   Class Notice.  The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibits "E" and "G," respectively, to the Stipulation of Settlement, and the notice methodology described in the Stipulation of Settlement and the Declaration of the Settlement Administrator (attached as Exhibit "H" to the Stipulation of Settlement), are hereby approved.  Pursuant to the Stipulation of Settlement, the Court appoints Angeion Group, LLC to be

the Settlement and Notice Administrator to help implement the terms of the Stipulation of Settlement.

(a)     Notice Date.  Within eighteen (18) calendar days after the entry of this Order, and to be substantially completed not later than forty-five (45) calendar days after the entry of this Order, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Stipulation of Settlement, in accordance with the notice program set forth in the Declaration of the Settlement Administrator (attached as Exhibit "H" to the Stipulation of Settlement).  The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms of the Stipulation of Settlement.

(b)     Findings Concerning Notice.  The Court finds that the Settlement is fair and reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to the Stipulation of Settlement and this Order.

(c)     Form, Content, and Method of Notice.  The Court finds that the form, content and method of disseminating notice:  (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, given the contact information that Defendants maintain, and is reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class; (ii) complies with Rule 23(e) as it is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their right to object to or exclude themselves from the Settlement and other rights under the terms of the Stipulation of Settlement; (iii) constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

11. <u>Deadline to Submit Claim Forms</u>. Class Members will have until one-hundred and twenty (120) calendar days from the Notice Date to submit their Claim Forms ("Claims Deadline"), which is due, adequate, and sufficient time.

12. <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class may elect to opt-out of the Settlement, relinquishing the rights to benefits hereunder. Members of the Class who opt-out of the Settlement will not release their claims pursuant to the Stipulation of Settlement. Class Members wishing to opt-out of the Settlement must comply with one of the following: either (i) send a signed letter (by U.S. Mail – address to be provided in the Class Notice) (address to be provided in the Class Notice) to the Settlement Administrator including (a) their full name; and (b) an email address and/or telephone number; (c) a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; and (d) the case name and case number (*In re Uber FCRA Litigation*, 3:14-cv-05200-EMC); or (ii) complete and electronically submit the opt-out form available on the settlement website (www.UberFCRASettlement.com). Any request for exclusion or opt-out must be postmarked or submitted on or before on or before ninety (90) calendar days after the issuance of this Preliminary Approval Order ("Opt-Out Deadline"). If transmitted by U.S. Mail, the date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defense Counsel. The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than thirty-five (35) calendar days before the Fairness Hearing. If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written request for exclusion from the Class on or before the Opt-Out Deadline, shall be bound by all terms of the Stipulation of Settlement and the Final Order and Final Judgment, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or

PRELIMINARY APPROVAL ORDER (CASE NO. 3:14-cv-05200-EMC)

entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Stipulation of Settlement, should it be approved, and may not file an objection to the Settlement.

13.     <u>Objections and Appearances</u>.  Class Members may object to the terms contained in the Stipulation of Settlement, the certification of the Class, the entry of the Final Order and Final Judgment, the amount of fees requested by Class Counsel, and/or the amount of the service awards requested by the representative Plaintiffs.  Any objection to the Settlement must (i) clearly identify the case name and number; (ii) be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files ("CM/ECF") system, by mailing the written objection to the Class Action Clerk for United States District Court for the Northern District, or by filing the written objection in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked on or before the objection deadline provided in the Court's Preliminary Approval Order.  Only Settlement Class Members who do not opt-out may file objections.  To the extent a timely objection is withdrawn before final approval, such an objection shall be treated as though no objection has been made.

Any interested party may file a reply to any objection no later than seven (7) calendar days before the Fairness Hearing.

14.     <u>Summary of Deadlines</u>.  In summary, the deadlines set by this Order are as follows:

(a)     Within eighteen (18) calendar days after the entry of this Order, and to be substantially completed not later than forty-five (45) calendar days after entry of this Order, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Stipulation of Settlement;

(b)     Class Counsel shall file their Fee Application on or before thirty-five (35) calendar days prior to the objection or Opt-Out Deadline;

(c)     Class Members who desire to be excluded shall submit requests for exclusion postmarked no later than ninety (90) calendar days following the issuance of this Preliminary Approval Order;

PRELIMINARY APPROVAL ORDER (CASE NO. 3:14-cv-05200-EMC)

(d)      All written objections to the Stipulation of Settlement shall be filed with the Court, as set forth above, no later than ninety (90) calendar days after the issuance of this Preliminary Approval Order;

(e)      Not later than thirty-five (35) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a document containing a list of those persons who have opted out or excluded themselves from the Settlement.

(f)      All documents in support of final approval of the Stipulation of Settlement shall be filed with the Court on or before thirty-five (35) calendar days prior to the date of the Fairness Hearing, and all documents in response to the Fee Application shall be filed with the Court on or before thirty-five (35) days prior to the date of the Fairness Hearing; and

(g)      All documents in reply to any objection, by any interested party, shall be filed with the Court on or before seven (7) calendar days prior to the date of the Fairness Hearing; and

(h)      The Fairness Hearing shall be held on _____, 2017 at __:__ __.m.

These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.  Class Members must check the Settlement Website (www.UberFCRASettlement.com) regularly for updates and further details regarding extensions of these deadlines.

15.    <u>Termination of Settlement</u>.  In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a)      All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

PRELIMINARY APPROVAL ORDER (CASE NO. 3:14-cv-05200-EMC)

(b)     The provisional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to the Stipulation of Settlement and such findings had never been made;

(c)     Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

(d)     Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the settlement administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action; and

(e)     All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in force and effect.

16.     Use of Order.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Action or in any other lawsuit.

17.     Reasonable Procedures.  Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

PRELIMINARY APPROVAL ORDER (CASE NO. 3:14-cv-05200-EMC)

18.     Retaining Jurisdiction.  This Court shall maintain continuing jurisdiction over the administration, consummation, validity, enforcement, and interpretation of this Stipulation of Settlement, the Final Order, Final Judgment, any final order approving Attorneys' Fees and Expenses and Service Awards, and for any other necessary purpose.

19.     Extension of Deadlines.  Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class.  Class Members must check the Settlement Website (www.UberFCRASettlement.com) regularly for updates and further details regarding extensions of these deadlines.

In the event that the Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED

DATED:  _____

_____
Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE