Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Bradley K. King (SBN 274399)
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069
Tel:    (310) 474-9111
Fax:    (310) 474-8585

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

[Additional Counsel Listed on Following Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE UBER FCRA LITIGATION | Case No.  14-cv-05200-EMC |
|---|---|
| | **JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |
| | Before:     The Honorable Edward M. Chen<br>Date:        June 1, 2017<br>Time:        1:30 PM<br>Location:   Courtroom 5, 17th Floor<br>                 450 Golden Gate Avenue<br>                 San Francisco, California 94102 |

JOINT SUPPLEMENTAL BRIEFING

1

2  Meredith Desautels (SBN 259725)
mdesautels@lccr.com
3  Dana Isaac Quinn (SBN 278848)
disaac@lccr.com
4  LAWYERS' COMMITTEE FOR CIVIL
RIGHTS
5  OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
6  San Francisco, CA 94105
Tel: (415) 543-9444
7  Fax: (415) 543-0296

8  Attorneys for Plaintiffs and the Putative
Classes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THEODORE J. BOUTROUS, JR., SBN 132099
tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
DHANANJAY MANTHRIPRAGADA, SBN
254433
dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
JOHN C. FISH, Jr., Bar No. 160620
jfish@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone:   415.433.1940
Facsimile:    415.399.8490

ANDREW M. SPURCHISE, Bar No. 5360847
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
Telephone:    212.583.9600
Facsimile:    212.832.2719

Attorneys for Defendant
Uber Technologies, Inc. and Rasier, LLC

The parties submit this Supplemental Brief to answer the Court's two questions posed in its May 26, 2017 Order (Dkt. 227). The parties are pleased to provide the Court with the additional information it requested in order to help facilitate the Court's review under Fed. R. Civ. Proc. 23(e). Plaintiffs also respectfully restate their request that the Court grant preliminary approval of the proposed settlement as fair and adequate, when viewed on the whole and in light of all the significant risks that further litigation would present.[1]

1. **What is the total verdict value of all of Plaintiffs' claims? In particular, Plaintiffs should state the total verdict value of their state claims, including the PAGA claims, as well as the claimed amount of actual damages as relevant to the FCRA and state claims.**

**FCRA claim**: Plaintiffs sought statutory damages, rather than actual damages, for alleged willful violations. (*See* Dkt. 171, Counts One through Four.[2]) Plaintiffs state they did not seek actual damages because it is not possible to recover both statutory and actual damages under the FCRA (see 15 U.S.C. § 1681n), and because actual damages (on any claim) raise individual questions of fact that present additional challenges to class certification under Fed. R. Civ. Proc. 23(b)(3). Statutory damages under the FCRA range from $100 to $1,000, which would require Plaintiffs to demonstrate that Defendants' FCRA violations were willful. *See* 15 U.S.C. § 1681n. However, Defendants submit (and Plaintiffs recognize the substantial risk) that the Court would hold that Defendants did not *willfully* violate the FCRA, for all of the reasons discussed in Plaintiffs' Motion for Preliminary Approval. (Dkt. 223 at 20–23.) Assuming Plaintiffs prevailed on all the disputed issues necessary to prove a willful violation, the total verdict value of the statutory claims would be $100 - $1,000 multiplied by the number of class members in the Court Group, as defined Stipulation of Settlement.

---

[1] Plaintiffs' Motion for Preliminary Approval thoroughly discusses the risks of continued litigation, including (1) the significant likelihood that all Class Members who fall in the ADR Group would be forced to arbitrate their claims on an individual basis (Dkt. 171 at 19), (2) the possibility that the Court would conclude that drivers who use the Uber app are independent contractors and that the FCRA's disclosure requirements do not apply to independent contractors (*id*. at 19-20), (3) the possibility that the Court could conclude that the transportation safety regulations govern here, such that no "standalone" disclosure is required (*id*. at 21), (4) Defendants' defenses to Plaintiffs' allegations of *willful* FCRA violations (*id*. at 20-21) – the prerequisite to statutory damages (15 U.S.C. § 1681n), and (5) Defendants' intent to vigorously contest Plaintiffs' Article III standing (*id*. at 24-25) and certification of any of the asserted claims as class action claims (*id*. at 20 and 25 n. 15).

[2] The FCRA requires an election between statutory damages and act*ual* damages for such alleged willful violations. *See* 15 U.S.C. § 1681n. Actual damages require proof of *causation*. *See id.* ("actual damages sustained by the consumer *as a result of the failure*" may be recovered) (emphasis added).

1    Defendants contend that the verdict value of the FCRA disclosures claim (15 U.S.C. §

2    1681b(b)(2)(A)) is $0 in terms of actual damages, because they contend Plaintiffs' claim is premised

3    on *technical* violations of the FCRA's form and manner provision.  *Cf. Nokchan v. Lyft, Inc.*, No. 15-

4    cv-03008, 2016 WL 5815287 (N.D. Cal. Oct. 5, 2016) (technical violation of disclosure requirement

5    insufficient to satisfy injury-in-fact requirement for standing).  Defendants similarly contend that the

6    verdict value of the FCRA notice claim (§ 1681b(b)(3)) is $0 in terms of actual damages, at least with

7    regard to those Class Members who, at most, sustained an alleged technical violation.  *Cf. Lee v. Hertz*

8    *Corp.*, No. 15-cv-04562, 2016 WL 7034060, at *6 (N.D. Cal. Dec. 2, 2016) (technical violation of

9    disclosure and notice requirements insufficient to satisfy injury-in-fact requirement for standing).

