1   Tina Wolfson (SBN 174806)
    twolfson@ahdootwolfson.com
2   Robert Ahdoot (SBN 172098)
    rahdoot@ahdootwolfson.com
3   Theodore W. Maya (SBN 223242)
    tmaya@ahdootwolfson.com
4   Bradley K. King (SBN 274399)
    bking@ahdootwolfson.com
5   AHDOOT & WOLFSON, PC
    1016 Palm Avenue
6   West Hollywood, CA  90069
    Tel:    (310) 474-9111
7   Fax:    (310) 474-8585

8   Attorneys for Plaintiffs and the Putative Classes

9   ROD M. FLIEGEL, Bar No. 168289
    rfliegel@littler.com
10  JOHN C. FISH, Jr., Bar No. 160620
    jfish@littler.com
11  LITTLER MENDELSON, P.C.
    333 Bush Street, 34th Floor
12  San Francisco, California  94104
    Telephone:    415.433.1940
13  Facsimile:    415.399.8490

14  Attorneys for Defendants
    Uber Technologies, Inc. and Rasier, LLC

15  [*Additional Counsel Listed on Following Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE UBER FCRA LITIGATION | CASE NO. 3:14-cv-05200-EMC |
|---|---|
| | **JOINT FURTHER SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

| | | |
|---|---|---|
| 1 | Laura L. Ho (SBN 173179)<br>lho@gbdhlegal.com | ANDREW M. SPURCHISE, Bar No. 5360847<br>aspurchise@littler.com |
| 2 | Andrew P. Lee (SBN 245903)<br>alee@gbdhlegal.com | LITTLER MENDELSON, P.C.<br>900 Third Avenue, 8th Floor |
| 3 | William C. Jhaveri-Weeks (SBN 289984)<br>wjhaveriweeks@gbdhlegal.com | New York, New York 10022<br>Telephone: 212.583.9600 |
| 4 | GOLDSTEIN, BORGEN,<br>DARDARIAN & HO | Facsimile: 212.832.2719 |
| 5 | 300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612 | THEODORE J. BOUTROUS, JR., SBN 132099<br>tboutrous@gibsondunn.com |
| 6 | Tel: (510) 763-9800 | THEANE D. EVANGELIS, SBN 243570 |
| 7 | Fax: (510) 835-1417 | tevangelis@gibsondunn.com<br>DHANANJAY MANTHRIPRAGADA,<br>SBN 254433 |
| 8 | Elisa Della-Piana (SBN 226462) | dmanthripragada@gibsondunn.com |
| 9 | LAWYERS' COMMITTEE FOR CIVIL<br>RIGHTS OF THE SAN FRANCISCO BAY<br>AREA | GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197 |
| 10 | 131 Steuart Street, Suite 400<br>San Francisco, CA 94105 | Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| 11 | Tel: (415) 543-9444<br>Fax: (415) 543-0296 | JOSHUA S. LIPSHUTZ, SBN 242557 |
| 12 | | jlipshutz@gibsondunn.com |
| 13 | Attorneys for Plaintiffs and the<br>Settlement Classes | KEVIN J. RING-DOWELL, SBN 278289<br>kringdowell@gibsondunn.com |
| 14 | | GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000 |
| 15 | | San Francisco, CA 94105-0921<br>Telephone: 415.393.8200 |
| 16 | | Facsimile: 415.393.8306 |
| 17 | | Attorneys for Defendants<br>Uber Technologies, Inc. and Rasier, LLC |

---

CASE NO. 3:14-cv-05200 EMC | JOINT FURTHER SUPPLEMENTAL BRIEF ON ORDER FOR PRELIMINARY APPROVAL

1  The parties jointly submit this Supplemental Brief in response to the Court's Order Granting
2  Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 242), which also
3  ordered that the parties: (1) "devise a test trial run" of the e-mail notices "to ascertain what
4  percentage are likely to be blocked as spam," and (2) submit the design for this test trial to the Court.
5  (Dkt. 242 at p. 15.)

In the time since the Court's order, the Parties have not been able to reach agreement on the parameters, costs, and other facets of the "test trial run" the Court ordered despite having numerous meet and confer sessions and consultations with various experts. Rather than further delay the settlement process the Court has already approved and continue to incur otherwise unnecessary attorneys' fees and costs, the parties have reached a compromise agreement that would modify their proposed notice process in a way that addresses the Court's spam concern. A proposed order endorsing the parties' compromise is attached hereto as Exhibit A ("Modified Notice Order"). As further explained below, the Modified Notice Order would add a feature to the class notice e-mails that will report data to the Settlement Administrator regarding whether each Settlement Class Member affirmatively *opened* the e-mail notice, *i.e.*, it will create "open receipts" that will be sent to the Settlement Administrator. The Settlement Administrator would then send a traditional hard-copy postcard notice of the Summary Notice (Dkt. 222-7) to Settlement Class Members who, after a specified reasonable period of time, has not *opened* the notice.

