Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (State Bar No. 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (State Bar No. 223242)
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
10728 Lindbrook Dr.
Los Angeles, California 90024
Tel:    (310) 474-9111
Fax:    (310) 474-8585

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC<br><br>**DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    February 8, 2018<br>Time:    1:30 p.m.<br>Crtrm:   5<br><br>Before:  Hon. Edward M. Chen |
|---|---|

1

**DECLARATION OF TINA WOLFSON**

I, Tina Wolfson, declare as follows:

1. I am a partner and founding member of Ahdoot & Wolfson, PC ("AW") and designated by the Court as Class Counsel in this matter. I respectfully submit this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Response to Objections. I have personal knowledge of the facts set forth in this declaration and could and will testify competently to them if called upon to do so.

2. In my declaration in support of Plaintiffs' Motion for an Award of Attorney Fees and Expenses ("Fee Motion"), ECF No. 258-2, I detailed AW's lodestar through November 15, 2017. Since that date, and through January 23, 2018, AW attorneys have expended an additional 129 hours on this litigation. I expect that AW will incur additional hours of time to see this case through completion of the settlement, including: finalizing and filing the current final approval and response to objection briefing; responding to additional class member inquiries, claims, or challenges; attending the final approval hearing; working with Defendants and the settlement administrator on the distribution of awards to the Class; monitoring the award distributions to the Class; ensuring that any residual is paid to the Court-approved *cy pres* beneficiaries; and reporting to the Court that the distribution of settlement funds has been completed.

3. The hours spent (and to be spent) since my last declaration were spent reasonably, and AW has continued to endeavor to manage and staff this matter efficiently. These 129 hours of work amount to a lodestar of $87,608.50. AW's total lodestar as of January 23, 2017 is $1,554,321.

4. These hours are summarized as follows:

| Professional | Title | Billable Hours | 2017 Rate | Billable Fees |
|---|---|---|---|---|
| Tina Wolfson | Senior Partner | 19.7 | $850 | $16,745.00 |
| Robert Ahdoot | Senior Partner | 27.8 | $850 | $23,630.00 |
| Theodore Maya | Partner | 40.8 | $695 | $28,356.00 |
| Bradley King | Associate | 39.4 | $475 | $10,402.50 |
| Diana Kiem | Paralegal | 1.3 | $125 | $162.50 |
| **TOTALS:** | | **129** | | **$87,608.50** |

5. These attorneys spent this time on: preparing and filing the Fee Motion and supporting documents; calls and correspondence with the Settlement Administrator and with opposing counsel regarding various Settlement-related issues including objections and opt-outs received, including in particular the mass opt-out received from the Audet firm; the present Motion for Final Approval; and the present Response to Objections.  Following entry of the Preliminary Approval Order, Class Counsel worked closely with the Settlement Administrator and with counsel for Uber to implement the notice program approved by this Court.

6. In general, this time could be coded under one of two codes using the Uniform Task-Based Management System ("UTBMS"), which are described in greater detail in the Declaration of Andrew Lee in Support of the Fee Motion.  (*Id.* ¶¶ 38-56, ECF No. 258-1.)  Those two codes are L260 (Class Certification and Notice) or L460 ("Post-Trial Motions and Submissions," which would appear to cover the Fee Motion).

7. AW's billing practices have continued to comply with the Court's Order Granting Motion to Consolidate and Appoint Interim Lead Counsel ("Lead Counsel Order"),  ECF No. 111.  This Order sets forth requirements regarding appropriate billing practices for this case, including the requirement that Lead Counsel maintain daily, contemporaneous time records and appropriately staff depositions, court hearings, and document review tasks.

8. AW's work in this matter continues to be on a wholly contingent basis.  AW devoted substantial resources to this matter, and has not received payment for the hours of service described above or the expenses incurred.

9. All timekeepers at AW maintain contemporaneous time records reflecting the time spent on this and other matters.  In all instances, the time keeper indicates the date and amount of time spent on a task to one-tenth of an hour; describes the work that was performed during the indicated time period; and identifies the case to which the time should be charged.

