1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Andrew P. Lee (SBN 245903)
   alee@gbdhlegal.com
3  William C. Jhaveri-Weeks (SBN 289984)
   wjhaveriweeks@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
5  Oakland, CA  94612
   Tel:   (510) 763-9800
6  Fax:   (510) 835-1417

7  Tina Wolfson (State Bar No. 174806)
   twolfson@ahdootwolfson.com
8  Robert Ahdoot (State Bar No. 172098)
   rahdoot@ahdootwolfson.com
9  Theodore W. Maya (State Bar No. 223242)
   tmaya@ahdootwolfson.com
10 AHDOOT & WOLFSON, P.C.
   10728 Lindbrook Dr.
11 Los Angeles, California 90024
   Tel:   (310) 474-9111
12 Fax:   (310) 474-8585

13 Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC |
| | **DECLARATION OF ANDREW P. LEE IN SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) PLAINTIFFS' RESPONSE IN OPPOSITION TO OBJECTIONS TO CLASS ACTION SETTLEMENT** |
| | Date:     February 8, 2018<br>Time:     1:30 p.m.<br>Crtrm:   5 |
| | Before:  Hon. Edward M. Chen |

I, Andrew P. Lee, declare as follows:

1.  I am a member in good standing of the bar of the State of California and a partner in the law firm Goldstein, Borgen, Dardarian & Ho ("GBDH") in Oakland, California. I am co-counsel representing Plaintiffs and Class Representatives Abdul Kadir Mohamed, Ronald Gillette, Shannon Wise, Brandon Farmer, and Megan Christenson (collectively, "Plaintiffs") in this matter. I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Response in Opposition to Objections to Class Action Settlement. I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to them.

2.  Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, ECF No. 258, and my supporting declaration ("Lee Fee Decl."), ECF No. 258-1, set forth in detail the authority and facts supporting Plaintiffs' requested attorneys' fees and costs award. In the interest of economy, I incorporate that material by reference here.

3.  As of November 10, 2017, GBDH had incurred a total lodestar of $1,590.010.00 based on 2,546.6 attorney and staff hours, after the exercise of billing judgment. (*See* Lee Fee Decl. ¶ 20.) Since that date, and through January 24, 2018, GBDH has spent an additional 190.1 hours on this case, which has included work overseeing the distribution of settlement notice, discussions with Class Members regarding the Settlement, drafting and filing Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, drafting and filing Plaintiffs' Motion for Service Awards, and drafting and filing Plaintiffs' Motion for Final Approval of Class Action Settlement.

4.  In general, this time could be coded under one of two codes using the Uniform Task-Based Management System ("UTBMS"), which are described in greater detail in my previous declaration. (*See* Lee Fee Decl. ¶¶ 38-56.) Those two codes are L260 (Class Certification and Notice) or L460 ("Post-Trial Motions and Submissions"), which applies to Class Counsel's work related to Plaintiffs' Motion for Award of Attorneys' Fees.

5.  The hours expended since my last declaration were spent reasonably, and GBDH has continued to endeavor to manage and staff this matter efficiently. These 190.1 hours of work amount to a lodestar of $100,578.50. These hours are summarized as follows:

| Professional | Title | Billable Hours | Rate | Billable Fees |
|---|---|---|---|---|
| Anne Bellows | Associate | 24 | 450 | $10,800.00 |
| Scott G. Grimes | Senior Paralegal | 27.6 | 300 | $8,280.00 |
| Laura L. Ho | Senior Partner | 13.2 | 825 | $10,890.00 |
| Andrew Lee | Partner | 94.2 | 660 | $62,172.00 |
| Jacqueline V. Thompson | Senior Paralegal | 6.5 | 295 | $1,917.50 |
| Damon Valdez | Paralegal | 24.6 | 265 | $6,519.00 |
| **GBDH Subtotal** | | **190.1** | | **$100,578.50** |

6. GBDH's total lodestar as of January 24, 2018 is $1,690,588.50.

7. This lodestar does not include additional future work to bring the Settlement to conclusion, which includes finalizing the instant motion for filing, preparing for and appearing at the final approval hearing, providing an update to the Plaintiffs regarding the outcome of the hearing, and responding to questions and concerns of Class Members and the Settlement Administrator during the payout process.

