1
2
3

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   In Re Uber FCRA Litigation

Case No.: 3:14-cv-05200-EMC

5
6

Consolidated with: 14-cv-05241-EMC
15-cv-03009-EMC

7
8

**NOTICE DECLARATION OF
CHARLES E. FERRARA**

9

Hon. Edward M. Chen, Presiding

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

701632.2

1

## NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR

2

I, CHARLES E. FERRARA declare:

3

4

    1.     I am Director of Operations with Angeion Group ("Angeion"), located at 1801 Market

5

Street, Suite 660, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action.

6

I have personal knowledge of the facts set forth herein and, if called as a witness, could and would

7

testify competently thereto.

8

    2.     The purpose of this declaration is to provide the Parties and the Court with a summary

9

and the results of the work performed by Angeion related to the Notice Procedures for the *In Re Uber*

10

*FCRA Litigation,* Case No.: 3:14-cv-05200-EMC pursuant to the Order Granting Plaintiffs' Motion

11

for Preliminary Approval of Class Action Settlement, filed June 29th, 2017 (the "Order"), the Order

12

Modifying Preliminary Approval Order, filed August 15, 2017 and the Order Re: Settlement Dates

13

and Deadlines, filed August 24, 2017.

14

15

    3.     Angeion was retained to, among other tasks, administer the notice, claims, and

16

effectuate the Settlement Payment distribution process provided for in the Stipulation of Settlement.

17

## DISTRIBUTION OF CAFA NOTICE

18

    4.     On May 5, 2017, as required by 28 U.S.C. §§ 1715(b), Angeion mailed, via the United

19

20

States Post Office ("USPS") Priority Mail, notice of the proposed settlement of this action to the

21

Attorneys General of each the fifty states, the District of Columbia, the U.S. territories, and the

22

Attorney General of the United States ("CAFA Notice"). The mailings included the items set forth in

23

the CAFA Notice. A copy of the CAFA Notice is attached hereto as Exhibit A.

24

## ESTABLISHMENT OF CLASS LIST

25

    5.     On or about August 25, 2017, Angeion received from the Defendant an electronic list

26

containing a total of 1,025,958 records (the "Class List"). The Class List was received in two lists: an

27

ADR Group containing 424,129 records and the Court Group containing 601,829 records. Of these

28

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

Class Lists, the ADR Group contained 57 Uber employee records, and the Court Group contained 906 Uber employee records and 725 test account records, all of which were removed from the list because they were not actual Class Members.

## SUMMARY OF NOTICE PROGRAM
## EMAIL NOTICE

6.      After removing the 1,688 Uber employee and test account records, in accordance with the Order, Angeion completed sending Email Notices on September 11, 2017 to 1,024,270 Class Members included on the Class List ("Initial Email Notice"). A true and correct copy of the Email Notice is attached hereto as Exhibit B. Of the 1,024,270 Email Notices sent, there were 111,920 emails that were returned as undeliverable ("bounce backs"), 120,314 emails that were confirmed opened, and 793,197 emails that were delivered but we do not have confirmation that they were opened, as of September 25, 2017.

## MAILED NOTICE

7.      Angeion combined the 111,920 emails that were returned undeliverable with the 793,197 emails that were unopened, arriving at a total of 905,117 records.  After removing 4,359 duplicate records and 57,062 records without a mailing address, that left 843,696 Class Members to whom a Mailed Notice would be sent.  The 57,062 records removed because they did not have a mailing address did not contain enough data points for them to be submitted for an address search. On October 2, 2017, Angeion caused 843,696 Mailed Notices to be sent via the United States Postal Service ("USPS"), First Class Mail, postage pre-paid to Class Members. A true and correct copy of the Mailed Notice is attached hereto as Exhibit C.

## UNDELIVERABLE MAILED NOTICES

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

701632.2

8.      As of January 23, 2018, a total of 16,480 Notices were returned to Angeion by the USPS with a forwarding address.  Accordingly, Angeion caused the Notices to be mailed via USPS First Class Mail to the forwarding addresses provided by the USPS.

9.      As of January 23, 2018, a total of 215,369 Notices were returned to Angeion by the USPS without forwarding addresses. Angeion conducted address verification searches (commonly referred to as "skip traces") in an attempt to locate updated addresses that were returned.

10.      As of January 23, 2018, Angeion located 149,422 updated addresses via skip tracing. The Class List was updated with the new addresses, and the Notice was re-mailed via USPS First Class Mail to the updated addresses.

### REMINDER EMAIL NOTICE

11.      In accordance with Paragraph 73 of the Stipulation of Settlement, on December 6, 2017, Angeion caused 977,313 Reminder Email Notices to be sent to Class Members included on the Class List that did not submit a Claim Form to remind Class Members of the claims submission deadline.  A true and correct copy of the Reminder Email Notice is attached hereto as Exhibit D.

### CASE SPECIFIC WEBSITE AND TOLL-FREE PHONE NUMBER

12.      In accordance with the Order, on September 7, 2017, Angeion established a website devoted to this Settlement at: www.UberFCRASettlement.com. This website contains general information about the Settlement, including important dates and deadlines pertinent to this matter, and copies of important documents including the Long Form Notice, Claim Form, Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Stipulation of Settlement and Amended Master Consolidated Complaint.  The Settlement website also has a "Contact Us" page whereby Class Members can submit address updates or questions regarding the Settlement to an email address dedicated to this Settlement:  UberFCRASettlement@AdministratorClassAction.com.

13.      The Settlement website also provided an online claim filing portal whereby Class

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

701632.2

Members could complete and submit their Claim Form through the Settlement website. Class Members also had the option of downloading a PDF of the Claim Form, completing it, and submitting it by mail.

