Mark E. Burton, SBN 178400
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco California  94102-3229
Telephone:     415.568.2555
Facsimile:     415.568.2556
mburton@audetlaw.com

*Attorney for Objectors Thomas Abeyta, et al.*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No. 3:14-cv-05200-EMC |

**REPLY BRIEF IN SUPPORT OF THOMAS ABEYTA, et al.'s OBJECTION TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FINAL APPROVAL HEARING**

| | |
|---|---|
| Hearing Date: | February 8, 2018 |
| Hearing Time: | 01:30 PM |
| Location: | Courtroom 05, 17th Floor |
| Judge: | Hon. Edward M. Chen |

Neither Class Counsel or Counsel for Uber deny that Uber stipulated and was ordered to arbitration regarding objectors' background check claim pursued under Civil Code Section 1786.50(a)(1).  This statute provides a minimum recovery of $10,000, plus attorney fees, but only if the claim is pursued individually.  The parties briefs did an excellent job of explaining why the present class action would be doomed, proving that Uber's settlement intent here is a go around to the stipulations and arbitrations being pursued now and in the future by class members.  Uber knows that these class members are a transitory population as evidenced by the problems in providing notice documented in the approval motion.  Further, with so many class and other legal notices being sent to Uber drivers, Uber knows that class members become easily confused about what to do.

While the parties point to other FCRA settlements in an attempt to justify the extremely low recovery for class members here, they make no attempt to compare individual settlement recoveries. At the very least the Court should compare any similar individual settlements with each class members recovery, including, if any, Uber individual settlements.  The lack of individual settlement value comparison is exacerbated by the parties proposal of a nationwide class, while failing to conduct any state conflict of law analysis.  *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 2018 U.S. App. LEXIS 1626 (9th Cir. Jan. 23, 2018).  Given the Ninth Circuit's holding on the issue of arbitration and the lack of any state law analysis of claims, predominance has not been shown.

The California rule barring contact with represented individuals is clear.   Here, Uber knew that objectors are represented by counsel concerning the exact claim it attempts to extinguish through a class procedure.  Uber did nothing to exclude these individuals from the class definition or make the court aware that there were many represented class members.  The parties fault objectors for lacking authority for the proposition that sending class notice to represented parties is a violation of the rule, but given the clarity and intent of the rule, they are the ones that lack authority justifying the indirect communication to represented parties through the subterfuge of class notice.  The rule against contact is intended to prevent an attorney from contacting a represented party and confusing them to their detriment without the benefit of counsel's protection.  And that is exactly what they accomplished.  As explained by the parties themselves, some objectors opted out and filed claims.  While counsel for objectors already spent considerable time with its clients attempting to explain the Uber created chaos, the parties claim counsel should've spent even more time rectifying the confusion.  The fact that class members were actually litigating their California state law claims demonstrates that there was and is a viable alternative to this class action for members to vindicate their rights.

Uber contracted to and stipulated to arbitration precluding the class members from pursuing a class action.  Now Uber attempts to use a class action to extinguish valuable individual claims for less than pennies on the dollar.  The Court should not allow Uber to use the Class Action procedure as a shield and a sword.

REPLY ISO OBJECTION TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR

1

2

3

4   Dated  February 6, 2018

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

By: _____

Mark E. Burton
AUDET & PARTNERS, LLP

*Attorney for Objectors
Thomas Abeyta, et al.*

REPLY ISO OBJECTION TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR