Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (State Bar No. 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (State Bar No. 223242)
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
10728 Lindbrook Dr.
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:   (510) 763-9800
Fax:   (510) 835-1417

Class Counsel

*(Additional Counsel listed on signature page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE *HYUNDAI* CASE**<br><br>Date:     April 26, 2018<br>Time:    1:30 p.m.<br>Crtrm:   5<br><br>Hon. Edward M. Chen, Presiding |

Plaintiffs submit this brief in accordance with the Court's directive in its April 26, 2018 Order re Plaintiffs' Motion for Final Approval (Dkt. 288), and in response to the late filing by Objectors Thomas Abeyda, *et al*. (Dkt. 287), represented by Audet & Partners ("Audet"), in which such objectors invoked the Ninth Circuit's opinion in *In re Hyundai & Kia Fuel Economy Litig.*, 881 F.3d 679 (9th Cir. Jan. 23, 2018).

### A. Introduction

Ignoring the Court's April 16 Order re Supplemental Briefing, which called for the filing of supplemental briefs by 5:00 p.m. on April 20, 2018 (Dkt. 282), and ignoring the points made in Plaintiffs' Supplemental Brief filed in response thereto, which pointed out how Audet's prior objections have been resolved through supplemental notice to 108 of Audet's purported clients (Dkt. 285), Audet filed a Response to Plaintiffs' Brief that does little more than cite *Hyundai*, without any real analysis of how that case might affect certification of a settlement class here, where Plaintiffs' claims are premised first and foremost on federal — not state — law.

In short, nothing in *Hyundai* precludes certification of the nationwide settlement class contemplated by the proposed settlement, because: (1) nationwide certification is appropriate under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (2) a release of all background-check related claims in the context of this settlement is appropriate under long-established precedent not affected by *Hyundai*; and (3) Audet has not met the required burden of a foreign law advocate, to explain how another state's law conflicts with the FCRA or with any state law advanced by Plaintiffs in a way that somehow precludes certification.

### B. The *Hyundai* Decision

*Hyundai* concerned state law claims premised on alleged misstatements by defendants concerning fuel efficiency of their vehicles, and federal diversity jurisdiction arose under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Hyundai*, 881 F.3d at 689. The Ninth Circuit observed that: "**Where plaintiffs bring a nationwide class action under CAFA** and invoke Rule 23(b)(3), a court must consider the impact of potentially varying state laws, because '[i]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance.'" *Id.* at 691 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)) (emphasis added). The

Audet objectors fail to reference this key difference between *Hyundai* and the present action but, obviously, where the federal court has federal question jurisdiction because plaintiffs' claims are premised on federal law, the issue is fundamentally different — an issue not before the *Hyundai* court, as no federal claims were certified or at issue in that case.

Under these circumstances — where plaintiffs' claims were premised on state law — the *Hyundai* court vacated an order granting final approval of a class settlement, holding that the district court incorrectly concluded that no choice of law analysis was "warranted in the settlement context" (*Hyundai*, 881 F.3d at 700), although the same district court previously had concluded that such a choice of law analysis actually precluded certification of a nationwide class in response to plaintiffs' certification motion (*id.* at *700-01), and certain objectors argued that Virginia law should apply to their claims rather than California law (*id.* at 699 & n.19). Under those circumstances, the Ninth Circuit held that "the district court was required to apply California's choice of law rules to determine whether California law could apply to all plaintiffs in the nationwide class, or whether the court had to apply the law of each state, and if so, whether variations in state law defeated predominance." *Id.* at 702. Applying California's choice of law rules to determine whether claims premised on federal law may be certified makes no sense whatsoever.

### C. The Court Correctly Analyzed Certification in Its Preliminary Approval Order, and Nothing in *Hyundai* Changes that Analysis

As this Court recognized in its Preliminary Approval Order, class certification is appropriate here, Rule 23(b)(3)'s predominance requirement is met, and "[t]he large majority of the possibil[e] recovery stems from Plaintiffs' FCRA claims." (Dkt. 242 at 9) With respect to Rule 23(b)(3)'s predominance requirement, where variations in state law may defeat nationwide certification of state law claims under *Hyundai* and related authority, the Court correctly reasoned in its Preliminary Approval Order that "'[c]ommon issues predominate over individual issues when the common issues "represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication."'" (Dkt. 242 at 6 (quoting *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015)).) And the Court correctly concluded that, "[h]ere, predominance is satisfied because all of Plaintiffs' claims arise from allegations of Uber's systemic practices and policies, and accordingly,

liability may be determined on a classwide basis." (Dkt. 242 at 7.) Nothing in *Hyundai*, in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), which preceded and was cited extensively in *Hyundai*, or in *Edenborough v. ADT, LLC*, No. 16-cv-02233-JST, 2018 U.S. Dist. LEXIS 32101, 2018 WL 1036998 (N.D. Cal. Feb. 5, 2018), which the Audet objectors also cite and which likewise concerned state law claims only, suggests that a multi-state conflict-of-law analysis is required where a nationwide class is certified on federal statutory claims, as is the case here.[1]

Indeed, Class Counsel has reviewed all the cases available on Westlaw addressing *Hyundai* in the certification context, and the only one concerning federal claims, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2018 WL 1726345 (D. Kan. April 10, 2018), summarily rejected objectors' attempted invocation of *Hyundai* on this very basis, reasoning that: "In this case, there are no material differences in applicable state law because . . . nationwide class claims are asserted under the federal Lanham Act and Minnesota statutes." *Id.* at *6.

