1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In Re Uber FCRA Litigation | Case No.: 3:14-cv-05200-EMC<br><br>Consolidated with: 14-cv-05241-EMC<br>15-cv-03009-EMC<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT [PROPOSED]**<br><br>Hon. Edward M. Chen, Presiding |
|---|---|

**WHEREAS**, The Parties entered into a Stipulation of Settlement, with attached exhibits, (collectively, the "Stipulation of Settlement"), which was signed and filed with this Court on April 25, 2017, to settle *In Re Uber FCRA Litigation*, Case No. 3:14-cv-05200-EMC (the "Action").

**WHEREAS**, The Court entered an Order dated June 29, 2017 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), and an Order Modifying the Preliminary Approval Order dated August 15, 2017, which collectively required individual notice to potential Class Members notifying them of their ability to submit claims under, exclude themselves from, or object to the Stipulation of Settlement.

**WHEREAS**, The Court held a fairness hearing on February 8, 2018, at which it heard from the Parties and from certain objectors.

**WHEREAS**, The Court thereafter issued an order dated February 9, 2018, which required additional notice to certain Class Members and scheduled a further fairness hearing on April 26, 2018, which the Court held on that day after receiving and considering additional briefing from the Parties and certain objectors.

**WHEREAS**, The Court considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order and the Court's subsequent orders concerning the Stipulation of Settlement, and heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order.

**THEREFORE**, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Incorporation of Other Documents**. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Stipulation of Settlement, including all amendments and exhibits thereto, and definitions included therein (except as modified by Dkt. 284), which was signed and filed with this Court on April 25, 2017; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement, Service Awards, and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; (c) the record at the Fairness Hearing; (d)

1  the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior
2  proceedings in the Action.

3      2.  **Jurisdiction**.  Because due, adequate, and the best practicable notice has been
4  disseminated and all potential Class Members have been given the opportunity to exclude themselves
5  from or object to this class action settlement, the Court has personal jurisdiction over all Class
6  Members (as defined below).  The Court has subject-matter jurisdiction over the claims asserted in the
7  complaint and/or the Action pursuant to 28 U.S.C. §§ 1331 and 1367, including, without limitation,
8  jurisdiction to approve the proposed settlement and the Stipulation of Settlement, grant final
9  certification to the Class, dismiss the Action on the merits and with prejudice, and issue related orders.
10 The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

11     3.  **Final Class Certification**.  The Class preliminarily certified by this Court is hereby
12 finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court
13 finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and Due
14 Process.  The Class shall consist of, collectively, all persons all who were subject to a background
15 check and/or consumer report requested by Uber before January 3, 2015.  Excluded from the
16 Settlement Class are (i) all persons who are directors, officers, and agents of Uber or its subsidiaries
17 and affiliated companies or are designated by Uber as employees of Uber or its subsidiaries and
18 affiliated companies; (ii) persons who timely and properly exclude themselves from the Settlement
19 Class as provided in this Settlement Agreement; and (iii) the Court and Court staff.  "Uber" means
20 collectively (i) Uber Technologies, Inc. and its past, present, and future parents, subsidiaries, affiliates,
21 divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or
22 domestic, that are owned or controlled by Uber (but not including drivers who use the Uber software),
23 (ii) Rasier, LLC, a Delaware Limited Liability Company, and its past, present, and future parents,
24 subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities,
25 whether foreign or domestic, that are owned or controlled by Uber (but not including drivers who use
26 the Uber software), and (iii) the past, present, and future shareholders, officers, directors, members,
27 agents, employees, independent contractors, consultants, representatives, fiduciaries, insurers,
28 attorneys, legal representatives, predecessors, successors, and assigns of the entities in Part (i) and Part

(ii) of this definition.

4. **Requests for Exclusion**. The Court finds that only those individuals specifically listed in Exhibit E to the Declaration of Charles Ferrara filed on January 25, 2018 (the "January 25 Ferrara Declaration," Dkt. 264-3), and in Exhibit E to the Declaration of Charles Ferrara filed on April 20, 2018 (the "April 20 Ferrara Declaration," Dkt. 286), and no other members of the Class, have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment. Attached hereto as Exhibit A is a single list of these individuals, who submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment. All other members of the Class are bound by the terms and conditions of the Stipulation of Settlement, this Final Order, and accompanying Final Judgment. Class Counsel and Defense Counsel may mutually agree to allow additional Class Members to withdraw their exclusion requests by filing an appropriate notice with the Court.

