Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER FCRA LITIGATION | Case No.: 14-cv-05200-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 15, 2018<br>Time: 1:30 p.m.<br>Ctrm: 5<br>Before: Hon. Edward M. Chen |

719309.13

## NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT

PLEASE TAKE NOTICE that on November 15, 2018 at 1:30 p.m. in Courtroom 5, 17th Floor of the San Francisco Courthouse of the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs and Class Representatives Abdul Kadir Mohamed, Ronald Gillette, Shannon Wise, Brandon Farmer, and Megan Christenson, on behalf of themselves and the Settlement Class (collectively "Plaintiffs"), will and hereby do move for an order to show cause why Audet & Partners, LLP and Mark Burton of Audet & Partners, LLP ("Objectors' Counsel") should not be held in contempt under Federal Rule of Civil Procedure 45(g) for their failure to comply with subpoenas issued pursuant to Federal Rule of Civil Procedure 45(c)(2). The subpoenas seek documents demonstrating that Objector's Counsel actually represents the Objectors listed in their Notice of Appeal and were served after Plaintiffs obtained evidence that Objectors Counsel does not represent certain persons listed as clients.

This Motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Laura L. Ho in Support of Plaintiffs' Motion for an Order to Show Cause Why Objectors' Counsel Should Not Be Held in Contempt; the [Proposed] Order; the other records, pleadings, and papers filed in this case; transcripts from hearings in this case; and upon such other documentary evidence this Court may rely on. Plaintiffs request that the Court determine this Motion without oral argument.

Dated: October 5, 2018

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Laura L. Ho*
Laura L. Ho

Attorneys for Plaintiffs and the Class

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND ........................................................................................................... 2

A.   Objectors' Counsel Submits a Mass Opt-Out, Objects to the Settlement, and Purports to Have Retainer Agreements with Each of the Individuals They Identified as Objectors. .................................................................................... 2

B.   At Least Four Objectors Are Not Represented by Objectors' Counsel. ........................ 5

C.   Plaintiffs Requested Documents from Objectors' Counsel to Verify That They Represent All of the Objectors and Are Acting in Objectors' Best Interests. ................ 6

III. ARGUMENT ................................................................................................................ 10

A.   The Court Should Issue an Order to Show Cause Why a Contempt Citation Should Not Issue for Objectors' Counsel Failure to Obey an Order of the Court. ......................................................................................... 10

B.   Even if Objectors' Counsel Served Procedurally Proper Objections, the Objections Are Without Merit. ................................................................................. 11

1.   Plaintiffs May Seek Discovery Even After a District Court Enters a Judgment. ....................................................................................... 11

2.   Plaintiffs' Requested Documents are Relevant and Proportional Under Federal Rule of Civil Procedure 26(b). ........................................... 13

3.   The Retainer Agreements Are Not Protected By Attorney-Client Privilege ................................................................................ 15

C.   Plaintiffs Properly Served the Subpoenas on an Authorized Representative of Objectors' Counsel. ....................................................................... 17

IV.  CONCLUSION ............................................................................................................ 17

i

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN
CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

719309.13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*BNSF Railway Co. v. Alere, Inc.*,
No. 18-cv-291-BEN-WVG, 2018 WL 2267144 (S.D. Cal. May 17, 2018) ........................17

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
281 F.R.D. 531 (N.D. Cal. 2012) ...............................................................................12, 14

*Chambers v. Whirlpool Corp.*,
No. SA CV 11-1733 FMO, 2016 WL 9451360 (C.D. Cal. Aug. 12, 2016) ...............14, 15

*Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*,
362 F.3d 1204 (9th Cir. 2004) ...................................................................................10

*In re First Peoples Bank S'holders Litig.*,
121 F.R.D. 219 (D.N.J. 1988) .....................................................................................14

*In re Fortman*,
No. 4:16-MC-421 RLW, 2016 WL 4046760 (E.D. Mo. July 27, 2016) .........................14

*In re Grand Jury Proceedings*,
87 F.3d 377 (9th Cir. 1996) .......................................................................................16

*Gusman v. Comcast Corp.*,
298 F.R.D. 592 (S.D. Cal. 2014) .................................................................................16

*In re Itel Sec. Litig.*,
596 F. Supp. 226 (N.D. Cal. 1984) ............................................................................12

*Martinez v. Antique & Salvage Liquidators, Inc.*,
No. C09-00997 HRL, 2011 WL 798707 (N.D. Cal. Feb. 8, 2011) ...............................10

*In re Michaelson*,
511 F.2d 882 (9th Cir. 1975) .....................................................................................16

*Mohamed v. Uber Technologies, Inc.*,
No. 18-16097 (9th Cir. Oct. 1, 2018), ECF No. 30-1 ...............................................9, 10

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005) ................................................................................11

*Morgutia-Johnson v. City of Fresno*,
No. 1:14-cv-00127-LJO-SKO, 2015 WL 1021123 (E.D. Cal. Mar. 9, 2015) ................11

719309.13

*In re Netflix Privacy Litig.*,
   No. 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. 2013) ..........................................12, 14, 15

*Pennwalt Corp. v. Durand-Wayland, Inc.*,
   708 F.23d 492 ......................................................................................................................................10

*Ralls v. U.S.*,
   52 F.3d 223 (9th Cir. 1995) ..............................................................................................................16

*Rodriguez v. County of Stanislaus*,
   No. 1:08-cv-00856 OOW GSA, 2010 WL 3733843 (E.D. Cal. Sept. 16, 2010) ......................10, 11

*Sali v. Corona Reg'l Med. Ctr.*,
   884 F.3d 1218 (9th Cir. 2018) ..........................................................................................................10

*Shell Offshore Inc. v. Greenpeace, Inc.*,
   815 F.3d 623 (9th Cir. 2016) ............................................................................................................11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. M 07-1827 SI, 2012 WL 5523249 (N.D. Cal. Nov. 14, 2012)......................................................12

*U.S. v. Ruehle*,
   583 F.3d 600 (9th Cir. 2009) ............................................................................................................16

**State Cases**

*Dietz v. Meisenheimer & Herron*,
   177 Cal. App. 4th 771 (2009) ...........................................................................................................17

*Los Angeles Cnty. Bd. of Supervisors v. Superior Court*,
   2 Cal. 5th 282 (2016) ........................................................................................................................17

**Federal Rules**

Fed. R. Civ. P.
   4(e)(2) ................................................................................................................................................17
   26(b) .................................................................................................................................1, 13, 14, 15
   26(b)(1) ..............................................................................................................................................14
   45 ....................................................................................................................................................1, 11
   45(b) ...................................................................................................................................................17
   45(c)(2) ................................................................................................................................................7
   45(d)(2) ..............................................................................................................................................11
   45(d)(2)(B) ...............................................................................................................................9, 10, 11
   45(g) ...........................................................................................................................................1, 2, 10

Fed. R. Evid. 502 ....................................................................................................................................16

Local Rule 37-3 ......................................................................................................................................13

**State Statutes**

Cal. Bus. & Prof. Code § 6104 ..................................................................................15

**Other Authorities**

William B. Rubenstein, 4 Newberg on Class Actions § 13:33 (5th ed. 2018) ........................................14

719309.13

# I.    **INTRODUCTION**

Plaintiffs have uncovered facts undermining Objectors' Counsel's assertion that they have attorney-client relationships with each of the 145 individuals identified on the appeal from this Court's Final Judgment.  Plaintiffs submit evidence showing that Objectors' Counsel does not represent at least four Objector-Appellants, including a declaration from one Objector-Appellant, deposition testimony from two more Objector-Appellants, and evidence that another Objector-Appellant died in 2006.  Yet, Objectors' Counsel demanded $2,000 for each of the Objector-Appellants, including those who testified that Objectors' Counsel does not represent them and the deceased individual.  Plaintiffs have since filed a Motion for Sanctions and for Summary Disposition of Appeal in the Ninth Circuit based on the same evidence.  Plaintiffs sought additional documents from Objectors Counsel through subpoenas served pursuant to Federal Rule of Civil Procedure 45 to confirm that Objectors' Counsel represents each Objector they claim to represent.

Objectors' Counsel has completely refused to comply with these properly served subpoenas, which are treated as court orders, so this Court may issue an order to show cause why Objectors' Counsel should not be held in contempt pursuant to Federal Rule of Civil Procedure 45(g).  The order may allow Objectors' Counsel another opportunity to comply with the subpoenas, or to show why they could not comply.  If Objectors' Counsel fails to act, the Court may sanction Objectors' Counsel, including with reimbursement to Plaintiffs for the attorneys' fees and costs expended pursuing these subpoenas.

Even if Objectors' Counsel had served procedurally proper written objections, their objections are without merit.  First, Plaintiffs may seek objector-related discovery in this Court even after Judgment was entered.  Second, Plaintiffs' requested documents are relevant and proportional under Federal Rule of Civil Procedure 26(b) to Plaintiffs' evaluation of the veracity of Objectors' Counsel's statements that they have attorney-client relationships with each of the Objectors and the financial incentives that may motivate Objectors' Counsel to act in their own interests over the interests of the Objectors.  Third, the retainer agreements are not protected by the attorney-client privilege in this context where it appears that Objectors' Counsel is engaged in fraud.

Plaintiffs request that the Court enter an order pursuant to Federal Rule of Civil Procedure 45(g) for an order to show cause why Objectors' Counsel should not be held in contempt for refusing to obey subpoenas and setting a hearing date for the contempt hearing.

## II.    BACKGROUND

### A.    Objectors' Counsel Submits a Mass Opt-Out, Objects to the Settlement, and Purports to Have Retainer Agreements with Each of the Individuals They Identified as Objectors.

After significant discovery and months of negotiations with the aid of a mediator, Plaintiffs and Defendant Uber reached a settlement agreement and Plaintiffs filed for preliminary approval of a Class Settlement on April 25, 2017. Pls.' Mot. for Prelim. Approval of Class Action Settlement, ECF No. 223. The Court preliminarily approved the proposed Settlement and the Parties' proposed notice program. Prelim. Approval Order, ECF No. 242; Order Modifying Prelim. Approval Order, ECF No. 248.

After class notice was distributed and prior to the exclusion deadline, Objectors' Counsel attempted to exclude 548 individuals from the settlement without providing individually signed opt-out forms. Ferrara Decl. ¶ 19, Jan. 25, 2018, ECF No. 264-3. On December 14, 2017, Objectors' Counsel filed an objection to the Class Settlement purportedly on behalf of 465 Class Members. Objs. to Settlement, ECF No. 263. Objectors' Counsel asserted that the 465 purported Objectors were "qualified to make a claim for relief as set forth in the Notice of Settlement." *Id.* at 1. Objectors' Counsel also represented that "Audet & Partners, LLP represents these drivers." *Id.*

Before the final approval hearing, the Settlement Administrator analyzed the list of Class Members purportedly represented by Objectors' Counsel, and found that only 245 were actually Class Members, and of these Class Members, 99 had already filed claim forms, 38 requested exclusion, and 21 submitted claim forms and requested exclusion. Ferrara Decl. ¶ 20, filed Jan. 25, 2018, ECF No. 264-3.

Objectors' Counsel appeared at the final approval hearing on February 8, 2018. At the hearing, the Court inquired about the nature of Objectors' Counsel's relationship with Objectors:

719309.13

| | |
|---|---|
| 1 | **THE COURT:** So my first question is, you say you represent these |
| 2 | people. Do you have a retainer agreements? |
| 3 | What is the nature of your relationship with these 500 or |
| 4 | 300 or 200, whatever it is? |
| 5 | **MR. BURTON:** Sure. Maybe I can give you a little background, Your |
| 6 | Honor. We represent these people individually. We don't |
| 7 | represent them on a class or some other basis like that. |
| 8 | We filed complaints in their names. As we described in |
| 9 | our papers, not only were complaints filed – not for all 548 |
| 10 | thus far, but we've engaged in substantial litigation with |
| 11 | Uber in representation of these clients. . . . . |
| 12 | **THE COURT:** But the main point it seems to me for purposes of today is |
| 13 | that you are representing that you are – you represent each |
| 14 | of these folks on an individual basis. |
| 15 | **MR. BURTON:** Correct, Your Honor. |

Ho Decl. Ex. B, Oct. 5, 2018, filed herewith (Final Appr. Hr'g Tr., Feb. 8, 2018, at 9:6-17; 10:19-22).

Throughout the hearing, Objectors' Counsel represented to the Court that Objectors signed retainer agreements with Objectors' Counsel. *See id.* at 24:18-20, 25:4-7, 38:13-17. Defendant Uber's counsel, however, called into question the credibility of Objectors' Counsel's assertions and described her experience in mediations and arbitrations against Objectors' Counsel:

| | |
|---|---|
| 21 | **MS. BEHNIA:** Yes, Your Honor. I just wanted to urge the Court to |
| 22 | actually ask for some evidence that these folks have |
| 23 | actually retained Mr. Burton and exist. |
| 24 | So, one thing that I have discovered throughout the |
| 25 | litigation with Mr. Burton is that many of these drivers |
| 26 | may have signed up on a website, and asked to have Mr. |
| 27 | Burton represent [them]. But then after filling out that |

3

719309.13

1  portion of the website, they have since disappeared.
2  So what do we do in those situations where they have
3  maybe signed up, even filed a complaint, but then as we
4  start the arbitration process and we notice their depo, they
5  are nowhere to be found. And they can't find them, and
6  they decide to drop them.

7  *Id.* at 36:16-37:3. In response, the Court called it "fair" that Objectors' Counsel should have to verify

8  their representation of the Objectors and provide information about the extent of their communications

9  with Uber about their clients' claims. *Id.* at 37:19-38:6. Following the hearing, the Court ordered

10  notice to re-issue to 108 of the Class Members purportedly represented by Audet & Partners, LLP.

11  Following which Mr. Burton responded: "I've already made the representation that – ***obviously, we***

12  ***don't list somebody as a client that didn't sign, actually sign the retainer. Okay? So, you know,***

13  ***we're not making up names here or something like that***." *Id.* at 38:13-17 (emphasis added).

14  Plaintiffs sent Objectors' Counsel drafts of the notice that would be sent to the 108 Class

15  Members before notice reissued, and final copies of the notice after it was issued, but Objectors'

16  Counsel did not respond. Maya Decl. in Supp. Pls.' Suppl. Br. re Add'l Notice ¶¶ 2-3, Apr. 20, 2018,

17  ECF No. 285-1. Of the 108 class members who received additional notice, 25 submitted claim forms

18  and 17 requested exclusion. Ferrara Decl. ¶ 6, Apr. 20, 2018, ECF No. 286. This response suggested a

19  disconnect between the position Objectors' Counsel was advocating and their purported clients' actual

20  desires.

21  On April 26, 2018, Objectors' Counsel submitted a revised list of individuals represented by

22  Audet & Partners, LLP, narrowing the list down to 145 individuals. Objectors Thomas Abeyta, et al.'s

23  Am. List of Represented Individuals, Apr. 26, 2018, ECF No. 290. Objectors' Counsel provided no

24  explanation for how they narrowed the list from the original 245 Class Members to only 145

25  individuals.

26  Objectors filed a notice of appeal from the final judgment approving the Class Settlement on

27  June 7, 2018. Notice of Appeal, ECF No. 304. Objectors' appeal is on behalf of the narrowed list of

28

719309.13

145 individuals.  Nine of the 145 submitted valid, individual requests for exclusion from the Settlement and have no standing as Objectors.[1]  Ho Decl. Ex. 1 (Maya Decl. in Supp. of Pls-Appellees' Mot. for Sanctions, filed in the Ninth Circuit on Oct. 1, 2018 ("Maya Sanctions Decl.") Ex. I (emails dated June 29, 2018)).  The inclusion of these excluded Class Members as Objector-Appellants is inconsistent with Objectors' Counsel's claims that they represent the interests of the Objectors as a group.

## B.     At Least Four Objectors Are Not Represented by Objectors' Counsel.

Acting on the questionable representations from Objectors' Counsel at the Final Approval hearing, Plaintiffs issued deposition subpoenas to a number of the individuals identified as appellants on the notice of appeal from the Court's Final Judgment.  *See* Maya Sanctions Decl. Ex. A.  Objectors' Counsel received notice by U.S. mail of each of the deposition subpoenas Plaintiffs were able to serve, as well as several subpoenas Plaintiffs were unable to serve.  Maya Sanctions Decl. ¶ 2.  One of the subpoenaed individuals did not show up to his deposition.  Maya Sanctions Decl. ¶ 9.  Another was unavailable on the date noticed on his deposition but agreed to testify instead in a declaration.  Maya Sanctions Decl. ¶ 5, Ex. C.

Lawrence Sumpter is a Class Member and is identified as one of the 145 individuals Objectors' Counsel purports to represent in their appeal.  Mr. Sumpter has signed a declaration attesting to the fact that Thom Smith and Audet & Partners does not represent Mr. Sumpter in any capacity.  Maya Sanctions Decl. Ex. C (Sumpter Decl. ¶ 4).  Mr. Sumpter was misled to believe that Mr. Smith worked with a different law firm that represented Mr. Sumpter in a class action lawsuit against Uber.  *Id.* at ¶¶ 2, 3.  Mr. Sumpter was unaware that Objectors' Counsel filed an objection and appeal on his behalf in this case.  *Id.* at ¶ 5.

Two more Class Members echoed this testimony in their depositions.  Plaintiffs deposed Class Members Mario Parada and Thamilchelvan Theivendramoorthy on July 27, 2018.  Maya Sanctions

---

[1] The individuals who requested exclusion from the settlement are James Boswell, Alberto Gutierrez, Vardkes Karibyan, Joseph Leon, Luis Ramos, Abdourahman Saleh, Mohammad Saleh, Lauren Sebesta, and Desiree Taylor.

719309.13

Decl. ¶¶ 7-8, Exs. D & E.  Objectors' Counsel did not appear at the depositions to represent either of them.  Maya Sanctions Decl. ¶¶ 7-8.  Both testified that Objectors' Counsel does not represent them and has never represented them.  Maya Sanctions Decl. Ex. D (Parada Dep.) at 8:3-9:10, 18:5-7; Ex. E (Theivendramoorthy Dep.) at 25:1-26:23, 32:13-19).  Both testified that they have no objection to the Class Settlement and were not aware that there had been an objection filed on their behalf.  Maya Sanctions Decl. Ex. D (Parada Dep.) at 9:11-10:17, 18:2-4; Ex. E (Theivendramoorthy Dep.) at 36:3-24).

A fourth individual identified as an Objector and Appellant is named Raul Villa.  Maya Sanctions Decl. ¶ 10.  According to the address information from the Class Action Administrator (provided by Uber) and a public record search on Westlaw, the individual by the name of Raul T. Villa who lived at that address died on January 16, 2006—before Uber began business in California.  Maya Sanctions Decl. ¶ 10, Ex. G.  Raul Villa cannot be a Class Member represented by Objectors' Counsel.

Despite this evidence, Objectors' Counsel demanded $2,000 for 141 of the 145 listed Objector-Appellant for a total of $282,000, including the three who have testified that Objectors' Counsel does not represent them and the fourth deceased individual.  Maya Sanctions Decl. Ex. J (email from Marc Burton dated Aug. 22, 2018).  The demand also included some of the nine Objector-Appellants who requested exclusion from the settlement and have no standing on appeal.  *Id.*

**C.**  **Plaintiffs Requested Documents from Objectors' Counsel to Verify That They Represent All of the Objectors and Are Acting in Objectors' Best Interests.**

Plaintiffs attempted to resolve their concerns about Objectors' Counsel's representation of the Objectors informally.  On June 19, 2018, Plaintiffs wrote to Objectors' Counsel, asking for (1) a declaration stating that Audet & Partners, LLP represents each of the individuals listed on the notice of appeal; and (2) production of certain documents, including retainer agreements with each appellant, claims filed on behalf of Class Members they represent, and mediation/arbitration and settlement agreements on behalf of Class Members they represent.  Maya Sanctions Decl. Ex. H (email correspondence between T. Smith and T. Maya).

After several meet and confer emails, Objectors' Counsel notified Plaintiffs that they would not

6

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

719309.13

produce the documents requested because "Discovery is no longer open and there is no good reason to reopen it." Maya Sanctions Decl. Ex. H. Objectors' Counsel added, "the documents you have requested are privileged and also irrelevant." *Id.*

On August 27, 2018, Plaintiffs subpoenaed Mark Burton and Audet & Partners to produce documents. Maya Sanctions Decl. Ex. A. Both subpoenas were served on Patricia Alvarez, a legal assistant for Objectors' Counsel authorized to accept service. *See id.* Each subpoena contained the same requests for the production of documents pursuant to Rule 45(c)(2), reproduced here:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all agreements that govern YOUR representation of each of the OBJECTORS with respect to any of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all agreements between YOU and any PERSON CONCERNING YOUR representation of each of the OBJECTORS with respect to any of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS CONCERNING each OBJECTORS consent to YOUR representation of each of them with respect to any of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS evidencing any claims, demands, complaints, or causes of action filed or lodged in any legal or administrative proceeding, including arbitration(s), lawsuit(s), or employment board review(s) that YOU filed against or served on UBER, on behalf of any of the OBJECTORS.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS evidencing any and all oral or written agreements between any of the OBJECTORS and UBER, including but not limited to any agreement regarding mediation and/or arbitration of any dispute, or any agreement memorializing any settlement or release of any claims against UBER, including all drafts of such DOCUMENTS, excluding public filings in this ACTION.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all e-mails and other written communication between YOU and/or YOUR firm, on one hand, and UBER or any person or entity acting on behalf of UBER.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all agreement between YOU and/or YOUR firm, on the one hand, and any mediator or arbitrator, on the other hand, with respect to any dispute between the OBJECTORS and UBER.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS evidencing any statement, ruling, or COMMUNICATION by any arbitrator or mediator with respect to any dispute between the OBJECTORS and UBER.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all agreements that govern YOUR representation of any CLASS MEMBER.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all agreements between YOU and any PERSON CONCERNING YOUR representation of any CLASS MEMBER.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS CONCERNING any CLASS MEMBER'S consent to YOUR representation of each of them with respect to any of the CLAIMS.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all settlement agreements between any CLASS MEMBER and UBER that YOU or YOUR firm negotiated and/or executed.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS evidencing any payments made to YOU from UBER on behalf of any CLASS MEMBER.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS and CORRESPONDENCE evidencing distributions and/or payments to CLASS MEMBERS that resulted from any settlements between such CLASS MEMBERS and UBER that YOU or YOUR firm negotiated and/or executed.

8

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN
CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

719309.13

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING any Facebook posting made by YOU, or by anyone on YOUR behalf, which solicited UBER DRIVERS for legal representation.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS CONCERNING any advertisements promulgated by YOU or by anyone on YOUR behalf, which solicited UBER DRIVERS for legal representation.

Objectors' Counsel did not respond within the 30 days granted by the subpoenas and did not serve objections within 14 days of service pursuant to Rule 45(d)(2)(B). Maya Sanctions Decl. ¶ 14; Ho Decl. ¶ 5.

Plaintiffs attempted to meet and confer with Objectors' Counsel about the subpoena responses and other issues, but Objectors' Counsel has refused to participate, ignoring Plaintiffs' calls and emails regarding these subpoenas and the Objectors' appeal, and even failed to appear at a scheduled call with the Ninth Circuit mediator. Maya Sanctions Decl. ¶¶ 15-17, Exs. K & L. Objectors' Counsel returned Plaintiffs' calls only on the day Plaintiffs' opposition to Objectors' motion to stay proceedings in the Ninth Circuit was due, on October 1, 2018. Maya Sanctions Decl. ¶ 15. On this call, Objectors' Counsel reaffirmed that they would not be responding to the subpoenas. Maya Sanctions Decl. ¶ 15. Due to Objectors' Counsel's continuing refusal to comply with the subpoenas, Plaintiffs informed Objectors' Counsel that they would seek their compliance through the Court. Maya Sanctions Decl. Ex. L.

On October 1, 2018, Plaintiffs filed a Motion for Sanctions and Summary Disposition of Appeal, relying on the same evidence of Objectors' Counsel's misrepresentations to the Court about its attorney-client relationships with Objector-Appellants, failure to comply with the subpoenas, and evasion of efforts to meet and confer on these issues. Plaintiffs-Appellees' Motion for Sanctions and for Summary Disposition of Appeal, *Mohamed v. Uber Technologies, Inc.*, No. 18-16097 (9th Cir. Oct. 1, 2018), ECF No. 30-1. Plaintiffs also filed an Opposition to Objector-Appellants' Motion to Stay, based in part on evidence that Objectors' Counsel do not represent the Appellants ostensibly seeking to

stay the appeal. Plaintiffs-Appellees' Opposition to Motion to Stay, *Mohamed v. Uber Technologies, Inc.*, No. 18-16097 (9th Cir. Oct. 1, 2018), ECF No. 29.

## III.     ARGUMENT

### A.     The Court Should Issue an Order to Show Cause Why a Contempt Citation Should Not Issue for Objectors' Counsel Failure to Obey an Order of the Court.

Objectors' Counsel's failure to comply with the subpoenas—treated as court orders—is sufficient to hold Objectors' Counsel in contempt. *See* Fed. R. Civ. P. 45(g); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.23d 492, 494 n.5 (9th Cir. 1983) ("[A] subpoena itself [is] a court order, and noncompliance may warrant contempt sanctions."); *Rodriguez v. County of Stanislaus*, No. 1:08-cv-00856 OOW GSA, 2010 WL 3733843, at *4 (E.D. Cal. Sept. 16, 2010) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." (quotation marks omitted)). A party seeking civil contempt "has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (internal citation omitted).

Objectors' Counsel violated a specific order of the Court by refusing to comply with the subpoenas either by producing the request documents within the 30 days granted in the subpoena or serving written objections within 14 days of service under Rule 45(d)(2)(B). This Court should therefore issue an order to show cause why it should not hold Objectors' Counsel in contempt and set a contempt hearing. *See Rodriguez*, 2010 WL 3733843, at *5 ("The responding party is entitled to a hearing on the [order to show cause]."). The order may require Objectors' Counsel to either comply with the subpoenas before the hearing or appear before the Court to explain their failure to comply. *See, e.g.*, *Martinez v. Antique & Salvage Liquidators, Inc.*, No. C09-00997 HRL, 2011 WL 798707, at *3 (N.D. Cal. Feb. 8, 2011) (order to show cause required the nonparty to appear for his deposition or appear before the court to explain his failure to do so).

1    If Objectors' Counsel fails to file a responsive pleading to the order to show cause and does not

2    contest Plaintiffs' affidavits submitted herewith, the Court may hold Objectors' Counsel in contempt

3    and issue appropriate sanctions without a hearing.  *See Rodriguez*, 2010 WL 3733843, at *4-5

4    (describing the procedure for noncompliance with a nonparty subpoena).  Appropriate sanctions, in

5    this case, could include attorneys' fees for the time spent pursuing compliance with the subpoenas.  *See*

6    *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (a court may use its civil

7    contempt powers to compensate a party who has suffered unnecessary injuries); *Morgutia-Johnson v.*

8    *City of Fresno*, No. 1:14-cv-00127-LJO-SKO, 2015 WL 1021123, at *4 (E.D. Cal. Mar. 9, 2015) ("[A]

9    financial penalty is a possible contempt sanction.").  Plaintiffs will provide the Court with the fees and

10   costs expended pursuing compliance with these subpoenas at the contempt hearing.  Ho Decl. ¶ 6.

**B.**    **Even if Objectors' Counsel Served Procedurally Proper Objections, the Objections Are Without Merit.**

13   Objectors' Counsel did not respond to Plaintiffs' subpoenas within the 30 days granted in the

14   subpoenas and did not make written objections within 14 days of service as required by Rule 45(d)(2).

15   Therefore, Objectors' Counsel waives all objections.  *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633,

16   636 (C.D. Cal. 2005) ("A nonparty's failure to make timely objections to a Rule 45 subpoena duces

17   tecum generally requires the court to find that any objections have been waived.").

18   However, even if Objectors' Counsel had properly objected to the subpoenas under Rule

19   45(d)(2)(B), Objectors' Counsel's contention that the requests are improper because (1) discovery has

20   closed; (2) the requested documents are irrelevant; and (3) subject to the attorney-client privilege are

21   without merit.

**1.**    **Plaintiffs May Seek Discovery Even After a District Court Enters a Judgment.**

23   This Court retains jurisdiction over objector-related discovery following final approval while

24   the final approval order is on appeal because (1) the district court has inherent authority over matters

25   that preserve the integrity over the final judgment; and (2) the final judgment and order explicitly allow

26   the district court to retain jurisdiction over matters necessary to protect or effectuate the judgment.

First, district courts have inherent authority over post-judgment issues impacting the integrity of final judgments. *In re Itel Sec. Litig.*, 596 F. Supp. 226, 232 (N.D. Cal. 1984) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 239 (1934), *aff'd* 791 F.2d 672 (9th Cir. 1986). At least three district courts in California have interpreted the court's power to preserve the integrity of a settlement and final judgment to mean that a district court retains jurisdiction over the discovery of matters relating to objectors to a class settlement while the final approval of the settlement is on appeal. *See, e.g., In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. 2013); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 WL 5523249, at *1-2 (N.D. Cal. Nov. 14, 2012). This Court has jurisdiction over post-judgment objector-related discovery because the veracity and merit of the objections could impact the integrity of the Court's approval of the Class Settlement and its Final Judgment.

Second, the Final Judgment, May 11, 2018, ECF No. 300, and Final Order Approving Class Action Settlement May 11, 2018, ECF No. 298 ("Final Approval Order") grant the Court continuing jurisdiction to implement and enforce the terms of the settlement and to resolve any disputes. Plaintiffs' requests concerning the merits of the objections, Objector's relationships with their counsel, and Objectors' Counsel's financial motives are the types of issues that fall within a district court's explicit reservation of jurisdiction to effectuate the judgment. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. at 533-34 (final approval order allowed district court to retain jurisdiction to implement, enforce, and administer the settlement, and to manage the class action); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4 ("The Court's jurisdiction here is further evidenced by language in the Final Order, which preserves jurisdiction in this case."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5523249, at *2 (N.D. Cal. Nov. 14, 2012) (upholding Special Master's determination (ECF No. 7,011) that the district court's final approval order expressly reserved jurisdiction to implement, enforce, and administer the settlement).

This Court's final judgment included the Court's continuing jurisdiction "for the reasons and purposes set forth" in the final approval order. Final Judgment ¶ 11. The Final Approval Order

12

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

expressly retains the Court's jurisdiction over "all matters relating to the administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including . . . enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims, or causes of actions that, in whole or in part, are related to or arise out of the Stipulation of Settlement, this Final Order, or the accompanying Final Judgment[; and] entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment and the Stipulation of Settlement." Final Approval Order ¶ 17. Under the explicit language of the Final Judgment and Final Approval Order, this Court has authority over discovery issues necessary to "protect or effectuate" the judgment from a meritless appeal on behalf of Objectors who have not consented to an appeal on their behalf.

In addition, under Local Rule 37-3, parties may request discovery after the discovery cut-off upon a showing of good cause. For the reasons described above, including Objectors' Counsel's representations to the Court that are inconsistent with facts collected by Plaintiffs' Counsel, Plaintiffs have good cause to believe that Objectors' Counsel does not represent all of the Objectors they purport to represent. Furthermore, Plaintiffs have good cause to believe that Objectors' Counsel has appealed the Final Judgment not on behalf of the Objectors' best interest, but because Objectors' Counsel has a financial incentive to undermine the Class Settlement.

Therefore, Objectors' Counsel's assertion that the requests are improper after the close of discovery is without merit.

### 2. **Plaintiffs' Requested Documents are Relevant and Proportional Under Federal Rule of Civil Procedure 26(b).**

Plaintiffs' requested documents are relevant to the veracity of Objectors' Counsel's claims about their representation of Objectors, which may undermine the Objectors' objections to the Class Settlement and the pending appeal. The requested documents are also proportional to the needs of the case and are tailored only to discover information about the existence of the attorney-client relationship

719309.13

between Objectors and their purported Counsel and the financial motivations Objectors' Counsel may have.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts consider objector-related discovery relevant under Rule 26(b) where the requests "seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationships with the counsel that may affect the merits of the objection." *In re Netflix Privacy Litig.*, 2013 WL 6173772, at * 2; *see, e.g., Chambers v. Whirlpool Corp.*, No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, at *2 (C.D. Cal. Aug. 12, 2016) (granting a motion to compel the deposition of counsel for objectors because it found that the objectors' relationship with their counsel known to be serial or professional objectors "are relevant to the merits of the Objection" and found good cause to believe that the objectors' counsel had "a motive other than putting the interest of the class members first"); *In re Fortman*, No. 4:16-MC-421 RLW, 2016 WL 4046760, at *2 (E.D. Mo. July 27, 2016) (discovery of the testimony and documents of an objector's counsel, identified as a "professional objector attorney," was relevant to assess the merits of the objection); *In re First Peoples Bank S'holders Litig.*, 121 F.R.D. 219, 228 (D.N.J. 1988) (discovery into objectors' expenditures for legal services was relevant where objections were to class counsel's request for attorneys' fees); *see also* William B. Rubenstein, 4 Newberg on Class Actions § 13:33 (5th ed. 2018) ("Newberg") ("[C]lass Counsel may seek discovery *from* objectors on issues such as the objectors' proof of their membership in the class, the factual basis of their objections, any past objections they have made, and their relationships with the professional objector counsel.").

This information may still be relevant even after a judgment is entered. *See In re Netflix Privacy Litig.*, 2013 WL 6173772, at * 2 (rejecting the objector's argument that discovery is improper because the time for discovery has closed); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. at 533-34 (rejecting the objector's argument that his filing of a notice of appeal precludes the court from ruling on the motion to compel); *see also* Newberg § 13:33 ("Courts have ordered objectors to comply with discovery requests . . . [even] after entry of final judgment while a case was on appeal.").

14

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

719309.13

Objectors' Counsel initially claimed to represent 548 individuals, but less than half were actually Class Members, and many had submitted claims and opt-outs inconsistent with Objectors' Counsel's attempt to opt-out the group en masse. Defendant's Counsel represented to the Court that in Defendant's experience with Objectors' Counsel, Objectors' Counsel does not have attorney-client relationships with every individual they claim to represent in individual mediations and arbitrations against Uber, but may have only had contact with these individuals through an online form on Objectors' Counsel's website. Furthermore, Mr. Sumpter, Mr. Parada, and Mr. Theivendramoorthy each testified that they are not represented by Objectors' Counsel and have not consented to being named as Objectors or to the appeal.

Plaintiffs' requests ask for evidence of these purported attorney-client relationships. The requests also ask for documents related to the mediations and arbitrations Objectors' Counsel have participated in against Uber. These documents will help Plaintiffs evaluate whether Objectors' Counsel are motivated to misrepresent the status of their relationship to preserve the possibility that they can make money off individual mediation and arbitrations against Uber. These documents may show, for example, that Objectors' Counsel recovers monetary relief on behalf of these individuals, but that the individuals never see the money.

Like the discovery requested in *Netflix* and *Chambers*, the discovery requested here is based on evidence that Objectors' Counsel does not represent each of the Objectors and may have an ulterior motive in pursuing the appeal.[2] Discovery of this information is proper under Rule 26(b), and Objectors' Counsel's assertions to the contrary are meritless.

### 3. The Retainer Agreements Are Not Protected By Attorney-Client Privilege.

Objectors' Counsel's assertion of privilege is presumably related to Plaintiffs' requests for the production of retainer agreements—the other requested documents involve communications or agreements with third parties, or are public documents, and are therefore not "confidential communications."

---

[2] Plaintiffs also note that "willfully and without authority appearing as attorney for a party to an action or proceeding constitutes a cause for disbarment or suspension." Cal. Bus. & Prof. Code § 6104.

15

PLS.' NOTICE OF MOT. & MOT. FOR AN ORDER TO SHOW CAUSE WHY OBJECTORS' COUNSEL SHOULD NOT BE HELD IN
CONTEMPT; MEM. OF POINTS & AUTHORITIES IN SUPPORT THEREOF
CASE NO. 14-CV-05200-EMC

719309.13

First, there can be no attorney-client privilege where there is no attorney-client relationship; given the evidence of a lack of such relationship that Plaintiffs have adduced, Objectors' Counsel's assertion of privilege in this instance is misplaced. *See, e.g.*, *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (the attorney-client privilege protects only confidential disclosures made by a client to an attorney in order to obtain legal advice and the attorney's advice in response to such disclosures).

Second, the crime-fraud exception applies in this instance, where it is clear, based on the evidence Plaintiffs have adduced, that Objectors' Counsel has engaged in fraudulent conduct with respect to the purported clients, including soliciting funds to dismiss an appeal on behalf of individuals who testified Objectors' Counsel does not represent them, or who are dead. *See In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (the attorney-client privilege does not extend to communications in furtherance of intended, or present, continuing illegality). Here, Plaintiffs have made a *prima facie* showing of fraud. *See id.* at 381-82. Furthermore, there is a strong relationship between that fraud — Objectors' Counsel's false representations concerning the representation of Settlement Class Members — and the communications requested (retainer agreements and other documents related to Objectors' Counsel's purported representation of the Objectors). Accordingly, the crime-fraud exception applies and Plaintiffs are entitled to the information requested, regardless of any privilege assertion.

Third, Objectors' Counsel have not provided any information that would suggest their retainer agreements with Objectors contain confidential communications. *See* Fed. R. Evid. 502 (the attorney-client privilege protects only confidential communications); *Ruehle*, 583 F.3d at 607. Generally, the fact of the existence of an attorney-client relationship is not in itself a "confidential communication" protected by the privilege. *See In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975); *Ralls v. U.S.*, 52 F.3d 223, 225-26 (9th Cir. 1995). Even if the agreements do contain potentially confidential information, the proper process to both protect the information and comply with discovery obligations would be to submit the agreement for *in camera* review to determine whether disclosure would reveal privileged communications. *See Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014). Without any basis to suggest that the retainer agreements contain confidential information,

1  Objectors' Counsel cannot wholly refuse to produce the retainer agreements.[3]

2      Objectors' Counsel's objection to producing their retainer agreements with Objectors is without

3  merit.  The Court should order Objectors' Counsel to produce the requested documents.

4  **C.**  **Plaintiffs Properly Served the Subpoenas on an Authorized Representative of Objectors'**

5  **Counsel.**

6      Plaintiffs' service of the subpoenas at issue complied with Rule 45(b).  The proof of service

7  demonstrates that both subpoenas were served on Patricia Alvarez, a legal assistant for Objectors'

8  Counsel authorized to accept service on August 27, 2018.  *See* Maya Decl. Ex. A; Fed. Rule Civ. P.

9  4(e)(2) (an individual may be served by delivering a copy of the documents to an agent authorized by

10  appointment or by law to receive service of process).  A LinkedIn search confirms that Patricia

11  Alvarez is currently a legal assistant for Audet & Partners, LLP.  *See* Ho Decl. Ex. 3.  Service by mail

12  rather than personal service is proper.  *See BNSF Railway Co. v. Alere, Inc.*, No. 18-cv-291-BEN-

13  WVG, 2018 WL 2267144, at *5 (S.D. Cal. May 17, 2018).

14                      **IV.**    **CONCLUSION**

15      Plaintiffs are entitled to objector-related discovery because it is relevant to assessing the merits

16  of the objections and motivations of Objectors' Counsel.  Objectors' Counsel raise no meritorious

17  objections to producing these documents and have refused to comply with the subpoenas.  The Court

18  should issue an order to show cause why Objectors' Counsel should not be held in contempt and set a

19  date for the contempt hearing.

---

[3] In correspondence predating the subpoenas at issue, Objectors' Counsel cited *Dietz v. Meisenheimer & Herron*, 177 Cal. App. 4th 771 (2009), presumably for the proposition that retainer and fee agreements are protected by the attorney-client privilege under California law.  The California Supreme Court has since clarified that communications must bear "some relationship to the provision of legal consultation" to be protected and held that invoices for legal services are not communicated for the purpose of legal consultation and are therefore generally not protected by the attorney-client privilege unless they contain information within the scope of the privilege.  *Los Angeles Cnty. Bd. of Supervisors v. Superior Court*, 2 Cal. 5th 282, 295 (2016).

719309.13

Dated: October 5, 2018

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Laura L. Ho
Laura L. Ho
Attorneys for Plaintiffs and the Class

719309.13