10   While Plaintiffs do not agree with this position, and contend that Plaintiffs may suffer actual

11   damages based on FCRA violations, Plaintiffs also contend that the verdict value of the actual damages

12   stemming from FCRA violations on a class wide basis is $0 because certifying such a class would be

13   precluded by individual issues inherent in calculating such actual damages.  While Plaintiffs believe

14   they could certify liability issues, it is impossible to estimate the aggregate number of actual damages

15   suffered by members of the Court Group, as such damages would require individual proof, including

16   proof of causation.

17   The parties agree that Class Members who wish to pursue actual damages on an individual

18   basis can opt out of the proposed settlement in order to do so.

19   **ICRAA Claims**: The California Named Plaintiffs also sought individual statutory damages

20   under the California Investigative Consumer Reporting Agencies Act ("ICRAA").  Such damages are

21   *unavailable* in a class action.  Cal. Civ. Code § 1786.50.  Furthermore, and as with the FCRA, such

22   actual damages require proof of *causation*.  *See id.* ("actual damages sustained by the consumer *as a*

23   *result of the failure*" can be recovered) (emphasis added).  Therefore, the verdict value of the ICRAA

24   claims in terms of actual damages is only that which the Named Plaintiffs could have individually

25   recovered themselves: a maximum of $10,000 each, for a total of $50,000.  *Id.*

26   **CORI Claims**:  Plaintiffs sought statutory damages on behalf of Massachusetts drivers under

27   Mass. Gen. Law Ch. 6 §§ 171A, 177.  Defendants contend that the verdict value of this claim is $0

28

because, according to Defendants, FCRA preempts Plaintiffs' CORI claims (*see* 15 U.S.C. § 1681t) and CORI does not provide a private right of action.  Plaintiffs again acknowledge the risk presented by Defendants' arguments in this regard, and also acknowledge the risk presented by Defendants' article III standing arguments, as applied to this claim, in light of the technical nature of the alleged violation, which concerns an alleged failure to "maintain and to provide a CORI policy."  (Dkt. 171 ¶ 159.)  Accordingly, Plaintiffs agree that the verdict value of this claim is low.

**Representative PAGA claim (§ 1024.5 only**[3]**)**:  Plaintiffs filed a PAGA claim on August 25, 2015 for alleged violations of California Labor Code § 1024.5 (*see* Dkt. 227, Count Ten).  Plaintiffs state that they had a good faith basis for asserting this PAGA claim at the time they filed suit. However, discovery has since established that Defendants did not have a practice of conducting any credit checks for "employment purposes," a necessary prerequisite for a violation of § 1024.5, and that they did not conduct such a credit check on the named Plaintiff advancing this claim.  Accordingly, no "aggrieved employees" exist for purposes of this PAGA claim and the maximum verdict value is $0.[4]

**2. The motion states that the proposed settlement does not release PAGA claims other than those based on alleged violations of Cal Labor Code § 1024.5, but also refers to the Price case, which is now pending for PAGA settlement approval in Los Angeles Superior Court. See Docket No. 223 at 10 n.6. Does this settlement release any PAGA claims also at issue in the Price case?**

The *Price* plaintiffs do not allege a PAGA claims predicated on alleged violations of Labor Code § 1024.5.  However, the proposed *Price* settlement includes a release of PAGA claims predicated on all alleged violations of the Labor Code, including § 1024.5.

///

///

---

[3] *See* Dkt. 223 at 10 ("Specifically, other than PAGA claims pursuant to Cal. Labor Code § 2699, based on alleged violations of Cal. Labor Code §1024.5, the proposed Settlement does *not* release PAGA claims.") (emphasis added).

[4] Because the value of the section 1024.5 claim is $0, its inclusion in the release is immaterial and not prejudicial to Class Members.  *See Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 n.5 (N.D. Cal. Apr. 29, 2011).

Dated:  May 30, 2017

Respectfully submitted,

**AHDOOT & WOLFSON, P.C.**

_/s/ Tina Wolfson_
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Bradley K. King

**GOLDSTEIN, BORGEN, DARDARIAN & HO**

Laura L. Ho
Andrew P. Lee
William C. Jhaveri-Weeks
Attorneys for Plaintiffs and Interim Lead Counsel

Attorneys for Plaintiffs and Interim Lead Counsel

Dated: May 30, 2017

**LITTLER MENDELSON, P.C.**

_/s/ Rod M. Fliegel_
ROD M. FLIEGEL

Attorney for Defendant
Uber Technologies, Inc. and Rasier, LLC

## SIGNATURE ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories on the e-filed document.

_/s/ Tina Wolfson_
Tina Wolfson