The Modified Notice Order squarely addresses the Court's concern regarding spam. It obviates any need for the time and cost of any testing process before notice would be effectuated. And it promotes overall efficiency for the benefit of the Parties, Settlement Class Members, and the Court. The parties thus respectfully request that the Court enter the Modified Notice Order.

I.  **PARTIES' MODIFIED NOTICE ORDER**

The Parties' Stipulation of Settlement provides for transmission of the Summary Notice to Settlement Class Member by e-mail, with follow up postcard noticed by U.S. Mail to e-mails that are blocked. The parties chose this method of notice because the Settlement Class Members largely, if not entirely, communicated with the defendant by e-mail and other electronic means. (*See* Dkt. 222-8 at ¶¶ 13-14.) The Court has expressed concern, however, that e-mail notice could be "captured by

a recipient's 'spam' filter" and therefore "class member may not receive the notice." (*Id.*) To address the Court's concern about Settlement Class Members potentially not receiving the e-mail due to spam filters, the parties propose the following revisions to their notice proposal.

*First*, the Settlement Administrator will implement a feature on the e-mail notices to the class, which will report data to the Settlement Administrator about whether the recipients have actually opened the e-mail notice (*i.e.*, an "open confirmation"). This feature will not merely report data as to whether the e-mail arrived in the recipient's "inbox," but whether the recipient actually *opened* the e-mail and thus presumably read it.

As previously attested in the parties' supplemental briefing in support of preliminary approval, the parties have not found any technologically feasible way to ascertain for each Settlement Class Member whether the e-mail is delivered to "spam" or their "inbox" or some other customized folder the Settlement Class Member, e-mail provider, or organizational account holder may have established. The parties also have not determined a way of controlling for each Settlement Class Member's potential customization of spam or delivery settings on their e-mail accounts, and changes that e-mail providers may make dynamically over time to spam settings. Finally, the parties were unable to agree on the parameters, costs, and other facets of the "test trial run" the Court ordered. Thus, the parties' "open confirmation" proposal goes one step further by reporting data only if – wherever the e-mail was initially deposited – the recipient actually opens it.

*Second*, the Settlement Administrator will attempt to send a hard copy postcard notice to any Settlement Class Member who does not actually open the e-mail containing the Summary Notice. Specifically, if fourteen (14) business days pass after the Summary Notice is e-mailed to a Settlement Class Member, and there is no data indicating that the Settlement Class Member opened the e-mail (*i.e.* a "open confirmation"), then the Settlement Administrator will attempt to mail the postcard version of the Summary Notice (Dkt. 222-7). This will take place by first class mail within forty-five (45) days after the issuance of the Court's expected order setting final dates for the notice and claims process, the same date by which notice will otherwise be effectuated. Similarly, for any postcard notice that is returned as undeliverable, the Settlement Administrator will use the National Change of Address database to attempt to obtain a valid mailing address for the intended Settlement

2.

CASE NO. 3:14-cv-05200 EMC

JOINT FURTHER SUPPLEMENTAL BRIEF ON ORDER
FOR PRELIMINARY APPROVAL

Class Member recipient, and will send postcard notice by U.S. first-class mail, postage prepaid, to each such individual for whom it can obtain a valid mailing address from the National Change of Address database. Of course, for any Settlement Class Member for whom a valid mailing address cannot be found, the process will cease.

Overall, the parties' proposed process means that, for instance, even if a Settlement Class Member received the e-mailed Summary Notice in his or her e-mail "inbox," but consciously decided not to open the notice, the Settlement Administrator will still send a follow-up hard copy notice. Furthermore, if for some reason the internet service provider or e-mail domain responsible for the Settlement Class Member's e-mail address does not report "open confirmation" data, a Settlement Class Member who has both received and opened the e-mail would still be sent a follow-up hard copy notice.

Finally, Uber will bear the additional cost of any follow-up postcard notice to those who have not opened the e-mail notice after a specified reasonable period of time. The money will not come from or prejudice the class.

The parties' Modified Notice Order thus addresses the Court's concern that spam filters might somehow inhibit some Settlement Class Members from receiving the e-mail notice here. If an e-mail notice is deposited into a Settlement Class Member's spam filter, even if the Settlement Class Member has individually customized the filter to cause that result, and the Settlement Class Member does not read the notice, the Settlement Administrator will still send an additional hard copy notice, thus doing even more to inform that Settlement Class Member of the settlement and his or her related rights.

## II. ADDITIONAL AUTHORITIES SUPPORTING THE MODIFIED NOTICE ORDER

The Court already preliminarily approved the parties' settlement and notice plan, including initial e-mail notice. However, the parties submit the following additional authorities approving e-mail class notices, without any spam test plan, and without any follow-up postcard notices to Settlement Class Members who have not opened the e-mails. These authorities demonstrate how the Modified Notice Order far exceeds the requirements of due process.

First, the Ninth Circuit, in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941 (9th Cir. 2015) approved an e-mail notice plan that was substantially identical to the plan which the parties initially proposed and the Court preliminarily approved. Initial e-mail notice of the settlement was provided to some 35 million class members. *Id*. Notice was mailed to more than 9 million class members whose e-mail addresses were invalid such that the e-mail notice "bounced back." *Id.*[1] The Court overruled objections to the settlement, including to notice, finding that "[t]he notice provided in this settlement, in both mail and e-mail form, was sufficient under the Constitution and Rule 23(e)." *Id.* The Ninth Circuit affirmed, without any need for a spam testing and without any need to confirm that recipients whose e-mails did not "bounce back" had actually opened the e-mails. *See id.*

In *Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2010 WL 9013059, at *2 (N.D. Cal. Mar. 17, 2010), *aff'd*, 696 F.3d 811 (9th Cir. 2012), the Ninth Circuit also affirmed the district court's approval of a settlement in which the district court overruled the objection by one class member that notice had been deposited in his spam e-mail filter. The district court rejected the objection, noting, "Although it is not entirely clear how or why this may have occurred, the Court is satisfied that the possibility that some Class members have activated settings on their e-mail accounts that might filter the e-mail notices does not undermine the overall adequacy of the notice given. Indeed, even the objector appears to have received actual notice via e-mail, albeit only because he checked the contents of his spam filter." *Id.*; *see also* Jennifer Mingus, "E-Mail: A Constitutional (and Economical) Method of Transmitting Class Action Notice," 47 Clev. St. L. Rev. 87, 101 (1999) (noting that, even almost 20 years ago, "[b]ecause e-mail is a form of individual notice that is reasonably certain to reach its recipient, e-mail meets the due process requirements for class action notice").

Other district courts have also regularly approved e-mail notice as meeting due process standards without spam testing or confirmation of opening in similar circumstances.

---

[1] A "bounce back" occurs when the e-mail is immediately rejected by the e-mail domain and a notice to the sender is generated indicating that the e-mail delivery actually failed. It is different than an e-mail being delivered, but into a spam or junk folder rather than to the primary "inbox" folder.

4.

CASE NO. 3:14-cv-05200 EMC

JOINT FURTHER SUPPLEMENTAL BRIEF ON ORDER FOR PRELIMINARY APPROVAL

In *Tadepalli v. Uber Technologies, Inc.*, No. 15-CV-04348-MEJ, 2015 WL 9196054, at *12 (N.D. Cal. Dec. 17, 2015), for instance, Magistrate Judge James approved e-mail as the sole method of providing class notice to individuals who procured rides through the Uber app. Judge James noted that "Uber maintains a list of e-mail addresses for all Settlement Class members and communicates with them via e-mail, including by sending receipts by e-mail . . . As such, it is likely that Class Members will receive the best practicable notice of the proposed settlement by e-mail." *Id*. The court also granted final settlement approval and there has been no indication that spam filters resulted in any issues for the notice process. No confirmation that the e-mails were actually opened was required. *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *6 (N.D. Cal. Apr. 25, 2016) (granting final approval after approved notice plan was effectuated).

Likewise, in *Cox v. Clarus Marketing Group, LLC*, No. 11-CV-27111, 2012 WL 12870301, at *7 (S.D. Cal. Nov. 20, 2012), Judge Huff found that e-mail notice was "adequate and sufficient to inform the class members of their rights" under the settlement. In *Cox*, e-mail was the principal form of class notice, and, as here, mail notice was directed to class members for whom the defendant did not have a valid e-mail address. *Id*. Also, as here, the settlement administrator set up a publicly-available website to view the notice and download pertinent documents. *Id.* Again, when the settlement was granted final approval, there was no indication that spam filters resulted in any issues during the notice process or that confirmation of opening was necessary. *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 476 (S.D. Cal. 2013) (granting final approval, no objectors).

Similarly, in granting final settlement approval in *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *9 (N.D. Cal. Feb. 16, 2016), Judge Koh found that "the Notice Plan was fully implemented and complies with both due process and Rule 23," where, as here, direct e-mail notice was provided to class members in conjunction with a settlement website. Individuals for whom a bounce-back was sent received another e-mail attempt. *Id.* at *7. As here, class members submitted claims forms to be eligible for a payment and submitted their preferred choice of payment. *Id.* at *9. There is no indication that "spam" filters hindered the notice process.

*Kulesa v. PC Cleaner, Inc.*, No. SACV120725FMOANX, 2014 WL 12581770, at *5 (C.D. Cal. Aug. 26, 2014) reached the same result. The Court approved a substantially identical notice

5.

plan as that which had been proposed by the parties here, without the need for spam e-mail testing or open confirmations. The Court found that the notice plan "fairly and adequately informed class members," where, as here, initial e-mail notice was sent, followed by postcard notice for undeliverable e-mails, and buttressed by a publicly-available settlement website. *Id.*

The Modified Notice Order goes a step beyond these authorities, by taking steps to ensure that if a Settlement Class Member does not actively open the e-mail notice, he or she will be sent a follow-up mailing. Given that the parties' original notice proposal plainly satisfied due process, there can be no question that the Modified Notice Order does so.

## III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant the Modified Notice Order attached hereto.

DATED: August 10, 2017

Respectfully submitted

**AHDOOT & WOLFSON, PC**
*/s/ Tina Wolfson*
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Bradley K. King

**GOLDSTEIN, BORGEN, DARDARIAN & HO**

Laura L. Ho
Andrew P. Lee
William C. Jhaveri-Weeks

Attorneys for Plaintiffs and the Putative Class

DATED: August 10, 2017

**LITTLER MENDELSON, P.C.**
*/s/ Rod M. Fliegel*
Rod Fliegel
John C. Fish, Jr.
Andrew Spurchise

6.
CASE NO. 3:14-cv-05200 EMC

JOINT FURTHER SUPPLEMENTAL BRIEF ON ORDER
FOR PRELIMINARY APPROVAL

**GIBSON, DUNN & CRUTCHER LLP**

Joshua S. Lipshutz
Kevin J. Ring Dowell
Theodore J. Boutrous, Jr.
Theane D. Evangelis
Dhananjay Manthripragada

Attorneys for Defendant
Uber Technologies, Inc. and Rasier, LLC

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC<br>**[PROPOSED] ORDER MODIFYING PRELIMINARY APPROVAL ORDER**<br>Before: The Honorable Edward M. Chen |

The Court has reviewed the Parties' JOINT FURTHER SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.  For reasons stated in the Parties' Brief, and good cause appearing, and satisfied that the Parties' modified notice proposal satisfies due process and ensures by the best practicable means that Settlement Class Members will receive notice of the Parties' settlement and their rights pursuant to that settlement, the Court hereby modifies its Order Granting Preliminary Approval (Dkt. 242) (hereafter "the Order") as follows:

- Page 15, lines 19-23 of the Order are hereby vacated;
- The notice plan and claims process approved by the Court in the Order (*see* Dkt. 242 pp. 14- 16) remains approved as proposed by the parties, with the sole exception being that it is hereby modified such that: (1) the Settlement Administrator will implement a feature on the e-mail notices to the Settlement Class Members which will report data to the Settlement Administrator about whether the recipients have actually opened the e-mail notice (i.e., an "open confirmation") utilizing accepted industry standards for same; (2) if fourteen (14) business days pass after the Summary Notice is e-mailed to a Settlement Class Member, and there is no data indicating that the Settlement Class Member opened the e-mail (i.e. an "open confirmation"), then the Settlement Administrator will attempt to mail the postcard version of the Summary Notice (Dkt. 222-7); (3) any follow-up postcard mailing pursuant to this order to such Settlement Class Members shall take place by first class mail within forty-five (45) days after the issuance of the order setting final dates for the notice and claims process; and (4) for any postcard notice that is returned as undeliverable, the Settlement Administrator will use the National Change of Address database to attempt to obtain a valid mailing address for the intended Settlement Class Member recipient, and will send postcard notice by U.S. first-class mail, postage prepaid, to each such individual for whom it can obtain a valid mailing address from the National Change of Address database.  If a valid mailing address cannot be found for a Settlement Class Member, the process

described herein will cease as to that Settlement Class Member.

Within seven (7) days of date of entry of this order, the parties shall submit an order for the Court's execution setting forth all specific relevant dates and deadlines for the notice and claims process, consistent with the Order and the further contents herein.

**IT IS SO ORDERED.**

Dated: _____        _____
                                Honorable Edward M. Chen
                                United States District Judge