10. Throughout this action, I have continued to endeavor to reach consensus with my co-counsel to manage the administration and work division in this case in a systematic and efficient manner, coordinating work assignments through conference calls, working to avoid duplication of efforts or unnecessary work undertaken by any of the counsel for the Class in this case, and ensuring

that the skills and talents of counsel were put to use in an efficient and effective manner that maximized what each firm and attorney could contribute in a non-redundant way.

11. I have reviewed our billing records to confirm that AW's time entries and resulting lodestar conform to the Lead Counsel Order. These billing records will be made available to the Court for *in camera* review upon request.

12. AW has calculated the above, post-November 2017 lodestar using 2017 rates, although some of the time was incurred in 2018. (*See* Lead Counsel Order 4-5.)

13. I continued to believe that my firm's rates are fully commensurate with the hourly rates of other nationally prominent firms performing similar work for both plaintiffs and defendants. After considering all of these data points, I have determined that the rates are reasonable for each of the professionals who worked on this matter. I have reviewed AW's billing records and confirmed that AW's time entries and lodestar conform to the Lead Counsel Order.

14. AW sets its hourly rates according to prevailing market rates in Los Angeles, California, bills its hourly paying clients according to those rates, and has been awarded fees according to those rates. AW primarily represents clients on a contingent fee basis, both in class and individual cases. However, AW also represents clients on an hourly basis and is paid according to its then-current hourly rates. AW is currently retained at the hourly rates used to calculate its lodestar in this matter.

15. Courts have recently awarded these AW attorneys fees at rates that are comparable to the rates sought here. *See, e.g. Williamson, et al. vs. McAfee, Inc.*, Case No. 5:14-cv-00158-EJD, Dkt. 118 (N.D. Cal. Feb. 15, 2017) ($85 Million settlement in deceptive auto renewal case); *Smith v. Floor & Decor Outlets of Am., Inc.*, Case No. l:15-cv-04316-ELR, Dkt. No. 69 (N.D. Ga. Jan. 10, 2017) ($14.5 Million product liability settlement re: laminate flooring); *Chimeno-Buzzi v. Hollister Co.*, Case No. 1:14-cv-23120-MGC, Dkt. No. 155 (S.D. Fla. April 11, 2016) ($10 Million TCPA Settlement); *West v. ExamSoft Worldwide Inc.*, Case No. 1:14-cv-22950-UU, Dkt. No. 62 (S.D. Fla. October 9, 2015) ($2.1 Millon Settlement in Bar Exam Testing case).

16. Attorneys at AW applied the formula set forth in Appendix A to the Settlement Agreement to calculate the likely Settlement Shares that will be awarded to Claimants in the Court

Group and the ADR Group. These calculations assume that (1) the Court awards Class Counsel the full amount of fees and expenses requested in the Fee Motion (totaling $ 2,548,249.25), and (2) the Court awards Plaintiffs the full amount of the Service Awards they have requested (totaling $30,000). These calculations also assume that 75% of the PAGA Payment, totaling $5,625.00, will be paid to the California Labor and Workforce Development Agency ("LWDA"), out of the $7.5 million Settlement Fund. These calculations are based on preliminary figures provided by the Settlement Administrator in the concurrently filed Notice Declaration of Charles Ferrara, which indicate that 41,242 valid claims were submitted by members of the Court Group, and 58,001 by members of the ADR Group. Based on these figures and assumptions, we calculate that Class Members in the Court Group will receive a Settlement Share of $73.99, while the Class Members in the ADR Group will receive a Settlement Share of $32.15.

17. As of January 23, 2018, the Settlement Administrator received 99,243 valid claim forms. This represents approximately 10% of all Class Members. In my experience, this is a comparatively favorable result.

I declare under penalty of perjury under the laws of California and of the United States that the foregoing is true and correct. Executed this 25th day of January, 2018 in Los Angeles, California.

_____
Tina Wolfson

5

WOLFSON DECL. ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL

701652.5