8. GBDH's billing practices have continued to comply with the Court's Order Granting Motion to Consolidate and Appoint Interim Lead Counsel ("Lead Counsel Order"), ECF No. 111. This Order sets forth requirements regarding appropriate billing practices for this case, including the requirement that Lead Counsel maintain daily, contemporaneous time records and appropriately staff depositions, court hearings, and document review tasks.

9. GBDH's work in this matter continues to be on a wholly contingent basis. GBDH devoted substantial resources to this matter, and has not received payment for the hours of service described above or the expenses incurred. In contingent risk cases, my firm and other firms doing this type of work frequently advance tens or hundreds of thousands of dollars in expenses and costs and defer all payment of our fees for several years, with no guarantee that any of the fees we incurred or costs we advanced would ever be recovered.

10. All timekeepers at GBDH maintain contemporaneous time records reflecting the time spent on this and other matters. In all instances, the time keeper indicates the date and amount of time spent on a task to one-tenth of an hour; describes the work that was performed during the indicated time period; and identifies the case to which the time should be charged.

11. Throughout this action, GBDH continued to endeavor to reach consensus with co-counsel to manage the administration and work division in this case in a systematic and efficient manner, coordinating work assignments through conference calls, working to avoid duplication of efforts or unnecessary work undertaken by any of the counsel for the Class in this case, and ensuring that the skills and talents of counsel were put to use in an efficient and effective manner that maximized what each firm and attorney could contribute in a non-redundant way.

12. I have reviewed our billing records to confirm that GBDH's time entries and resulting lodestar conform to the Lead Counsel Order. These billing records will be made available to the Court for *in camera* review upon request.

13. GBDH has calculated the above, post-November 2017 lodestar using 2017 rates, although some of the time was incurred in 2018. (*See* Lead Counsel Order 4-5.)

14. GBDH periodically establishes hourly rates for the firm's billing personnel. GBDH establishes the rates based on prevailing market rates for attorneys and law firms in the San Francisco Bay Area that have attorneys and staff of comparable skill, experience, and qualifications. GBDH obtains information concerning market rates from other attorneys in the area that have similar experience doing similar work, from information that occasionally appears in the local press and national bar publications, and in orders awarding attorneys' fees in similar cases. After considering all of these data points, GBDH has determined that the rates are reasonable for each of the professionals who worked on this matter.

15. My firm's billing rates are charged to and paid by fee-paying clients of our firm, and by defendants with whom we have settlement agreements that require monitoring, and are paid by the hour on a regular billing basis. They are also the rates we claim in our fee applications in all of our contingent, fee shifting cases. Pursuant to this Court's Order Granting Motion to Consolidate and Appoint Interim Lead Counsel, GBDH calculates its lodestar using 2017 rates to account for delay in payment. (*See* Lead Counsel Order 4-5.)

16. In my experience, claimants who have moved will often call Class Counsel or the settlement administrator to update their addresses.

17. On December 22, 2017, Class Counsel Robert Ahdoot and Andrew Lee conferred with

1  Mr. Burton regarding the Abeyta objection.  Class Counsel stated their view that requiring Class

2  Members to submit signed opt out forms was consistent with applicable Ninth Circuit law.  Class

3  Counsel further explained that signed opt out forms were essential to determine the intent of Audet's

4  clients because a number of the individuals he sought to exclude from the Settlement had also

5  submitted claim forms.  Without written proof of an intent to opt out, the Court would have no basis to

6  exclude these individuals other than Mr. Burton's representations.  Mr. Burton stated that he would

7  attempt to obtain signed opt out forms from his clients.  On January 9, 2018, Class Counsel conferred

8  again with Mr. Burton.  During their call, Class Counsel reiterated the importance of signed opt out

9  forms.

11  I declare under penalty of perjury under the laws of the State of California and of the United

12  States that the foregoing is true and correct, and that this Declaration was executed this 25th day of

13  January 2018, in Oakland, California.

                                      */s/ Andrew P. Lee*
                                      Andrew P. Lee