14. As of January 23, 2018, the Settlement website has had 292,853 sessions and 614,969 page views.

15. In accordance with the Order, on September 7, 2017, Angeion established the following toll-free line devoted to this case: 1-855-770-4368. The toll-free line utilizes an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and information about filing a claim and important deadline dates. The toll-free line is accessible 24 hours a day, 7 days a week. Additionally, Class Members can leave a voice message requesting Settlement documents be mailed to them. As of January 23, 2018, the toll-free number has received 5,952 calls, totaling 27,508 minutes. Additionally, 88 messages were received.

## CLAIMS FILED

16. The deadline for Class Members to submit a Claim Form was January 15, 2018. As of January 23, 2018, Angeion has received 135,209 Claim Form submissions. Angeion will continue to keep the Parties apprised of the number of Claim Form submissions received. Angeion compared the claims filed to the original Class List in order to identify claims that appear to be Valid. Angeion identified 99,243 Claims that appear to be Valid. The following chart summarizes the claims that appear to be valid:

| Group | Valid Claims | Elected Paper Check Or Neglected to make an election | Elected Paypal | Elected Digital Check |
|-------|-------------|-----------------------------------------------------|----------------|----------------------|
| Court | 41,242 | 28,416 | 7,166 | 5,660 |
| ADR | 58,001 | 40,542 | 9,475 | 7,984 |
| **Total** | **99,243** | **68,958*** | **16,641** | **13,644** |

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

701632.2

**\*  There are various costs associated with printing and mailing checks.  The estimated postage cost alone for this distribution is $40,000.00.**

17.     Angeion also identified 35,966 Claims that appear to be Invalid pursuant to the terms of the Settlement Agreement.  Claims that appear to be invalid arise under multiple scenarios including where the claimant did not provide their Claim Number (which was included on their Notice) and where that same claimant did not appear to match any record on the Class List.  The Settlement Agreement also required Angeion to employ reasonable efforts and means to identify and reject duplicate and/or fraudulent Claims.  The security audits in this case identified certain claims that appear to have been filed en masse from the same IP address or used the same email address on multiple claims, which are both indicia of suspicious claims.  Specifically, Angeion has identified multiple IP Addresses which have filed a suspiciously high number of Claims.  The estimated total number of claims attributable to these IP addresses is 8,058.   Those claims were reviewed further and identified as Invalid or Valid based on comparisons to the Class List.

## REQUESTS FOR EXCLUSION

18.     The deadline for Class Members to request exclusion from the Settlement was December 14, 2017. As of January 23, 2018, Angeion has received 292 individual requests for exclusion. Of these 292 individual requests for exclusion, 216 appear on the Class List, and 76 do not appear on the Class List.  Angeion will continue to inform the Parties of any additional exclusion requests received.  A list of the requests for exclusion are attached hereto as Exhibit E.

19.     Angeion also received one mass exclusion request from Mark E. Burton, Jr. of Audet & Partners LLP, attempting to opt out on behalf of approximately 548 individuals, (the "Audet Opt Out"). After consulting with Class Counsel and Defense counsel, Angeion notified Mr. Burton that the mass opt out request was not a valid method of exclusion per paragraph 108 of the Settlement Agreement. A copy of the letter that Angeion sent to Mr. Burton is attached hereto as Exhibit G.

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

701632.2

20.   Of the 548 individuals identified in the Audet Opt Out, 245 appear to be Class Members because they match to a Class Member found on the Class list and were sent a notice via email. If the email Notice was not opened a post card Notice was mailed via postal mail.

21.   Of the 548 individuals identified in the Audet Opt Out, 303 do not appear to be Class Members because they do not match to anyone on the Class List.

22.   Of the 548 individuals identified in the Audet Opt Out, 132 submitted Claim Forms. 99 of these Claim Forms match to a Class Member found on the Class List, and 33 do not match to anyone on the Class List.

23.   Of the 548 individuals identified in the Audet Opt Out List, 77 submitted an individual request for exclusion.  38 of these individual requests for exclusion match to a Class member found on the Class List, and 39 do not match to anyone on the Class List.

24.   There were 31 individuals identified in the Audet Opt Out List who submitted both a claim and an individual request for exclusion. 21 of these claims and individual requests for exclusion match to a Class Member found on the Class List, and 10 do not match to anyone on the Class List.

25.   There were 308 individuals identified in the Audet Opt Out List who did not submit a claim and did not submit an individual request for exclusion. 87 of these Audet Opt Outs match to a Class Member found on the Class List, and 221 do not match to anyone on the Class List.

## OBJECTIONS TO THE SETTLEMENT

26.   The deadline for Class Members to submit objections to the Settlement was December 14, 2017.  As of January 23, 2018, Angeion has received 1 objection. Angeion will inform the Parties of any additional objections received. A copy of the objection is attached hereto as Exhibit F.

## COST OF SETTLEMENT ADMINISTRATION AND NEXT STEPS

27.   Through December 31, 2017, the total Settlement Administration Expenses are

NOTICE DECLARATION OF SETTLEMENT ADMINISTRATOR (CASE NO. 3:14-cv-05200-EMC)

$546,260.86.   Angeion estimates that it will incur an additional $190,000.00 to complete administration of this settlement.   Angeion will continue to perform final audits of the Claims filed in preparation for the distribution of the Net Settlement Fund.  The Claim statistics reported above are subject to minor changes as a result of these audit reviews.  In accordance with the Settlement Agreement, Angeion will notify certain claimants whose Claims were deemed to be Invalid that their Claim is Rejected.  These Rejection Notices will inform the claimant that they have ten (10) days to respond if they believe that their claim is, in fact, Valid.  Claimants who respond with acceptable information and/or documentation will be deemed to be Valid, thereby potentially increasing the number of Valid Claims (the total current number of Valid claims is 99,243).  In accordance with the Stipulation of Settlement, Angeion will determine the amount of the Settlement Share for each Class Member who has submitted a Valid Claim.  Within fifteen (15) days after the Effective Date, Angeion will calculate the Settlement Fund Balance by deducting from the Settlement Fund: (1) the Service Award to each Plaintiff; and (2) the Attorney's Fees and Expenses approved by the Court.  Within forty-five (45) days following the Effective Date Angeion will distribute the Settlement Share to Settlement Class Claimants.

I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED:  January 25, 2018                 _____

CHARLES E. FERRARA

# Exhibit A



1801 Market Street, Suite 660
Philadelphia, PA 19103
(p) 215-563-4116
(f) 215-563-8839
www.angeiongroup.com

May 5, 2017

VIA USPS PRIORITY MAIL

United States Attorney General &
Appropriate Officials

**Re: Notice of Class Action Settlement**
*In re Uber FCRA Litigation*
Case No. 3:14-cv-05200-EMC

Dear Counsel or Official:

Angeion Group, an independent claims administrator, on behalf of Uber Technologies, Inc. ("Uber") and Raiser, LLC ("Raiser"), defendants in the below-described action, hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of the proposed class action settlement between Uber Technologies, Inc. and Raiser, LLC and the Plaintiffs in the below-described action:

> **Case Name:**  In re Uber FCRA Litigation
> **Index Number:** 3:14-cv-05200-EMC
> **Jurisdiction:**  United States District Court for The Northern District of California
> **Date Settlement Filed with Court:**  April 25, 2017

In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD-ROM:

1. **28 U.S.C. § 1715(b)(1)-Complaint:**  Included on the enclosed CD-ROM, please find copies of the Class Action Complaint, filed with the Court on November 24, 2014, the Master Consolidated Complaint, filed with the Court on October 15, 2015, and the Amended Master Consolidated Complaint, filed with the Court on April 13, 2016.

2. **28 U.S.C. § 1715(b)(2)-Notice of Any Scheduled Judicial Hearings:**  Plaintiffs filed their Motion for Preliminary Approval with a requested Motion hearing date of June 1, 2017 at 1:30 PM, in the Courtroom of the Honorable Edward M. Chen, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, California 94102.  The Court has taken no formal action on Plaintiffs' requested motion date.

3. **28 U.S.C. § 1715(b)(3)-Notification to Class Members:** Copies of the proposed Summary E-mail Notice and Postcard Notice filed with the Court on April 25, 2017, are included on the enclosed CD-ROM.

4. **28 U.S.C. § 1715(b)(4)-Class Action Settlement Agreement:** A copy of the Stipulation of Settlement (Redacted) including Exhibits, filed with the Court on April 25, 2017, is included on the enclosed CD-ROM.

5. **28 U.S.C. § 1715(b)(5)-Any Settlement or Other Agreements:** A copy of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Redacted) filed with the Court is included on the enclosed CD-ROM. No other settlements or other agreements have been contemporaneously made between class counsel and counsel for the defendant that are not included in the Stipulation of Settlement (Redacted) and Motion for Preliminary Approval (Redacted) filings.

6. **28 U.S.C. § 1715(b)(6)-Final Judgment:** As of the time of the filing of this CAFA Notice, no Final Judgment or notice of dismissal has been entered in this case.

7. **28 U.S.C. § 1715(b)(7)(B)-Estimate of Class Members:** Based on defendant's records, an approximate breakdown of the percentage of Settlement Class Members by State/U.S. Territory is included on the enclosed CD-ROM. The proportionate share of the Class Members to the entire Settlement will be known after the Claims Filing Deadline (see the enclosed Stipulation of Settlement (Redacted)).

8. **28 U.S.C. §1715(b)(8)-Judicial Opinions Related to the Settlement:** The Court has not yet issued an opinion regarding the proposed settlement. A copy of the Proposed Preliminary Approval Order, filed with the Court on April 25, 2017 is included on the enclosed CD-ROM.

If you have questions or concerns about this notice, the proposed settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Sincerely,

Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA  19103
(p) 215-563-4116

**Enclosures**

(f)  215-563-8839

2

# Exhibit B

To: _____
From: donotreply@UberFCRASettlement.com

Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION
_____

**Name:**        **John Q. Claimant**
**Claim #:**     **UR1234567**                    **Click HERE to file a claim online**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you used, or sought to use, the Uber App as an "independent transportation provider" (sometimes referred to as a "Driver") in the U.S., you may be entitled to a payment from a class action settlement.

*A federal court directed this notice.  This is not a solicitation from a lawyer.*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO UBER, THE CLERK OF THE COURT OR THE JUDGE**

- If you are the named recipient of this e-mail you may be entitled to receive a payment from a Settlement in a class action lawsuit against Uber Technologies, Inc. ("Uber") and Rasier, LLC (collectively, "Defendants"), regarding whether Defendants obtained consumer background check reports in violation of the Fair Credit Reporting Act ("FCRA") and related state laws (collectively the "Background Check Laws").   Plaintiffs allege that Defendants failed to provide proper notice regarding their intention to procure background check reports, to obtain proper authorization to procure background check reports, and to provide required information and copies of the reports before taking "adverse employment actions" against them, in violation of the Background Check Laws.  Defendants deny the allegations in the lawsuit and Plaintiffs' contention that the Background Check Laws apply to "independent transportation providers" (as this term is defined and used in the software licensing agreements that permit access to the Uber App as a Driver).

- The Settlement will result in the creation of a $7,500,000 Settlement Fund to be paid to people who were subject to a background check at Defendants' request prior to January 3, 2015, called "Class Members."  The Settlement also requires Defendants to agree not to deliberately return to the form of background check disclosure that was provided to independent transportation providers who sought to use the Uber App in or before 2014.

- To be eligible to receive a payment from this Settlement, you must submit a Claim Form by **January 15, 2018**.  Click **HERE** to file a claim online

- **What do I get from the Settlement?**  The Settlement Fund will be used to satisfy payments to Class Members (called "Settlement Shares"); the Service Awards to the named Plaintiffs as approved by the Court; Attorneys' Fees and Expenses as approved by the Court; and a payment to California Labor and Workforce Development Agency.   You will receive a monetary payment if you fill out and **submit a Claim Form** and this Settlement receives final court approval. We estimate that you could recover $27.00 or $62.00, depending on whether you are in the ADR Group or the Court Group. This amount is an estimate.  Your actual recovery amount may vary, depending on the number of valid claims submitted.

  Payments to Class Members will be made only after the Court grants "final approval" to the Settlement and after any appeals are resolved.  If there are appeals, resolving them can take time. Please be patient and check www.UberFCRASettlement.com for updates.

- **What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Class by **December 14, 2017**, or you will not be able to sue, or continue to sue, Defendants for the claims that this Settlement resolves.  If you exclude yourself or "opt out" from the Settlement, you will not receive payment of your share of the Settlement Fund and you cannot object to the Settlement.  If you stay in the Class, you may object to any part of the Settlement by filing an objection by **December 14, 2017**.

- **The Court's Fairness Hearing?**  The Court will hold a hearing in the case, known as *In re Uber FCRA Litigation*, 3:14-cv-05200-EMC, on **February 8, 2018 at 1:30 p.m.**, to consider whether to approve the Settlement, and the requests by Class Counsel for reasonable attorneys' fees of up to one-third (1/3) of the Settlement Fund (or $2,500,000) plus expenses, and for Service Awards to the Class Representatives.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.UberFCRASettlement.com for updates.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to do so.

**Your legal rights are affected whether you act or do not act.**

- **How can I get more information?**  See the **Detailed Notice** for more information, **file a Claim Form** online, and review other information by visiting www.UberFCRASettlement.com.  You can also call 1-855-770-4368 to hear more about the Settlement.

# Exhibit C

**If you used, or sought to use, the Uber App as an "independent transportation provider" (sometimes referred to as a "Driver") in the U.S., you may be entitled to a payment from a class action settlement.**

A federal court directed this notice. This is not a solicitation from a lawyer.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO UBER, THE CLERK OF THE COURT OR THE JUDGE**

Class Action Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

## «ScanString»

Postal Service: Please do not mark barcode

Claim Number: «UR_____»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Because you are the named recipient of this postcard, you may be entitled to receive a payment from a settlement in a class action lawsuit against Uber Technologies, Inc. ("Uber") and Rasier, LLC (collectively, "Defendants"), regarding whether Defendants obtained consumer background check reports in violation of the Fair Credit Reporting Act ("FCRA") and related state laws (collectively the "Background Check Laws"). Plaintiffs allege that Defendants failed to provide proper notice regarding their intention to procure background check reports, to obtain proper authorization to procure background check reports, and to provide required information and copies of the reports before taking "adverse employment actions" against them, in violation of the Background Check Laws. Defendants deny the allegations in the lawsuit and Plaintiffs' contention that the Background Check Laws apply to "independent transportation providers" (as this term is defined and used in the software licensing agreements that permit access to the Uber App as a Driver). The Settlement will result in the creation of a $7,500,000 Settlement Fund to be paid to people who were subject to a background check at Defendants' request prior to January 3, 2015, called "Class Members." The Settlement also requires Defendants to agree not to deliberately return to the form of background check disclosure that was provided to independent transportation providers who sought to use the Uber App in or before 2014. To be eligible to receive a payment from this Settlement, you must submit a Claim Form by **January 15, 2018.** Visit www.UberFCRASettlement.com to file a claim online.

**What do I get from the Settlement?** The Settlement Fund will be used to satisfy payments to Class Members (called "Settlement Shares"); the Service Awards to the named Plaintiffs as approved by the Court; Attorneys' Fees and Expenses as approved by the Court; and a payment to California Labor and Workforce Development Agency. You will receive a monetary payment if you fill out and submit a Claim Form and this Settlement receives final court approval. We estimate that you could recover $27.00 or $62.00, depending on whether you are in the ADR group or the Court Group. This amount is an estimate. Your actual recovery amount may vary, depending on the number of valid claims submitted. Payments to Class Members will be made only after the Court grants "final approval" to the Settlement and after any appeals are resolved. If there are appeals, resolving them can take time. Please be patient and check www.UberFCRASettlement.com for updates.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Class by **December 14, 2017**, or you will not be able to sue, or continue to sue, Defendants for the claims that this Settlement resolves. If you exclude yourself or "opt out" from the Settlement, you will not receive payment of your share of the Settlement Fund and you cannot object to the Settlement. If you stay in the Class, you may object to any part of the Settlement by filing an objection by **December 14, 2017**.

**The Court's Fairness Hearing?** The Court will hold a hearing in the case, known as *In re Uber FCRA Litigation*, 3:14-cv-05200-EMC, on **February 8, 2018 at 1:30 p.m.**, to consider whether to approve the Settlement, and the requests by Class Counsel for reasonable attorneys' fees of up to one-third (1/3) of the Settlement Fund (or $2,500,000) plus expenses, and for Service Awards to the Class Representatives. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.UberFCRASettlement.com for updates. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to do so.

#### Your legal rights are affected whether you act or do not act.

**How can I get more information?** See the Detailed Notice for more information, file a Claim Form online, and review other information by visiting www.UberFCRASettlement.com. You can also call 1-855-770-4368 to hear more about the Settlement.

Exhibit D

**Subject:** Reminder: Uber Class Action Settlement

**Name: Joe Claimant**
**Claim #: UR1605926**                              **Click HERE to file a claim online**

<u>LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION</u>

There are 40 days remaining to submit your Claim.
The deadline to submit a Claim Form is January 15, 2018.
If you have already filed a Claim, you do not need to submit another Claim.

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# If you used, or sought to use, the Uber App as an "independent transportation provider" (sometimes referred to as a "Driver") in the U.S., you may be entitled to a payment from a class action settlement.

*A federal court directed this notice.  This is not a solicitation from a lawyer.*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO UBER, THE CLERK OF THE COURT OR THE JUDGE**

- If you are the named recipient of this e-mail you may be entitled to receive a payment from a Settlement in a class action lawsuit against Uber Technologies, Inc. ("Uber") and Rasier, LLC (collectively, "Defendants"), regarding whether Defendants obtained consumer background check reports in violation of the Fair Credit Reporting Act ("FCRA") and related state laws (collectively the "Background Check Laws").  Plaintiffs allege that Defendants failed to provide proper notice regarding their intention to procure background check reports, to obtain proper authorization to procure background check reports, and to provide required information and copies of the reports before taking "adverse employment actions" against them, in violation of the Background Check Laws.  Defendants deny the allegations in the lawsuit and Plaintiffs' contention that the Background Check Laws apply to "independent transportation providers" (as this term is defined and used in the software licensing agreements that permit access to the Uber App as a Driver).

- The Settlement will result in the creation of a $7,500,000 Settlement Fund to be paid to people who were subject to a background check at Defendants' request prior to January 3, 2015, called "Class Members."  The Settlement also requires Defendants to agree not to deliberately return to the form of background check disclosure that was provided to independent transportation providers who sought to use the Uber App in or before 2014.

- To be eligible to receive a payment from this Settlement, you must submit a Claim Form by **January 15, 2018.  Click HERE to file a claim online.**

- **What do I get from the Settlement?**  The Settlement Fund will be used to satisfy payments to Class Members (called "Settlement Shares"); the Service Awards to the named Plaintiffs as approved by the Court; Attorneys' Fees and Expenses as approved by the Court; and a payment to California Labor and Workforce Development Agency.   You will receive a monetary payment if you fill out and submit a Claim Form and this Settlement receives final court approval. We estimate that you could recover $27.00 or $62.00, depending on whether you are in the ADR group or the Court Group. This amount is an estimate.  Your actual recovery amount may vary, depending on the number of valid claims submitted.

- Payments to Class Members will be made only after the Court grants "final approval" to the Settlement and after any appeals are resolved.  If there are appeals, resolving them can take time.  Please be patient and check www.UberFCRASettlement.com for updates.

- **What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Class by **December 14, 2017**, or you will not be able to sue, or continue to sue, Defendants for the claims that this Settlement resolves.  If you exclude yourself or "opt out" from the Settlement, you will not receive payment of your share of the Settlement Fund and you cannot object to the Settlement.  If you stay in the Class, you may object to any part of the Settlement by filing an objection by **December 14, 2017**.

- **The Court's Fairness Hearing?**  The Court will hold a hearing in the case, known as *In re Uber FCRA Litigation*, 3:14-cv-05200-EMC, on **February 8, 2018 at 1:30 p.m.**, to consider whether to approve the Settlement, and the requests by Class Counsel for reasonable attorneys' fees of up to one-third (1/3) of the Settlement Fund (or $2,500,000) plus expenses, and for Service Awards to the Class Representatives.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.UberFCRASettlement.com for updates.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to do so.

**Your legal rights are affected whether you act or do not act.**

- **How can I get more information?**  See the Detailed Notice for more information, file a Claim Form online, and review other information by visiting www.UberFCRASettlement.com.  You can also call 1-855-770-4368 to hear more about the Settlement.

# Exhibit E

| Case Name | Case Number | First Name | Last Name | Submission Date | Postmark Date |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOHN | ABRAHAM | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANITRA | JACKSON | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANDREW | COLLMANN | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHRIS | LEWIS | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ELIAS | ADAME | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JORGe | MUNIz | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KIM | GERACE | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAWAN | THOMPSON | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MBACKE | DIOP | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | NESTI | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NOAH J | FROCHTZWAJG | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROSSANNA | PURDY | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SARA | DUPLESSIS | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHRISTOPHER | AKINYEMI | 9/11/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | STEVEN | WYNN | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | THOMAS | BARTLETT | 9/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CARI | VAN PELT | 9/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KYLE | SMITH | 9/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | PATRICK | LORENZ | 9/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAM SINAN | JAMOUS | 9/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KEVIN | FREENEY | 9/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GURDEV | SINGH | 9/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HOSHANG | OMAR | 9/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CROS | COLN | 9/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KEN | TRAN | 9/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | VIRNA | SANTOS | 9/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | AMANDA | TIFFANY | 9/20/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROMAN | OULKO | 9/20/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TIMOFEY | FEDORENKO | 9/25/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JAVED | IQBAL | 10/4/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MATTHEW | HUECKSTEDT | 10/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JIHAD | ABURAS | 10/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARK | JANOWSKI | 10/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARIUS | CIUPLYS | 10/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | ROCKWELL | 10/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DAVID | FORREST | 10/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARIA | CARMONA | 10/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RAMERE | WIMBERLY | 10/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | BLISS | 10/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MAZEN | BARAKAT | 10/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOHN | WOOD | 10/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MIKHAIL | MELKUMYANTS | 10/8/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ABDEL | COULIBALY | 10/9/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DARLENE | METZGER | 10/9/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARINA | SUSLINA | 10/9/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SEYEDHAMAN | TAJZADEHSHIRAZY | 10/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KRISTIAn | FERNANDa | 10/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | BACHE | 10/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RICARDO | CASTILLO | 10/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WALTER | CURRY | 10/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EDWARD F | FADLEY JR. | 10/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ZAIN | MUZAMMAL | 10/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHRISTINA | GEORGE | 10/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TYRONE | JOHNSON | 10/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MOHAMMED | ALABED | 10/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SHAKEB | KUNDIWALA | 10/19/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KATHERINE | CARNES | 10/20/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ADAM | SHEPHERD | 10/23/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TAYLOR | GARRETT | 10/25/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JONATHAN | TASMAN | 10/26/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | IBRAHIM | AHMED | 10/29/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NILS | HANSEN | 10/30/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MELANIE | BROWNFIELD | 10/31/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAKISHA | PERCY | 11/1/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAMIR | YOUSEF | 11/1/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JUSTIN | MAGHEN | 11/1/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TAYLOR | SUMMERS | 11/2/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HAMZA | BOUNNITE | 11/4/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JIWOO | HYUL | 11/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JEFF | MISHOE | 11/6/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | AMI | SIOUX | 11/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ERAM | SHOCHAT | 11/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | REUBEN | RAYA | 11/8/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ABDALHAMID | KHALLOUF | 11/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DANIEL | SANCHEZ | 11/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DEVANG | SURTI | 11/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | APRIL | ELLISON | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ASHLEY | BROWN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | AYANa | COOPEr | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRADLEY | TANZMAN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRYAN | RYAN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JEFF | KUNU | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DAVE | HAWS | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DIANNE | MONDELLO | 11/14/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ELIZABETH | HERRERa | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | Eric | JORGENSOn | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EUGENE | RYSEDORPH | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAMONTAY | ESTER | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GABRIEL | BLANC | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GERARD | GOEDHART | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GARY | TEITELBAUM | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JASON | SEJKORA | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOSEPH | HENNESSEEBRESETT | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LEANNA | REY | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRYANA | COLEMAN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MATTHEW | JONES | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | WILKE | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | PATRICK | ELY | 11/14/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | PHILIP | ADEAGBO | 11/14/2017 | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RANDY | MEUNITZ | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARCUS | BURKS | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRISHELL | GOODMAN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARIO | PEREZ | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROYCE | CLIFTON | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ERIC | KAUSCHEN | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SHERRIE | NICK | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TARA | SYSAKNOI | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANTHONY | CUPITO | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WILLIAM | WILKINSON | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SANDRA | HENRY | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EVELYN | THEUS | 11/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GLENN | PICKETT | 11/15/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DIANNA | GRAHAM | 11/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CLAUDE | LETOURNEAU | 11/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MOHAMMAD | SALEH | 11/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOSEPH | LEON | 11/15/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRYANT | HARRIS | 11/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TAMMY | CABALLERO | 11/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LUIS | ROMERO | 11/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MOLLIE | PEARSON | 11/16/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HOSSAM | HELAL | 11/17/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAM | GREEN | 11/17/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HONGSEOK | SEO | 11/17/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | andres | arcila | 11/20/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EKKACHAI | APINANTHAWORN | 11/22/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FADI | HALLAK | 11/22/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TADEH | DAVTIAN | 11/22/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KYLE | WEBBER | 11/23/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | HWAN | 11/23/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | Janisha | Gore | 11/25/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TINA | SEBETKA | 11/26/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RYAN | STANBURY | 11/27/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SYED | HUSSAINI | 11/27/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JEFF | POOLE | 11/28/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | STEPHEN | SMITH | 11/30/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HELLEN | JOHNSON | 12/3/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | Olga | Hawkins | 12/4/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DANIEL | GERCHIK | 12/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROBERT | MONTOYA | 12/5/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ADAM | MAJZOUB | 12/6/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BALKAR | BAPLA | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | YANGXIAOLU | CAO | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MIKAL | CHOUDHURY | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ATU | KYEI ADU | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | COREY | BARR | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DAVIDE | PERETTO | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DEAN | ROGERS | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NEBIYU | ELIAS | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHAUDHRY | AHSAN | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | THOMAS | SENDEROV | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | IMARI | PHILLIPS | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JACINTO | RODRIGUEZ | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JEFF | GELIN | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JERMAINE | FIELDS | 12/6/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOHN | LODEON | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KHALED | ELDAGANY | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAURA | JONES | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LUIS | VALLEs | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | WARREN | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MAXIMILIAn | GRIGORE | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | TYLER | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NICHOLAS | CUMMOCK | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NEHAL | AHMAD | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | VICTORM | SLONKSNIS | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TAMMY | PARKER | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAKEENAH | PROCTOR | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | PUSHPAKA | RANASINGHE | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SUDHAKAR | RAVELLA | 12/6/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RICK | UHL | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RUTHNYE | JEAN-PHILIPPE | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAId | ALi | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HONG | GAN | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | KEES | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FATOS | KATRO | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TYRONE | SAUNDERS | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | UYANGA | GANBAATAR | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WILLIAM | AUSTIN | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WILLIAM | THRASH | 12/6/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ABDOURAHMAN | SALEH | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ABHISHEk | CHANDIRAMANi | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DESIREE | GOULLD | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ABDIRAHMAN | HERSI | 12/7/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JAMES | BAILEY | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KATORRI | ALEXANDER | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SAMUEL | OWEN | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ELHOUSSINE | BARCHIDi | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NAJIb | ZAHRAN | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DAVID | COY | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EVAN | KAIL | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GIZELLA | EMAN | 12/7/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALEC | STEFAN | 12/8/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALEX | FOERTSCH | 12/8/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ORLANDO | BONASSISA | 12/8/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HAMId | LARBi | 12/9/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRENT | SCHOMER | 12/10/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JUAN | MENDEZ | 12/10/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WAQAS | ASSADULLAH | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KEVIN | BROWN | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHRISTINA | ADEDEJI | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CAROLYN | CROCKETT | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CRYSTAL | MILLS | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAURA | LINCOLN | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | THOMAS | MATHEWS | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MOHAMEd | JAMa | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TAYE | OLABODE | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | PHAEDRA | HIGH | 12/11/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WILLIAM | DUPREE | 12/11/2017 | |
| | | | | | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SHAK | ABRAHIMI | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | AIMAN | ABUFARHA | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALBERTO | GUTIERREZ | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | REBECCA | CAMPBELL | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | THERON | RAND | 12/12/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GREG | BEALE | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DILIP | AMTHABHAI | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | EDWARD | Escobar | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DAVID | SIRONDA | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DWAYNE | STROZIER | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GREGORY | TOLVER | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ARMEN | ADZHEMYAN | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JAMES | BOSWELL | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JAYDEN | ARENAS | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FRED | JENKINS | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JIM | HSIA | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JONATHAN | SUN | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JUSTIN | MAUER | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KHALED | ALEM | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KEISHA | GREEN | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KAMAL | EZZEGHOUDY | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAUREN | SEBESTA | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JACK | WATERSON | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LORELEi | NEITZEi | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SUSANNAH | HANSEN | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | PRICE | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MICHAEL | COUPLAND | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANN | MURTHII | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NICK | MILETAK | 12/12/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | NATASHA | WARRICK | 12/12/2017 | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RAM KUMAR | LAMA | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROBERT | GOLLNICK | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GILBERT | AQUINO | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SHELDON | STEERE | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SOTHYSOn | Pa | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | STEPHEN | SIEGEL | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | HIEN | BUI | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DESIREE | TAYLOR | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JOHN | WAITE | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JEREMIAh | Janabajal | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | VAHE | KHARBERTYAN | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | VICTOR | ZACHARIOU | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANGEL | VIGIL | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ADRIENNE | POWELL | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALI | SHAHRAM | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANARA | DENNEN | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JUSTIN | AVILA | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BRENDA | TOLVER | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | GARY | DAY | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHARLES | MORRIS SR. | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | CHRISTIAN | MALASPINA | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DOUGLAS | DAVIS | 12/13/2017 | |

| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FARSHAD | KHEZRI | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALLEN | ASSEFA | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ALEXANDER | GHAFFARI | 12/12/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FIDEL | ESHETU | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WENDY | LEONARDO | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ADONNIS | BIAFORe | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JAY | JOHNSON | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | JESSICA | OUELLETTE-NEHEZ | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KEID | BARKADLE | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | KATHERINE | DURON | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | REYAD | EDAIS | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | BERNARD | MAGARA | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LAMINE | DIOUF | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | MARTI | LUNQUIST | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DARRYL | EASTERN | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | IAN | MACLEOD | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RICHARD | BOGOLUB | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROBERT I. | LUMPKIN | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | COOPER | ROBERTS | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | RUSSELL | GARRISON | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | WAYNE | PAGE | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | LUIs | RAMOs | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | TROy | ROSALEs | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | VARDKES | KARIBYAN | 12/12/2017 | |

| | | | | | |
|---|---|---|---|---|---|
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | DANTAVIOUS | GAITHER | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | AHMAD JAMAHL | ANDERSON | 12/13/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SHELBY | PREISLER | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | SANGAM | PATEL | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ANTHONY | SMITH | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | FAIRRER | CHARLETTA | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROBERT | CONLEY | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | REGIS | YOUNG | 12/14/2017 | |
| In re Uber FCRA Litigation | 3:14-cv-05200-EMC | ROSE | LAURETTE | 12/15/2017 | 12/11/2017 |

Exhibit F

## Re: Case No. 3:14-cv-05200-EMC **Objection**

Scott Kahler [flkahler@gmail.com]
**Sent:** Wednesday, December 13, 2017 8:38 PM
**To:**   UberFCRASettlement@AdministratorClassAction.com

**\*\*Copy of this will be mailed and postmarked December 14, 2017.   Providing electronic notification of pending written/typed objection being mailed\*\***

In re Uber FCRA Litigation                                                                December 13, 2017
c/o Settlement Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

Re:   Case No. 3:14-cv-05200-EMC

To Whom It May Concern:

I received notification of the upcoming settlement via postcard with claim number: UR1684307.

I've been an Uber Driver since mid 2014 and currently a full time Uber driver.

I'm submitting my **OBJECTION** to the proposed settlement on the following grounds:
1.   Uber has constantly and blatantly violated our rights.
2.   Uber does not treat **deaf drivers** like myself in a fair impartial manner.
3.   Uber has continuously overstepped their legal bounds
4.   Uber is more than a "technology company" as they claim.  If they're just a technology company, then therefore they should not be able to lower the rates, stepping on the legal grounds and laws set forth by the IRS.
5.   If Uber claims they're a "technology company" then they should not be making policy which misclassifies the "partner" as we are called.
6.   Uber constantly forces us to adhere to their ever changing policies and force us to accept rides and deactivates us when they're not satisfied when the Terms Of Service (TOS), clearly states we are allowed to accept or decline any ride.
7.   Their behavior and treatment towards us "partners" dictates terms for Employers which treats us as like employees.
8.   They do not provide adequate support to their "partners" and therefore makes our jobs more frustrating.
9.   They do not properly screen drivers and continue to put riders at risk and making the rest of us "partners" look bad in the public eye.
10. Uber has announced to the public, criminals with "felonious" background history will now be allowed to drive, which indicates they have blatant disregard for thorough background checks.

They will always continue to evade and dodge the laws set forth by our government, both local and federal and place riders and drivers safety at risk.

Regards,


Scott Kahler
2513 Spring Harbor Circle, Apt 1
Mount Dora, FL 32757
Email: FLKAHLER@gmail.com
Ph: 352-406-3191 (text only )

In re Uber FCRA Litigation                                    December 13, 2017
c/o Settlement Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

Re:  Case No. 3:14-cv-05200-EMC

To Whom It May Concern:

I received notification of the upcoming settlement via postcard with claim number:
UR1684307.

I've been an Uber Driver since mid 2014 and currently a full time Uber driver.

I'm submitting my **OBJECTION** to the proposed settlement on the following grounds:
1. Uber has constantly and blatantly violated our rights.
2. Uber does not treat **deaf drivers** like myself in a fair impartial manner.
3. Uber has continuously overstepped their legal bounds
4. Uber is more than a "technology company" as they claim.  If they're just a technology company, then therefore they should not be able to lower the rates, stepping on the legal grounds and laws set forth by the IRS.
5. If Uber claims they're a "technology company" then they should not be making policy which misclassifies the "partner" as we are called.
6. Uber constantly forces us to adhere to their ever changing policies and force us to accept rides and deactivates us when they're not satisfied when the Terms Of Service (TOS), clearly states we are allowed to accept or decline any ride.
7. Their behavior and treatment towards us "partners" dictates terms for Employers which treats us as like employees.
8. They do not provide adequate support to their "partners" and therefore makes our jobs more frustrating.
9. They do not properly screen drivers and continue to put riders at risk and making the rest of us "partners" look bad in the public eye.
10. Uber has announced to the public, criminals with "felonious" background history will now be allowed to drive, which indicates they have blatant disregard for thorough background checks.

They will always continue to evade and dodge the laws set forth by our government, both local and federal and place riders and drivers safety at risk.

Regards,

Scott Kahler
2513 Spring Harbor Circle, Apt 1
Mount Dora, FL 32757
Email: FLKAHLER@gmail.com
Ph: 352-406-3191 (text only )

CERTIFIED MAIL®



**Scott Kahler**
2513 Spring Harbor Cir., Apt. 1
Mount Dora, FL 32757

7017 1450 0000 9240 5971





U.S. POSTAGE
PAID
MOUNT DORA, FL
32757
DEC 14, 17
AMOUNT

**$3.84**
R2304E106144-03

IN RE UBER FCRA LITIGATION
C/O SETTLEMENT ADMINISTRATOR
1801 MARKET ST, SUITE 660
PHILADELPHIA, PA 19103

191033163628  C069

Exhibit G



1801 Market Street, Suite 660
Philadelphia, PA  19103
(p) 215-563-4116
(f)  215-563-8839
www.angeiongroup.com

December 11, 2017

VIA FEDEX AND EMAIL

Attn: Mark E. Burton, Jr.
Audet & Partners LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102

**Re: Notice of Exclusion Requests**
*In re Uber FCRA Litigation*
Case No. 3:14-cv-05200-EMC

Dear Mr. Burton,

Angeion Group, an independent claims administrator in the above-described action, is in receipt of your letter sent by certified mail requesting to exclude the persons indicated on the enclosed Exhibit A.

In accordance with the Settlement Agreement, paragraph number 108 specifically states that opt-outs in a mass format are not permitted. Therefore, this request to exclude the individuals you submitted in Exhibit A is not considered valid and these individuals will not be excluded, unless they properly filed a request for exclusion on their own. Please find the language from paragraph 108 of the Settlement Agreement below for your reference:

**108. Settlement Class Members must opt out of the Settlement Class individually.  So- called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where no personal statement has been signed by each and every individual Settlement Class Member, are not allowed.**

Additionally, please note, the Settlement Agreement indicates in paragraph 110 that Settlement Class Members who submit a Claim Form, and also submit a request for exclusion or opt out, will be deemed to remain in the Settlement Class. To the extent that any Settlement Class Member filed a Claim Form, who subsequently request an exclusion or opt out, these individuals will remain Settlement Class Members. Please find the language from paragraph 110 of the Settlement Agreement below for your reference:

**110. Settlement Class Members who submit a valid and timely Claim Form, but also submit an otherwise valid and timely request for exclusion or opt out, will be deemed to remain Settlement Class Members and their request for exclusion or opt out will be void and invalid.**

If you have questions regarding this letter, please contact our office.

Sincerely,

Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA  19103

**Enclosures**