### D. The Settlement May Release All Claims Based on the Same Facts

As the Court is aware, in light of the recently entered stipulated Order Modifying Settlement Agreement, the present Settlement, if finally approved, will entail the release of all claims, "of any nature whatsoever, . . . that could have been raised based on the allegations in the Action, and all claims of any kind relating in any way to, or arising out of, background checks and/or consumer reports of any kind presented in the Action based on the facts alleged in the Complaint, including but not limited to claims under" the FCRA, California law (including a single PAGA claim), and Massachusetts law. (Dkt. 284.)

It is appropriate for class members who do not opt out of the settlement to release all claims that they may have brought based on the facts alleged in the operative complaint, under well-established law that is not affected by the *Hyundai* decision. *Hyundai* does not speak to the scope of a class release, and does not stand for the proposition that every claim asserted in a class action must be

---

[1] Audet's quotation of a Sixth Circuit case concerning variation in states' "consumer-protection laws" does not speak to the propriety of certification under the FCRA here. (Dkt. 287 at 4 (quoting *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011)).) Likewise, Audet's citation to a Fifth Circuit case reversing certification of state law false advertising claims against a tobacco company fails to speak to the issue of certification in this federal question case. (Dkt. 287 at 3 (quoting *Castano v. Am. Tobacco Co.*, 84 F3d 734, 741 (5th cir. 1996)).)

certified, or certifiable, on a nationwide basis in order to be released through settlement. Indeed, under long-established precedent, "a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim *was not presented and might not have been presentable in the class action.*'" *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) (emphasis in original) (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)); *see also, e.g.*, *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the class action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'") (citations omitted); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 957 (9th Cir. 2009) (affirming settlement that provided for "release of all claims . . . related to the conduct alleged in the complaint"); *Williams v. Boeing Co.*, 517 F.3d 1120, 1133-34 (9th Cir. 2008) ("'It is well-settled that in order to achieve a comprehensive settlement . . . a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'") (citation omitted).

Thus the Court may approve a settlement that releases claims that might not be certifiable — or "presentable in the class action." *Id.* This proposition finds further support in Supreme Court authority establishing that courts can approve the release of claims that are beyond their jurisdiction. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369 (1996) (holding that release included in class settlement approved by state court precluded federal litigation, although claims at issue were "within the exclusive jurisdiction of the federal courts"). "[E]ven when the court does not have power to adjudicate a claim, it may still 'approve release of that claim as a condition of settlement.'" *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981) (citation omitted)); *see also, e.g.*, *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12976106, at *1 (N.D. Cal. Aug. 20, 2015) ("This Court . . . has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims."). To require a court to

determine that every claim released must be certifiable under Rule 23 before it can approve a release would contradict such precedent.

### E. Neither the Audet Objectors nor Any Other Party Is Advocating for Application of a Foreign Jurisdiction's Law that Conflicts with the FCRA in a Manner Precluding Certification

Even assuming that *Hyundai*'s analysis somehow applied where federal jurisdiction is premised on federal law, none of the Audet objectors nor any other party has stepped forward as a "foreign law proponent," to "identify the applicable rule of law in each potentially concerned state and . . . show [how] it materially differs from the law of California" — nor, as would be required here, how that law materially differs with the FCRA such that no nationwide class can be certified on that claim. *Hyundai*, 881 F.3d at 692 n.4 (quoting *Wash. Mut. Bank*, 24 Cal. 4th at 920). The Audet objectors are not arguing that another state's law should be applied instead of the FCRA or instead of California or Massachusetts law (the only state laws explicitly invoked in the operative complaint (Dkt. 171), though as explained above the settlement would release claims under any state's laws that might concern the same background check issues).

Neither the Court nor any party is required to attempt a 50-state analysis of potential conflicts of laws in a vacuum. Without a party arguing for the application of another state's law and showing how that state's law conflicts with the law on which nationwide certification is premised (as defendant did in *Hyundai*, prior to settlement, when briefing certification in that case, and as the objectors in that case did when opposing settlement), it is difficult if not impossible to ascertain what law and which potential conflicts to analyze. *See, e.g., In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("[O]bjectors imply [that] class representatives are inadequate because they failed to investigate and deploy every potential state-law theory. Why they should have an obligation to find some way to defeat class treatment is a mystery. It is best to bypass marginal theories if their presence would spoil the use of an aggregation device that on the whole is favorable to holders of small claims.").[2]

---

[2] It is worth noting that, since *Hyundai*, Mr. Burton and the Audet firm have continued to pursue nationwide class actions in the Ninth Circuit, including one against Uber by a nationwide class of Lyft drivers, certification of which plaintiffs' own counsel presumably would argue requires meeting this absurd burden. *See, e.g., Gonzales v. Uber Techs., Inc.*, No. 3:17-cv-02264 (N.D. Cal.).

"The party advocating the application of a foreign state's law bears the burden of identifying the conflict between that state's law and California's law on" a specific issue, and of "establishing that the foreign state has an interest in having its law applied. . . . If it fails to meet either of these burdens, the court 'may properly find California law applicable without proceeding'" any further in application of California's governmental interest analysis. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010) (quoting *Wash. Mut. Bank*, 24 Cal. 4th at 920 ("[T]he trial court may properly find California law applicable without proceeding to the third step in the analysis if the foreign law proponent fails to identify any actual conflict or to establish the other state's interest in having its own law applied.")). No one has suggested that another state's law controls here, or enunciated how that state's law conflicts with the law applied by the Court in certifying the Settlement Class.  Thus there is no need for an analysis of potential conflicts of law.  *See also In re Korean Ramen Antitrust Litig.*, No. 13-cv-04115-WHO, 2018 WL 1456618, *1, 3 (N.D. Cal. March 23, 2018) (denying motion to decertify based on *Hyundai* because, although "it is their burden to identify conflicts . . . Defendants have not identified any conflicts to applying the Cartwright Act," and explaining that this does not "shift the ultimate burden of persuasion on either choice-of-law or Rule 23 to defendants," but does require them (or any foreign law proponent) to meet a burden on this choice-of-law issue).

The Audet objectors describe how claims "under California Law Civil Code Section 1786.50(a)(1)" — part of the California Investigative Consumer Reporting Agencies Act ("ICRAA"), which constitutes Plaintiffs' seventh cause of action in the operative complaint — supports statutory damages but cannot be brought on a class basis.  Yet they do not advocate for application of another state's law instead of ICRAA, or explain how ICRAA's existence precludes certification here.  Nor do they explain how the simple difference in remedies between ICRAA and FCRA that they identify somehow precludes certification under Rule 23(b)(3).  As the *Hyundai* court observed, "'Variations in state law do not necessarily preclude a 23(b)(3) action.' . . . For instance, even when some class members 'possess slightly differing remedies based on state statute or common law,' there may still be 'sufficient common issues to warrant a class action.'" *Hyundai*, 881 F.3d at 691 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022-23 (9th Cir. 1998)).

As explained in the preceding section, it is appropriate for the release to encompass any claim

that might have been brought based on the facts alleged in the operative complaint, under well-established law that is not affected by *Hyundai*.[3]  And as Plaintiffs argued in response to the original Audet objection concerning ICRAA, that act's statutory remedies cannot be recovered on a class basis, and any Class Member who wishes to recover such remedies may opt out and pursue that claim on an individual basis.  (Dkt. 265 at 13.)  Again, Audet's purported clients have been given multiple opportunities to opt out, the Audet firm was notified as to precisely whom the Court-ordered supplemental notice was sent, and yet more of those Class Members filed claims than chose to opt out in order to pursue ICRAA claims with Audet in individual arbitrations against Uber.  (Dkt. 285.)  Audet's repeated invocation of ICRAA does not suggest that the Court was without power to certify a nationwide class in this case, or that the settlement cannot be approved now.

   Accordingly, Plaintiffs respectfully renew their request that the Court enter an order finally approving the proposed Settlement.

   Respectfully Submitted,

Dated:  April 25, 2018      By:  /s/ *Theodore Maya*

            Tina Wolfson
            Robert Ahdoot
            Theodore W. Maya
            AHDOOT & WOLFSON, P.C.
            10728 Lindbrook Dr.
            Los Angeles, California 90024
            Telephone: (310) 474-9111

            Laura L. Ho (SBN 173179)
            Andrew P. Lee (SBN 245903)
            GOLDSTEIN, BORGEN, DARDARIAN & HO
            300 Lakeside Drive, Suite 1000
            Oakland, California  94612
            Telephone: (510) 763-9800

            *Class Counsel*

---

[3] *Cf. Zyda v. Four Seasons Hotels & Resorts Four Seasons Holdings Inc.*, No. 16-00591 LEK, 2018 WL 1528159 (D. Haw. March 28, 2018) (denying motion to de-certify a single state class and citing *Hyundai*; reasoning that "Rule 23(b)(3) 'does ***not*** require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof.  What the rule does require is that common questions predominate over any questions affecting only individual class members.'") (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 469 (2013)) (emphasis in original).

Elisa Della-Piana (SBN 226462)
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS OF THE SAN FRANCISCO
  BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel:  (415) 543-9444

Fax:  (415) 543-0296

*Plaintiffs' Counsel*