5. **Adequacy of Representation**. Class Plaintiffs Ronald Gillette, Abdul Kadir Mohamed, Shannon Wise, Brandon Farmer, and Meghan Christenson have adequately represented the Class for purposes of entering into and implementing the Settlement. Tina Wolfson, Robert Ahdoot, and Theodore W. Maya of Ahdoot & Wolfson, PC; Laura L. Ho and Andrew P. Lee, of Goldstein, Borgen Dardarian & Ho, LLP, are experienced and adequate Class Counsel. Class Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

6. **Class Notice**. The Court finds that the dissemination of the Class Notice, the establishment of a website containing settlement-related materials, the establishment of a toll-free telephone number, and all other notice methods set forth in the Stipulation of Settlement and the Declaration of the Settlement Administrator and the notice dissemination methodology implemented pursuant to the Stipulation of Settlement and this Court's Preliminary Approval Order, as described in the January 25 and April 20 Ferrara Declarations, both of which are hereby incorporated herein and made a part hereof:

    a. constituted the best practicable notice to Class Members under the circumstances of the Action;

1          b.      constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action; (ii) the terms of the Settlement; (iii) their rights under the Settlement; (iv) their right to exclude themselves from the Class and the Settlement; (v) their right to object to any aspect of the Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness, or adequacy of the Settlement, the adequacy of the Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' fees); (vi) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

         c.      constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

         d.      constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

7.      **Final Settlement Approval**.  The terms and provisions of the Settlement and Stipulation of Settlement, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law.  The Settlement is approved and all objections to the Settlement are overruled as without merit.  The Parties and Class Members are hereby directed to implement and consummate the Stipulation of Settlement according to its terms and provisions.  Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Stipulation of Settlement.

8.      **Binding Effect**.  The terms of the Stipulation of Settlement and of this Final Order and the accompanying Final Judgment shall be forever binding on Uber and the Releasing Parties, and

those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

9. **Release**.  The Release, which was set forth in Section VIII of the Stipulation of Settlement and subsequently amended via a stipulated order entered by the Court on April 19, 2018 (Dkt. 284), is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities encompassed by the Release.

10. **Consent Order**.  The Joint Stipulation and Consent Order attached as Exhibit J to the Stipulation of Settlement is expressly incorporated herein in all aspects and is hereby entered as an Order of the Court.

11. **Permanent Injunction**.  All Releasing Parties and/or their representatives who are not excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing, or receiving any benefits from, as class members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is encompassed by the Release.  All Releasing Parties are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action asserting any claim that is encompassed by the Release.  Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

12. **Enforcement of Settlement**.  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Stipulation of Settlement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Settlement described in the Stipulation of Settlement if they are entitled to do so under the terms of the Stipulation of Settlement.

1    13.    **PAGA Payment**. From the PAGA Payment, the State of California Labor Workforce & Development is hereby awarded $ 5,625.00 as civil penalties, and $1,875, will be distributed to Settlement Class Members.

2    14.    **Attorneys' Fees and Expenses**. Class Counsel are hereby awarded attorneys' fees in the amount of $_____ and reimbursement of their disbursements and expenses in the amount of $_____, which amounts are approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and accord with the terms of the Stipulation of Settlement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Class, and that the amount of expenses is reasonable and was reasonably incurred in the course of the litigation. Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiffs' Counsel. All objections to Class Counsel's request for an award of attorneys' fees and reimbursement of expenses are hereby overruled.

3    15.    **Service Award**. The Court hereby awards $7,500 to Plaintiff Ronald Gillette, $5,000 to Plaintiff Abdul Kadir Mohamed, $4,500 to Plaintiff Shannon Wise, $3,200 to Plaintiff Brandon Farmer, and $3,000 to Plaintiff Meghan Christenson, as service awards in their capacities as representative Plaintiffs in the Action. The Plaintiffs' individual General Releases, as described in Section VIII of the Stipulation of Settlement, are deemed effective and binding on Plaintiffs.

4    16.    **No Other Payments**. The preceding two paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order and accompanying Final Judgment and the Stipulation of Settlement. Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not Uber or its counsel) in connection with an appeal filed by an objecting Class Member.

5    17.    **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and the

accompanying Final Judgment.  Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

    a.    enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, this Final Order, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against the Released Parties);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment and the Stipulation of Settlement (including, without limitation, Orders enjoining persons or entities from pursuing any claims against the Released Parties), dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as otherwise provided in the Stipulation of Settlement.

18.    **No Admissions**.  Neither this Final Order, the accompanying Final Judgment, nor the Stipulation of Settlement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Uber or the other Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.  Uber continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any

purpose other than settlement.  Entering into or carrying out the Stipulation of Settlement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Uber's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order, the accompanying Final Judgment, and the Stipulation of Settlement; provided, however, that this Final Order, the accompanying Final Judgment, and the Stipulation of Settlement may be filed in any action against or by Uber or the other Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, similar defense, or counterclaim.

19.   **Dismissal of Action**.  The Action (including all claims presented therein, regardless of whether presented on an individual, class or representative basis) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Order and the accompanying Final Judgment and the Stipulation of Settlement.

_____
Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE